

1  JEFF S. GOUGH
2  CDCR # V64431
   P.O.B. 2349 (A1-240-UP)
3  BLYTHE, CALIF. 92226





FILED

MAY 29 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

5  IN PROPRIA PERSONA

8            United States District Court
9            Southern District of California

10  JEFF S. GOUGH-AOSHIMA,             CASE NO. 08 CV 0992 IEG NLS
11              PLAINTIFF,
12        V.                           COMPLAINT UNDER THE CIVIL RIGHTS ACT
13  ARNOLD SCHWARNEGGER, GOVERNOR;     RE: 42 U.S.C. §§ 1983, 1985 WITH FED.
    ROBERT TILLMAN, CDC/BPH DIRECTOR,   RULE OF CIVIL PROCEDURE CLASS ACTION
14  CASE         , CDC/BPH DIRECTOR,    23(b) CERTIFICATION REQUEST; EXHIBITS
    ROBERT HERNANDEZ, WARDEN, DONOVAN,
15  J.F. SALAZAR, WARDEN, CHUCKAWALLA,  REQUEST FOR JURY TRIAL
    K. FLEMING, BPH DEPUTY COMMISSIONER,
16  KEITH BAKER, BPH DEPUTY COMMISSIONER,
    ANTONIO VEGAS RODRIQUEZ, Cal PAP ATTY,
17  GREG SEWELL, BPH COMM. PAROLE AGENT,
    I. BRIZUELA, BPH COMM. PAROLE AGENT,
18  D. GONZALEZ, CCI, CHUCKAWALLA, AND
    DOES ONE THRU EIGHTEEN,
19
20              DEFENDANTS.

21                        I.
22                   INTRODUCTION

23      1.  PLAINTIFF, JEFF S. GOUGH, IN PROPRIA PERSONA, BRINGS THIS CIVIL RIGHTS
24  VIOLATION COMPLAINT AGAINST THE NAMED DEFENDANTS (MORE FULLY DESCRIBED
25  BELOW) FOR VIOLATIONS OF HIS PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS,
26  UNDER THE STATUTORY PROVISIONS OF 42 U.S.C. §§ 1983 AND 1985 (SEE BIVENS V.
27  SIX UNKNOWN FBI AGENTS, 403 U.S. 388 (1971)), 28 U.S.C. § 1391(b)(NON-FEDERAL
28  DEFENDANTS), WITH A FEDERAL RULE CIVILPROCEDURE 23 CLASS ACTION REQUEST.

                        -1-

## II.

## PARTIES

2.   PLAINTIFF IS OF MAJORITY AGE (52), WHO PRESENTLY IS IN THE CUSTODY OF THE C.D.C. AT CHUCKAWALLA VALLEY STATE PRISON, P.O.B. 2349, BLYTHE, CALIFORNIA 92226. THE CONSTITUTIONAL TORTS AND/OR CIVIL RIGHTS VIOLATIONS FINDS ITS GENESIS ON OR ABOUT 11/16/05 AND CONTINUING TO PRESENT, DIRECTLY OR INDIRECTLY BY THE DEFENDANTS.

3. A  DEFENDANT ARNOLD SCHWARNEGGER PRESUMELY RESIDES IN SACRAMENTO, CA., IS THE CALIFORNIA GOVERNOR AND IS SUED IN HIS OFFICIAL CAPACITY FOR REASONS BELOW.

B.  DEFENDANT ROBERT TILLMAN PRESUMELY RESIDES IN SACRAMENTO, CA., WAS THE FORMER C.D.C. DIRECTOR WHO ALONG WITH THE PRESENT C.D.C. DIRECTOR, CASE _____, WERE/ARE DIRECTLY WORKING/EMPLOYED AS POLITICAL APPOINTEES BY/FOR DEFENDANT SCHWARNEGGER, AND ARE BOTH SUED IN THEIR OFFICIAL CAPACITY.

C.  DEFENDANTS ROBERT HERNANDEZ (WARDEN OF DONOVAN PRISON) AND J.F. SALAZAR (WARDEN OF CHUCKAWALLA VALLEY PRISON) PRESUMELY RESIDE IN SAN DIEGO COUNTY OR RIVERSIDE COUNTY, RESPECTIVELY, ARE WORKING AS POLITICAL APPOINTED PRISON WARDENS FOR DEFENDANT SCHWARNEGGER UNDER DEFENDANTS TILLMAN AND CASE ___ AND ARE BOTH SUED IN THEIR OFFICIAL CAPACITY.

D.  DEFENDANTS K. FLEMING AND KEITH BAKER PRESUMELY RESIDE IN SAN DIEGO AND ARE DIRECTLY OR INDIRECTLY POLITICAL APPOINTEES WORKING AS BPH DEPUTY COMMISSIONERS AT DONOVAN AND ARE SUED IN THEIR OFFICIAL/INDIVIDUAL CAPACITY.

E.  DEFENDANT ANTONIO V. RODRIQUEZ PRESUMELY RESIDES IN SAN DIEGO COUNTY AND WORKS AS A Cal PAP ATTORNEY UNDER CONTRACT AT DONOVAN STATE PRISON AND IS SUED IN HIS OFFICIAL/INDIVIDUAL CAPACITY.

F.  DEFENDANTS GREG SEWELL AND I. BRIZUELA PRESUMELY RESIDES IN SAN DIEGO COUNTY AS BPH COMMUNITY PAROLE AGENTS AND ARE SUED IN THEIR OFFICIAL AND/OR INDIVIDUAL CAPACITY.

G.  DEFENDANT D. GONZALEZ RESIDES IN RIVERSIDE COUNTY AND WORKS AS A "C.C.I" AT CHUCKAWALLA VALLEY PRISON AND IS SUED IN HER OFFICIAL/INDIVIDUAL CAPACITY.

## III.

## STATEMENT OF THE CASE AND FACTS

4. PLAINTIFF AVERS THE FOLLOWING:

5. BACK IN 1984 IN CASE NO. CRN-9187 PLAINTIFF ENTERED A NOLO CONTENDERE GUILTY PLEA TO A SINGLE MISDEAMEANOR CHARGE OF SEXUAL ASSAULT IN VIOLATION OF PENAL CODE § 243.4 PER PENAL CODE § 17(b)(4). SEE EXHIBIT "A" (LTR WITH CASE FILE FROM PEOPLE V. GOUGH, CASE NO. CRN-9187).

6. THE CONVICTION/SENTENCING COURT IN CASE NO. CRN-9187 DID NOT ORDER PLAINTIFF TO COMPLY WITH THE REGISTERATION REQUIREMENTS OF PENAL CODE § 290(a)(2)(E). SEE EXHIBIT "A" @ PP 2,3,7.

7. THE CONVICTION/SENTENCING COURT IN CASE NO. CRN-9187 EXPRESSLY INDICATED ON THE SENTENCING RECORD (I.E. TRANSCRIPTS) IN RESPONSE TO PLAINTIFF'S QUIRY WHETHER THERE WAS ANY PENAL CODE § 290(a)(2)(E) REGISTRATION THAT THERE WAS NO NEED NOR REQUIREMENT. CE. EXHIBIT "A" @ PP 2,3,7 (NOTE NO P.C. § 290).

8. IN 1989 IN U.S. V. GOUGH, CASE NO. 89-0345-GT, THERE WAS NO COURT-ORDERED IMPOSITION OF ANY SEXUAL OFFENDER REGISTERATION CONTEMPLATED OR WITHIN THE MEANING OR SCOPE OF PENAL CODE § 290(a)(2)(n)(ii).

9. IN 2002 IN PEOPLE V. GOUGH, CASE NO. SCS 175445, THERE WAS NO COURT-ORDERED IMPOSITION OF ANY SEXUAL OFFENDER REGISTERATION CONTEMPLATED OR WITHIN THE MEANING OR SCOPE OF PENAL CODE § 290(a)(2)(E).

10. IN CASE NO. SCS-175445 PROBATION WAS GRANTED AND PLAINTIFF WAS NOT ORDERED BY THE STATE PROBATION DEPARTMENT TO COMPLY WITH THE REGISTERATION REQUIREMENTS OF PENAL CODE § 290.

11. IN 2004 PLAINTIFF WAS COMMITTED TO THE CALIFORNIA DEPARTMENT OF CORRECTIONS FOR VIOLATING THE PROBATION GRANT IN CASE NO. SCS-175445.

12. JUST PRIOR TO PLAINTIFF'S CALIFORNIA DEPARTMENT OF CORRECTIONS TERM OF CUSTODY RELEASE HE WAS INFORMED BY A CORRECTIONAL COUNSELOR HE WOULD BE COMPLIED TO COMPLY WITH THE REGISTERATION REQUIREMENTS OF PENAL CODE § 290

-3-

1  Although not court-ordered to do so.

2  13.  During the discussion averred in ¶ 12, supra, Plaintiff was informed

3  that he would immediately be found in violation of parole pursuant to 15 C.C.R.

4  Div. 3, § 3075.2(b)(3)(B) if he refused to sign and date the notice and conditions

5  parole requirements.

6  14.  During the discussion averred in ¶ 12, supra, Plaintiff was informed

7  that he would immediately be found in violation of Penal Code § 290(a)(2)(h)

8  and have his parole violated.

9  15.  Plaintiff upon his release immediately informed Mr. Wickline, BPH

10  "Kurtz Street" parole office located at 3502 Kurtz Street, San Diego, California

11  92101, that he was never a court-ordered Penal Code § 290 required

12  registrant.

13  16.  Mr. Wickline nevertheless ordered Plaintiff to register per Penal

14  Code § 290 under threat of immediate parole revocation.

15  17.  Plaintiff immediately complied with Mr. Wickline's order.

16  18.  Plaintiff immediately filed a CDC form 602 Inmate/Parolee appeal

17  with the said "Kurtz Street" office.

18  19.  Plaintiff never recieved a response back to the CDC form 602 appeal

19  averred in ¶ 18, supra, and was informed by Mr. Wickline that the registeration

20  issue complained-of in regards to any Penal Code § 290 registration would be

21  favorable resolved.

22  20.  Plaintiff moved to a clean & sober residence (Triphase) which was

23  located at 10103 Los Ranchitos Road, Lakeside, California 92040, which was

24  located next door to a day care center for challenged-children in November

25  of 2005.

26  21.  Plaintiff's parole supervision was transferred to the "El Cajon"

27  parole office located at 1400 North Johnson, Suite 114, El Cajon, Calif 92020.

28  ///

22. PLAINTIFF'S "EL CAJON" PAROLE OFFICERS WERE AWARE OF THE PROXIMITY OF THE DAY CARE AND NEVER — UP TO THIS POINT — EXPRESSED ANY CONCERNS ALTHOUGH THE CENTER AND CHILDREN WERE RIGHT NEXT DOOR.

23. PLAINTIFF'S "EL CAJON" PAROLE OFFICERS WERE AWARE OF THE FACT THAT MANY OF THE PAROLEE-RESIDENTS OF THE TRIPHASE CLEAN & SOBER RESIDENCE AVERRED IN ¶ 20, SUPRA, HAD CHILDREN WHO VISITED SAID RESIDENTS AND THAT CHILDREN TOYS WERE ALL OVER THE RESIDENCE'S PROPERTY.

24. AT ONE POINT IN TIME WHILE PLAINTIFF WAS IN RESIDENTS AT THE SAID TRIPHASE CLEAN & SOBER RESIDENCE DEFENDANT I. BRIZUELA OF THE "EL CAJON" PAROLE OFFICE WAS ASSIGNED TO PLAINTIFF.

25. DEFENDANT BRIZUELA VISITED THE TRIPHASE CLEAN & SOBER RESIDENCE AVERRED IN ¶ 20, SUPRA, ON MANY OCCASSIONS TO CONDUCT HOME VISITS IN REGARDS TO PLAINTIFF AND OTHER "EL CAJON" OFFICE PAROLEES UNDER HIS OR OTHER PAROLE AGENTS OF THE "EL CAJON" PAROLE OFFICE.

26. DEFENDANT BRIZUELA ARRESTED PLAINTIFF FOR HAVING CONTACT WITH ANOTHER RESIDENT OF TRIPHASE CLEAN & SOBER WHO, WITHOUT PLAINTIFF'S KNOWLEDGE, WAS OF MINORITY AGE, WHICH ACCORDING TO DEFENDANT BRIZUELA WAS A VIOLATION OF A "SPECIAL CONDITION" OF PLAINTIFF'S PAROLE.

27. DEFENDANT BRIZUELA CONDUCTED AN INVESTIGATION AND FOUND (A) THERE WERE NO SIGNED CONDITIONS OF PAROLE AND (B) THAT THERE WAS GOOD CAUSE TO BELIEVE FROM HIS REVIEW OF THE C.D.C. CASE FILE IN PLAINTIFF'S NAME HE WAS NOT A PENAL CODE §290-REQUIRED REGISTERANT.

28. BASED ON THIS BRIEF INVESTIGATION (SEE ¶ 27, SUPRA) DEFENDANT BRIZUELA ELECTED TO LIFT THE PAROLE HOLD PLACED ON PLAINTIFF AS A RESULT OF THE ARREST (SEE ¶ 26, SUPRA) AND PLAINTIFF WAS IMMEDIATELY RELEASED FROM CUSTODY.

29. NOTWITHSTANDING ¶¶ 26-28, SUPRA, DEFENDANT BRIZUELA INFORMED PLAINTIFF THAT HIS SUPERVISOR(S) WANTED THE MATTER OF PENAL CODE §290

1  TO BE REFERRED TO THE BOARD OF PAROLE HEARINGS FOR A DECISION AS TO PLAINTIFF'S

2  PENAL CODE § 290 IN LIGHT OF THE FACT THAT PLAINTIFF VIOLATED THE LAW AND AN

3  EXPRESSED CONDITION OF PAROLE TO BE LAW ABIDING.  SEE EXHIBIT "B" (CDC 1502 (6/20/06).

4      30.  DEFENDANT BRIZUELA AND/OR HIS IMMEDIATE SUPERVISOR ELECTED TO NOT

5  HOLD IN CUSTODY (I.E. "NIC") THE PLAINTIFF PENDING A FULL REVOCATION HEARING

6  BY A DEPUTY COMMISSIONER OF THE BUREAU OF PRISON HEARINGS. SEE EXHIBIT "B".

7      31.  PLAINTIFF REMAINED FREE AND RESIDED AT THE TRIPHASE CLEAN & SOBER

8  RESIDENCE IMMEDIATELY AFTER HIS RELEASE UNTIL EARLY JUNE OF 2006 WHEN HE

9  MOVED TO A NEW RESIDENCE, I.E., CONDOMINIUM, LOCATED AT 4064 HUERFANO RD.,

10  #260, PACIFIC BEACH, CALIFORNIA 92117.

11      32.  DEFENDANT BRIZUELA HOME VISITED PLAINTIFF TO CONDUCT A REQUIRED

12  INSPECTION AND APPROVED OF THE RESIDENCE/CONDOMINUM AND ITS LOCATION,

13  IN ACCORDANCE WITH 15 C.C.R., DIV. 3, CHP. 1, SUBCHP. 6, § 3605 (a)(1)(A) & (B).

14      33.  IN JUNE OR JULY OF 2006 PLAINTIFF FREELY AND VOLUNTARILY WENT TO

15  A SCHEDULED PAROLE REVOCATION HEARING CONDUCTED AT THE SOUTH BAY JAIL

16  FACILITY AND MET WITH DEFENDANT BRIZUELA IN THE ENTRY WAY. PLAINTIFF PROVIDE

17  DOCUMENTATION FROM CASE NO. CRN-9187 (EXHIBIT "A") WHICH SUPPORTED THE

18  PLAINTIFF'S CLAIM HE WAS NOT A COURT-ORDER PENAL CODE § 290 REGISTERANT

19  AND BOLSTER DEFENDANT BRIZUELA'S OWN INDEPENDANT INVESTIGATIONS, INCLUDING

20  CONTACT AND CONFERENCE WITH THE SAN DIEGO DISTRICT ATTORNEY'S OFFICE, THAT

21  PLAINTIFF WAS NOT REQUIRED TO COMPLY WITH THE REGISTRATION REQUIREMENTS

22  PENAL CODE § 290.

23      34.  THE BUREAU OF PRISON TERMS/HEARING DEPUTY COMMISSIONER HEARD

24  BOTH PLAINTIFF AND DEFENDANT'S ARGUMENTATION THAT PLAINTIFF WAS NOT

25  A PENAL CODE § 290-REQUIRED REGISTRANT AND RULED THAT THERE WAS NO

26  GROUNDS FOR A PAROLE VIOLATION, WHATSOEVER, AND ALLOWED PLAINTIFF TO GO

27  FREE.

28      35.  AS PLAINTIFF AND DEFENDANT BRIZUELA WERE LEAVING HE STATED AND

-6-

1   INFORMED PLAINTIFF THAT (A) HE WOULD BE CALLED TO COME TO REVIEW HIS CASE FACTORS

2   AND (B) NO TO CONCERN HIMSELF WITH THE PENAL CODE §290 REGISTRATION AND THE

3   "SPECIAL CONDITIONS" ASSOCIATED-PER PENAL CODE § 3003 et seq.- WITH §290 AS

4   SAME WOULD BE TAKEN CARE OFF BY THE CDC/BPT/BPH COMMUNITY PAROLE AGENT HE

5   WOULD BE ASSIGNED BY THE "KURTZ STREET" PAROLE OFFICE DUE TO HIS MOVE TO

6   HIS CONDOMINUM.

7       36. SHORTLY THEREAFTER, PLAINTIFF WAS NOTIFIED BY A "KURTZ STREET"

8   COMMUNITY PAROLE AGENT SANCHEZ WHO DID AN ADDITIONAL HOME INSPECTION

9   OF THE CONDOMINUM (SEE P 31, SUPRA, FOR DESCRIPTION) FOR THE "KURTZ STREET"

10   PAROLE OFFICE. PAROLE AGENT SANCHEZ INSPECTED AND APPROVED THE RESIDENCE

11   AND ITS LOCATION.

12       37. THEREAFTER, PLAINTIFF WAS NOTIFIED BY A "KURTZ STREET" COMMUNITY

13   PAROLE AGENT MALTOAST WHO ALSO DID A HOME INSPECTION OF THE CONDOMINUM

14   (SEE P31, SUPRA, FOR DESCRIPTION) FOR THE "KURTZ STREET" PAROLE OFFICE. PAROLE

15   AGENT MALTOAST INSPECTED AND APPROVED THE RESIDENCE AND ITS LOCATION.

16       38. THEREAFTER, PLAINTIFF WAS NOTIFIED BY A "KURTZ STREET" COMMUNITY

17   PAROLE AGENT, DEFENDANT GREG SEWELL ALSO DID A HOME INSPECTION OF THE

18   CONDOMINUM (SEE P31, SUPRA, FOR DESCRIPTION) FOR THE "KURTZ STREET" PAROLE

19   OFFICE. PAROLE AGENT / DEFENDANT SEWELL INSPECTED AND APPROVED THE

20   RESIDENCE AND ITS LOCATION.

21       39. THEREAFTER, ON OR ABOUT PLAINTIFF'S BIRTHDAY (02/05/56) IN 2007 THE

22   DEFENDANT SEWELL INQUIRIED AS TO WHETHER PLAINTIFF HAS REGUISTERED PER THE

23   PROVISIONS OF PENAL CODE §290. PLAINTIFF REITERATED THE FACT HE WAS NOT A

24   COURT-ORDERED §290 REGISTRANT AND THAT HE HAD BEEN INFORMED BY DEFENDANT

25   BRIZUELA HE WAS NOT REQUIRED TO DO SO. NEVERTHELESS, TO BE COMPLIANT, ALBEIT

26   OVER HIS OBJECTION, PLAINTIFF IMMEDIATELY WENT THROUGH THE BURDENSOME COSTS AND

27   EFFORT WITH ALL ITS SOCIALLY & PROFESSIONALLY STIGMAZING AFFECTS ON HIS

28   CHARACTER WITH THE REGISTERED SEX OFFENDER LABEL.

40. DESPITE DEFENDANT SEWELL'S THREATS OF IMMEDIATE REVOCATION OF PAROLE BECAUSE PLAINTIFF ALWAYS CHALLENGED THE PENAL CODE § 290 REGISTRATION IMPOSED ON HIM PLAINTIFF SOUGHT THE RECONSIDERATION OF THIS ADMINISTRATIVE ACTION.

41. PLAINTIFF SUBMITTED NUMEROUS CDC 602 INMATE/PAROLEE APPEALS WITH DOCUMENTATION FROM BOTH THE 1984 CASE (SEE EXHIBIT "A") AND THE UNDERLYING "COMMITMENT CASE" (CASE NO. SCS-175445) AND IN BOTH CASES THERE WAS NO COURT-ORDERED PENAL CODE § 290 REGISTRATION REQUIREMENT.

42. IN SOME OF THE CDC 602 INMATE/PAROLEE APPEALS PLAINTIFF SUBMITTED THROUGH THE FRONT-DESK OF THE "KURTZ STREET" PAROLE OFFICE (SEE P 21, SUPRA) BUT HE NEVER RECEIVED ANY RESPONSE WHATSOEVER.

43. IN SOME OF THE CDC 602 INMATE/PAROLEE APPEALS, THAT WERE HAND-DELIVERED, DURING THE MONTHLY "U.A." DRUG TESTING DEFENDANT SEWELL TOOK THEM BUT HE NEVER RESPONDED TO PLAINTIFF'S CHALLENGE TO THE P.C. § 290 REGISTRATION.

44. IN SOME OF THE CDC 602 INMATE/PAROLE APPEALS, THAT WERE HAND-DELIVERED, DURING THE MONTHLY "U.A." DRUG TESTING DEFENDANT SEWELL TOOK POSSESSION, READ, AND RETURNED THEM WITH THE COMMENT, IN NO CERTAIN WORDS, HE WOULD NOT CONSIDER ANY CHALLENGE TO THE P.C. § 290 REGISTRATION.

45. ON 12 NOVEMBER 2007 AFTER A BRIEF CONVERSATION WITH A MS. KAREN ARCHER REGARDING THE HARASSMENT, THREATENING, STALKING, FOLLOWING, KEEPING SURVEILLANCE, BLOCKING MY MOVEMENTS, AND OTHER ONGOING HATEFUL ACTIONS, WHICH MAY OR MAY NOT INCLUDE MY SEEKING REDRESS IN THE COURTS FOR THE ONGOING FRAUDULENT ACTIVITIES OF THE SO-CALLED "BAY HO CONDOMINUM" ASSOCIATION, I WAS COMPELLED TO CONTEMPLATE JUDICIAL PROTECTION. SEE EXHIBIT "C" (TRO APPLICATION).

46. PLAINTIFF CONTACTED (A) DEFENDANT SEWELL TO INFORM HIM OF THE CONCERNS FOR MY PERSONAL SAFETY BY MS KAREN ARCHER AND HER LIVE-IN BOYFRIEND OR "SIGNIFICANT ORDER," AS SHE LIKES TO TELL BAY HO RESIDENTS, "RICHARD" (LAST NAME UNKNOWN AT THE TIME OF THE FILING OF THE TRO APPLICATION); IBID. (SEE EXHIBIT "C" (CH-120 NOTICE OF HEARING & TRO, CASE # 37-2007-00082027-CU-HR-CTL)

1  (B)  PLAINTIFF CONTACTED DEFENDANT SEWELL TO DISCUSS THE MATTER BUT WAS ONLY
2  ABLE TO LEAVE A MESSAGE OF THE EVENTS DESCRIBED PREVIOUSLY WITH ADDITIONAL
3  INFORMATION THAT PLAINTIFF HAD MADE A "911" TELEPHONE REPORT DESCRIBING THE
4  ENCOUNTER WITH "RICHARD."

5       47.  ON 19 NOVEMBER 2007 DUE TO THE ONGOING HARASSMENT, THREATENING,
6  STALKING, FOLLOWING, KEEP UNDER SURVEILLANCE, BLOCKING MY MOVEMENTS, AND OTHER
7  HATEFUL ACTIONS AGAINST ME FOR EXERCISING MY RIGHT AS RESIDENT-CONDOMINUM
8  OWNER TO COMPLAIN ABOUT THE CONDUCT OF THE "BAY HO CONDOMINUM" OWNER'S
9  ASSOCIATION'S EXPENDITURES PLAINTIFF WAS COMPELLED TO FILE FOR A TEMPORARY
10 RESTRAINING ORDER (SEE EXHIBIT "C") SEEKING A PERMANENT RESTRAINING ORDER
11 AGAINST BOTH MS. KAREN ARCHER AND RICHARD OVERTON AND THE "BAY HO CONDOMINUM"
12 ASSOCIATION'S KEN PERICAND (BAY HO CONDOMINIUM PROPERTY MANAGER).

13      48.  AFTER THE FILING AND SERVICE OF PLAINTIFF'S REQUEST FOR A PERMANENT
14 RESTRAINING ORDER AND WHILE THE T.R.O. WAS IN FULL EFFECT MS. KAREN ARCHER
15 VIOLATED THE T.R.O. ON AT LEAST TWO OCCASSIONS THAT COMPELLED PLAINTIFF TO
16 CONTACT THE "911" OPERATOR.

17      49.  THE FIRST VIOLATION WAS PERSONALLY DESCRIBED TO A "911" OPERATOR PRIOR
18 TO THE NOVEMBER 17TH'S TRO's SCHEDULED HEARING ON 5 DECEMBER 2007. PLAINTIFF
19 NOTIFIED DEFENDANT SEWELL OF SAN DIEGO POLICE OFFICER CONKIN'S PERSONAL
20 CONTACT AND OF THE TAKING OF THE REPORT. DEFENDANT SEWELL NEVER CALLED-BACK.

21      50.  THERE WAS A SECOND VIOLATION OF THE T.R.O. THAT WAS REPORTED TO THE
22 SAME SAN DIEGO POLICE OFFICER, CONKIN, THAT PLAINTIFF AGAIN REPORTED TO DEFENDANT
23 SEWELL. DEFENDANT SEWELL NEVER CALLED-BACK.

24      51.  AT THE 5 DECEMBER 2007 TRO HEARING THE COURT, JUDGE RAFAEL
25 A. ARREOLA: (A) LEFT THE TEMPORARY RESTRAINING ORDERS IN FULL EFFECT, EXCEPT
26 ON MS. KAREN ARCHER'S REQUEST AND OVER PLAINTIFF'S OBJECTION (BASED ON PERSONAL
27 SAFETY CONCERNS), MODIFIED THE 1,000' FEET STAY-AWAY TO A MERE 2'-3's; AND (B)
28 ORDERED THE PARTIES (INCLUDING RICHARD OVERTON) TO MEDITATION.

52. MEDITATION AS ORDERED BY THE TRO COURT (SEE ⅋ 51, SUPRA) WAS SCHEDULED FOR 19 DECEMBER 2007.

53. ON OR ABOUT 14 DECEMBER 2007 KAREN ARCHER AGAIN VIOLATED THE ORIGINAL TEMPORARY RESTRAINING ORDER IN EFFECT (AS AMENDED AND MODIFIED) NOT TO HARASS, THREATEN, STALK, FOLLOW, KEEP UNDER SURVEILLANCE, BLOCK THE MOVEMENT, AND/OR OTHER HATEFUL ACTIONS/CONDUCT BY ATTEMPTING TO RUN-OVER WITH HER AUTOMOBILE YOUR PLAINTIFF.

54. PLAINTIFF IMMEDIATELY CALLED "911" WHILE THE EVENTS OF ⅋ 53, SUPRA, WERE OCCURRING AND DESCRIBED THE ACTION AS KAREN ARCHER WAS HONKING HER AUTOMOBILE'S HORN AND "GIVING-THE-FINGER," SO TO RESPECTFULLY DESCRIBE, IN HER FAILED ATTEMPT TO COMMIT AN ASSAULT & BATTERY ON PLAINTIFF. PLAINTIFF IMMEDIATELY LEFT THE "BAY HO CONDOMINUM" PARKING COMPLEX AND SHORTLY THERE-AFTER CALLED "911" AND WAS CONNECTED TO THE SAN DIEGO POLICE DEPARTMENT. AFTER BRIEFLY DESCRIBING THE EVENTS EARLIER THAT DAY A SAN DIEGO POLICE DEPART. OFFICER PEREZ MET WITH PLAINTIFF, AND TOOK ANOTHER POLICE REPORT.

55. LATER THAT SAME DAY, S.D.P.D. OFFICER PEREZ CALLED PLAINTIFF ON SEVERAL OCCASSIONS CALLED PLAINTIFF TO ELICIT MORE INFORMATION AND ASSURED YOUR PLAINTIFF THAT HE WOULD BE PROTECTED FROM ANY FURTHER HARASSMENT, THREATS, STALKING, FOLLOWING, KEEPING UNDER SURVEILLANCE, AND/OR OTHER MENACING HATEFUL ACTIONS AGAINST HIM.

56. ON 17 DECEMBER 2007 A CRIME INVESTIGATOR C. NOA, OF THE SAN DIEGO POLICE DEPARTMENT NORTERN DIVISION TELEPHONED PLAINTIFF ASKING/REQUESTING PLAINTIFF TO BRING TO HER A COPY OF HIS TRO SO THAT SHE COULD COMPLETE A "DISTRICT ATTORNEY REFERRAL PACKET" FOR AN CRIMINAL/CIVIL PROSECUTION. PLAINTIFF IMMEDIATELY TOOK THE REQUESTED DOCUMENTATION AND LEFT SAME FOR HER TO PROCESS/INITIATE A CRIMINAL/CIVIL PROSECUTION.

57. UNBEKNOWNST TO PLAINTIFF DEFENDANT SEWELL RECEIVED OR CONTACTED MS. KAREN ARCHER AND/OR MR. RICHARD OVERTON AND DISCUSSED MATTERS PERTAINING

1   TO PLAINTIFF (SEE INFRA ¶ 58).

2        58. ON 18 DECEMBER 2007 PLAINTIFF RECEIVED A CELLPHONE CALL FROM THE

3   DEFENDANT SEWELL  ASKING   TO COME BY TO DISCUSS THE MATTER OF THE PENAL

4   CODE § 290 REGISTRATION ISSUE AND THE FACT THAT DEFENDANT SEWELL WAS TO

5   POSSIBLY BE SUBPOENAED IN GOUGH-AOSHIMA V. KAREN ARCHER & RICHARD OVERTON, CASE

6   NO. 37-2007-00083116-CU-PT-CTL, GOUGH V. GRIFFIN, CASE # _____

7   (PENDING ALTHOUGH OFF CALENDAR IN DEPT. #25, HALL OF JUSTICE, JUDGE RAFAEL ARREOLA), AND

8   GOUGH V. LT. SMITH, et al., CASE # _____ (PENDING ALTHOUGH OFF

9   CALENDAR IN DEPT. #25, HALL OF JUSTICE, JUDGE RAFAEL ARREOLA)(C.C. § 2035(a)).

10        59. PLAINTIFF IMMEDIATELY STARTED TO PREPARE TO GIVE DEFENDANT SEWELL A

11   DOCUMENTED PRESENTATION THAT HE WAS NOT A COURT-ORDERED PENAL CODE §

12   290 REGISTRANT BY PUTTING ASIDE LEGAL DOCUMENTS FROM GOUGH V. GRIFFIN, CASE

13   NO. 37-2008-00079313-CU-BC-CTL (CIVIL SUIT FOR BREACH OF CONTRACT), AND THE

14   GOUGH-AOSHIMA V. ARCHER & OVERTON, CASE NO. 37-2007-00082027-CU-HR-CTL (TRO

15   PROCEEDING INITIATED BY PLAINTIFF) AND A PARALLEL CIVIL/CRIMINAL PROCEEDING UNDER

16   THE CAPTION-HEADING OF GOUGH-AOSHIMA V. ARCHER & OVERTON, CASE NO. 37-2007-000

17   83116-CU-PT-CTL (A CALIF. CODE § 2035(a) CIVIL/CRIMINAL PRECOMMENCEMENT DISCOVERY

18   PROCEEDING; DISMISSED BY JUDGE RAFAEL ARREOLA ON __/__/08 WITH NUNC PRO

19   TUNC EFFECT ON __/__/08 BECAUSE OF NON-APPEARANCE BECAUSE DEFENDANT SEWELL

20   ARRESTED PLAINTIFF).

21        60. DEFENDANT SEWELL ARRIVED WITH A SAN DIEGO POLICE DEPARTMENT

22   INVASION FORCE WHO IMMEDIATELY PUT PLAINTIFF IN HANDCUFFS AND PLACED HIM

23   ON THE DOWNSTAIRS LIVING ROOM SOFA AS THE DESTRUCTIVE, INTRUSIVE, WITHOUT ANY

24   CONCERN OR CARE AS TO THE PRIVATE POSSESSIONS, AND WARRANTLESS SEARCH TEAM

25   IMMEDIATELY OPENED ALL KITCHEN DRAWERS, KITCHEN CABINET DOORS, DOWNSTAIRS

26   STAIRWAY CLOSET, AND TOSSED—WITHOUT CARE OR REGARD TO YOUR PLAINTIFF'S PERSONAL

27   BELONGINGS — OBVIOUS NON-CONTRABAND ITEMS. PLAINTIFF ALSO NOTED THAT AN OFFICER

28   WAS SEARCHING THROUGH PLAINTIFF'S LEGAL DOCUMENT AND HIS COMPUTER AND IN

-11-

1  FACT APPEARED TO "POCKET," SO TO SPEAK, A 4 MB "THUMB DRIVE" WITH YEARS
2  OF LEGAL WORK (BOTH FILED AND UNFILED). CONFIDENTIAL WORK PRODUCT NOT TO
3  BE DISCLOSED UNTIL NECESSARY (E.G., DURING DISCOVERY IN THE MANY FILED AND PENDING
4  CASES).

5    61. DURING THE DOWNSTAIRS SEARCH IN PLAINTIFF'S HAND-CUFFED-
6  EYEWITNESS-PRESENCE AND WHILE UNDER THE DIRECT SUPERVISION OF DEFENDANT
7  SEWELL HE CONTINUALLY OFFERED TO SHOW DEFENDANT SEWELL DOCUMENTATION
8  ON HIS KITCHEN TABLE AND KITCHEN ISLAND THAT WITHOUT A DOUBT INDICATED HE
9  WAS NOT A COURT-ORDERED PENAL CODE § 290 REGISTERANT AND NOT SUBJECT TO A
10 SO-CALLED "COMPLIANCE" SEARCH. DEFENDANT SEWELL IN THE PRESENCE OF SEVERAL
11 SAN DIEGO POLICE OFFICERS AND A "KURTZ STREET" COMMUNITY PAROLE AGENT REFUSED
12 TO LISTEN OR MAKE ANY ATTEMPT TO CONDUCT AN INVESTIGATION ON HIS OWN.

13   62. FURTHERMORE, WHEN PLAINTIFF WAS ASKED IF ANYONE WAS THERE
14 HE RESPONDED THAT "KEN" HAD BEEN THERE AND THE ONLY RESPONSE HE OBTAINED
15 FROM DEFENDANT SEWELL WAS A QUESTION: "IS HE A 290 REGISTERANT," TO WHICH
16 PLAINTIFF RESPONDED "NO." "ITS OKAY IF HE LIVES HERE," DEFENDANT SEWELL SAID.

17   63. DEFENDANT SEWELL STAYED WITH YOUR PLAINTIFF AND INFORMED HIM
18 HE WOULD NOT BE ALLOWED TO LIVE AT THE CONDOMINUM (SEE ¶31, SUPRA). YOUR
19 PLAINTIFF ASKED HIM. "WHY HE COULD NOT LIVE THERE," TO WHICH HE DID NOT
20 RESPOND.

21   64. PLAINTIFF WAS LEAD AWAY THROUGH THE CONDOMINUM COMPLEX WITHOUT
22 ANY OPPORTUNITY TO SECURE THE RESIDENCE, SECURE ANY OF THE LEGAL DOCUMENTA-
23 TION (SEE ¶¶ 59, 60) THAT WAS LAID ABOUT THE RESIDENCE, OR EVEN ALLOWED TO
24 LEAVE A WRITTEN MESSAGE TO POST ON THE FRONT DOOR TO ALERT "KEN" OR ANY
25 OTHER PARTIES, PERSONS, ETC. OF WHAT HAD OCCURRED, E.G., THE SEARCH AND
26 SEIZURE OF HIS CONDOMINUM AND/OR HIS PERSON. PLAINTIFF WAS SIMPLY SEIZED
27 AND LEAD AWAY IN CHAINS FOR NO THEN GIVEN REASON(S).

28   65. THE DAY AFTER PLAINTIFF'S ARREST, DECEMBER 19, 2008, KAREN ARCHER FILED

1  A "CROSS"-REQUEST FOR ORDERS TO STOP HARASSMENT (CH-100 JUDICIAL COUNCIL FORM)

2  SEEKING TEMPORARY RESTRAINING ORDERS FOR HERSELF AND FOR RICHARD OVERTON,

3  (CH-120 JUDICIAL COUNCIL FORM).   SEE EXHIBIT "D" (CROSS-REQUEST FOR ORDERS TO

4  STOP HARASSMENT, CASE # 37-2007-00082027-CU-HR-CTL (12/19/07); EXHIBIT "E"

5  CROSS-NOTICE OF HEARING AND TEMPORARY RESTRAINING ORDER (12/19/07).

6          66.  AFTER REVIEWING THE CROSS-REQUEST (EXHIBIT "D") HONORABLE JUDGE

7  RAFAEL ARREOLA APPEARED TO HAVE RECONSIDERED OR DENIED THE ISSUANCE OF ANY

8  "TEMPORARY ORDERS" AGAINST THE PLAINTIFF (EXHIBIT "E" @ 1).

9          67.  KAREN ARCHER & RICHARD OVERTON APPEARED TO JOINTLY ALLEGED THAT

10  PLAINTIFF PERSONAL HARASSED THEM WITH JUDICIAL PROCESS ON 11 NOVEMBER 2007

11  (EXHIBIT "D" @ 2).

12          68.  KAREN ARCHER & RICHARD OVERTON ALSO ALLEGED THAT PLAINTIFF MAY

13  VIOLATED HIS OWN TRO CASE # 37-2007-00082027-CU-HR-CTL BY "ANTAGONISTISTIC

14  AND INCITING BEHAVIOR RELATIVE TO TRO LIMITS SINCE 11/17/07." SEE EXHIBIT

15  "D" @ 2.

16          69.  KAREN ARCHER & RICHARD OVERTON ALSO FALSELY DECLARED UNDER PENALTY

17  OF PERJURY THAT WANTED A TEMPORARY RESTRAINING STAY-BACK CONDITION OF 10

18  YARDS, WHEN IN FACT, AT THE 5 DECEMBER 2007 THEY REQUESTED A 2' to 3'

19  STAY-AWAY TO CREATE THE ILLUSION THEY FEARED PLAINTIFF (EXHIBIT "D" @ 2).

20          70.  THE HONORABLE JUDGE RAFAEL ARREOLA DENIED THE INCREASED STAY-

21  AWAY MODIFICATION (SEE ¶ 69. SUPRA) AS TO BOTH KAREN ARCHER & RICHARD OVERTON

22  ON A LACK OF A "CREDIBLE THREAT OF VIOLENCE" (SEE EXHIBIT "E" @ 4) EVEN IN

23  LIGHT OF THEIR JOINT ALLEGATION THAT PLAINTIFF ASSAULT AND/OR COMMITTED A

24  BATTERY ON RICHARD OVERTON (SEE EXHIBIT "D" @ 1,2,3; EXHIBIT "E" @ 2, ¶¶ 5,6).

25          71.  AFER BEING NOTIFIED BY THEIR FRIEND DEFENDANT SEWELL WHO DID ADVISE

26  THEM TO FILE THE 19 DECEMBER 2007 CROSS-REQUEST FOR A TRO (EXHIBITS "D" AND

27  "E") BECAUSE HE ARRESTED PLAINTIFF THE DAY BEFORE ON THEIR REQUEST AND BELATED

28  ALLEGATION THAT PLAINTIFF HAD ALLEGED ASSAULTED AND/OR COMMITTED A BATTERY

1   ON RICHARD OVERTON ALMOST FIVE WEEKS BEFORE. SEE EXHIBIT "D" @ 1

2   72. UNDETERRED BY THEIR FAILURE TO OBTAIN A "CROSS"-REQUESTED TRO

3   ON 5 DECEMBER 2007 AND 19 DECEMBER 2007 AGAINST PLAINTIFF RICHARD OVERTON

4   HAD HIS FRIEND DEFENDANT SEWELL SERVE ANOTHER "CROSS" REQUEST UPON PLAINTIFF

5   ON 18 JANUARY 2008 AT THE CONCLUSION OF A PAROLE REVOCATION HEARING BROUGHT

6   ON THE BEQUEST OF HIS FRIENDS KAREN ARCHER & RICHARD OVERTON.

7   73. STEPPING BACK TO THE TIME OF PLAINTIFF'S ARREST (SEE ¶¶ 58-64, SUPRA),

8   ON THE FOLLOWING DAY, 19 DECEMBER 2007, DEFENDANT SEWELL IN DELIVERING THE

9   CDC FORM 1502(h) CHARGE REPORT AT THE DOWNTOWN SAN DIEGO POLICE JAIL ENSURED

10  THAT PLAINTIFF WOULD BE UNLAWFULLY/UNCONSTITUTIONALLY BRANDED A SEX OFFENDER

11  ALONG WITH SUFFERAGE, CONSTANT THREATS, AND PRISON DANGERS ASSOCIATED WITH A

12  SEX OFFENDER STIGMA. THIS WAS PARTICULARLY TRUE WITH MR. SEWELL'S STATEMENT

13  HE PERSONALLY SEIZED "TWO ADULT PORNOGRAPHIC DVD MOVIES IN A DRESSER IN AN

14  UPPER BEDROOM" THAT HE KNEW KEN AND OTHERS HAD USED/RENTED IN THE PAST,

15  AND "TWO TOY [I.E., TEDDY BEARS] STUFFED ANIMALS ON A DESK" INTENDED TO BE

16  CHRISTMAS GIFTS THE NEXT WEEK. SEE EXHIBIT "G" (CDC 1502(h), G. SEWELL, (12/18/

17  07); CF. EXHIBIT "F" (PASSIM, RE CONDUCT OF DEFENDANT SEWELL); CF. EXHIBIT "H"

18  (CDC 114-D, ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE (01/03/08)).

19  74. ON 2 JANUARY 2008, AFTER BEIN HELD IN CONTINOUS CUSTODY WITHOUT

20  ANY MEANS, WHATSOEVER, TO CONTACT ANYONE OUTSIDE OF DONOVAN STATE PRISON

21  HE MET WITH DEFENDANT ANTONIO VEGAS RODRIQUEZ. DURING THIS VERY, VERY, VERILY

22  SHORT ATTORNEY-CLIENT MEETING THERE WAS A VERY, VERY, VERILY SHORT DISCUSSION BUT

23  PLAINTIFF DID PROVIDE HIM WITH A "REQUESTS TO ATTORNEY." SEE EXHIBIT "I" (HAND-

24  WRITTEN REQUESTS (01/02/08)); EXHIBIT "J" (GOUGH VS RODRIQUEZ, CASE NO. 37-2008-

25  00080345-CU-BT-CTL, (FILED S.D. COUNTY HALL OF JUSTICE (03/21/08)).

26  75. ON 3 JANUARY 2008 PLAINTIFF AGAIN MET WITH DEFENDANT RODRIQUEZ JUST

27  MOMENTS BEFORE THE UNRECORDED "PROBABLE CAUSE"-TO-HOLD WITH A PRELIMINARY

28  HEARING AS TO WHETHER THE PAROLE REVOCATION ALLEGATION(S) ARE SUPPORTED BY

1    THE FACTS & CIRCUMSTANCES AND/OR REGULATORY AND/OR STATUTORY LAW TO SUPPORT

2    THE PENAL CODE § 290-RELATED PENAL CODE § 3003-ASSOCIATED "SPECIAL CONDITIONS"

3    VIOLATION AS ALLEGED BY DEFENDANT SEWELL (SEE P 73, SUPRA ; EXHIBIT "G"). DURING

4    THIS MEETING DEFENDANT RODRIGUEZ INFORMED PLAINTIFF HE HAD NOT EVEN CONDUCTED

5    OR STARTED ANY INVESTIGATION OF THE CASE OR OTHER PREPARATION FOR THE "PROBABLE

6    CASUE"-TO-HOLD AND/OR "BIND-OVER," LEGALLY SPEAKING, EITHER OF THE ALLEGATIONS

7    BY DEFENDANT SEWELL (EXHIBIT "G"). SEE ALSO EXHIBIT "J" @ 5-6.

8        76. AT THE 3 JANUARY 2008 "PROBABLE CAUSE" HEARING HE INFORMED THE

9    DEFENDANT K. FLEMING THAT HE COULD PROCEED ALTHOUGH HE WAS AN INTERMITTANT

10   "TARGET VICTIM" AND THAT IT WAS NOT A PHYSICAL THREAT, AS SO MUCH AS, AN

11   RECOGNIZED NATION-WIDE PHENOMENON. IN SUPPORT OF THIS CLAIM PLAINTIFF CITED

12   www. WELSH@mindjustice.org AND www. CHRISTIANSAGAINSTSLAVERY.ORG AND

13   ASKED THAT THEY (I.E., DEFENDANTS K. FLEMING AND ANTONIO RODRIGUEZ) CONDUCT

14   AN INDEPENDENT INVESTIGATION AND ENSURE THAT PLAINTIFF WAS PROTECTED. SEE

15   EXHIBIT "I" AND "J." MOREOVER, PLAINTIFF REPRESENTED HE WAS NOT A P.C. § 290 REGISTRANT.

16       77. PLAINTIFF, WITHOUT ANY ASSISTANCE FROM DEFENDANT RODRIGUEZ, FUTILEY

17   ATTEMPTED TO ARGUE THAT HE WAS NOT A DANGER TO ABSCOND, HIS PERSON/SELF,

18   PROPERTY-OTHERS OR THE SAFETY-OTHERS AND WOULD HAVE MADE THE MANDATORY

19   APPEARANCE AT A FULL REVOCATION HEARING AS HE HAD DONE BEFORE WHILE FACING

20   SERIOUS PAROLE VIOLATIONS AND VIOLATIONS OF LAW. SEE EXHIBIT "G"; CF. PP 26-35,

21   SUPRA . AGAIN, PLAINTIFF EMPHASIZED HE WAS FOUND INNOCENT OF A P.C. § 290 VIOLATION PREVIOUSLY.

22       78. ON O1/08/08 DUE TO THE LACK OF (A) RESPECT FOR PLAINTIFF'S REGULATORY AND/

23   OR STATUTORY ENTITLEMENTS/RIGHTS AS NOTICED TO HIM ON 19 DECEMBER 2007 AND/

24   OR (B) ANY PROCEDURAL DUE PROCESS RIGHTS WHICH IMPACTED MY SUBSTANTIVE DUE

25   PROCESS RIGHTS YOUR PLAINTIFF ATTEMPTED, PRO SE, WHILE REPRESENTED BY DEFENDANT

26   ANTONIO V. RODRIGUEZ TO (C) CHALLENGE ADMINISTRATIVELY ANY INFORMATION IN THE

27   CDC FILE THAT INFERRED OR INDICATED PLAINTIFF WAS COURT-ORDERED TO BE "SUBJECT

28   TO PENAL CODE § 290 REGISTRATION (SEE EXHIBIT "K" CDC 602 INMATE/PAROLEE

APPEAL FORM (01/08/08) AND (D) HE SOUGHT WITH THE ONLY METHOD AVAILABLE TO HIM TO HAVE REPLACED HIS "BASIC NEED" BPH's CONTRACTEE CALPAP ATTORNEY (EXHIBIT "L" CDC 602 INMATE/PAROLEE APPEAL FORM (01/08/08); SEE ALSO EXHIBIT "D" (BPT 1100, NOTICE OF PAROLE RIGHTS & ACKNOWLEDGEMENT (12/19/07); CF. EXHIBIT "N" (MEMORANDUM (05/11/04) IN WHICH STATES BPT WILL NOT ACCEPT INMATE/PAROLEE APPEALS REGARDING ANY PAROLE MATTERS).

79. ON 16 JANUARY 2008 PLAINTIFF RECEIVED A LEGAL DOCUMENTS PACKET FROM VERY CONSIDERATE COURTHOUSE CLERK FROM THE SUPERIOR COURT OF SAN DIEGO COUNTY AT VISTA, CALIFORNIA. THIS PACKET CONTAINED THE SAME DESCRIBED DOCUMENTATION HE HAD INSTRUCTED/REQUESTED DEFENDANT ANTONIO VEGAS RODRIQUEZ TO ACQUIRE PRIOR TO THE PROBABLE CAUSE & PRELIMINARY HEARING HELD ON JANUARY 3, 2008 (SEE PP 74-77, SUPRA). THESE LEGAL DOCUMENTS CLEARLY INDICATE ON AT LEAST DOCUMENTS FILED SEPARATELY THAT PLAINTIFF WAS NEVER COURT-ORDERED TO REGISTER UNDER THE PROVISIONS OF CALIFORNIA PENAL CODE § 290; ERGO, NOT SUBJECT TO THE PENAL CODE § 3003 ~ ASSOCIATED "SPECIAL CONDITIONS" EVEN IF HE HAD BEEN PROPERLY NOTICED OF SAME AFTER DEFENDANT I. BRIZUELA'S REQUESTED/ATTEMPTED HEARING AND/OR TRIAL ON THIS SAME ISSUE, NOTWITHSTANDING ANY SEMANTICAL-LEGALESE SOPHISTRY. SEE EXHIBIT "A"; PP 19-35, SUPRA.

80. ON 18 JANUARY 2008 PLAINTIFF WAS HAILED INTO A BPH HEARING/COURT ROOM IN WAIST-CHAINS BEFORE DEFENDANTS KEITH BAKER, GREG SEWELL, ANTONIO VEGAS RODRIQUEZ, AND ANOTHER UNKNOWN INDIVIDUAL. SEE EXHIBIT "J" @ PP 10-17.

81. DURING THE OPENING PHASE OF THE TRIAL PLAINTIFF NOTED THAT NONE OF HIS REQUESTED AND/OR SUBPOENAED WITNESSES WERE PRESENCE. SEE EXHIBIT "O" (BPT 1100-B (12/19/08); EXHIBIT "J" @ P. 8 (CITING TO EXHIBIT O). THIS WAS POSSIBLY DUE TO THE FACT DEFENDANT ANTONIO VEGAS RODRIQUEZ AND/OR DEFENDANT F. FLEMING (WHO PRESIDED AT THE "PROBABLE CAUSE" HEARING REFUSED TO NOTIFY AND/OR REFUSED WITHOUT CAUSE TO ALLOW), INDIVIDUAL OR JOINT EFFORT, TO VIOLATE PLAINTIFF'S PAROLE REVOCATION RIGHT TO PROCEDURAL AND SUBSTANTIVE DUE PROCESS AS NOTICED IN

1  EXHIBIT "O" AND ELSEWHERE IN POLICY, REGULATION, STATUTE, AND/OR CONSTITUTIONAL

2  LAW. SEE EXHIBIT "P" (CDCR 1654 (PAROLE REVOCATION HEARING NOTICE & WITNESS

3  DETERMINATION (01/__/08); EXHIBIT "J"@ P. 8.

4      82. DURING THE 18 JANUARY 2008 PAROLE REVOCATION TRIAL THERE WAS NO EVIDENCE

5  PRODUCED BY DEFENDANT SEWELL, NOR DID DEFENDANT RODRIQUEZ REQUEST THE

6  PRODUCTION OF, NOR DID DEFENDANT BAKER EVEN EXAMINE ANY TANGIBLE EVIDENCE

7  REFERRED TO IN DEFENDANT SEWELL'S CHARGE ALLEGATION (SEE EXHIBIT "G"); CF

8  EXHIBIT "J"@ PP 7-8; CF EXHIBIT "O" WITH REVIEW OF ¶ 81, SUPRA.

9      83. DURING THE 18 JANUARY 2008 PAROLE REVOCATION TRIAL DEFENDANT BAKER

10  WOULD NOT ALLOW PLAINTIFF TO INTRODUCE ANY DOCUMENTATION (SEE EXHIBITS "A" AND

11  /OR "C" OR "D") TO PUT A DEFENSE TO EITHER OF THE TWO CHARGE ALLEGATIONS (EXHIBIT

12  "G"); CF EXHIBIT "J"@ P. 4-5, ¶¶ 13-15.

13      84. DURING THE 18 JANUARY 2008 BPH'S CONTRACTEE CAL PAP's ATTORNEY,

14  DEFENDANT ANTONIO VEGAS RODRIQUEZ REFUSED TO PROTECT HIS CLIENT (PLAINTIFF) FROM

15  ABUSIVE BEHAVIORS (INCLUDING BADGERING PLAINTIFF TO PRODUCE A "POLICE REPORT"

16  KNOWING PLAINTIFF HAD BEEN IN CONTINOUS CUSTODY) BY DEFENDANT KEITH BAKER.

17  PLAINTIFF'S STATE-OF-MIND ALLEGATION IS THAT THIS WAS A VIOLATION OF HIS NOTICED

18  RIGHTS IN EXHIBIT " " AND ELSEWHERE IN POLICY, REGULATION, STATUTE, AND/OR

19  CONSTITUTIONAL LAW. SEE EXHIBIT "Q"

20      85. TO DATE OF THE EXECUTION AND SUBMISSION OF THIS CIVIL RIGHTS SUIT

21  PLAINTIFF HAS NOT RECEIVED A COPY OF DEFENDANT KEITH BAKER'S "WRITTEN STATEMENT"

22  OR A COMPLETE COPY OF A "TAPE RECORDING OF THE REVOCATION HEARING" AS MANDATED

23  BY NOTICED RIGHTS OF EXHIBIT "P" (PETITION FOR WRIT OF MANDAMUS, GOUGH V. ARNOLD

24  SCHWARNEGGER, CASE NO. 37-2008-00080345-CU-BT-CTL (4/20/08).

25      86. ON 20 MARCH 2008 PLAINTIFF CAUSED TO HAVE FILED A COMMON LAW TORT

26  CIVIL MALPRACTICE LAWSUIT IN THE HALL OF JUSTICE OF SAN DIEGO CITY UNDER THE

27  THE CAPTION AND CASE NO.: GOUGH V. RODRIQUEZ, CASE NO. 37-2008-00080345-

28  CU-BT-CTL. PLAINTIFF WOULD INCORPORATE BY REFERENCE AND RE-ALLEGE ¶¶ 1-20

1  THEREIN EXHIBIT "J" HERETO AS IF SPECIFICALLY SET FORTH HEREINUNDER. SEE

2  EXHIBIT "J" @ PP 1-10, PP 1-49.

3       87. ON 28 MARCH 2008 PLAINTIFF CAUSED TO HAVE FILED A COMMON LAW TORT

4  LAWSUIT FOR WARRANTLESS FALSE ARREST AND MALICIOUS PROSECUTION WITH THE

5  RESULTING FALSE AND UNJUST PROLONGED IMPRISONMENT AGAINST DEFENDANT GREG

6  SEWELL UNDER THE CAPTION AND CASE NO.: GOUGH V. GREG SEWELL, CASE NO.

7  37-2008-000 80875-CU-MC-CTL. PLAINTIFF WOULD INCORPORATE BY REFERENCE

8  AND RE-ALLEGE PP 1-28 THEREIN EXHIBIT "P" HERETO AS IF SPECIFICALLY SET FORTH

9  HEREUNDER. SEE EXHIBIT "R" @ PP 1-11, PP 1-50.

10       88. PLAINTIFF WAS TRANSFERRED FROM DONOVAN STATE PRISON (SAN DIEGO

11  COUNTY) TO RIVERSIDE COUNTY'S CHUCKAWALLA VALLEY STATE PRISON ON OR ABOUT

12  2 APRIL 2008 AND ARRIVING THAT SAME DAY. PRIOR TO HIS TRANSFER PLAINTIFF

13  WAS COMPELLED TO GIVE-OVER TO A MR. LUGUANA (DONOVAN STATE PRISON'S FACILITY

14  2'S LAW LIBRARIAN OVER _____ SHEETS (APPROXIMATELY 2½ INCHES-STACKED) OF

15  ORIGINALS OF LEGAL DOCUMENTS INCLUDING IRREPLACEABLE DOCUMENTS FROM OTHER

16  CASE FILES, TO WIT: GOUGH V. GRIFFIN, CASE NO. 37-2008-00079313-CU-BC-CTL

17  (PRISONER MAILBOX FILED 02/05/08 WITH STAMPED DATE OF 03/06/08, SAN DIEGO CITY'S

18  HALL OF JUSTICE). PLAINTIFF HAS SUBMITTED A CDC 602 INMATE/PAROLEE APPEAL

19  IN HIS EFFORT TO OBTAIN AN INTERVIEW WITH DEFENDANT D. GONZALEZ TO GET THE STATUS

20  OF THE TRANSMITTAL/MAILING TO NO AVAIL. SEE EXHIBIT "___" (CDC 602 INMATE/

21  PAROLEE APPEAL (04/___/08).

22       89. PLAINTIFF ALSO RECEIVED A RESPONSE TO AN "INMATE REQUEST FOR

23  INTERVIEW" HE HAD FILED SEVEN WEEKS EARLIER WHILE AT DONOVAN STATE PRISON.

24  ON THE SAME DAY HE RECEIVED THE RESPONSE HE FILED A CDC 602 INMATE/PAROLEE

25  DIRECTED VIA THE U.S. MAILS TO DEFENDANT J.F. SALAZAR, WARDEN, CHUCKAWALLA

26  VALLEY STATE PRISON. IN HIS ONGOING ATTEMPTS TO HAVE REMOVED ANY PENAL CODE

27  § 290 REGISTRATION REQUIREMENT IMPOSED UPON HIM BY DEFENDANTS I. BRIZUELA,

28  GREG SEWELL, KEITH BAKER AND ALLOWED BY DEFENDANT ANTONIO V. RODRIQUEZ.

1  SEE EXHIBIT "S" (CDC 602 INMATE/PAROLEE APPEAL (04/28/08). THIS ADMINISTRATIVE
2  APPEAL LIKE THE MANY PREVIOUS EFFORTS TO DEFENDANT ARNOLD SCHWARNEGGER'S
3  POLITICAL APPOINTEES, THEIR SUBSERVANT EMPLOYEES OF HIS ADMINISTRATION, AND EVEN
4  THE STATE OF CALIFORNIA'S ATTORNEY GENERAL'S HAVE BEEN MET WITH "BLIND EYES,
5  DEAF EARS, AND DUMB RESPONSE," BIBICALLY SPEAKING, TO THIS CHRISTIAN PLAINTIFF'S
6  PLEADING TO RELEASE HIM FROM THE YOKE OF PENAL CODE § 290 REGISTRATION AND,
7  ARGUENDO GRATIS, HE WAS AWARE OF ANY "SPECIAL CONDITION(S)." SEE PP 19-35,
8  P 79, SUPRA.
9       90. PLAINTIFF ASSERTS AND AVERS THAT ALL QUESTIONS OF FACT NOT ADMITTED-
10  TO AND DISPOSITIVE OF THE CAUSES OF ACTION WILL BE TRIED BY A JURY AND THIS RIGHT
11  INVIOLATIVE AND NO FACT TRIED BY A JURY AND SPECIFICLY FOUND SHALL BE TAKEN
12  ON APPEAL OR REEXAMINED BY ANY COURT OF THE UNITED STATES. SEE CALIF.
13  CONST., ART. 1, § 16; U.S. CONST., VII AMENDMENT (BILL OF RIGHTS).
14       91. PLAINTIFF (INCORPORATES P 90, SUPRA) AND ASSERTS AND AVERS ANY CLAIM
15  OF PRIVILEGES BY THE NAMED DEFENDANTS, THEIR ATTORNEYS, AND/OR DIVERS WILL BE
16  ISSUE(S) OF FACT TO BE TRIED BY A JURY; AND ONLY THE APPLICATION OF STATUTORY
17  AND/OR REGULATORY LAW UNDER A CHEVRON DOCTRINE ANALYSIS TO THE
18  EXCLUSION OF COMMON/DECISIONAL LAW IF NECESSARY TO RESOLVE ANY ISSUES
19  NOT RESOLVED BY FEDERAL/STATE LEGISLATIVE HISTORY.
20       92. PLAINTIFF (INCORPORATES PP 90-91, SUPRA) AND ASSERTS AND AVERS THAT ANY
21  CLAIM OF PRIVILEGES BY THE NAMED DEFENDANTS, THEIR ATTORNEYS, AND/OR DIVERS
22  THAT AFFECT THE RIGHTS OF THE PRESS TO KNOW AND INVESTIGATE WILL BE ISSUES
23  OF FACT FOR THE JURY TO DETERMINE WHETHER ANY CLAIM OF PRIVILEGE(S) OF
24  NON-DISCLOSURE OF ANY "UNPUBLISHED INFORMATION" IS JUSTIFIED BY LAW.
25  "UNPUBLISHED INFORMATION" WILL HAVE THE MEANING SET FORTH IN THE CALIF.
26  CONST., ART. I. § 3. SEE ALSO U.S.CONST., I AMENDMENT; CF. U.S. CONST., X
27  AMENDMENT; CF. THE SUPERMACY DOCTRINE.
28       91. FOR TRUTH THE PLAINTIFF PRAYS TO/FOR THE BIBLICAL WORD!!!

## IV.

### CAUSE OF ACTIONS

### A.

#### PLAINTIFF'S CONSTITUTIONAL AND CIVIL RIGHTS TO ACCESS THE COURTS FOR REDRESS AND/OR EQUAL PROTECTION UNDER COLOR OF LAW WITH THE ASSISTANCE OF DE FACTO STATE CIVILIAN AGENTS

91. PLAINTIFF INCORPORATES BY REFERENCE ¶¶ 1-3, 45-57, 63-72, AND RE-ALLEGES THAT ACCORDING TO DEFENDANT SEWELL'S CHARGE SHEET ALLEGATION MR. RICHARD OVERTON AND HIS LIVE-IN GIRLFRIEND KAREN ARCHER THE PLAINTIFF COMMITTED A "BATTERY" (SEE EXHIBIT "G") AS OPPOSED TO AN "ASSAULT" (SEE EXHIBIT D-1) ON HIM. THIS ALLEGATION WAS BROUGHT TO THE ATTENTION OF DEFENDANT SEWELL THE DAY BEFORE HE INITIATED THE ARREST OF PLAINTIFF ON 18 DECEMBER 2007. DEFENDANT SEWELL CONDUCTED NO INVESTIGATION WHATSOEVER EVEN THOUGH PLAINTIFF HAD BEEN FAITHFULLY REPORTING ANY AND ALL POLICE CONTACT WITH REGARDS TO THIS PARTICULAR ESCALATING SITUATION.

92. PLAINTIFF WOULD ALLEGE THAT DEFENDANT SEWELL HAD PREVIOUS INFORMATION THAT HE WAS THE SUBJECT OF OTHER CIVIL LITIGATION, INCLUDING THE REAL POTENTIAL POSSIBILITY HE WAS NOTICED THAT HE WOULD BE SUBPOENAED IN GOUGH-AOSHINA v. ARCHER & OVERTON, CASE NO. 37-2007-00083116-CU-PT-CTL (PETITION FOR PRESUIT COMMENCEMENT OF CIVIL/CRIMINAL DISCOVERY PER CALIFORNIA CODE § 2035(a)(12/__/08) FILED IN DEPT.#25, HALL OF JUSTICE, HONORABLE JUDGE RAFAEL ARREOLA); GOUGH v. GRIFFIN, CASE NO. 37-2008-00079313-CU-BC-CTL (CIVIL SUIT FOR BREACH OF CONTRACT WITH REFERENCE THEREIN TO CALIFORNIA CODE § 2035(a) PETITION WITH THEREIN NOTICE TO DEFENDANT SEWELL HE WOULD BE SUBPOENAED); GOUGH v. LT. SMITH et al., CASE NO. _____ (PETITION FOR PRESUIT COMMENCEMENT OF CIVIL/CRIMINAL DISCOVERY PER CALIFORNIA CODE § 2035(a)(12/__/08)(OFF-CALENDAR PENDING PLAINTIFF RELEASE IN DEPT.#25, HALL OF JUSTICE, HONORABLE JUDGE RAFAEL ARREOLA).

93. PLAINTIFF ERGO CLAIMS THAT DEFENDANT SEWELL SOUGHT ON HIS OWN AND/OR WITH KNOWN AND UNKNOWN DIVERS OR GOVERNMENTAL ORGANIZATIONS AND/OR

1  PRIVATE ENTITIES TO IMPEDE, HINDER, OBSTRUCT, IMPAIR AND/OR OTHERWISE PREVENT BEING

2  SUBPOENAED TO A COURT TO GIVE SWORN-TO TESTIMONY.

3      94. PLAINTIFF THUSLY ASSERTS THAT THE DEFENDANT SEWELL AND/OR ANY

4  KNOWN AND UNKNOWN DIVERS OR GOVERNMENTAL ORGANIZATIONS AND/OR PRIVATE

5  ENTITIES HAVE ANY AFFIRMATIVE DEFENSE(S)'S FEDERAL RULE OF CIVIL PROCEDURE 12 COMMON

6  LAW JUDGEMENT-ON-PLEADINGS IS WITHIN THE REACH OF THIS VERIFIED COMPLAINT

7  (I.E., CLAIM FOR RELIEF) DURING THE PLEADING STAGE OF THIS CIVIL RIGHTS COMPLAINT.

8                          B.

9      PLAINTIFF'S CONSTITUTIONAL AND CIVIL RIGHTS TO ACCESS THE COURTS

10  FOR REDRESS AND/OR EQUAL PROTECTION HAS BEEN VIOLATED BY THE

    THE DEFENDANTS KEITH BAKER AND/OR ANTONIO VEGAS RODRIGUEZ

11  AND/OR KNOWN OR UNKNOWN DIVERS TO IMPEDE, HINDER, OBSTRUCT,

12  IMPAIR AND/OR OTHERWISE DENY HIM DOCUMENTATION AND/OR THE

    AUDIO TAPE RECORDING AND/OR EVIDENCE TO SUPPORT HIS INNOCENCE

13

14      95. PLAINTIFF INCORPORATES BY REFERENCE ¶¶ 1-3, 18, 43-44 (CDC 602 PAROLEE

15  APPEAL(S) INCLUDING THEREIN REQUEST TO INSPECTION & COPY CDC CASE FILE), ¶¶ 74-75

16  (PLAINTIFF'S REQUESTS TO ATTORNEY FOR CRITICAL DOCUMENTATION), ¶ 78 (CDC 602 INMATE/

17  PAROLEE APPEAL FOR DOCUMENTATION TO DONOVAN PRISON OFFICIALS), ¶ 85 (PLAINTIFF'S

18  PETITION FOR WRIT OF ADMINISTRATIVE MANDAMUS TO OBTAIN DEFENDANT KEITH BAKER'S

19  "WRITTEN STATEMENT" AND A COMPLETE COPY OF THE "TAPE RECORDING" OF PAROLE TRIAL),

20  ¶ 88 (CDC 602 INMATE/PAROLEE APPEAL AND DEMAND FOR RETURN OF CRITICAL ORIGINAL

21  CIVIL CASE FILE DOCUMENTATION).

22      96. PLAINTIFF WOULD FURTHER ALLEGE THAT MR. RICHARD OVERTON ATTEMPTED TO

23  PROVIDE DEFENDANT KEITH BAKER DOCUMENTATION WHICH WAS FAVORABLE TO YOUR

24  PLAINTIFF IN THAT THE SAME DOCUMENTATION WOULD DISCREDIT AND/OR SUBSTANTIATE

25  A STRONG INFERENCE THAT MR. OVERTON WAS UNTRUTHFUL, MISREPRESENTED, AND/

26  COMMITTED PERJURY WHILE UNDER OATH. SUCH DOCUMENTATION WOULD ALSO HAVE

27  SUPPORTED A STRONG INFERENCE THAT DEFENDANTS SEWELL AND/OR RODRIQUEZ

28  SUBORNED PERJURY AND TO DENY PLAINTIFF DOCUMENTATION TO SUPPORT SAME.

C.

PLAINTIFF'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS TO
PRESENT CRITICAL WITNESSES AND DOCUMENTARY EVIDENCE AT THE
BPH PAROLE REVOCATION TRIAL DENIED HIM HIS CIVIL RIGHTS

97. PLAINTIFF INCORPORATES BY REFERENCE ¶¶ 1-3, ¶¶ 29-34 (DOCUMENTED WITH NAMED WITNESS OF PRIOR ATTEMPT TO PROSECUTE PENAL CODE § 290 VIOLATION), ¶ 35 (NAMED DEFENDANT BRIZUELA'S ASSURANCE THAT § 290 ISSUE WOULD BE ADMINISTRATIVELY RESOLVED AFTER BPH DETERMINATION NO GROUNDS FOR § 290 REGISTRATION VIOLATION), ¶¶ 42-44 (DEFENDANT SEWELL'S REFUSAL TO COMPLY/CONFORM WITH NO GROUND FOR § 290-RELATED VIOLATION BY BPH), ¶¶ 45-57 (DOCUMENTIABLE NEED FOR DOCUMENTS AND THE SUBPOENAING OF CRITICAL WITNESS KAREN ARCHER WHO WAS THE HUB AND FOCUS OF THE TESTIMONY OF BOTH THE ALLEGED BATTERY/ASSAULT VICTIM RICHARD OVERTON AND DEFENDANT SEWELL), ¶¶ 59-64 (NOTE PLAINTIFF WAS PREPARED TO PROVIDE DOCUMENTATION TO RAISE SERIOUS QUESTION AS TO LAWFULNESS OF CDC-ORDERED PENAL CODE § 290 REGISTRATION, INCLUDING DOCUMENTATION HE HAD SHOWN S.D.P.D. OFFICER CONKIN PREVIOUSLY IN ¶ 49, AND OTHER LEGAL CASES DOCUMENTATION WITH REGARD TO DEFENDANT SEWELL AND MR. JORDAN GRIFFIN, INDIVIDUALLY AND JOINTLY), ¶¶ 65-72 (DOCUMENTATION RE TRO RE ALLEGED BATTERY/ASSAULT VICTIM RICHARD OVERTON WHICH FORMED THE BASELESS CHARGE BY DEFENDANT SEWELL AND INCLUDING KAREN ARCHER AGAIN AS HUB OF CONTROVERSY), ¶ 73 (NOTE EXHIBIT "H" RE 1984 CONVICTION RE § 290 REQUIRED), ¶ 74 (NOTE "REQUEST TO (DEFENDANT ANTONIO VEGAS RODRIQUEZ) ATTORNEY" WITH REFERENCE TO AFOREDESCRIBED DOCUMENTS RE § 290 AND TRO DOCUMENTATION), ¶ 78 (NOTE ADMINISTRATIVE CHALLENGE TO § 290 REGISTRATION BY CDC), ¶ 79 (NOTE LEGAL CASE FILE RE 1984 CASE WITH NO COURT-ORDERED § 290 REGISTRATION), ¶ 89 (NOTE THAT DEFENDANTS D. GONZALEZ AND SALAZAR WERE PUT ON NOTICE OF THE UNLAWFULNESS OF § 290 REGISTRATION).

98. PLAINTIFF ERGO CLAIMS THAT THE NAMED DEFENDANTS (SEE ¶ 3, SUPRA) WITH EMPHASIS ON DEFENDANTS HERNANDEZ, K. FLEMING, KEITH BAKER, ANTONIO VEGAS RODRIQUEZ, GREG SEWELL, I. BRIZUELA, F.J. SALAZAR, AND/OR D. GONZALEZ HAVE

INDIVIDUALL AND/OR JOINTLY, CONSTRUCTIVELY OR OTHERWISE DIRECTLY OR INDIRECTLY
DENIED, HINDER, IMPEDE, AND/OR OBSTRUCTS PLAINTIFF'S PROCEDURAL DUE PROCESS
RIGHTS & ENTITLEMENTS TO DOCUMENTATION AND/OR PRESENTATION OF DOCUMENTATION
THROUGHOUT HIS RELATIONSHIP WITH THE CDC/BPH AND ITS COMMUNITY-BASED "KURTZ
STREET "EL CAJON" AND "KURTZ STREET" PAROLE OFFICES. THUSLY, PLAINTIFF'S
SUBSTANTIVE DUE PROCESS RIGHTS & ENTITLEMENTS TO REVIEW AND USE AS EVIDENCE
THAT IS A COMPLETE AND/OR IMPERFECT AND/OR EVIDENCE THAT WOULD LEND SUPPORT TO
PLAINTIFF'S PAROLE REVOCATION TRIAL DEFENSE WERE DENIED HIM AT THE TIME OF
18 JANUARY 2008 TRIAL.

99. AS A INDEPENDENT AND SEPARATE CAUSE OF ACTION AND SEPARATE CLAIM FOR
RELIEF "C"; PLAINTIFF WOULD INCORPORATE BY REFERENCE ¶ 97, SUPRA, AS IF SET FORTH
HEREUNDER AS APPLICABE TO PLAINTIFF'S CAUSE OF ACTION AND CLAIM FOR RELIEF THAT
HE WAS OUTRIGHT DENIED ANY REQUESTED AND SUBPOENAED WITNESSES. SEE ¶¶ 12-14
(CALIFORNIA DEPT. OF CORRECTIONS, CALIFORNIA REHABILIATATION CENTER, COUNSELOR), ¶¶ 15-
19 ("KURTZ STREET" PAROLE AGENT WICKLINE), ¶ 20 (TRIPHASE DIRECTOR JOHN GARY), ¶¶ 22-
35, ¶ 9. ("EL CAJON" PAROLE AGENT AND DEFENDANT BRIZUELA KNEW OF PLAINTIFF'S STATUS
AS A NON-PENAL CODE § 290 REGISTRANT, FACT OF UNSUCCESSFUL PREVIOUS PROSECUTION,
TRIPHASE CLEAN & SOBER RESIDENCE NEXT TO CHALLENGED CHILDREN DAY-CARE CENTER, AND
APPROVED RESIDENCE AT PLAINTIFF'S CONDOMINIUM HE WAS ARRESTED), ¶¶ 45-57, 59,
65-72 (REFERANCE TO CRITICAL SUBPOEANAED WITNESS KAREN ARCHER AND RICHARD OVERTON),
¶ 81 (NOTE THAT AT REVOCATION TRIAL NONE OF PLAINTIFF'S REQUESTED OR SUBPOEANAED WITNESSES
WERE PRESENCE TO FAILURE TO NOTIFY AND/OR APPROVE PLAINTIFF'S WITNESSES).

100. PLAINTIFF ERGO CLAIMS THAT DEFENDANTS HERNANDEZ, K. FLEMING, KEITH BAKER
FAILED TO ENSURE THAT PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS & ENTITLEMENTS TO
PRESENT WITNESSES AND/OR SUBPOENA WITNESSES IN HIS DEFENSE WERE RESPECTED. THUSLY,
PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS & ENTITLEMENTS TO CALL WITNESSES WAS IN
FACT CONSTRUCTIVELY OR OTHERWISE DIRECTLY OR INDIRECTLY DENIED, HINDER, IMPEDED, AND/OR
OBSTRUCTED WITHOUT OBJECTION BY DEFENDANT ANTONIO VEGAS RODRIGUEZ TO HIS PREJUDICE.

101. PLAINTIFF THUSLY ASSERTS THAT THE DEFENDANTS K. FLEMING, KEITH BAKER, AND/OR ANTONIO VEGAS RODRIGUEZ, WITH OR WITHOUT UNDUE INFLUENCE FROM UNKNOWN DIVERS OR GOVERNMENT ORGANIZATIONS AND/OR PRIVATE ENTITIES HAVE ANY AFFIRMATIVE DEFENSE(S); FEDERAL RULE OF CIVIL PROCEDURE 12 COMMON LAW JUDGEMENT-ON-PLEADINGS IS WITHIN THE REACH OF THIS VERIFIED COMPLAINT (I.E., CLAIM FOR RELIEF) DURING THE PLEADING STAGE OF THIS CIVIL RIGHTS COMPLAINT.

D.

THE DEFENDANTS VIOLATED PLAINTIFF'S RIGHTS TO BOTH HIS PROCEDURAL AND/OR SUBSTANTIVE DUE PROCESS BY IMPOSING ON PLAINTIFF THE BURDENSOME LIFE-LONG REQUIREMENTS OF PENAL CODE § 290 REGISTRATION WITHOUT: (A) INVESTIGATING WHETHER PLAINTIFF WAS IN FACT COURT-ORDERED TO COMPLY WITH § 290; (B) REFUSING TO ACCEPT ANY CDC/BPH INMATE/ PAROLE APPEALS ON THE UNLAWFULNESS OF THE § 290 REGISTRA-TION IN PLAINTIFF'S CASE; (C) FAILING TO HAVE ANY AVAILABLE ADMINISTRATIVE APPEALS DIRECTIVE FOR SENSITIVE ISSUES (RE SEX OFFENDER CHALLENGES); (D) THE CDC/BPH LAYPERSONS DECIDING/RENDERING LEGAL OPINIONS WITHOUT TRAINING OR STATE LICENSING TO PRACTICE LAW (RE CONCLUSIONS OF LAW).

102. PLAINTIFF INCORPORATES BY REFERENCE ¶¶ 1-3 (PARTIES), ¶¶ 5-10 (REFERENCE TO 1984 CASE WHICH DEFENDANTS I. BRIZUELA, GREG SEWELL, K. FLEMING, KEITH BAKER, AND ANTONIO VEGAS RODRIGUEZ USED AS BASIS-TO-BELIEVE PLAINTIFF WAS A PENAL CODE § 290-REQUIRED REGISTRANT), ¶¶ 12-14 (C.R.C. COUNSELOR WHO MAY HAVE ISSUED/PLACED § 290 REGISTRATION UPON PLAINTIFF), ¶¶ 15-17 ("KURTZ STREET" PAROLE AGENT WICKLINE WHO REFUSED TO INVESTIGATE OR ACCEPT CDC 602 PAROLEE APPEAL RE § 290), ¶¶ 24-30, 33-36 ("EL CAJON" PAROLE AGENT AND DEFENDANT BRIZUELA'S FILING/PROSECUTION OF § 290 WHICH RESULTED IN NO GROUNDS FOR VIOLATION OF PENAL CODE § 290 MANDATORY TIMELY REGISTRATION), ¶¶ 39-44 (NOTE NUMEROUS ADMINISTRATIVE ATTEMPTS TO RESOLVE § 290 ISSUES WITH DEFENDANT SEWELL), ¶¶ 58-62 (NOTE FUTILE ATTEMPT TO PRESENT DOCUMENTATION AT TIME OF ARREST WITH DISCUSSION, INCLUDING A CELLPHONE CALL (619.249.5405) THE DAY OF DECEMBER 17, 2008 TO D.O.J. SEX OFFENDER SACRAMENTO UNIT TO ATTEMPT TO RESOLVE/FIX CDC/BPH UNLAWFUL PLACEMENT OF § 290 REGISTRATION REQUIREMENT), ¶ 73 (DEFENDANT SEWELL'S ACTION OF

1  ENSURE TO ENDANGER PLAINTIFF'S LIFE AND/OR IMPOSE HARSH PUNISHMENT OF PROTECTIVE

2  CUSTODY ENVIRON), ¶ 74 (NOTE "REQUESTS TO ATTORNEY"-DEFENDANT ANTONIO VEGAS

3  RODRIGUEZ WITH DISPOSITIVE/AFFIRMATIVE DOCUMENTIABLE DEFENSE TO § 290 ALLEGATION

4  CHARGED BY DEFENDANT SEWELL), ¶¶ 76-77. (NOTE PLAINTIFF EMPHASIZING TO DEFENDANTS

5  K. FLEMING AND ANTONIO VEGAS RODRIGUEZ HE WAS NOT A § 290-REQUIRED REGISTERANT),

6  ¶ 78 (NOTE PLAINTIFF'S FUTILE ATTEMPTS TO ALERT/RESOLVE FACT HE WAS NOT § 290 COURT-

7  ORDERED REGISTERANT TO DEFENDANT ROBERT HERNANDEZ AND/OR DONOVAN PRISON OFFICIALS),

8  ¶ 86 (NOTE CIVIL MALPRACTICE LAWSUIT AS EXHIBIT CHARGING INSTANT DEFENDANT ANTONIO VEGAS

9  RODRIGUEZ WITH "COMMON LAW" TORT OF MALPRACTICE), ¶ 87 (NOTE CIVIL "COMMON LAW" TORT

10  SUIT FOR MALICIOUS PROSECUTION, FALSE ARREST, AND PROLONGED CUSTODY DUE TO UNLAWFUL

11  CONVICTION ON § 290 AGAINST INSTANT DEFENDANT SEWELL), ¶ 89 (NOTE ONGOING

12  ADMINISTRATIVE ATTEMPT TO REMOVE § 290 CDC/BPH-REQUIRED REGISTRATION TO DEFENDANTS

13  J.F. SALAZAR AND D. GONZALEZ).

14      103. PLAINTIFF ERGO CLAIMS IN LIGHT OF HIS AVERMENTS IN ¶ 102, SUPRA, THAT THE

15  SPECIFICALLY NAMED DEFENDANTS FAILED TO INVESTIGATE WHETHER PLAINTIFF WAS A

16  COURT-ORDERED PENAL CODE § 290 REGISTERANT PRIOR-TO, DURING THE PAROLE

17  REVOCATION HEARING & TRIAL, AND EVEN AFTER RESULTING IN A UNLAWFUL/UNCONSTITUTIONAL

18  CONVICTION AND/OR RESULTING PROLONGED RETURN-TO-CUSTODY TERM.

19      104. PLAINTIFF ERGO CLAIMS IN LIGHT OF HIS AVERMENTS IN ¶¶ 102, 103, SUPRA, THAT

20  THE SPECIFICALLY NAMED DEFENDANTS, INDIVIDUALLY AND/OR JOINTLY, CONSTRUCTIVELY OR

21  OTHERWISE DIRECTLY OR INDIRECTLY REFUSED TO ACCEPT OR HEAR ANY APPEAL OF PLAINTIFF'S

22  ADMINISTRATIVE APPEALS OF THE UNLAWFULNESS/UNCONSTITUTIONALITY OF ALLOWING LAYPERSON

23  PRISON OFFICIALS OR ADMINISTRATIVE PERSONNEL TO IMPOSE A LIFE-TIME PENAL CODE §

24  290 REGISTRATION BURDEN WITH SEVERE CRIMINAL CONSEQUENCES NOT ORDERED BY A COURT.

25      105. PLAINTIFF ERGO CLAIMS IN LIGHT OF HIS AVERMENTS IN ¶¶ 102, 103, 104, SUPRA,

26  THAT THE NAME DEFENDANTS, EN TOTO, DO NOT HAVE ANY ADMINISTRATIVE APPEALS

27  PROCEDURES AND/OR DIRECTIVES FOR SENSITIVE SEX OFFENDER CHALLENGES THAT CONSIDER

28  THE REAL PRISON DANGERS WITH ANY ADMINISTRATIVE DETERMINATION BASED SOLELY

1  ON A LAYPERSON'S REVIEW OF ANY NON-ADJUDICATED DOCUMENTATION THAT THE CDC/BPH

2  USE TO MAKE ADMINISTRATIVE DETERMINATIONS THAT MAY/WILL RESULT IN A RETURN-TO-

3  CUSTODY TERM OF IMPRISONMENT UP TO ONE YEAR.

4      106. PLAINTIFF ERGO CLAIMS IN LIGHT OF HIS AVERMENTS IN PP 102, 103, 104, 105,

5  SUPRA, THAT SPECIFICALLY NAMED DEFENDANTS GREG SEWELL, ROBERT HERNANDEZ AND HIS

6  SUBSERVANT PRISON COUNSELING & ADMINISTRATIVE APPEALS COORDINATORS AT DONOVAN STATE

7  PRISON, K. FLEMING, KEITH BAKER, J.F. SALAZAR AND HIS SUBSERVANT PRISON COUNSELING

8  & ADMINISTRATIVE APPEALS COORDINATORS AT CHUCKAWALLA VALLEY STATE PRISON, INCLUDING

9  DEFENDANT D. GONZALEZ ARE PRACTICING LAW WITHOUT A LICENSE WHEN THEY MAKE

10  RULINGS/DETERMINATIONS AS TO CONSTITUTIONAL/STATUTORY/REGULATORY LAW WITHOUT ANY

11  CONSULTATION WITH ANY LEGAL LAWYERS OR OTHER LEGAL ADVISEMENT ISSUED BY

12  THE CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, BUREAU OF PRISON TERMS,

13  AND/OR THE STATE'S DEPARTMENT OF JUSTICE AND/OR ANY OTHER RELIABLE LEGAL SOURCE.

14  THIS FAILURE HAS RESULTED IN THE UNLAWFUL/UNCONSTITUTIONAL STIGMA, ARREST, AND/OR

15  IMPRISONMENT OF PLAINTIFF AND MANY SIMILARLY SITUATED (SEE EXHIBIT "J" @ P. 3)

16  C.D.C./B.P.H. INMATES/PAROLEES.

17                    E.

18  PLAINTIFF HAS MADE A STRONG SHOWING THAT DEFENDANTS'
    ACTIONS, INDIVIDUALLY, JOINTLY WITH EACH OTHER OR WITH
19  DIVERS KNOWN AND UNKNOWN, AND/OR IN CONCERT WITH EACH
    TO VIOLATE THE CIVIL RIGHTS OF PLAINTIFF AND OTHERS
20  SIMILARLY SITUATED

21      107. PLAINTIFF INCORPORATES BY REFERENCE CAUSES OF ACTIONS "A" TO "D"

22  (SEE PP 91-106), AND THE CLAIMS FOR RELIEF SET FORTH THEREIN EACH INDIVIDUAL OR

23  JOINTLY AND/OR CONCERTED TOGETHER CAUSES OF ACTIONS AND CLAIMS THEREIN FOR RELIEF

24  AND WOULD ALLEGE THAT THE NAMED DEFENDANTS OF THE CALIFORNIA DEPARTMENT OF

25  CORRECTIONS AND/OR BUREAU OF PRISON TERMS ARE KNOWINGLY OR ARE UNWITTINGLY

26  INVOLVED, DIRECTLY OR INDIRECTLY, TO VIOLATE THE CIVIL RIGHTS OF PLAINTIFF AND/OR

27  OTHER INDIVIDUALS/PERSONS SIMILARLY SITUATED AS A GROUP/CLASS, WITH PREMEDITATION,

28  AFORE-THOUGHT, MALICE, AND UNDETERRED DETERMINATION WHILE EVEN NOTICED BY PLAINTIFF.

108. PLAINTIFF ERGO CLAIMS IN LIGHT OF HIS AVERMENTS IN P 107, SUPRA, THAT AN ACTIONABLE CAUSE AND CLAIM FOR A NEFARIOUS CIVIL/CRIMINAL CONSPIRACY EXISTS IN FACTS AND CIRCUMSTANCES OF THIS CASE AND OTHERS SIMILAR RECOGNIZED B4 42 U.S.C. § 1985 VIA THE GENERAL VENUE AND SUBJECT MATTER JURISDICTION OF 42 U.S.C. § 1983 FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS. FURTHERMORE, PLAINTIFF MAY BE A "TARGETED VICTIM" BOTH BY THE CDC/BPH'S FOCUS ON PENAL CODE § 290 AND/OR THE DOMESTIC TERRORISM REFERRED-TO IN PLAINTIFF'S CALIFORNIA CODE § 2035(a) PETITIONS (SEE P 58-59) AND SUBMITTED TO DEFENDANTS K. FLEMING, KEITH BAKER, GREG SEWELL, ANTONIO VEGAS RODRIQUEZ AS A REAL CONCERN AS TO THE INTREGRITY OF THE UNDERLYING PAROLE REVOCATION PROCEEDING AGAINST AN INNOCENT PAROLEE, SAN DIEGAN, CALIFORIAN, AND "RED, WHITE & BLUE" AMERICAN!!!

## V.

## PRAYER

109. WHEREFORE, PLAINTIFF PRAYS FOR THE FOLLOWING:

110. THAT THE COURT GRANT HIM 28 U.S.C. §1915 LEAVE TO PROCEED IN FORMA PAUPERIS;

111. THAT THE COURT AND/OR JURY ISSUE DECLARATORY AND INJUNCTIVE RELIEF ACCORDING TO THE ADJUDICATED FACTS AFTER HEARING AND/OR JURY TRIAL;

112. THAT THE COURT AND/OR JURY RENDER A VERDICT AWARD AS FOLLOWS (1) $3,000 PER DAY × 180 DAYS = $540,000.00 COMPENSATION, (2) EXEMPLARY/PUNITIVE DAMAGES/AWARD OF $21 MILLION DOLLARS OR ACCORDING TO PROOF AT TRIAL, (3) CONSEQUENTIAL DAMAGES TO BE DETERMINED AFTER PLAINTIFF'S RELEASE FROM CUSTODY AFTER SERVICE OF THE CURRENT 180 DAYS OF CUSTODY.

113. A BIFUCATED AND/OR FULL JURY TRIAL TO DETERMINE LIABILITY AND DAMAGES.

114. FOR ALL EQUITABLE RELIEF THE COURT OR JURY DEEMS JUST.

RESPECTFULLY REQUESTED AND SUBMITTED THIS 25 DAY OF MAY, 2008. IN THE YEAR OF MY LORD JESUS, de NAZARETH, el GALILEAN, de JUDAH, el CHRIST & MESSIAH. _____, JEFF S. GOUGH, PLAINTIFF, IN PROPRIA PERSONA.