# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CR N [illegible] 9187 DA A781 4901

DATE OCT 09 1986 AT 9:00 A. M.

PRESENT HON. FRANKLIN [illegible] MITCHELL JUDGE PRESIDING DEPARTMENT D

CLERK [signature] REPORTER [signature]

THE PEOPLE OF THE STATE OF CALIFORNIA [signature] Abbott
VS DEPUTY DISTRICT ATTORNEY

[illegible] JEFF S CHRISTOPH[illegible]
DEFENDANT ATTORNEY FOR DEFENDANT (APPT. OR RETAINED)

VIOLATION OF PC243.4 RETURN ON BENCH WARRANT

DEFENDANT ☐ DULY ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT ☒ NOT PRESENT

☐ DEFENDANT ADVISED OF RIGHTS AND (ADMITS) (DENIES) A VIOLATION OF PROBATION ☐ WAIVES HEARING

PROBATION IS: ☐ DENIED ☐ REVOKED ☐ REINSTATED ☐ MODIFIED ☐ CONTINUED ☐ GRANTED ____ YEARS
☐ FORMAL/SUMMARY

☐ DEFENDANT COMMITTED TO CUSTODY OF SHERIFF FOR ______ ADULT INSTITUTIONS RECOMMENDED
AS PER ORDER SIGNED AND FILED ☐ DEFENDANT NOT TO BE GRANTED PAROLE (STRIKE IF NOT APPLICABLE)

☐ DEFENDANT REFERRED TO DIRECTOR OF CORRECTIONS UNDER PC 1203.03. HEARING SET FOR ______
AT ______ M IN DEPARTMENT ______

☐ DEFENDANT COMMITTED TO DIRECTOR OF CORRECTIONS (LOWER) (MIDDLE) (UPPER) TERM CREDIT TIME SERVED:
☐ DEFENDANT COMMITTED TO CALIFORNIA YOUTH AUTHORITY OF ______ YRS. ______ DAYS LOCAL
☐ DEFENDANT NOTIFIED OF APPEAL RIGHTS IN ACCORDANCE WITH RULE 250, CALIFORNIA RULES OF COURT ______ DAYS PRISON
☐ ADVISED OF PAROLE RIGHTS ______ DAYS GT/WT
☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT ______ DAYS TOTAL

[handwritten] ______ 10-30-86 DEPT. D
AT 9:00 A M ON MOTION OF COURT / DDA / DEFENDANT / PROBATION OFFICER

PROCEEDINGS ADJOURNED TO DETERMINE WHETHER DEFENDANT ☐ IS PRESENTLY SANE (PC 1368) ☐ IS MENTALLY DISORDERED SEX OFFENDER (WI 6300 ET. SEQ.)
☐ ADDICTED OR IN IMMINENT DANGER OF BECOMING ADDICTED TO NARCOTICS AS PER ORDER SIGNED AND FILED (WI 3051)

DEFENDANT REMAINS AT LIBERTY: ☐ ON BOND POSTED $ ______ ☐ ON OWN RECOGNIZANCE ☐ ON PROBATION

☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITHOUT BAIL ☒ DEFENDANT ORDERED RELEASED FROM CUSTODY OF SHERIFF

☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITH BAIL SET AT $ ______

☐ COURT DETERMINES DEFENDANT HAS / DOES NOT HAVE ABILITY TO REIMBURSE THE COUNTY FOR COURT APPOINTED COUNSEL IN THE AMOUNT OF $ ______
PAYABLE $ ______ PER MONTH COMMENCING ______

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ______ SERVICE WITHHELD TO ______

☐ BAIL BOND EXONERATED ☐ DMV ABSTRACT FORWARDED

☐ BOND FORFEITED $ ______ BOND COMPANY ______
BOND NO. ______ AGENT ______

☐ DEFENDANT ORDERED TO PAY A FINE OF $ ______ (INCLUDING PENALTY ASSESSMENT (PC 13521) (GC 13967) (STRIKE ONE))
AT $ ______ BEGINNING ______ PLUS PENALTY ASSESSMENT (GC 13967)

☐ DEFENDANT ORDERED TO MAKE RESTITUTION OF ______ AT ______ COMMENCING ______

OTHER:

OR Agreement signed/filed

CRIMINAL MINUTES—PRONOUNCEMENT OF JUDGMENT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CR N 9187 DA A78149

DATE 9/4/84 AT 9:15 A.M.

PRESENT HON. ROSS G. THARP JUDGE PRESIDING DEPARTMENT E

CLERK [illegible] REPORTER Karen Brodie

THE PEOPLE OF THE STATE OF CALIFORNIA Julie Whitaker DEPUTY DISTRICT ATTORNEY

VS

JEFF STANLEY GOUGH — DEFENDANT

W. CHRISTOPH — ATTORNEY FOR DEFENDANT (APPTD) RETAINED

VIOLATION OF Added Ct. 19 PC 243.4 sexual assault a misd per PC 17(b)(4) P.O. Michael Earl

DEFENDANT ☐ DULY ARRAIGNED FOR JUDGMENT ☒ WAIVES ARRAIGNMENT ☐ NOT PRESENT

☐ DEFENDANT ADVISED OF RIGHTS AND (ADMITS) (DENIES) A VIOLATION OF PROBATION ☐ WAIVES HEARING

PROBATION IS ☐ DENIED ☐ REVOKED ☐ REINSTATED ☐ MODIFIED ☐ CONTINUED ☒ GRANTED 3 YEARS ☒ (FORMAL) SUMMARY

☒ DEFENDANT COMMITTED TO CUSTODY OF SHERIFF FOR 138 dys w/CTS 138 dys ADULT INSTITUTIONS RECOMMENDED

AS PER ORDER SIGNED AND FILED ☐ DEFENDANT NOT TO BE GRANTED PAROLE (STRIKE IF NOT APPLICABLE)

☐ DEFENDANT REFERRED TO DIRECTOR OF CORRECTIONS UNDER PC 1203.03 HEARING SET FOR

AT ______ M IN DEPARTMENT

☐ DEFENDANT COMMITTED TO DIRECTOR OF CORRECTIONS (LOWER) (MIDDLE) (UPPER) TERM — CREDIT TIME SERVED

☐ DEFENDANT COMMITTED TO CALIFORNIA YOUTH AUTHORITY OF ______ YRS. — 92 DAYS LOCAL

☐ DEFENDANT NOTIFIED OF APPEAL RIGHTS IN ACCORDANCE WITH RULE 250, CALIFORNIA RULES OF COURT — ______ DAYS PRISON

☐ ADVISED OF PAROLE RIGHTS — 46 DAYS DT/WT

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT — 138 DAYS TOTAL

CONTINUED TO ______ DEPT ______

AT ______ M ON MOTION OF COURT / DDA / DEFENDANT / PROBATION OFFICER

PROCEEDINGS ADJOURNED TO DETERMINE WHETHER DEFENDANT ☐ IS PRESENTLY SANE (PC 1368) ☐ IS MENTALLY DISORDERED SEX OFFENDER (WI 6300 ET. SEQ.)

☐ ADDICTED OR IN IMMINENT DANGER OF BECOMING ADDICTED TO NARCOTICS, AS PER ORDER SIGNED AND FILED (WI 3051)

DEFENDANT REMAINS AT LIBERTY ☐ ON BOND POSTED $ ______ ☐ ON OWN RECOGNIZANCE ☒ ON PROBATION

☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITHOUT BAIL ☐ DEFENDANT ORDERED RELEASED FROM CUSTODY OF SHERIFF

☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITH BAIL SET AT $ ______

☐ COURT DETERMINES DEFENDANT HAS / DOES NOT HAVE ABILITY TO REIMBURSE THE COUNTY FOR COURT APPOINTED COUNSEL IN THE AMOUNT OF $ ______

PAYABLE $ ______ PER MONTH COMMENCING ______

☐ BENCH WARRANT TO ISSUE. BAIL SET AT $ ______ SERVICE WITHHELD TO ______

☒ BAIL BOND EXONERATED ☐ DMV ABSTRACT FORWARDED

☐ BOND FORFEITED $ ______ BOND COMPANY ______

BOND NO. ______ AGENT ______

☒ DEFENDANT ORDERED TO PAY A FINE OF $ 500.00 INCLUDING PENALTY ASSESSMENT (PC 13521) (GC 13967) (STRIKE ONE)

AT $ 50.00 mo BEGINNING 10-5-84 PLUS PENALTY ASSESSMENT (GC 13967) to P.O. thru R+R

☒ DEFENDANT ORDERED TO MAKE RESTITUTION OF $ 149.00 AT $ 25.00 mo COMMENCING 10-5-84

OTHER to P.O. thru R+R

+ other conds in probation rpt.

Copy to R+R

B-6

CRIMINAL MINUTES—PRONOUNCEMENT OF JUDGMENT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

V S

CR CRN 9187 DA A7B14901

DATE 01-21-86 09:00 AT 84140332 M PROB REVOCATION

FILED ... Clerk JAN 21 1986 By D. McCaughan

PRESENT: HON. LAWRENCE KAPILOFF JUDGE PRESIDING DEPARTMENT D

CLERK D McCaughan REPORTER Betty Moody

THE PEOPLE OF THE STATE OF CALIFORNIA VS Susan Berry DEPUTY DISTRICT ATTORNEY

GOUGH JEFF S DEFENDANT CHRIS... ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)

VIOLATION OF PC243.4 per 1766

DEFENDANT ☐ NOT PRESENT ☐ ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT 1

☒ DEFENDANT ADVISED OF RIGHTS AND (ADMITS)/DENIES) A VIOLATION OF PROBATION ☒ WAIVES HEARING

PROBATION IS: ☐ DENIED ☒ REVOKED ☒ REINSTATED ☒ CONTINUED ☐ MODIFIED ☐ GRANTED ____ YEARS (FORMAL/SUMMARY)

**PROBATION**

☐ IMPOSITION OF SENTENCE IS SUSPENDED. ☐ DEFENDANT SENTENCED TO STATE PRISON, EXECUTION STAYED (SEE BELOW FOR TERM).

CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:

☐ COMMITMENT TO SHERIFF FOR ____ DAYS. ☐ ADULT INSTITUTIONS RECOMMENDED. ☐ PAROLE NOT TO BE GRANTED.

☐ FINE OF $ ____ INCLUDING PENALTY ASSESSMENT AT $ ____ PER MONTH, COMMENCING ____ THROUGH REVENUE AND RECOVERY.

☐ RESTITUTION OF $ ____ TO VICTIM/RESTITUTION FUND AT $ ____ PER MONTH, COMMENCING ____ THROUGH REVENUE AND RECOVERY.

☐ RESTITUTION/FINE OF $ ____ PER GC 13967, STAYED PER PC 1202.4(b).

☐ PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION.

☐ FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS.

☐ REGISTRATION PER PC 290/H&S 11590.

**STATE COMMIT**

☐ DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF ____ YEARS, COUNT ____ (SEE BELOW FOR ADDITIONAL COUNTS)

☐ DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY. ☐ PER W&I 707.2 ☐ PER W&I 1737 (SEE BELOW FOR FINDINGS)

☐ DEFENDANT IS ADVISED OF APPEAL RIGHTS ☐ DEFENDANT IS ADVISED REGARDING PAROLE

CREDIT FOR TIME SERVED
____ DAYS LOCAL
____ DAYS STATE INST.
____ DAYS PC 4019
____ TOTAL DAYS CREDIT

**CUSTODY STATUS**

DEFENDANT REMAINS AT LIBERTY:
☐ ON BOND POSTED $ ____
☐ ON OWN RECOGNIZANCE
☒ ON PROBATION

DEFENDANT REMANDED TO CUSTODY:
☐ WITHOUT BAIL
☐ WITH BAIL SET AT $ ____

☐ DEFENDANT ORDERED RELEASED FROM CUSTODY

**FUTURE HEARINGS**

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT

Review CONTINUED TO/SET FOR 7/21/86 AT 9:00 AM IN DEPT. D ON MOTION OF COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON:

☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03. FURTHER HEARING SET FOR ____ AT ____ M IN DEPT ____

**BONDS WARRANTS**

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ____. SERVICE WITHHELD TO ____

☐ BENCH WARRANT, ISSUED ____ IS RECALLED.

☐ BOND FORFEITED. BOND AMOUNT ____ BOND NO. ____ BOND COMPANY ____ AGENT ____

☐ BOND IS EXONERATED.

**MH**

☐ PROCEEDINGS SUSPENDED PER: ☐ PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)

☐ W&I 3051 ADDICTION OR DANGER OF ADDICTION. (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER.)

OTHER: ☐ REFERRED TO DEPT. OF REVENUE AND RECOVERY

Pay restitution/fine by 5 PM today. Deft to seek 112 hours (14 days) at senior citizen nutrition center - verified by PO. Failure to comply will result in custody

DATED: JAN 21 1986

Lawrence Kapiloff
JUDGE OF THE SUPERIOR COURT
LAWRENCE KAPILOFF

B-7

PRONOUNCEMENT OF JUDGEMENT-ORDER

CR-28 (3/85)

CR CRN9187 DA A78149D1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

FILED Robert D. Zumwalt, Clerk AUG 13 1984 BY G. HAYS DEPUTY

DATE 08-13-84 AT 09:00 M 04140332 TRIAL - JURY

PRESENT HON. ROSS G. THARP JUDGE PRESIDING DEPARTMENT E

CLERK G. Hays REPORTER N. Brodie

THE PEOPLE OF THE STATE OF CALIFORNIA Wayne Mayer / Julie Whitaker DEPUTY DISTRICT ATTORNEY

VS

GOUGH JEFF STANLEY W. CHRISTOPH

DEFENDANT W/RC 12022.3(a)(6 cts) W/12022.3(a)(1 ct) ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF *PC288A(C) *PC261(2)

- [ ] DEFENDANT NOT PRESENT [ ] NOT NEGOTIABLE. TRIAL DATE CONFIRMED
- [x] DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS. [ ] DEFT. SWORN & EXAMINED
- [x] DEFENDANT WITHDRAWS HIS PLEA OF "NOT GUILTY" as heretofore entered. And now pleads
- [x] NOLO CONTENDERE, with consent of DISTRICT ATTORNEY and approval of Court, of the offense
- [ ] GUILTY OF THE OFFENSE added ct 19 PC 243.4 sexual assault a misd per PC17(b)(4)

AS CHARGED. DEFENDANT MAKES APPLICATION FOR PROBATION, AND HEARING THEREON AND PRONOUNCEMENT OF JUDGEMENT IS SET FOR 9-4-84 AT 9:15 A.M. IN DEPT. E

- [ ] DEFENDANT'S MOTION TO DISMISS PURSUANT TO PC 995 IS BY THE COURT GRANTED/DENIED/SUBMITTED
- [ ] DEFENDANT'S MOTION TO SUPPRESS EVIDENCE PURSUANT TO PC 1538.5 IS BY THE COURT GRANTED/DENIED/SUBMITTED
- [x] ON MOTION OF People alleg'n COUNT(S) all remaining IS/ARE DISMISSED.
- [ ] ON MOTION OF ______ ALLEGED PRIOR(S) ______ IS/ARE STRICKEN.
- [ ] DEFENDANT PERSONALLY WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGEMENT/TRIAL.

BAIL IS SET IN THE SUM OF $ 50,000.– REDUCED TO $ 500.00

DEFENDANT REMANDED TO CUSTODY OF SHERIFF [ ] WITHOUT BAIL [x] WITH BAIL SET AT $ 500.00

DEFENDANT TO REMAIN AT LIBERTY [ ] ON OWN RECOGNIZANCE [ ] ON BAIL PREVIOUSLY POSTED.

DEFENDANT IS ORDERED RELEASED FROM CUSTODY [ ] ON OWN RECOGNIZANCE [ ] CASE DISMISSED.

- [ ] THIS BEING THE TIME SET FOR ______ AND DEFENDANT NOT APPEARING, BY THE COURT, A BENCH WARRANT ISSUES WITH BAIL SET AT $ ______ SERVICE WITHHELD TO ______
- [ ] BOND IS FORFEITED. AMOUNT $ ______ BONDING COMPANY ______ LOCAL AGENT ______ BOND NO ______
- [ ] BOND FORFEITURE OF ______ IS SET ASIDE. [ ] ADDITIONAL PLEA OF NOT GUILTY BY REASON OF INSANITY ENTERED BY DEFENDANT. PSYCHIATRISTS APPOINTED: DR. ______ AND DR. ______
- [ ] ______ IS CONTINUED TO ______ AT ______ M. IN DEPARTMENT ______

Defense motion to release deft OR is under submission Of reduces bail to $500.00

DATED: AUG 13 1984

ORDER ______ JUDGE OF THE SUPERIOR COURT ROSS G. THARP

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. ______ 2. ______
Log No. 1. ______ 2. ______
Category ______

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JEFF S. GOUGH | V64431 | | A1-240-UP |

A. Describe Problem: (1) THIS IS AN EMERGENCY APPEAL PER 15 C.C.R., DIV. 3, CHP. 1, ART 8, § 3084.7; (2) THIS IS AN APPEAL OF A LEGAL CONCLUSION THAT "PC 243.4 FELONY OR MISDEMEANOR IS A 290 REGISTERABLE OFFENSE" BY AN CHUCKAWALLA VALLEY STATE PRISON EMPLOYEE WHO IS PRACTICING LAW WITHOUT A LICENSE NOR DOES IT APPEAR THAT THE SAME INDIVIDUAL UNDERSTANDING THAT NOT ALL P.C. § 243.4 CONVICTIONS ARE NECESSARILY A REGISTERABLE OFFENSE. (3) AS CLEARLY SET FORTH IN THE DOCUMENTATION ATTACHED TO THE GA-22 (INMATE REQUEST FOR INTERVIEW (4/21/08)) THE CONVICTION-SENTENCING COURT IN CASE # CRN-9187 DID NOT ORDER P.C. § 290 REGISTRATION (SEE PP. A-2, A-3, A-7). ONLY YOUR CDC RECORDS INDICATE ANY REGISTRATION REQUIREMENT. (4) I'VE APPEAL THIS ISSUE TO D. GONZALES, CC II, WHO HAS TO BE INVOLVED. (5) I AM PROVIDING A COPY OF A MANDAMUS PET. TO ASSIST YOU IN MAKING A LEGALLY CORRECT DECISIO

If you need more space, attach one additional sheet.

B. Action Requested: (1) PLEASE CONSIDER THIS AN EMERGENCY APPEAL; (2) PLEASE SEEK LEGAL COUNSEL WITH AN ATTORNEY TO ASSIST YOU WITH MAKING A LEGAL CONCLUSION IN LIGHT OF THE DOCUMENTATION I HAVE PROVIDED WITH THIS APPEAL; (3) PLEASE REVIEW STARUISH V SCHWARNEGGER CASE # 08-0187-JM(POR) AND TAKE NOTE OF MY PRESENCE IN THAT CASE AND THE FAR-REACHING IMPACT OF YOUR INSTANT DECISION IF YOU WISH TO PLAY "LAWYER" SO TO SPEAK; AND (4) REMOVE THE P.C. § 290 REGISTRATION REQUIREMENT AND MAKE ALL PRIVACY ACT NOTIFICATION OF THIS ACTION

Inmate/Parolee Signature: [signature] Date Submitted: 4/28/08

C. INFORMAL LEVEL (Date Received: ______ )

Staff Response: ______

Staff Signature: ______ Date Returned to Inmate: ______

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

"K"

15/30

JEFFREY GOUGH V64431
P.O. BOX 799002 F2-6-107L
SAN DIEGO, CA 92179-9002

H00694
CRN9187
MicroFilm

TO: HONORABLE CLERK (CRIMINAL/ACHIVE)
325 S. MELROSE DRIVE,
VISTA, CAL. 92083-6627

RE: PEOPLE V. JEFF S. GOUGH, CRIM. CASE # ______________, S.S.#. 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
1984 D.O.B. 02-05-56

STANLEY

SUBJ. REQUEST FOR CRITICAL DOCUMENTATION

GREETINGS HONORABLE CLERK (CRIMINAL/ARCHIVES):

I AM PRESENTLY IN A VERY DIFFICULT SITUATION — IN CUSTODY. I AM IN THIS PRESENT SITUATION FOR LACK OF A CRITICAL DOCUMENTATION. SPECIFICALLY I NEED DOCUMENTATION FROM A 1984 CASE IN THE ABOVE CRIMINAL MATTER. REGARDING THE SENTENCE I RECEIVED: PROBATION FOR A MISDEMEANOR SEXUAL BATTERY CHARGE, WITH NO PENAL CODE § 290 REGRISTRATION REQUIREMENT. I BELIEVE IT WAS MEMORALIZED IN BOTH A "CHANGE OF PLEA" JUDICIAL COUNCIL FORM AND WHAT I HAVE CALLED A "JUDGEMENT" OR "MINUTE ORDER" OF THE SENTENCE IMPOSED. AS THAT I AM PRO PER, IN CUSTODY, AND WITHOUT THE PRESENT ABILITY TO PAY THE COPY COST AND MAILING I ASK — IN THE NAME OF JESUS — THAT YOU PLEASE MAIL THESE DOCUMENTS TO ME AT THE ABOVE ADDRESS. IF YOU WOULD PLEASE DO THIS I VOW UNTO MY LORDS TO PAY UPON MY RELEASE (APPROXIMATELY 3 WEEKS) IF YOU CAN PLEASE DO ME THIS REASONABLE REQUEST. I THANK-YOU IN ADVANCE FOR ANY ASSISTANCE.

EX-A-1

SINCERELY YOURS, Jeff S. GOUGH

God Bless! THANK-YOU!

NOTE: ✓CLERK POST- 1/5/8
1/16/08 RECEIVED!

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CR 9187 DA A7814901

DATE 07-21-86 09:00 AT 84140332 M REVIEW HEARING

PRESENT: HON. HERBERT B HOFFMAN JUDGE PRESIDING DEPARTMENT D

CLERK [signature] REPORTER M. Rentería

THE PEOPLE OF THE STATE OF CALIFORNIA VS. [signature] DEPUTY DISTRICT ATTORNEY

COUGH JEFF S CHRISM Christophe ATTORNEY FOR DEFENDANT (APPT'D/RETAINED) DEFENDANT

VIOLATION OF PC243.4

DEFENDANT ☒ NOT PRESENT ☐ ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT

☐ DEFENDANT ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION ☐ WAIVES HEARING

PROBATION IS: ☐ DENIED ☒ REVOKED ☐ REINSTATED ☐ CONTINUED ☐ MODIFIED ☐ GRANTED ___ YEARS (FORMAL/SUMMARY)

PROBATION

☐ IMPOSITION OF SENTENCE IS SUSPENDED ☐ DEFENDANT SENTENCED TO STATE PRISON, EXECUTION STAYED (SEE BELOW FOR TERM)

CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:

☐ COMMITMENT TO SHERIFF FOR ___ DAYS ☐ ADULT INSTITUTIONS RECOMMENDED ☐ PAROLE NOT TO BE GRANTED

☐ FINE OF $ ___ INCLUDING PENALTY ASSESSMENT AT $ ___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY

☐ RESTITUTION OF $ ___ TO VICTIM/RESTITUTION FUND AT $ ___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY

☐ RESTITUTION FINE OF $ ___ PER GC 13967, STAYED PER PC 1202.4(b)

☐ PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION

☐ FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS

☐ REGISTRATION PER PC 290/H&S 11590

STATE

☐ DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF ___ YEARS, COUNT ___ (SEE BELOW FOR ADDITIONAL COUNTS)

☐ DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY ☐ PER WAI 707.2 ☐ PER WAI 1737 (SEE BELOW FOR FINDINGS)

☐ DEFENDANT IS ADVISED OF APPEAL RIGHTS ☐ DEFENDANT IS ADVISED REGARDING PAROLE

CREDIT FOR TIME SERVED: ___ DAYS LOCAL ___ DAYS STATE INST. ___ DAYS PC 4019 ___ TOTAL DAYS CREDIT

CUSTODY

DEFENDANT REMAINS AT LIBERTY ☐ ON BOND POSTED $ ___ ☐ ON OWN RECOGNIZANCE ☐ ON PROBATION

DEFENDANT REMANDED TO CUSTODY ☐ WITHOUT BAIL ☐ WITH BAIL SET AT $ ___

☐ DEFENDANT ORDERED RELEASED FROM CUSTODY

FUTURE HEARINGS

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT

___ CONTINUED TO/SET FOR ___ AT ___ M IN DEPT ___ ON MOTION OF COURT/DDA/DEFENDANT/PROBATION OFFICER, REASON ___

☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03, FURTHER HEARING SET FOR ___ AT ___ M IN DEPT ___

WARRANTS BONDS

☒ BENCH WARRANT TO ISSUE, BAIL SET AT $ 5000 — SERVICE WITHHELD TO forthwith

☐ BENCH WARRANT ISSUED ___ IS RECALLED

☐ BOND FORFEITED, BOND AMOUNT ___ BOND NO ___ BOND COMPANY ___ AGENT ___

☐ BOND IS EXONERATED

MH

☐ PROCEEDINGS SUSPENDED PER: ☐ PC 1368 MENTAL COMPETENCY (SEE BELOW FOR DATES OF EXAMINATION AND HEARING)

☐ WAI 3051 ADDICTION OR DANGER OF ADDICTION (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER)

OTHER: ☐ REFERRED TO DEPT. OF REVENUE AND RECOVERY

7-22-86 WARRANT ISSUED BAIL $ 5,000 —
(DATE) NO BAIL ( )

[signature]
DATA ENTRY CLERK

A-2

CRIMINAL MINUTES — PRONOUNCEMENT OF JUDGEMENT

CR-26 (5/85)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

FILED Robert D. Zumwalt, Clerk OCT 30 1986 By S. RUSH, DEPUTY

CR CRN9187 DA AT814901

DATE 10-30-86 09:00 AT 84140332 M EVIDENTIARY HG

PRESENT: HON. FRANKLIN J MITCHELL JR JUDGE PRESIDING DEPARTMENT D

CLERK S. Rush REPORTER Karen Brodie

THE PEOPLE OF THE STATE OF CALIFORNIA VS T. Cassidy DEPUTY DISTRICT ATTORNEY

GOUGH JEFF S CHRISTOPH by McManus ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)

VIOLATION OF PC243.4 PD W. Stacy

DEFENDANT ☒ NOT PRESENT ☐ ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT
☐ DEFENDANT ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION ☐ WAIVES HEARING
PROBATION IS: ☐ DENIED ☐ REVOKED ☒ REINSTATED ☒ CONTINUED ☐ MODIFIED ☐ GRANTED ___ YEARS (FORMAL/SUMMARY)

**PROBATION**

☐ IMPOSITION OF SENTENCE IS SUSPENDED ☐ DEFENDANT SENTENCED TO STATE PRISON, EXECUTION STAYED (SEE BELOW FOR TERM)
CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:
☐ COMMITMENT TO SHERIFF FOR ___ DAYS ☐ ADULT INSTITUTIONS RECOMMENDED ☐ PAROLE NOT TO BE GRANTED
☐ FINE OF $ ___ INCLUDING PENALTY ASSESSMENT AT $ ___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY
☐ RESTITUTION OF $ ___ TO VICTIM/RESTITUTION FUND AT $ ___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY
☐ RESTITUTION/FINE OF $ ___ PER GC 13967, STAYED PER PC 1202.4(b)
☐ PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION
☐ FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS
☐ REGISTRATION PER PC 290/H&S 11590

**COMMITMENT**

☐ DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF ___ YEARS (SEE BELOW FOR ADDITIONAL COUNTS) COUNT ___
☐ DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY ☐ PER W&I 707.2 ☐ PER W&I 1737 (SEE BELOW FOR FINDINGS)
☐ DEFENDANT IS ADVISED OF APPEAL RIGHTS ☐ DEFENDANT IS ADVISED REGARDING PAROLE

CREDIT FOR TIME SERVED
___ DAYS LOCAL
___ DAYS STATE INST.
___ DAYS PC 4019
___ TOTAL DAYS CREDIT

**CUSTODY**

DEFENDANT REMAINS AT LIBERTY:
☐ ON BOND POSTED $ ___
☐ ON OWN RECOGNIZANCE
☐ ON PROBATION

DEFENDANT REMANDED TO CUSTODY:
☐ WITHOUT BAIL
☐ WITH BAIL SET AT $ ___

☐ DEFENDANT ORDERED RELEASED FROM CUSTODY

**FUTURES**

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT
___ CONTINUED TO/SET FOR ___ AT ___ M IN DEPT. ___ ON MOTION OF COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON ___
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03. FURTHER HEARING SET FOR ___ AT ___ M IN DEPT. ___

**WARRANTS BONDS**

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ___ SERVICE WITHHELD TO ___
☐ BENCH WARRANT ISSUED ___ IS RECALLED
☐ BOND FORFEITED. BOND AMOUNT ___ BOND NO. ___ BOND COMPANY ___ AGENT ___
☐ BOND IS EXONERATED

**MH**

☐ PROCEEDINGS SUSPENDED PER: ☐ PC 1368 MENTAL COMPETENCY (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
☐ W&I 3051 ADDICTION OR DANGER OF ADDICTION (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER.)

OTHER: ☐ REFERRED TO DEPT. OF REVENUE AND RECOVERY

Evidentiary hearing dropped from calendar - defendant has ~~completed~~ / Complied with terms of probation

DATED OCT 30 1986 [signature] FRANKLIN J. MITCHELL, JR. JUDGE OF THE SUPERIOR COURT

CR-88 (9/86) PRONOUNCEMENT OF JUDGEMENT ORDER

(A-3)

FILED Robert D. Zumwalt, Clerk
AUG 13 1984
BY G. HAYS DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

THE PEOPLE OF THE STATE OF CALIFORNIA
Plaintiff,

vs.

Jeff Stanley Gaugh
Defendant.

CASE NUMBER
CR N 9187

CHANGE OF PLEA
(NOLO CONTENDERE)

FILED Robert D. Zumwalt, Clerk
AUG 13 1984
BY G. HAYS DEPUTY

Comes now Jeff Stanley Gaugh defendant in the above-entitled criminal action, and in support of his motion to change his plea(s) to be made in open court personally and by his attorney, does declare: (defendant to initial each item)

1. That his attorney in the above-entitled criminal action is William R Christoph
2. That he is charged in information (information/indictment) number CR N 9187 with having violated 288 a(c) w/12022.3 664, 261.2 w/12022.8c x 12 cts (Code Sec(tion(s) and Count(s)) JG
3. That he desires to change his plea(s) and desires to plead nolo contendere to (set forth Code Section(s) and Count(s), including lesser offense(s) to which plea is to be made) 243.4 per 17(b4) JG
4. That he is (is/is not) now and was at the time this form was prepared in possession of all his faculties and has not consumed any drug, narcotic or alcoholic beverage during the 24-hour period preceding the entry of this plea to the extent that his sound judgment is impaired; JG
5. That he does (does/does not) understand the nature of the charge(s) against him; JG
6. That he has (has/has not) discussed the nature of the charge(s) against him and the possible defense(s) thereto with his attorney; JG
7. That he does not contest the following facts (summary of facts constituting the basis for offense(s) to which defendant desires to plead nolo contendere) unlawfully sexually assaulted another JG
8. That his attorney has (has/has not) explained and discussed his constitutional rights with him; that he understands his constitutional rights; that his constitutional rights have not been violated; that his attorney has specifically explained to him (1) the right to a jury trial, (2) the right to confront those witnesses who would testify against him and to cross examine those witnesses, (3) the right to testify in his own behalf or not to testify if he desires to remain silent, (4) the right to have witnesses and documents subpoened by the Court for use at trial; that defendant knowingly and intelligently gives up these constitutional rights; JG
9. That his decision to change his plea(s) has (has/has not) been made freely and voluntarily, without threat or fear to him or to anyone closely related to or associated with him; JG
10. That his attorney has (has/has not) explained the possible sentence and understands the maximum possible punishment to be: 1 year jail and $1000 fine and further that in the event he is sentenced to State Prison, he will be placed on parole for a period of N/A JG
11. That he understands if he is granted probation and the Court finds he has violated the terms of probation he could be sentenced to State Prison at that time. JG

Co. Clk. Form CR-13 (3-79)

(A-4)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CR- N [illegible] DA A781[illegible]

DATE OCT 09, 1986 AT 9:00 A M

PRESENT HON. FRANKLIN [illegible] MITCHELL JUDGE PRESIDING DEPARTMENT D

CLERK [signature] REPORTER [signature]

THE PEOPLE OF THE STATE OF CALIFORNIA
VS
[signature] DEPUTY DISTRICT ATTORNEY

[illegible] TERRY S
DEFENDANT

CHRISTOPH[illegible]
ATTORNEY FOR DEFENDANT (APPT/RETAINED)

VIOLATION OF PC243.4 RETURN ON BENCH WARRANT

DEFENDANT ☐ DULY ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT ☒ NOT PRESENT

☐ DEFENDANT ADVISED OF RIGHTS AND (ADMITS) (DENIES) A VIOLATION OF PROBATION ☐ WAIVES HEARING

PROBATION IS ☐ DENIED ☐ REVOKED ☐ REINSTATED ☐ MODIFIED ☐ CONTINUED ☐ GRANTED ____ YEARS
☐ FORMAL/SUMMARY

☐ DEFENDANT COMMITTED TO CUSTODY OF SHERIFF FOR ____ ADULT INSTITUTIONS RECOMMENDED
AS PER ORDER SIGNED AND FILED ☐ DEFENDANT NOT TO BE GRANTED PAROLE (STRIKE IF NOT APPLICABLE)

☐ DEFENDANT REFERRED TO DIRECTOR OF CORRECTIONS UNDER PC 1203.03, HEARING SET FOR ____
AT ____ M IN DEPARTMENT ____

☐ DEFENDANT COMMITTED TO DIRECTOR OF CORRECTIONS (LOWER) (MIDDLE) (UPPER) TERM CREDIT TIME SERVED:

☐ DEFENDANT COMMITTED TO CALIFORNIA YOUTH AUTHORITY OF ____ YRS ____ DAYS LOCAL

☐ DEFENDANT NOTIFIED OF APPEAL RIGHTS IN ACCORDANCE WITH RULE 250, CALIFORNIA RULES OF COURT ____ DAYS PRISON

☐ ADVISED OF PAROLE RIGHTS ____ DAYS GT/WT

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT ____ DAYS TOTAL

[handwritten] CONTINUED TO 10-30-86 DEPT D
AT 9:00 A M ON MOTION OF COURT / DDA / DEFENDANT / PROBATION OFFICER

PROCEEDINGS ADJOURNED TO DETERMINE WHETHER DEFENDANT ☐ IS PRESENTLY SANE (PC 1368) ☐ IS MENTALLY DISORDERED SEX OFFENDER (WI 6300 ET. SEQ.)
☐ ADDICTED OR IN IMMINENT DANGER OF BECOMING ADDICTED TO NARCOTICS AS PER ORDER SIGNED AND FILED (WI 3051)

DEFENDANT REMAINS AT LIBERTY: ☐ ON BOND POSTED $ ____ ☐ ON OWN RECOGNIZANCE ☐ ON PROBATION

☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITHOUT BAIL ☒ DEFENDANT ORDERED RELEASED FROM CUSTODY OF SHERIFF

☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITH BAIL SET AT $ ____

☐ COURT DETERMINES DEFENDANT HAS / DOES NOT HAVE ABILITY TO REIMBURSE THE COUNTY FOR COURT APPOINTED COUNSEL IN THE AMOUNT OF $ ____
PAYABLE $ ____ PER MONTH COMMENCING ____

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ____ SERVICE WITHHELD TO ____

☐ BAIL BOND EXONERATED ☐ DMV ABSTRACT FORWARDED

☐ BOND FORFEITED $ ____ BOND COMPANY ____
BOND NO. ____ AGENT ____

☐ DEFENDANT ORDERED TO PAY A FINE OF $ ____ INCLUDING PENALTY ASSESSMENT (PC 1464) (GC 13967) (STRIKE ONE)
AT $ ____ BEGINNING ____ PLUS PENALTY ASSESSMENT (GC 13967)

☐ DEFENDANT ORDERED TO MAKE RESTITUTION OF ____ AT ____ COMMENCING ____

OTHER

[handwritten] OR Agreement signed/filed

CRIMINAL MINUTES—PRONOUNCEMENT OF JUDGMENT

A-5

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CR N 9187 DA A78149

DATE 9/4/84 AT 9:15 A. M.

PRESENT HON. ROSS G. THARP JUDGE PRESIDING DEPARTMENT E

CLERK G. Hagg REPORTER Karen Brodie

THE PEOPLE OF THE STATE OF CALIFORNIA
VS
JEFF STANLEY GOUGH
DEFENDANT

Julie Whitaker
DEPUTY DISTRICT ATTORNEY

W. CHRISTOPH
ATTORNEY FOR DEFENDANT (APPT'D) (RETAINED)

VIOLATION OF Added Ct. 19 PC 243.4 sexual assault a misd per PC 17(b)(4) P.O. Michael Earl

DEFENDANT ☐ DULY ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT ☐ NOT PRESENT

☐ DEFENDANT ADVISED OF RIGHTS AND (ADMITS) (DENIES) A VIOLATION OF PROBATION ☐ WAIVES HEARING

PROBATION IS ☐ DENIED ☐ REVOKED ☐ REINSTATED ☐ MODIFIED ☐ CONTINUED ☒ GRANTED 3 YEARS

☒ (FORMAL) SUMMARY

☒ DEFENDANT COMMITTED TO CUSTODY OF SHERIFF FOR 138 dys w/cts 138 dys ADULT INSTITUTIONS RECOMMENDED AS PER ORDER SIGNED AND FILED ☐ DEFENDANT NOT TO BE GRANTED PAROLE (STRIKE IF NOT APPLICABLE)

☐ DEFENDANT REFERRED TO DIRECTOR OF CORRECTIONS UNDER PC 1203.03 HEARING SET FOR
AT ___ M IN DEPARTMENT ___

☐ DEFENDANT COMMITTED TO DIRECTOR OF CORRECTIONS (LOWER) (MIDDLE) (UPPER) TERM

☐ DEFENDANT COMMITTED TO CALIFORNIA YOUTH AUTHORITY OF ___ YRS.

☐ DEFENDANT NOTIFIED OF APPEAL RIGHTS IN ACCORDANCE WITH RULE 250, CALIFORNIA RULES OF COURT

☐ ADVISED OF PAROLE RIGHTS

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT

CREDIT TIME SERVED:
92 DAYS LOCAL
___ DAYS PRISON
46 DAYS GT/WT
138 DAYS TOTAL

CONTINUED TO ___ DEPT ___
AT ___ M ON MOTION OF COURT / DDA / DEFENDANT / PROBATION OFFICER

PROCEEDINGS ADJOURNED TO DETERMINE WHETHER DEFENDANT ☐ IS PRESENTLY SANE (PC 1368) ☐ IS MENTALLY DISORDERED SEX OFFENDER (WI 6300 ET. SEQ.)
☐ ADDICTED OR IN IMMINENT DANGER OF BECOMING ADDICTED TO NARCOTICS, AS PER ORDER SIGNED AND FILED (WI 3051)

DEFENDANT REMAINS AT LIBERTY ☐ ON BOND POSTED $ ___ ☐ ON OWN RECOGNIZANCE ☒ ON PROBATION

☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITHOUT BAIL ☐ DEFENDANT ORDERED RELEASED FROM CUSTODY OF SHERIFF

☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITH BAIL SET AT $ ___

☐ COURT DETERMINES DEFENDANT HAS / DOES NOT HAVE ABILITY TO REIMBURSE THE COUNTY FOR COURT APPOINTED COUNSEL IN THE AMOUNT OF $ ___
PAYABLE $ ___ PER MONTH COMMENCING ___

☐ BENCH WARRANT TO ISSUE. BAIL SET AT $ ___ SERVICE WITHHELD TO ___

☒ BAIL BOND EXONERATED ☐ DMV ABSTRACT FORWARDED

☐ BOND FORFEITED $ ___ BOND COMPANY ___
BOND NO. ___ AGENT ___

☒ DEFENDANT ORDERED TO PAY A FINE OF $ 500.00 (INCLUDING PENALTY ASSESSMENT (PC 13521) (GC 13967)
AT $ 50.00 mo BEGINNING 10-5-84 (STRIKE ONE) PLUS PENALTY ASSESSMENT (GC 13967) to P.O. thru R+R

☒ DEFENDANT ORDERED TO MAKE RESTITUTION OF $149.00 AT $25.00 mo COMMENCING 10-5-84

OTHER to P.O. thru R+R
+ other conds in probation rpt.

Copy to R+R

(A-6)

CRIMINAL MINUTES—PRONOUNCEMENT OF JUDGMENT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

VS

FILED JAN 21 1986 Clerk of the Superior Court By D. McCaughan

CR CRN59187 DA A7614901

DATE 01-21-86 09:00 AT 84140332 M PROB REVOCATION

PRESENT: HON. LAURENCE KAPILOFF JUDGE PRESIDING DEPARTMENT D

CLERK D McCaughan REPORTER Betty Moody

THE PEOPLE OF THE STATE OF CALIFORNIA VS

Susan Berry DEPUTY DISTRICT ATTORNEY

GOUGH JEFF S DEFENDANT

CHRISTIAN CHRISTOPH ATTORNEY FOR DEFENDANT (APP'D/RETAINED)

VIOLATION OF PC243.4 PC 1784

DEFENDANT ☐ NOT PRESENT ☐ ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT 1

☒ DEFENDANT ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION ☒ WAIVES HEARING

PROBATION IS: ☐ DENIED ☒ REVOKED ☒ REINSTATED ☒ CONTINUED ☐ MODIFIED ☐ GRANTED ___ YEARS (FORMAL/SUMMARY)

☐ IMPOSITION OF SENTENCE IS SUSPENDED ☐ DEFENDANT SENTENCED TO STATE PRISON, EXECUTION STAYED (SEE BELOW FOR TERM).

**PROBATION**

CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:

☐ COMMITMENT TO SHERIFF FOR ___ DAYS. ☐ ADULT INSTITUTIONS RECOMMENDED. ☐ PAROLE NOT TO BE GRANTED.

☐ FINE OF $ ___ INCLUDING PENALTY ASSESSMENT AT $ ___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY.

☐ RESTITUTION OF $ ___ TO VICTIM/RESTITUTION FUND AT $ ___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY.

☐ RESTITUTION/FINE OF $ ___ PER GC 13967, STAYED PER PC 1202.4(b).

☐ PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION.

☐ FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS.

☐ REGISTRATION PER PC 290/H&S 11590.

CREDIT FOR TIME SERVED
___ DAYS LOCAL
___ DAYS STATE INST.
___ DAYS PC 4019
___ TOTAL DAYS CREDIT

**STATE COMMIT**

☐ DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF ___ YEARS, COUNT ___ (SEE BELOW FOR ADDITIONAL COUNTS)

☐ DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY. ☐ PER W&I 707.2 ☐ PER W&I 1737 (SEE BELOW FOR FINDINGS)

☐ DEFENDANT IS ADVISED OF APPEAL RIGHTS ☐ DEFENDANT IS ADVISED REGARDING PAROLE

**CUSTODY STATUS**

DEFENDANT REMAINS AT LIBERTY:
☐ ON BOND POSTED $ ___
☐ ON OWN RECOGNIZANCE
☒ ON PROBATION

DEFENDANT REMANDED TO CUSTODY:
☐ WITHOUT BAIL
☐ WITH BAIL SET AT $ ___

☐ DEFENDANT ORDERED RELEASED FROM CUSTODY

**FUTURE HRNGS**

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT

Review CONTINUED TO/SET FOR 7/21/86 AT 9:00 AM IN DEPT. D ON MOTION OF COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON:

☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03. FURTHER HEARING SET FOR ___ AT ___ M IN DEPT. ___

**BONDS WRRNTS**

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ___. SERVICE WITHHELD TO ___

☐ BENCH WARRANT, ISSUED ___ IS RECALLED.

☐ BOND FORFEITED. BOND AMOUNT ___. BOND NO. ___. BOND COMPANY ___ AGENT ___

☐ BOND IS EXONERATED.

**MH**

☐ PROCEEDINGS SUSPENDED PER: ☐ PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)

☐ W&I 3051 ADDICTION OR DANGER OF ADDICTION. (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER.)

OTHER: ☐ REFERRED TO DEPT. OF REVENUE AND RECOVERY

Pay restitution/fine by 5 PM today
112 hours (14 days) at senior citizen nutrition center - Deft to seek, verified by P.O. Failure to comply will result in custody

DATED: JAN 21 1986

Laurence Kapiloff (A-7)
JUDGE OF THE SUPERIOR COURT
LAURENCE KAPILOFF

PRONOUNCEMENT OF JUDGEMENT-ORDER

CR-28 (3/85)

VS

CR CHN9187 DA AT8 14901

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

DATE 08-13-84 AT 09:00 M 84140332 TRIAL - JURY

FILED Robert D. Zumwalt, Clerk. AUG 13 1984 BY G. HAYS DEPUTY

PRESENT HON ROSS G. THARP JUDGE PRESIDING DEPARTMENT E

CLERK G Hays REPORTER N. Brodie

THE PEOPLE OF THE STATE OF CALIFORNIA Wayne Mayer / Julie Whitaker DEPUTY DISTRICT ATTORNEY

VS

GOUGH JEFF STANLEY W. CHRISTOPH

DEFENDANT ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)

VIOLATION OF *PC288A(C) *PC261(2) W/PC 12022.3(a)(6 cts) W/12022.3(a)(1 ct)

- ☐ DEFENDANT NOT PRESENT ☐ NOT NEGOTIABLE TRIAL DATE CONFIRMED
- ☒ DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS ☐ DEFT. SWORN & EXAMINED
- ☒ DEFENDANT WITHDRAWS HIS PLEA OF "NOT GUILTY" as heretofore entered. And now pleads
- ☒ NOLO CONTENDERE, with consent of DISTRICT ATTORNEY and approval of Court, of the offense
- ☐ GUILTY OF THE OFFENSE added ct 19 PC 243.4 sexual assault, a misd per PC 17(b)(4)

AS CHARGED. DEFENDANT MAKES APPLICATION FOR PROBATION, AND HEARING THEREON AND PRONOUNCEMENT OF JUDGEMENT IS SET FOR 9-4-84 AT 9:15 A M. IN DEPT. E

- ☐ DEFENDANT'S MOTION TO DISMISS PURSUANT TO PC 995 IS BY THE COURT GRANTED/DENIED/SUBMITTED
- ☐ DEFENDANT'S MOTION TO SUPPRESS EVIDENCE PURSUANT TO PC 1538.5 IS BY THE COURT GRANTED/DENIED/SUBMITTED
- ☒ ON MOTION OF People alleg'd COUNT(S) all remaining IS/ARE DISMISSED.
- ☐ ON MOTION OF ______ ALLEGED PRIOR(S) ______ IS/ARE STRICKEN.
- ☐ DEFENDANT PERSONALLY WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGEMENT/TRIAL.

BAIL IS SET IN THE SUM OF $ 50,000.— REDUCED TO $ 500.00

DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ WITH BAIL SET AT $ 500.00

DEFENDANT TO REMAIN AT LIBERTY ☐ ON OWN RECOGNIZANCE ☐ ON BAIL PREVIOUSLY POSTED

DEFENDANT IS ORDERED RELEASED FROM CUSTODY ☐ ON OWN RECOGNIZANCE ☐ CASE DISMISSED.

- ☐ THIS BEING THE TIME SET FOR ______ AND DEFENDANT NOT APPEARING, BY THE COURT, A BENCH WARRANT ISSUES WITH BAIL SET AT $ ______ SERVICE WITHHELD TO ______
- ☐ BOND IS FORFEITED. AMOUNT $ ______ BONDING COMPANY ______ LOCAL AGENT ______ BOND NO ______
- ☐ BOND FORFEITURE OF ______ IS SET ASIDE. ☐ ADDITIONAL PLEA OF NOT GUILTY BY REASON OF INSANITY ENTERED BY DEFENDANT. PSYCHIATRISTS APPOINTED: DR. ______ AND DR. ______
- ☐ ______ IS CONTINUED TO ______ AT ______ M. IN DEPARTMENT ______

Defense motion to release deft OR is under submission Of reduces bail to $500.00.

DATED: AUG 13 1984

ORDER

Ross G. Tharp
JUDGE OF THE SUPERIOR COURT ROSS G. THARP

A-8

STATE OF CALIFORNIA

DISTRIBUTION: CORRECTIONS
ORIGINAL - C-File.
1ST COPY – Field File.
2ND COPY – Parolee.

DEPARTMENT OF

# CHARGE REPORT

CDC 1502 (b) (07/04)

**REPORT TO:** [X] BOARD OF PRISON TERMS

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT |
|---|---|---|---|
| V-64431 | GOUGH, JEFFREY | SAME | IV/EC III |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| NIC | N/A | [X] MANDATORY [ ] NON-MANDATORY | 16103 Los Ranchitos Rd. Lakeside, CA 92040 (619) 448-4148 |

| ARREST CODE * | * ARREST CODES: |
|---|---|
| NIC | A P&CSD STAFF ALONE; AB P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY; B LAW ENFORCEMENT AGENCY ALONE; D LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| NIC | 6/12/06 | NIC | I. BRIZUELA | 11-8-08 | 11-16-06 | [ ] |

CHARGES AND CODES

1. Failure to Register per P.C 290 (390)
2.
3.
4.
5.
6.

REASON FOR RETAINING PAROLE HOLD: PAROLEE DANGER TO: [X] ABSCON [X] SELF [X] PROPERTY-OTHERS [X] SAFETY-OTHERS

DATE COPY GIVEN TO PAROLEE: 6/27/06

NAME OF PERSON NOTICING PAROLEE: [signature]

NOT IN CUSTODY

Parolee Gough is a P.C 290 Registrant. He was to register with the San Diego County Sheriffs Office five days prior or after his birth date of February 5. He failed to register in a timely manner. He registered on February 17, 2006.

PAROLE AGENT'S RECOMMENDATION:
Refer violation to the Board of Parole Hearings for parole revocation proceedings.

PAROLE AGENT'S SIGNATURE: I. Brizuela [signature] DATE: 6-12-06

UNIT SUPERVISOR'S ACTION

[X] DECISION [X] REVIEW [ ] RETAIN HOLD [ ] RELEASE HOLD AS OF (DATE): [ ] CANCEL WARRANTS — WANTS

[ ] CONTINUE ON PAROLE [ ] CONTINUE IN OUT PATIENT STATUS [ ] *DISCHARGE EFFECTIVE (DATE): [ ] RETAIN ON

[ ] REINSTATE ON PAROLE AS OF (DATE): [ ] TIME LOSS [ ] NO TIME LOSS [ ] SUSPEND/REINSTATE IN OPS AS OF (DATE): [X] REFER TO BPT/NAEA [X] INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE): 6/20/06

[ ] SPECIAL CONDITION(S): [ ] ADD [ ] DELETE

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION: Concur; probable cause found. Violation rpt. due NLT: 6/20/06.

[X] I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD

UNIT SUPERVISOR'S SIGNATURE: [signature] DATE: 6-12-06

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

[ ] REFER TO BPT/NAEA [ ] *DISCHARGE EFFECTIVE DATE FIELD ADMINISTRATOR'S SIGNATURE DATE

EXHIBIT "B"

# § 832.5 CITIZENS' COMPLAINTS AGAINST PERSONNEL;
## INVESTIGATION; DESCRIPTION OF PROCEDURE; RETENTION OF RECORDS.

(a) Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens' complaints against the personnel of such departments or agencies and shall make a written description of the procedure available to the public.

(b) Complaints and any reports or findings relating thereto shall be retained for a period of at least five years. (*Added by Stats. 1974, c. 29 §1. Amended by Stats. 1978, c. 630 §4.*) (All reference to California Penal Code 1994.)

## PERSONNEL COMPLAINT:

Complainant JEFFREY GOUGH (CDC #V64931)

Address R.J. DONOVAN, P.O.B. 799002, F2-10-248L:
(UNPON RELEASE: 1220 ROSECRAN ST. 646, S.D. CA 92101 | 4064 HUERFANO RD. #260 P.B. CA 92109)

City SAN DIEGO State CALIF Zip 92179-9002

Residence phone (______) ______

Business phone (______) ______

Date and time of incident FEB OF 2007 TO JANUARY 18, 2008

Location of incident 4064 HUERFANO ST., #260, PACIFIC BEACH, CA

☑ Check only one:

1. ☐ Police Department
2. ☐ California Highway Patrol
3. ☐ U.S. Marshall
4. ☐ Sheriff's Department
5. ☐ Medical Staff
6. ☐ District Attorney
7. ☐ County Grand Jury
8. ☐ Internal Affairs
9. ☑ Department of Corrections
10. ☐ Bar Association

Personnel involved CDC/BPT COMM. "CONCEALED" ⊗ GUN CARRYING PAROLE AGENTS WICKLINE, I. BRIZUELA GREG SEWELL (KURTZ ST. S.D. CAL): BPT DEP. COMM. K. FLEMING AND [UNABLE TO OBTAIN THE NAME]

Names and addresses of witnesses KAREN ARCHER & RICHARD OVERTON, 4064 HUERFANO ST, #257, PACIFIC BEACH, CALIFORNIA: UNIDETIFIED "KURTZ ST." PAROLE OFFICER AND UNIDENITIFIED MEMBERS OF THE SAN DIEGO SHERIFF'S DEPARMENT. (LAW ENFORCEMENT OFFICERS NOT INCLUDED HEREIN AS TO ANY ETHICAL, PROFESSIONAL, AND/OR LEGAL LIABILITIES BASED ON THESE FACTS).

Statement of complaint I JEFF GOUGH ("A") AM CHARGING BPT COMMUNITY PAROLE AGENT GREG SEWELL OF THE "KURTZ STREET" PAROLE OFFICE WITH SERIOUS ETHICAL, PROFESSIONAL, UNLAWFUL VIOLATIONS OF MY U.S. CONST. AMENDMENT RIGHTS, TO WIT: 1st 4th 5th 8th & 13th AMENDMENTS: (1) SEWELL ON AT LEAST OCCASSIONS (OCT/NOV OF 2007) REFUSED TO ACCEPT CDC FORM 602s AT THE KURTZ ST. OFFICE REGARDING THE FACT I AM NOT LEGALLY REQUIRED TO COMPLY WITH THE P.C. § 290 REGRISTRATION REQUIREMENTS. (I HAVE THE FILE FOR CASE # CRN-9187 (DA # A7814901) (1984)) FOR OVER 20 YEARS A HAS NOT BEEN REQUIRED TO COMPLY WITH § 290. YOU MAY ORDER THE 1/18/08 PAROLE REVOCATION HEARING TO SUBSTANTIATE THIS CLAIM AND OTHERS BELOW FROM: BOARD OF PAROLE HEARINGS, DECISION PROCESSING UNIT, P.O. BOX 4036, SACRAMENTO, CAL. 95812 (IN RE BPT'S PAROLE REVOCATION OF JEFF S. GOUGH, CDC # V64931, ON 01/18/08). (2) MY EFFORTS TO INFORMALLY RESOLVE THIS SITUATION INCLUDE THE FOLLOWING: (A) ONLY ON MY RELEASE FROM C.D.C. CUSTODY BACK IN NOVEMBER OF 2004 WAS I INFORMED THAT I HAD TO COM-

FN. ⊗ AS "PEACE OFFICER" (LIKE A SECURITY GUARD) PAROLE AGENTS ARE NOT LEGALLY ALLOWED TO CARRY A "CONCEALED GUN" LIKE GREGG SEWELL. THIS ISSUE WAS LITIGATED IN THE S. DIST. FED COURT AND IT WAS DECIDED THE S.D. HARBOR POLICE COULD CARRY AN EXPOSED GUN LIKE ANY SECURITY GUARD OR OTHER LAWFUL PERSON.

EXHIBIT "B"

WITH PENAL CODE § 290 OR FACE IMMEDIATE PAROLE REVOCATION AND RETURN TO PRISON. (3) ON 6/12/06 Δ'S WAS TAKEN INTO CUSTODY BY S.D. SHERIFF'S OFFICERS AT THE INSTRUCTION OF PAROLE AGENT I. BRIZUELA FOR VIOLATING PENAL CODE § 290 AND TRANSPORTED TO THE DOWNTOWN JAIL; AND THEN RELEASED THE NEXT DAY EVEN THOUGH THE CHARGE WAS FAILING TO "REGISTER IN A TIMELY MANNER" IN CLEAR VIOLATION OF P.C. § 290. SEE EXHIBIT "____" ("CHARGE REPORT"). WITHOUT ANY STATE PROSECUTION THE CHARGE WAS REFERRED TO BPTs FOR CONSIDERATION. IBID. AT THE HEARING — WHICH Δ APPEARED VOLUNTARILY — HE PRESENTED THE DOCUMENTS COMPRISING CRN 9187 (SUPRA) WITH VERY LIMITED DISCUSSION THE COMMISSIONER INFORMED Δ THERE WAS NO GROUNDS AND HE WAS "C.O.P.'d" MOREOVER, IT SHOULD BE NOTED THAT BRIZUELA INFORMED Δ THAT HE COULD NOT FIND ANY EXECUTED "CONDITIONS OF PAROLE" AND THAT Δ WOULD BE SCHEDULED TO COME-IN. (4) Δ MOVED TO PACIFIC BEACH IN EARLY 2006 AND VARIOUS BPT PAROLE AGENTS: BRIZUELA, SANCHEZ, MALTOAST, AND EVEN GREG SEWELL APPROVED OF THE CONDO (4064 HUERFANO #260, PACIFIC BEACH, CAL. 92117) OF WHICH Δ HAD ENTERED INTO AN AGREEMENT TO PURCHASE FROM JORDON GRIFFIN (SEE GOUGH V. GRIFFIN CASE # ____________ (HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA, DEPT. #25; JUDGE R. A. ARREOLA, TELEPHONE # 619-531-3800). (5) ANY INVESTIGATOR SHOULD NOTE THAT GREG SEWELL IS ALSO NAMED TO BE SUBPOENA'd IN THREE CALIF. CODE § 2035(2) PROCEEDINGS TO WHICH HE STATED HE WOULD "REFUSED" TO BE SUBPOENA'd TO — IN FACT HE WAS VERY ANGRY AND THREATEN ME PERSONALLY. (6) ON 11/19/07 Δ INITIATED A CIVIL TRO PROCEEDING AGAINST MS. KAREN ARCHER AND HER LIVE-IN BOYFRIEND, RICHARD OVERTON (BOTH LIVE AT 4064 HUERFANO #257 PACIFIC BEACH, CALIF). THE RECORD OF THAT TRO PROCEEDING: GOUGH-AOSHIMA V. KAREN ARCHER [CASE #: 37-2007-00082027-CU-HR-CTL] (SAME JUDGE ARREOLA). —CONT—

Use additional sheets of 8 1/2' x 11" white paper if necessary. Attach all relevant supporting documentation.)

I, the undersigned declare under penalty of perjury under the laws of the State of California that the foregoing complaint is true and correct and as to such facts averred upon information and belief, that I am so informed and believe the same to be true, and affix my signature hereto.

Dated this 2 day of .........., 199___

☐ Attachments

No. of pages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(Complainant Signature)

EXHIBIT "B"-2

CONTINUED P.C § 832.5 CITIZEN'S COMPLAINT AGAINST CDC/BPT DEPT. OF CORRECTION

IS FULL OF REFERENCES TO GREG "SEWELL" AND IN FACT ON 1/18/08 SEWELL EFFECTUATED THE LEGAL SERVE OF A "CROSS-TRO" VIZ. THE HANDS OF RICHARD OVERTON. NOTEWORTHY IN THAT PARTICULAR DOCUMENT JUDGE HAD DECLINED TO ISSUE ANY RESTRAINING ORDERS AGAINST Δ ON AT LEAST TWO OCCASSIONS, TO WIT: 12/11/07 AND 12/19/07. UNDISCOURAGED AND WITH THE ASSISTANCE OF SEWELL THEY CONSPIRED TO AVOID ANY JUDICIAL PROCESS AGAINST THEM, INCLUDING JORDON GRIFFIN. IT IS Δ'S CONTENTION THAT SEWELL'S CONDUCT MUST BE EXAMINED AS TO ETHICAL, PROFESSIONAL, AND LEGALITY TO DETERMINE WHETHER HE HAS ANY MOTIVES NOT OPENLY DISCLOSED! (7) FURTHERMORE, IT SHOULD BE NOTED THAT SEWELL SUBORNED PERJURY UNDER SWORN OATH. DURING THE SAID HEARING RICHARD OVERTON, SEWELL'S WITNESS, STATED THAT HE HAD NO INTEREST OR WAS NOT NAMED IN THE TRO, THIS PERJURIOUS STATEMENT WAS KNOWN—OR SHOULD HAVE BEEN KNOWN—CONSIDERING THE FACT SEWELL HAD ON AT LEAST TWO OCCASSION PERSONALLY INTERVIEWED RICHARD OVERTON. INTERESTING ENOUGH ACCORDING TO SEWELL'S CHARGE SHEET HE ONLY RECEIVED INFORMATION THE NIGHT BEFORE HE ARRESTED Δ. (8) Δ WOULD ALSO EMPHASIS THAT SEWELL HAD BEEN INFORMED OF THE SITUATION W/OVERTON FOR MORE THAN FIVE WEEKS, TO WIT: (a) SEWELL WAS INFORMED ON 11/12/07 THAT Δ HAD TO CALL 911 IN REGARDS TO OVERTON; (b) THAT Δ HAD MET W/ S.D.P.D. OFFICER CONKIN (NORTH DIVISION) TO REPORT OVERTON'S UNCIVIL BEHAVIOR; (c) THAT Δ WAS COMPELLED TO INITIATE THE 11/19/07 TRO PROCEEDING TO SEEK PROTECTION AND SEWELL WAS INFORMED OF THIS JUDICIAL ACTION; (d) SEWELL WAS AGAIN INFORMED THAT Δ HAS TO CALL 911 AGAIN DUE TO THE VIOLATION OF OVERTON'S LIVE-IN GIRLFRIEND, KAREN ARCHER, WHO THREATEN Δ THAT THEY WOULD "KILL" HIM; THIS WAS AGAIN REPORTED TO OFFICER CONKIN PRIOR TO DEC 5, 2007, THE DATE OF THE FIRST TRO HEARING. ALTHOUGH A TEMPORARY RESTRAINING ORDER WAS EFFECT. (e) ON 12/5/08 Δ'S ANXIOUS AWAITED TRO HEARING WAS HELD AND DURING THIS HEARING JUDGE ARREOLA HEARD BOTH ARCHER'S AND OVERTON'S OPEN COURT STATEMENTS AND OVER Δ'S OBJECTIONS MODIFIED THE RESTRAINING ORDER TO 2-3' AND FURTHER ORDERED MEDIATION. (f) PER A TELEPHONE CALL W/ THE MEDIATOR IT WAS SET FOR 12/19/07. (g) IN THE INTERIM Δ'S TRO WAS VIOLATED ON 12/14/08 AND Δ REPORTED THIS VIOLATION VIA A 911 CALL AND S.D.P.D. OFFICER PEREZ (N. DIV.) MET WITH Δ AND TOOK A REPORT AND ASSURED Δ THAT ALL ACTIONS WOULD BE TAKEN TO PROTECT HIM. (h) ON 12/17/08 A NORTH DIVISION CRIME INVESTIGATOR MS. CECELIA NOA CALLED Δ AND, INTER ALIA, ASKED QUESTIONS AND REQUESTED A COPY OF THE TRO WHICH Δ provided. MS. NOA STATED THE CASE WAS BEING REFERRED FOR PROSECUTION ON THE 12/18/09. (i) ON 12/18/07 SEWELL WITH MANY UNIDENTIFIED OFFICERS AND MEMBERS OF THE S.D.P.D. ARRESTED Δ W/O ANY INVESTIGATION. THIS WAS BASED ON A CALL BY RICHARD OVERTON THE DAY BEFORE, REPORTING AN UNREPORTED ALLEGED "ASSAULT" MORE THAN FIVE WEEKS BEFORE. (j) IN ADDITION Δ WAS CHARGED WITH BEING A P.C. § 290 REGISTERANT — DUE TO THE 1984 CASE (SEE EX. "A") — WITH PORNO AND CHRISTMAS TOYS FOR HIS NIECES HE HAD NOT SEEN SINCE LAST CHRISTMAS. (k) DURING THE BPT PROSECUTION SEWELL AND THE TWO BPT DEPUTY COMMISSIONER REFUSED TO REVIEW THE COURT DOCUMENTATION (EX. "A") OR ENTERTAIN ANY DISCUSSIONS ON EITHER THE TRO DEFENSE OR P.C. § 290 REGISTRATION DEFENSES. IN SHORT, Δ IS FALSELY IMPRISONED IN VIOLATION OF HIS 1ST, 4TH, 5TH, 8TH, AND 13TH AMENDMENTS BASED ON PERJURIOUS STATEMENTS ABOVE AND ON A STATEMENT BY SEWELL THAT Δ LIVED ALONE WHEN INFACT ANOTHER BPT OFFICER AND MEMBERS OF THE S.D.P.D. PAROLE SEARCH UNIT HEARD Δ STATE AN INDIVIDUAL BY THE NAME OF "KEN" LIVED W/ME. SEE ALSO PAROLE TAPE (PLEASE ORDER AND REVIEW).

CONTINUED →



(9) IN ADDITION TO THE PRECEDING Δ WOULD ALSO COMPLAIN ABOUT Δ'S PRESENT CUSTODY STATUS. ON 12/19/07 AFTER SEWELL HAD PLACED Δ INTO THE CUSTODY OF THE S.D.C.J. SEWELL FOUND IT NECESSARY TO DELIVER THE SO-CALLED "CHARGE SHEET" AND A DOCUMENT CALLED "EVIDENCE REPORT AND INVENTORY RECEIPT". THESE DOCUMENTS ARE GENERALLY DELIVERED BY A "NOTICER" OF THE BPT. SEE "NOTICE OF PAROLE REVOCATION RIGHTS AND ACKNOWLEDGEMENT" (BPT 1100) IN FACT ACCORDING TO Δ'S BPT CASE FILE A "M JONES" ALLEGED HE DELIVERED THIS DOCUMENT (CDC FORM 1502(b), CHARGE SHEET). THAT WAS NOT THE CASE. LATE IN THE EVENING OF 12/19/08 SEWELL IN THE COMPANY OF ANOTHER PAROLE AGENT APPROACHED THE ENTRY OF S.D.C.J. FLR 4A AND CALLED FOR Δ. AFTER URURPING THE DUTY OF MR. JONES BY DELIVERING THE CHARGE SHEET AND EVIDENCE SEWELL GOT MAD AND SHOUTED "SEX OFFENDER" INTO THAT JAIL UNIT AND THREW IN THE CHARGE SHEET AND EVIDENCE REPORT. MANY OTHER INMATES HEARD THESE COMMENTS AND EVEN HANDED Δ THE PAPERWORK. ALMOST IMMEDIATELY Δ WAS COMPELLED TO "ROLL-UP" TO SEEK PROTECTION FROM THE DUTY OFFICER. THE DUTY OFFICER (EVENING MEAL) ALSO COMMENTED HE HEARD THIS INTENDED EFFORT TO GET ME HURT AND STATED HE WOULD ENTER IT INTO THE "LOG BOOK." Δ WAS MOVED TO THE PRO PER TANK ON THE 5TH FLOOR. THE FOLLOWING DAY Δ WAS TRANSFERRED TO DONOVAN. DURING R&R A FEW OF THE TRANSFER PRISONERS COMMENTED ABOUT THE AFOREMENTIONED INCIDENT. ONCE AT DONOVAN Δ WAS AGAIN APPROACHED AND THREATENED BY THE "SKIN HEADS" AND THREATEN WITH VIOLENCE. Δ WAS COMPELLED AGAIN TO SEEK PROTECTION FROM ADMIN. SEG. OFFICER P. ZINGER ON 1-03-08. Δ WAS ADMITTED TO THE VERY RESTRICTIVE CONDITIONS. SEE "ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE" (CDC 114-D)(1/3/08). AFTER HAVING AN ADMINISTRATIVE CONTINUED DETENTION HEARING IT WAS DETERMINED THAT Δ COULD NOT BE PLACED BACK EVER AGAIN INTO THE PRISON'S GENERAL POPULATION.

FOR THE REASONS SET FORTH ABOVE Δ WOULD PRAY FOR THE FOLLOWING:

1) AN INVESTIGATION REGARDING Δ'S CLAIM HE IS NOT A P.C. §290 REGRISTRANT;
2) A DETERMINATION THAT HE HAS NEVER BEEN LEGALLY REQUIRED TO REGRISTER;
3) ANY REMEDY THAT THIS INVESTIGATIVE ENTITY/BODY/UNIT CAN DO/OFFER;

AND

4) AN INVESTIGATION INTO THE CIRCUMSTANCES OF SEWELL'S PERJURIOUS STATEMENT HE HAD NOT KNOWN THAT "KEN" WAS LIVING AT Δ'S CONDO;
5) AN INVESTIGATION WHY HE SUBORNED PERJURY BY RICHARD OVERTON;
6) AN INVESTIGATION AS TO HIS INTERESTS IN THE TRO PROCEEDING INITIATED BY Δ WHICH INVOLVE KAREN ARCHER, RICHARD OVERTON, JORDON GRIFFIN;
7) AN INVESTIGATION AS TO WHY HE DID NOT SEEK REMOVAL AS Δ'S PAROLE AGENT WHEN HE BECAME AWARE HE WAS/COULD BE SUBPENA'D IN THE THREE CALIF. CODE § 2035(a) PROCEEDINGS BEFORE JUDGE ARREOLA (DEPT #25, HALL OF JUSTICE);
8) AN INVESTIGATION AS TO HIS INVOLVEMENT WITH JORDAN GRIFFITH AND HIS INTERESTS IN BOTH THE CONDO AND THE CIVIL LITIGATION INVOLVING SAME;
9) ALL OTHER INVESTIGATIVE QUESTIONS POISED BY THESE INCIDENTS.

THANK-YOU P.S. PLEASE SEND THE REPORT & INVESTIGATOR(S)

EX A-4 (NOLO PLEA AGREEMENT)

registering authority with the name of his or her place of employment or the name of the school attended in California, and his or her address or location in his or her state of residence. The registration requirement for persons subject to this subparagraph shall become operative on November 25, 2000. The terms "employed or carries on a vocation" include employment whether or not financially compensated, volunteered, or performed for government or educational benefit.

(2) The following persons shall be required to register pursuant to paragraph (1):

(A) Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a violation of Section 187 committed in the perpetration, or an attempt to perpetrate, rape or any act punishable under Section 286, 288, 288a, or 289, Section 207 or 209 committed with intent to violate Section 261, 286, 288, 288a, or 289, Section 220, except assault to commit mayhem, Section 243.4, paragraph (1), (2), (3), (4), or (6) of subdivision (a) of Section 261, or paragraph (1) of subdivision (a) of Section 262 involving the use of force or violence for which the person is sentenced to the state prison, Section 264.1, 266, or 266c, subdivision (b) of Section 266h, subdivision (b) of Section 266i, Section 266j, 267, 269, 285, 286, 288, 288a, 288.3, 288.5, 288.7, or 289, Section 311.1, subdivision (b), (c), or (d) of Section 311.2, Section 311.3, 311.4, 311.10, 311.11, or 647.6, former Section 647a, subdivision (c) of Section 653f, subdivision 1 or 2 of Section 314, any offense involving lewd or lascivious conduct under Section 272, or any felony violation of Section 288.2; or any statutory predecessor that includes all elements of one of the above-mentioned offenses; or any person who since that date has been or is hereafter convicted of the attempt or conspiracy to commit any of the above-mentioned offenses.

(B) Any person who, since July 1, 1944, has been or hereafter is released, discharged, or paroled from a penal institution where he or she was confined because of the commission or attempted commission of one of the offenses described in subparagraph (A).

(C) Any person who, since July 1, 1944, has been or hereafter is determined to be a mentally disordered sex offender under Article 1 (commencing with Section 6300) of Chapter 2 of Part 2 of Division 6 of the Welfare and Institutions Code or any person who has been found guilty in the guilt phase of a trial for an offense for which registration is required by this section but who has been found not guilty by reason of insanity in the sanity phase of the trial.

(D)(i) Any person who, since July 1, 1944, has been, or is hereafter convicted in any other court, including any state, federal, or military court, of any offense that, if committed or attempted in this state, would have been punishable as one or more of the offenses described in subparagraph (A), including offenses in which the person was a principal, as defined in Section 31.

(ii) Any person ordered by any other court, including any state, federal, or military court, to register as a sex offender for any offense, if the court found at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification.

(iii)(I) Except as provided in * * * subclause (II), any person who would be required to register while residing in the state of conviction for a sex offense committed in that state.

* * * (II) Notwithstanding subclause (I), a person convicted in another state of an offense similar to one of the following offenses who is required to register in the state of conviction * * * shall not be required to register in California unless the out-of-state offense contains all of the elements of a registerable California offense described in subparagraph (A):

(aa) Indecent exposure, pursuant to Section 314.

(ab) Unlawful sexual intercourse, pursuant to Section 261.5.

(ac) Incest, pursuant to Section 285.

(ad) Sodomy, pursuant to Section 286, or oral copulation, pursuant to Section 288a, provided that the offender notifies the Department of Justice that the sodomy or oral copulation conviction was for conduct between consenting adults, as described in subparagraph * * * (G) and the department is able, upon the exercise of reasonable diligence, to verify that fact.

(ae) Pimping, pursuant to Section 266h, or pandering, pursuant to Section 266i.

(E) Any person ordered by any court to register pursuant to this section for any offense not included specifically in this section if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration.

(F) Any person required to register pursuant to any provision of this section, regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4, unless the person obtains a certificate of rehabilitation and is entitled to relief from registration pursuant to Section 290.5.

(G)(i) Notwithstanding any other subdivision, a person who was convicted before January 1, 1976, under subdivision (a) of Section 286, or Section 288a, shall not be required to register pursuant to this section for that conviction if the conviction was for conduct between consenting adults that was decriminalized by Chapter 71 of the Statutes of 1975 or Chapter 1139 of the Statutes of 1976. The Department of Justice shall remove that person from the Sex Offender Registry, and the person is discharged from his or her duty to register pursuant to the following procedure:

(I) The person submits to the Department of Justice official documentary evidence, including court records or police reports, that demonstrate that the person's conviction pursuant to either of those sections was for conduct between consenting adults that was decriminalized; or

(II) The person submits to the department a declaration stating that the person's conviction pursuant to either of those sections was for consensual conduct between adults that has been decriminalized. The declaration shall be confidential and not a public record, and shall include the person's name, address, telephone number, date of birth, and a summary of the circumstances leading to the conviction, including the date of the conviction and county of the occurrence.

(III) The department shall determine whether the person's conviction was for conduct between consensual adults that has been decriminalized. If the conviction was for consensual conduct between adults that has been decriminalized, and the person has no other offenses for which he or she is required to register pursuant to this section, the department shall, within 60 days of receipt of those documents, notify the person that he or she is relieved of the duty to register, and shall notify the local law enforcement agency with which the person is registered that he or she has been relieved of the duty to register. The local law enforcement agency shall remove the person's registration from its files within 30 days of receipt of notification. If the documentary or other evidence submitted is insufficient to establish the person's claim, the department shall, within 60 days of receipt of those documents, notify the person that his or her claim cannot be established, and that the person shall continue to register pursuant to this section. The department shall provide, upon the person's request, any information relied upon by the department in making its determination that the person shall continue to register pursuant to this section. Any person whose claim has been denied by the department pursuant to this

PROCEDURE TO REMOVE DUE TO DECRIMINATION

EX. A-2 (CRIMINAL MINUTES — PRONOUNCEMENT OF JUDGEMENT)
EX. A-3 (PRONOUNCEMENT OF JUDGEMENT — ORDER)
EX. A-7 (PRONOUNCEMENT OF JUDGEMENT — ORDER)

clause may petition the court to appeal the department's denial of the person's claim.

(ii) On or before July 1, 1998, the department shall make a report to the Legislature concerning the status of persons who may come under the provisions of this subparagraph, including the number of persons who were convicted before January 1, 1976, under subdivision (a) of Section 286 or Section 288a and are required to register under this section, the average age of these persons, the number of these persons who have any subsequent convictions for a registerable sex offense, and the number of these persons who have sought successfully or unsuccessfully to be relieved of their duty to register under this section.

(b)(1) Any person who is released, discharged, or paroled from a jail, state or federal prison, school, road camp, or other institution where he or she was confined because of the commission or attempted commission of one of the offenses specified in subdivision (a) or is released from a state hospital to which he or she was committed as a mentally disordered sex offender under Article 1 (commencing with Section 6300) of Chapter 2 of Part 2 of Division 6 of the Welfare and Institutions Code, shall, prior to discharge, parole, or release, be informed of his or her duty to register under this section by the official in charge of the place of confinement or hospital, and the official shall require the person to read and sign any form that may be required by the Department of Justice, stating that the duty of the person to register under this section has been explained to the person. The official in charge of the place of confinement or hospital shall obtain the address where the person expects to reside upon his or her discharge, parole, or release and shall report the address to the Department of Justice. The official shall at the same time forward a current photograph of the person to the Department of Justice.

(2) The official in charge of the place of confinement or hospital shall give one copy of the form to the person and shall send one copy to the Department of Justice and one copy to the appropriate law enforcement agency or agencies having jurisdiction over the place the person expects to reside upon discharge, parole, or release. If the conviction that makes the person subject to this section is a felony conviction, the official in charge shall, not later than 45 days prior to the scheduled release of the person, send one copy to the appropriate law enforcement agency or agencies having local jurisdiction where the person expects to reside upon discharge, parole, or release; one copy to the prosecuting agency that prosecuted the person; and one copy to the Department of Justice. The official in charge of the place of confinement or hospital shall retain one copy.

(c)(1) Any person who is convicted in this state of the commission or attempted commission of any of the offenses specified in subdivision (a) and who is released on probation, shall, prior to release or discharge, be informed of the duty to register under this section by the probation department, and a probation officer shall require the person to read and sign any form that may be required by the Department of Justice, stating that the duty of the person to register under this section has been explained to him or her. The probation officer shall obtain the address where the person expects to reside upon release or discharge and shall report within three days the address to the Department of Justice. The probation officer shall give one copy of the form to the person, send one copy to the Department of Justice, and forward one copy to the appropriate law enforcement agency or agencies having local jurisdiction where the person expects to reside upon his or her discharge, parole, or release.

(2) Any person who is convicted in this state of the commission or attempted commission of any of the offenses specified in subdivision (a) and who is granted conditional release without supervised probation, or discharged upon payment of a fine, shall, prior to release or discharge, be informed of the duty to register under this section in open court by the court in which the person has been convicted, and the court shall require the person to read and sign any form that may be required by the Department of Justice, stating that the duty of the person to register under this section has been explained to him or her. If the court finds that it is in the interest of the efficiency of the court, the court may assign the bailiff to require the person to read and sign forms under this section. The court shall obtain the address where the person expects to reside upon release or discharge and shall report within three days the address to the Department of Justice. The court shall give one copy of the form to the person, send one copy to the Department of Justice, and forward one copy to the appropriate law enforcement agency or agencies having local jurisdiction where the person expects to reside upon his or her discharge, parole, or release.

(d)(1) Any person who, on or after January 1, 1986, is discharged or paroled from the Department of * * * Corrections and Rehabilitation to the custody of which he or she was committed after having been adjudicated a ward of the juvenile court pursuant to Section 602 of the Welfare and Institutions Code because of the commission or attempted commission of any offense described in paragraph (3) shall be subject to registration under the procedures of this section.

(2) Any person who is discharged or paroled from a facility in another state that is equivalent to the * * * Division of Juvenile Justice, to the custody of which he or she was committed because of an offense which, if committed or attempted in this state, would have been punishable as one or more of the offenses described in paragraph (3), shall be subject to registration under the procedures of this section.

(3) Any person described in this subdivision who committed an offense in violation of any of the following provisions shall be required to register pursuant to this section:

(A) Assault with intent to commit rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 under Section 220.

(B) Any offense defined in paragraph (1), (2), (3), (4), or (6) of subdivision (a) of Section 261, Section 264.1, 266c, or 267, paragraph (1) of subdivision (b) of, or subdivision (c) or (d) of, Section 286, Section 288 or 288.5, paragraph (1) of subdivision (b) of, or subdivision (c) or (d) of, Section 288a, subdivision (a) of Section 289, or Section 647.6.

(C) A violation of Section 207 or 209 committed with the intent to violate Section 261, 286, 288, 288a, or 289.

(4) Prior to discharge or parole from the Department of * * * Corrections and Rehabilitation, any person who is subject to registration under this subdivision shall be informed of the duty to register under the procedures set forth in this section. Department * * * officials shall transmit the required forms and information to the Department of Justice.

(5) All records specifically relating to the registration in the custody of the Department of Justice, law enforcement agencies, and other agencies or public officials shall be destroyed when the person who is required to register has his or her records sealed under the procedures set forth in Section 781 of the Welfare and Institutions Code. This subdivision shall not be construed as requiring the destruction of other criminal offender or juvenile records relating to the case that are maintained by the Department of Justice, law enforcement agencies, the juvenile court, or other agencies and public officials unless ordered by a court under Section 781 of the Welfare and Institutions Code.

(e)(1) On or after January 1, 1998, upon incarceration, placement, or commitment, or prior to release on probation, any person who is required to register under this section shall preregister. The preregistering official shall be the admitting officer at the place of incarceration, placement, or commitment,

EX. "I"-1

REFERENCE TO ✓ MEGANS LAW

(e) Consent by a confined person or parolee to sexual activity proscribed by this section is not a defense to a criminal prosecution for violation of this section.

(f) This section does not apply to sexual activity between consenting adults that occurs during an overnight conjugal visit that takes place pursuant to a court order or with the written approval of an authorized representative of the public entity that operates or contracts for the operation of the detention facility where the conjugal visit takes place, to physical contact or penetration made pursuant to a lawful search, or bona fide medical examinations or treatments, including clinical treatments.

(g) Any violation of paragraph (1) of subdivision (a), or a violation of paragraph (2) or (3) of subdivision (a) as described in paragraph (5) of subdivision (d), is a misdemeanor.

(h) Any violation of paragraph (2) or (3) of subdivision (a), as described in paragraph (1), (2), (3), or (4) of subdivision (d), shall be punished by imprisonment in a county jail not exceeding one year, or in the state prison, or by a fine of not more than ten thousand dollars ($10,000) or by both that fine and imprisonment.

(i) Any person previously convicted of a violation of this section shall, upon a subsequent violation, be guilty of a felony.

(j) Anyone who is convicted of a felony violation of this section who is employed by a department, board, or authority within the Youth and Adult Correctional Agency shall be terminated in accordance with the State Civil Service Act (Part 2 (commencing with Section 18500) of Title 2 of Division 5 of the Government Code). Anyone who has been convicted of a felony violation of this section shall not be eligible to be hired or reinstated by a department, board, or authority within the Youth and Adult Correctional Agency. *(Added by Stats.1994, c. 499 (A.B.1568), § 1. Amended by Stats.1997, c. 209 (A.B.685), § 1; Stats.1999, c. 806 (S.B.377), § 4; Stats.2000, c. 287 (S.B.1955), § 6.)*

Cross References

Attempted murder of peace officers and other custodial personnel, punishment, see Penal Code § 664.

Research References

2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 56, Health or Detention Facility Employees, Officers, or Agents.

## CHAPTER 5.5. SEX OFFENDERS

Section

290. Registration of sex offenders.

290.01. Students or employees of universities, colleges, community colleges, or other institutions of higher learning; additional registration requirements; release of information to campus community.

290.02. Preventing use of publicly-funded prescription drugs or therapies to treat erectile dysfunction in convicted sex offenders; information disclosure.

290.03. Identification, assessment, monitoring, and containment of sex offenders.

290.04. State-Authorized Risk Assessment Tool for Sex Offenders (SARATSO); SARATSO review committee.

290.05. Training program for persons administering SARATSO.

290.06. Administration of SERATSO.

290.07. Access to sex offender records by persons authorized to administer SARATSO.

290.08. Retention of registered sex offender records; time period.

290.3. Conviction of specified sex offenses; fine; disposition of moneys.

Section

290.3. Conviction of specified sex offenses; fine; disposition of moneys.

290.4. Sex offender registration; compilation of information for specified offenses; "900" telephone number; income deposit; violations; penalties; report to legislature.

290.45. Information to be provided to enumerated persons, agencies or organizations by law enforcement agency that a registered sex offender is likely to encounter in order to protect the public; information to be disclosed; releasing information with respect to high-risk sex offenders; immunity from liability; illegal use of information.

290.46. Sex offender information made available to public via Internet Web site; ongoing updates; information included and restricted; offenses and offenders included; notification; misuse of information; report to legislature.

290.5. Pardon or certificate of rehabilitation; relief from duty to register.

290.6. Release of specified sex offenders; information to authorities.

290.7. Release of certain inmates; blood and saliva samples provided to local DNA testing laboratories.

290.8. Notice when local law enforcement agency does not provide daily, business hour registration of sex offenders.

290.85. Persons released on probation or parole who are required to register as sex offender; proof of registration; changes or updates; role of probation officer or parole agent.

290.9. Addresses of persons who violate duty to register.

290.95. Disclosure by person required to register as sex offender upon application or acceptance of position involving children; prohibition against employment or volunteering of registered sex offenders where victim was a minor under 16 years of age; violations.

291. School employees; arrest for sex offense; notice to school authorities.

291.1. Teachers; notice of arrest to private school authorities.

291.5. Teacher or instructor employed in community college district; notice of arrest.

292. Sex offenses deemed felony offense involving act of violence and great bodily harm; denial of bail.

293. Victims of sex offense; request that name not become matter of public record; disclosure of victims' name or address.

293.5. Identification of alleged victim as Jane or John Doe.

294. Conviction of sexual offenses; restitution fine; transfer to children's trust fund for child abuse prevention purposes.

### § 290. Registration of sex offenders

(a)(1)(A) Every person described in paragraph (2), for the rest of his or her life while residing in California, or while attending school or working in California, as described in subparagraph (G), shall be required to register with the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is residing upon the campus or in any of its facilities, within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides.

KOLENDER

LANSDOWNE

(B) If the person who is registering has more than one residence address at which he or she regularly resides, he or she shall register in accordance with subparagraph (A) in each of the jurisdictions in which he or she regularly resides, regardless of the number of days or nights spent there. If all of the addresses are within the same jurisdiction, the person shall provide the registering authority with all of the addresses where he or she regularly resides.

(C) Every person described in paragraph (2), for the rest of his or her life while living as a transient in California shall be required to register, as follows:

(i) A transient must register, or reregister if the person has previously registered, within five working days from release from incarceration, placement or commitment, or release on probation, pursuant to paragraph (1) of subdivision (a), except that if the person previously registered as a transient less than 30 days from the date of his or her release from incarceration, he or she does not need to reregister as a transient until his or her next required 30-day update of registration. If a transient is not physically present in any one jurisdiction for five consecutive working days, he or she must register in the jurisdiction in which he or she is physically present on the fifth working day following release, pursuant to paragraph (1) of subdivision (a). Beginning on or before the 30th day following initial registration upon release, a transient must reregister no less than once every 30 days thereafter. A transient shall register with the chief of police of the city in which he or she is physically present within that 30-day period, or the sheriff of the county if he or she is physically present in an unincorporated area or city that has no police department, and additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is physically present upon the campus or in any of its facilities. A transient must reregister no less than once every 30 days regardless of the length of time he or she has been physically present in the particular jurisdiction in which he or she reregisters. If a transient fails to reregister within any 30-day period, he or she may be prosecuted in any jurisdiction in which he or she is physically present.

(ii) A transient who moves to a residence shall have five working days within which to register at that address, in accordance with subparagraph (A) of paragraph (1) of subdivision (a). A person registered at a residence address in accordance with subparagraph (A) of paragraph (1) of subdivision (a), who becomes transient shall have five working days within which to reregister as a transient in accordance with clause (i).

(iii) Beginning on his or her first birthday following registration, a transient shall register annually, within five working days of his or her birthday, to update his or her registration with the entities described in clause (i). A transient shall register in whichever jurisdiction he or she is physically present on that date. At the 30-day updates and the annual update, a transient shall provide current information as required on the Department of Justice annual update form, including the information described in subparagraphs (A) to (C), inclusive, of paragraph (2) of subdivision (e), and the information specified in clause (iv).

(iv) A transient shall, upon registration and reregistration, provide current information as required on the Department of Justice registration forms, and shall also list the places where he or she sleeps, eats, works, frequents, and engages in leisure activities. If a transient changes or adds to the places listed on the form during the 30-day period, he or she does not need to report the new place or places until the next required reregistration.

(v) Failure to comply with the requirement of reregistering every 30 days following initial registration pursuant to clause (i) of this subparagraph shall be punished in accordance with paragraph (6) of subdivision (g). Failure to comply with any other requirement of this section shall be punished in accordance with either paragraph (1) or (2) of subdivision (g).

(vi) A transient who moves out of state shall inform, in person, the chief of police in the city in which he or she is physically present, or the sheriff of the county if he or she is physically present in an unincorporated area or city that has no police department, within five working days, of his or her move out of state. The transient shall inform that registering agency of his or her planned destination, residence or transient location out of state, and any plans he or she has to return to California, if known. The law enforcement agency shall, within three days after receipt of this information, forward a copy of the change of location information to the Department of Justice. The department shall forward appropriate registration data to the law enforcement agency having local jurisdiction of the new place of residence or location.

(vii) For purposes of this section, "transient" means a person who has no residence. "Residence" means one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there, such as a shelter or structure that can be located by a street address, including, but not limited to, houses, apartment buildings, motels, hotels, homeless shelters, and recreational and other vehicles.

(viii) The transient registrant's duty to update his or her registration no less than every 30 days shall begin with his or her second transient update following the date this subdivision became effective.

(D) Beginning on his or her first birthday following registration or change of address, the person shall be required to register annually, within five working days of his or her birthday, to update his or her registration with the entities described in subparagraph (A). At the annual update, the person shall provide current information as required on the Department of Justice annual update form, including the information described in subparagraphs (A) to (C), inclusive, of paragraph (2) of subdivision (e).

(E) In addition, every person who has ever been adjudicated a sexually violent predator, as defined in Section 6600 of the Welfare and Institutions Code, shall, after his or her release from custody, verify his or her address no less than once every 90 days and place of employment, including the name and address of the employer, in a manner established by the Department of Justice.

(F) No entity shall require a person to pay a fee to register or update his or her registration pursuant to this section. The registering agency shall submit registrations, including annual updates or changes of address, directly into the Department of Justice Violent Crime Information Network (VCIN). The registering agency shall give the registrant a copy of the completed Department of Justice form each time the person registers or reregisters, including at the annual update.

(G) Persons required to register in their state of residence who are out-of-state residents employed, or carrying on a vocation in California on a full-time or part-time basis, with or without compensation, for more than 14 days, or for an aggregate period exceeding 30 days in a calendar year, shall register in accordance with subparagraph (A). Persons described in paragraph (2) who are out-of-state residents enrolled in any educational institution in California, as defined in Section 22129 of the Education Code, on a full-time or part-time basis, shall register in accordance with subparagraph (A). The place where the out-of-state resident is located, for purposes of registration, shall be the place where the person is employed, carrying on a vocation, or attending school. The out-of-state resident subject to this subparagraph shall, in addition to the information required pursuant to subdivision (e), provide the

or the probation officer if the person is to be released on probation. The preregistration shall consist of all of the following:

(A) A preregistration statement in writing, signed by the person, giving information that shall be required by the Department of Justice.

(B) The fingerprints and a current photograph of the person.

(C) Any person who is preregistered pursuant to this subdivision is required to be preregistered only once.

(2) A person described in paragraph (2) of subdivision (a) shall register, or reregister if the person has previously registered, upon release from incarceration, placement, commitment, or release on probation pursuant to paragraph (1) of subdivision (a). This paragraph shall not apply to a person who is incarcerated for less than 30 days if he or she has registered as required by paragraph (1) of subdivision (a), he or she returns after incarceration to the last registered address, and the annual update of registration that is required to occur within five working days of his or her birthday, pursuant to subparagraph (D) of paragraph (1) of subdivision (a), did not fall within that incarceration period. The registration shall consist of all of the following:

(A) A statement in writing signed by the person, giving information as shall be required by the Department of Justice and giving the name and address of the person's employer, and the address of the person's place of employment if that is different from the employer's main address.

(B) The fingerprints and a current photograph of the person taken by the registering official.

(C) The license plate number of any vehicle owned by, regularly driven by, or registered in the name of the person.

(D) Notice to the person that, in addition to the requirements of paragraph (4), he or she may have a duty to register in any other state where he or she may relocate.

(E) Copies of adequate proof of residence, which shall be limited to a California driver's license, California identification card, recent rent or utility receipt, printed personalized checks or other recent banking documents showing that person's name and address, or any other information that the registering official believes is reliable. If the person has no residence and no reasonable expectation of obtaining a residence in the foreseeable future, the person shall so advise the registering official and shall sign a statement provided by the registering official stating that fact. Upon presentation of proof of residence to the registering official or a signed statement that the person has no residence, the person shall be allowed to register. If the person claims that he or she has a residence but does not have any proof of residence, he or she shall be allowed to register but shall furnish proof of residence within 30 days of the date he or she is allowed to register.

(3) Within three days thereafter, the preregistering official or the registering law enforcement agency or agencies shall forward the statement, fingerprints, photograph, and vehicle license plate number, if any, to the Department of Justice.

(f)(1)(A) Any person who was last registered at a residence address pursuant to this section who changes his or her residence address, whether within the jurisdiction in which he or she is currently registered or to a new jurisdiction inside or outside the state, shall, in person, within five working days of the move, inform the law enforcement agency or agencies with which he or she last registered of the move, the new address or transient location, if known, and any plans he or she has to return to California.

(B) If the person does not know the new residence address or location at the time of the move, the registrant shall, in person, within five working days of the move, inform the last registering agency or agencies that he or she is moving. The person shall later notify the last registering agency or agencies, in writing, sent by certified or registered mail, of the new address or location within five working days of moving into the new residence address or location, whether temporary or permanent.

(C) The law enforcement agency or agencies shall, within three working days after receipt of this information, forward a copy of the change of address information to the Department of Justice. The Department of Justice shall forward appropriate registration data to the law enforcement agency or agencies having local jurisdiction of the new place of residence.

(2) If the person's new address is in a Department of * * * Corrections and Rehabilitation facility or * * * state mental institution, an official of the place of incarceration, placement, or commitment shall, within 90 days of receipt of the person, forward the registrant's change of address information to the Department of Justice. The agency need not provide a physical address for the registrant but shall indicate that he or she is serving a period of incarceration or commitment in a facility under the agency's jurisdiction. This paragraph shall apply to persons received in a department * * * facility or * * * state mental institution on or after January 1, 1999. The Department of Justice shall forward the change of address information to the agency with which the person last registered.

(3) If any person who is required to register pursuant to this section changes his or her name, the person shall inform, in person, the law enforcement agency or agencies with which he or she is currently registered within five working days. The law enforcement agency or agencies shall forward a copy of this information to the Department of Justice within three working days of its receipt.

(g)(1) Any person who is required to register under this section based on a misdemeanor conviction or juvenile adjudication who willfully violates any requirement of this section is guilty of a misdemeanor punishable by imprisonment in a county jail not exceeding one year.

(2) Except as provided in paragraphs (5), (7), and (9), any person who is required to register under this section based on a felony conviction or juvenile adjudication who willfully violates any requirement of this section or who has a prior conviction or juvenile adjudication for the offense of failing to register under this section and who subsequently and willfully violates any requirement of this section is guilty of a felony and shall be punished by imprisonment in the state prison for 16 months, or two or three years.

If probation is granted or if the imposition or execution of sentence is suspended, it shall be a condition of the probation or suspension that the person serve at least 90 days in a county jail. The penalty described in this paragraph shall apply whether or not the person has been released on parole or has been discharged from parole.

(3) Any person determined to be a mentally disordered sex offender or who has been found guilty in the guilt phase of trial for an offense for which registration is required under this section, but who has been found not guilty by reason of insanity in the sanity phase of the trial, or who has had a petition sustained in a juvenile adjudication for an offense for which registration is required under this section pursuant to subdivision (d), but who has been found not guilty by reason of insanity, who willfully violates any requirement of this section is guilty of a misdemeanor and shall be punished by imprisonment in a county jail not exceeding one year. For any second or subsequent willful violation of any requirement of this section, the person is guilty of a felony and shall be punished by imprisonment in the state prison for 16 months, or two or three years.

(4) If, after discharge from parole, the person is convicted of a felony or suffers a juvenile adjudication as specified in this

FELONY

MISDEMEANOR

subdivision, he or she shall be required to complete parole of at least one year, in addition to any other punishment imposed under this subdivision. A person convicted of a felony as specified in this subdivision may be granted probation only in the unusual case where the interests of justice would best be served. When probation is granted under this paragraph, the court shall specify on the record and shall enter into the minutes the circumstances indicating that the interests of justice would best be served by the disposition.

(5) Any person who has ever been adjudicated a sexually violent predator, as defined in Section 6600 of the Welfare and Institutions Code, and who fails to verify his or her registration every 90 days as required pursuant to subparagraph (E) of paragraph (1) of subdivision (a), shall be punished by imprisonment in the state prison, or in a county jail not exceeding one year.

(6) Except as otherwise provided in paragraph (5), any person who is required to register or reregister pursuant to clause (i) of subparagraph (C) of paragraph (1) of subdivision (a) and willfully fails to comply with the requirement that he or she reregister no less than every 30 days is guilty of a misdemeanor and shall be punished by imprisonment in a county jail at least 30 days, but not exceeding six months. A person who willfully fails to comply with the requirement that he or she reregister no less than every 30 days shall not be charged with this violation more often than once for a failure to register in any period of 90 days. Any person who willfully commits a third or subsequent violation of the requirements of subparagraph (C) of paragraph (1) of subdivision (a) that he or she reregister no less than every 30 days shall be punished in accordance with either paragraph (1) or (2) of this subdivision.

(7) Any person who fails to provide proof of residence as required by subparagraph (E) of paragraph (2) of subdivision (e), regardless of the offense upon which the duty to register is based, is guilty of a misdemeanor punishable by imprisonment in a county jail not exceeding six months.

(8) Any person who is required to register under this section who willfully violates any requirement of this section is guilty of a continuing offense as to each requirement he or she violated.

(9) In addition to any other penalty imposed under this subdivision, the failure to provide information required on registration and reregistration forms of the Department of Justice, or the provision of false information, is a crime punishable by imprisonment in a county jail for a period not exceeding one year.

(h) Whenever any person is released on parole or probation and is required to register under this section but fails to do so within the time prescribed, the parole authority * * * or the court, as the case may be, shall order the parole or probation of the person revoked. For purposes of this subdivision, "parole authority" has the same meaning as described in Section 3000.

(i) Except as otherwise provided by law, the statements, photographs, and fingerprints required by this section shall not be open to inspection by the public or by any person other than a regularly employed peace officer or other law enforcement officer.

(j) In any case in which a person who would be required to register pursuant to this section for a felony conviction is to be temporarily sent outside the institution where he or she is confined on any assignment within a city or county including firefighting, disaster control, or of whatever nature the assignment may be, the local law enforcement agency having jurisdiction over the place or places where the assignment shall occur shall be notified within a reasonable time prior to removal from the institution. This subdivision shall not apply to any person who is temporarily released under guard from the institution where he or she is confined.

(k) As used in this section, "mentally disordered sex offender" includes any person who has been determined to be a sexual psychopath or a mentally disordered sex offender under any provision which, on or before January 1, 1976, was contained in Division 6 (commencing with Section 6000) of the Welfare and Institutions Code.

(*l*)(1) Every person who, prior to January 1, 1997, is required to register under this section, shall be notified whenever he or she next reregisters of the reduction of the registration period from 14 to 5 working days. This notice shall be provided in writing by the registering agency or agencies. Failure to receive this notification shall be a defense against the penalties prescribed by subdivision (g) if the person did register within 14 days.

(2) Every person who, as a sexually violent predator, as defined in Section 6600 of the Welfare and Institutions Code, is required to verify his or her registration every 90 days, shall be notified wherever he or she next registers of his or her increased registration obligations. This notice shall be provided in writing by the registering agency or agencies. Failure to receive this notice shall be a defense against the penalties prescribed by paragraph (5) of subdivision (g).

(m) The registration provisions of this section are applicable to every person described in this section, without regard to when his or her crime or crimes were committed or his or her duty to register pursuant to this section arose, and to every offense described in this section, regardless of when it was committed.

(n) On or before June 1, 2010, the Department of Justice shall renovate the VCIN to do the following:

(1) Correct all software deficiencies affecting data integrity and include designated data fields for all mandated sex offender data.

(2) Consolidate and simplify program logic, thereby increasing system performance and reducing system maintenance costs.

(3) Provide all necessary data storage, processing, and search capabilities.

(4) Provide law enforcement agencies with full Internet access to all sex offender data and photos.

(5) Incorporate a flexible design structure to readily meet future demands for enhanced system functionality, including public Internet access to sex offender information pursuant to Section 290.46. *(Added by Stats.1985, c. 1474, § 2, operative Jan. 1, 1988. Amended by Stats.1986, c. 1299, § 7; Stats.1987, c. 753, § 3; Stats.1987, c. 1418, § 3.1; Stats.1989, c. 1316, § 2; Stats.1989, c. 1402, § 5; Stats.1989, c. 1407, § 4; Stats.1992, c. 197 (A.B.2297), § 1; Stats.1992, c. 695 (S.B.97), § 9, eff. Sept. 15, 1992; Stats.1993, c. 555 (A.B.191), § 1, eff. Sept. 28, 1993; Stats.1993, c. 589 (A.B. 2211), § 109; Stats.1993, c. 595 (A.B. 595), § 8; Stats.1994, c. 863 (A.B.3456), § 1; Stats.1994, c. 864 (A.B.1211), § 1; Stats.1994, c. 865 (A.B.3513), § 1; Stats.1994, c. 867 (A.B.2500), § 2.7; Stats.1995, c. 91 (S.B.975), § 120; Stats.1995, c. 85 (A.B.173), § 1; Stats.1995, c. 840 (S.B.295), § 2; Stats.1996, c. 908 (A.B.1562), § 2, eff. Sept. 25, 1996; Stats.1996, c. 909 (S.B.1378), § 2; Stats.1997, c. 17 (S.B.947), § 96; Stats.1997, c. 80 (A.B.213), § 1; Stats.1997, c. 817 (A.B.59), § 3; Stats.1997, c. 818 (A.B.1303), § 4; Stats.1997, c. 819 (S.B.314), § 1; Stats.1997, c. 820 (S.B.882), § 1; Stats.1997, c. 821 (A.B. 290), § 3, eff. Oct. 9, 1997; Stats.1997, c. 821 (A.B.290), § 3.5, eff. Oct. 9, 1997, operative Jan. 1, 1998; Stats.1998, c. 485 (A.B.2803), § 128–129; Stats.1998, c. 927 (A.B.796), § 1; Stats.1998, c. 928 (A.B.1927), § 1; Stats.1998, c. 929 (A.B.1745), § 1; Stats.1998, c. 930 (A.B.1078), § 1; Stats.1999, c. 83 (S.B.966), § 138; Stats.1999, c. 576 (A.B.1193), § 1; Stats.1999, c. 730 (S.B.1275), § 1; Stats.1999, c. 901 (S.B.341), § 1.5; Stats.2000, c. 240 (A.B.2502), § 1; Stats.2000, c. 287 (S.B.1955), § 7; Stats.2000, c. 648 (A.B.1340), § 1; Stats.2000, c. 649 (S.B.446), § 2.5; Stats.2001, c. 485 (A.B.1004), § 1; Stats.2001, c. 544 (A.B.4), § 1; Stats.2001,*

Ex "I"-2

*c. 843 (A.B.349), § 1.3; Stats.2002, c. 664 (A.B.3034), § 171; Stats.2002, c. 17 (S.B.836), § 1, eff. March 28, 2002; Stats.2003, c. 538 (S.B.356), § 1; Stats.2003, c. 540 (S.B.879), § 1; Stats.2003, c. 634 (A.B.1313), § 1.3, eff. Sept. 30, 2003; Stats.2004, c. 429 (A.B.2527), § 1; Stats.2004, c. 731 (S.B.1289), § 1; Stats.2004, c. 761 (A.B.2395), § 1.3; Stats. 2005, c. 704 (A.B.439), § 1; Stats.2005, c. 722 (A.B.1323), § 3, eff. Oct. 7, 2005; Stats.2005, c. 722 (A.B.1323), § 3.5, eff. Oct. 7, 2005, operative Jan. 1, 2006; Stats.2006, c. 538 (S.B.1852), § 500; Stats.2006, c. 337 (S.B. 1128), § 11, eff. Sept. 20, 2006.)*

**Validity**

*A prior version of this section was held unconstitutional as violating equal protection in the case of People v. Hofsheier (2006) 39 Cal.Rptr.3d 821, 37 Cal.4th 1185, 129 P.3d 29, on remand 2006 WL 1196585, unpublished.*

**Cross References**

Board of behavioral sciences, petitions for reinstatement or modification of penalty filed by registered sex offenders not considered, see Business and Professions Code § 4990.30.
Completion of imprison drug treatment, discharge from parole supervision, ineligibility of person required to register under this section, see Penal Code § 2933.4.
County sexual assault felony enforcement team programs, see Penal Code § 13887 et seq.
Destruction of records, retention period for misdemeanor sex offenses, see Government Code § 68152.
DNA and Forensic Identification Database and Data Bank Act,
Offenders subject to collection of specimens, samples and print impressions, see Penal Code § 296.
Reversal, dismissal or acquittal, request for expungement of information, specimens from persons no longer considered suspects, see Penal Code § 299.
Denial or revocation of physician's and surgeon's license, sex offenders, see Business and Professions Code §§ 2221 and 2232.
Legislative intent concerning treatment for sex offenders following incarceration, see Penal Code § 3000.
Legislative intent concerning treatment for sex offenders on probation, see Penal Code § 1202.7.
Licensed educational psychologists, persons convicted of sexual abuse of children and registered sex offenders ineligible for license, see Business and Professions Code § 4989.24.
Making available specific information about certain sex offenders available to the public via the Internet Web site, see Penal Code § 290.46.
Making available specified information about certain sex offenders available to the public via the Internet, see Penal Code § 290.46.
Massage personnel or owners or operators of massage business, license denial with respect to registered sex offenders, see Government Code § 51032.
Name change, restrictions, see Code of Civil Procedure § 1279.5.
Notice required before release of sex offender to long-term health care facility, see Health and Safety Code § 1312.
Parole, sex offenders, orders prohibiting contact or communication with victim or victim's family, see Penal Code § 3053.6.
Petition to seal court records by person arrested for misdemeanor while a minor, see Penal Code § 851.7.
Photographs of minors that are harmful matter, preservation of and access to evidence, application to actions under this section, see Penal Code § 1417.8.
Prohibition on use of public funds to provide erectile dysfunction treatments to sex offenders, see Welfare and Institutions Code § 14133.225.
Providing addresses of persons with outstanding arrest warrants, see Revenue and Taxation Code § 19500.
Release of persons required to register under this section, information to authorities, see Penal Code § 290.6.
Revocation of parole, refusal to sign duty to register form, see Penal Code § 3060.5.
School buildings or grounds, entry of sex offender, punishment, see Penal Code § 626.81.
Sex offender registrant parolees, residing in single family dwellings with other registrants, see Penal Code § 3003.5.
State-Authorized Risk Assessment Tool for Sex Offenders, see Penal Code § 290.04 et seq.
Teaching credentials, grounds for denial, see Education Code § 44346.
Teaching credentials, suspension for conviction of sex or narcotic offense, see Education Code § 44425.
Violent crime information center, online missing persons registry, historic database, see Penal Code § 14203.
Volunteer aides in schools, service by persons registered pursuant to this section, see Education Code § 35021.

**Research References**

West's California Judicial Council Forms GC-212, (06) Confidential Guardian Screening Form.
West's California Judicial Council Forms JV-590, (92) Order to Seal Juvenile Records.
West's California Judicial Council Forms NC-130, (01) Decree Changing Name.
California Jury Instructions - Criminal, 6th Ed. 10.41, Lewd Act With a Child Under Fourteen Years-Defined.
California Jury Instructions - Criminal, 6th Ed. App. B, Appendix B. Reasonable Doubt-The California Experience.
2 Witkin Cal. Crim. L. 3d Crimes Against Gov't Auth. § 101, Flight of Sex Offender.
2 Witkin Cal. Crim. L. 3d Crimes Against Peace Welf § 41, Disruptive Persons and Sex Offenders.
2 Witkin Cal. Crim. L. 3d Crimes Against Peace Welf § 49, (S 49) About Public Toilet.
2 Witkin Cal. Crim. L. 3d Crimes Against Peace Welf § 59, (S 59) in General.
1 Witkin Cal. Crim. L. 3d Crimes Against the Person § 296, Punishment.
6 Witkin Cal. Crim. L. 3d Criminal Appeal § 93, Power and Procedure.
6 Witkin Cal. Crim. L. 3d Criminal Judgment § 126, (S 126) Nature of Former Statute.
5 Witkin Cal. Crim. L. 3d Criminal Trial § 633, (S 633) Words in Common Usage.
5 Witkin Cal. Crim. L. 3d Criminal Trial § 711, In General.
1 Witkin Cal. Crim. L. 3d Defenses § 219, Limitation Periods.
1 Witkin Cal. Crim. L. 3d Defenses § 222, Commission of Crime.
1 Witkin Cal. Crim. L. 3d Defenses § 229, (S 229) in General.
1 Witkin Cal. Crim. L. 3d Criminal Elements § 7, (S 7) Wilfulness.
1 Witkin Cal. Crim. L. 3d Criminal Elements § 9, Facts that Must be Known.
1 Witkin Cal. Crim. L. 3d Introduction to Crimes § 15, (S 15) Other Valid Statutes.
1 Witkin Cal. Crim. L. 3d Introduction to Crimes § 24, General Rule.
1 Witkin Cal. Crim. L. 3d Introduction to Crimes § 42, California Decisions.
4 Witkin Cal. Crim. L. 3d Intro. to Crim. Proc. § 53, Collection of Forensic Information.
4 Witkin Cal. Crim. L. 3d Jurisdiction and Venue § 20, (S 20) Crime Committed in Part Within State.
4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 61, Notification Concerning Particular Offenses.
4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 279, (S 279) Direct Consequences.
4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 331, (S 331) Misadvisement.
4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 332, (S 332) Plea Properly Set Aside.
3 Witkin Cal. Crim. L. 3d Punishment § 89, Probation and Parole.
3 Witkin Cal. Crim. L. 3d Punishment § 118, (S 118) Other Offenses.
3 Witkin Cal. Crim. L. 3d Punishment § 120, (S 120) Sex Offenses.
3 Witkin Cal. Crim. L. 3d Punishment § 164, In General.
3 Witkin Cal. Crim. L. 3d Punishment § 165, Multiple Violations of Same Statute.
3 Witkin Cal. Crim. L. 3d Punishment § 184, Nature and Purpose.
3 Witkin Cal. Crim. L. 3d Punishment § 185, Persons Required to Register.
3 Witkin Cal. Crim. L. 3d Punishment § 186, Exemptions.
3 Witkin Cal. Crim. L. 3d Punishment § 187, Constitutionality.
3 Witkin Cal. Crim. L. 3d Punishment § 188, Violations.
3 Witkin Cal. Crim. L. 3d Punishment § 189, Collection of Information.
3 Witkin Cal. Crim. L. 3d Punishment § 191, Disclosure.
3 Witkin Cal. Crim. L. 3d Punishment § 257, (S 257) Element of Crime.
3 Witkin Cal. Crim. L. 3d Punishment § 297, Sex Offenses.
3 Witkin Cal. Crim. L. 3d Punishment § 298, (L) Crime Against Sex Offender.
3 Witkin Cal. Crim. L. 3d Punishment § 560, (S 560) in General.
3 Witkin Cal. Crim. L. 3d Punishment § 603, Remaining Effects of Conviction.

3 Witkin Cal. Crim. L. 3d Punishment § 605, In General.
3 Witkin Cal. Crim. L. 3d Punishment § 609, (S 609) Where Minor was Not Convicted.
3 Witkin Cal. Crim. L. 3d Punishment § 630, Mandatory Conditions.
3 Witkin Cal. Crim. L. 3d Punishment § 641, In General.
3 Witkin Cal. Crim. L. 3d Punishment § 671, In General.
3 Witkin Cal. Crim. L. 3d Punishment § 673, Order, Certificate, and Pardon.
3 Witkin Cal. Crim. L. 3d Punishment § 674, Effect of Certificate and Pardon.
3 Witkin Cal. Crim. L. 3d Punishment § 185A, (S 185A) (New) Transient Offenders.

**§ 290.01. Students or employees of universities, colleges, community colleges, or other institutions of higher learning; additional registration requirements; release of information to campus community**

(a)(1) Commencing October 28, 2002, every person required to register under Section 290 who is enrolled as a student of any university, college, community college, or other institution of higher learning, or is, with or without compensation, a full-time or part-time employee of that university, college, community college, or other institution of higher learning, or is carrying on a vocation at the university, college, community college, or other institution of higher learning, for more than 14 days, or for an aggregate period exceeding 30 days in a calendar year, shall, in addition to the registration required by Section 290, register with the campus police department within five working days of commencing enrollment or employment at that university, college, community college, or other institution of higher learning, on a form as may be required by the Department of Justice. The terms "employed or carries on a vocation" include employment whether or not financially compensated, volunteered, or performed for government or educational benefit. The registrant shall also notify the campus police department within five working days of ceasing to be enrolled or employed, or ceasing to carry on a vocation, at the university, college, community college, or other institution of higher learning.

(2) For purposes of this section, a campus police department is a police department of the University of California, California State University, or California Community College, established pursuant to Section 72330, 89560, or 92600 of the Education Code, or is a police department staffed with deputized or appointed personnel with peace officer status as provided in Section 830.6 of the Penal Code and is the law enforcement agency with the primary responsibility for investigating crimes occurring on the college or university campus on which it is located.

(b) If the university, college, community college, or other institution of higher learning has no campus police department, the registrant shall instead register pursuant to subdivision (a) with the police of the city in which the campus is located or the sheriff of the county in which the campus is located if the campus is located in an unincorporated area or in a city that has no police department, on a form as may be required by the Department of Justice. The requirements of subdivisions (a) and (b) are in addition to the requirements of Section 290.

(c) A first violation of this section is a misdemeanor punishable by a fine not to exceed one thousand dollars ($1,000). A second violation of this section is a misdemeanor punishable by imprisonment in a county jail for not more than six months, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine. A third or subsequent violation of this section is a misdemeanor punishable by imprisonment in a county jail for not more than one year, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.

(d)(1)(A) The following information regarding a registered sex offender on campus as to whom information shall not be made available to the public via the Internet Web site as provided in Section 290.46 may be released to members of the campus community by any campus police department or, if the university, college, community college, or other institution of higher learning has no police department, the police department or sheriff's department with jurisdiction over the campus, and any employees of those agencies, as required by Section 1092(f)(1)(I) of Title 20 of the United States Code:

(i) The offender's full name.

(ii) The offender's known aliases.

(iii) The offender's gender.

(iv) The offender's race.

(v) The offender's physical description.

(vi) The offender's photograph.

(vii) The offender's date of birth.

(viii) Crimes resulting in registration under Section 290.

(ix) The date of last registration or reregistration.

(B) The authority provided in this subdivision is in addition to the authority of a peace officer or law enforcement agency to provide information about a registered sex offender pursuant to Section 290.45, and exists notwithstanding subdivision (i) of Section 290 or any other provision of law.

(2) Any law enforcement entity and employees of any law enforcement entity listed in paragraph (1) shall be immune from civil or criminal liability for good faith conduct under this subdivision.

(3) Nothing in this subdivision shall be construed to authorize campus police departments or, if the university, college, community college, or other institution has no police department, the police department or sheriff's department with jurisdiction over the campus, to make disclosures about registrants intended to reach persons beyond the campus community.

(4)(A) Before being provided any information by an agency pursuant to this subdivision, a member of the campus community who requests that information shall sign a statement, on a form provided by the Department of Justice, stating that he or she is not a registered sex offender, that he or she understands the purpose of the release of information is to allow members of the campus community to protect themselves and their children from sex offenders, and that he or she understands it is unlawful to use information obtained pursuant to this subdivision to commit a crime against any registrant or to engage in illegal discrimination or harassment of any registrant. The signed statement shall be maintained in a file in the agency's office for a minimum of five years.

(B) An agency disseminating printed information pursuant to this subdivision shall maintain records of the means and dates of dissemination for a minimum of five years.

(5) For purposes of this subdivision, "campus community" means those persons present at, and those persons regularly frequenting, any place associated with an institution of higher education, including campuses; administrative and educational offices; laboratories; satellite facilities owned or utilized by the institution for educational instruction, business, or institutional events; and public areas contiguous to any campus or facility that are regularly frequented by students, employees, or volunteers of the campus. *(Added by Stats.2001, c. 544 (A.B.4), § 2. Amended by Stats.2003, c. 634 (A.B.1313), § 2, eff. Sept. 30, 2003; Stats.2004, c. 405 (S.B.1796), § 7; Stats.2005, c. 722 (A.B.1323), § 4, eff. Oct. 7, 2005.)*

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 184, Nature and Purpose.
3 Witkin Cal. Crim. L. 3d Punishment § 191, Disclosure.

EMERGENCY APPEAL PER 15 C.C.R., DIV 3, CHp 1, ART 8, § 3084.7 (CLASSIFICATION, etc.)

ATTN: D. GONZALES, CCII

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. ____ 2. ____ Log No. 1. ____ 2. ____ Category ____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JEFF S. GOUGH | V64431 | BRIDGING | A1-240-UP. |

A. Describe Problem: I AM UNLAWFULLY, AND UNCONSTITUTIONALLY IMPRISONED IN VIOLATION OF MY REGULATORY/STATUTORY/CONSTITUTIONAL RIGHTS. AS THAT YOU, D. GONZALES (CHUCKAWALLA VALLEY STATE PRISON), LITIGATION COORDINATOR, IS IN POSSESSION OF GOUGH V. SCHWARNEGGER, A PETITION FOR WRIT OF MANDAMUS (SEE MEMORANDUM (04/16/08)(D. GONZALES, CCII), PLEASE INCORPORATE BY REFERENCE THE VERIFIED ALLEGATIONS AND LEGAL CLAIMS RE THE FACT I AM NOT A CALIF PENAL CODE § 290 REGISTRANT AND RESPOND ACCORDINGLY. IN THE EVENT YOU STILL DEEM ME A P.C. § 290 REGISTRANT PLEASE SUPPORT YOUR CLAIM WITH DOCUMENTATION; THUSLY, I WILL BE ABLE TO FINALIZE MY CIVIL RIGHTS COMPLAINT AND JOIN STARVISH V. SCHWARNEGGER, CASE NO. 08-0187-JM-(POR).

If you need more space, attach one additional sheet.

B. Action Requested: REMOVE ANY REFERENCE I AM A P.C. § 290 REGISTRANT FROM THE CDC CASE FILE IN YOUR FILES.

Inmate/Parolee Signature: [signature] Date Submitted: 4/21/08

C. INFORMAL LEVEL (Date Received: 4/24/08)

Staff Response: The Litigation Coordinator does not perform the functions of inmate case work. I am not authorized to grant your requested action. As such, no amendments to, or removal of reference to PC 290 registration will be conducted by this office.

Staff Signature: D. Gonzales, CCII Date Returned to Inmate: 4/24/08

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: ____ Date Submitted: ____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ______ Due Date: ______

Interviewed by: ______

Staff Signature: ______ Title: ______ Date Completed: ______

Division Head Approved: Returned

Signature: ______ Title: ______ Date to Inmate: ______

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ______ Due Date: ______

☐ See Attached Letter

Signature: ______ Date Completed: ______

Warden/Superintendent Signature: ______ Date Returned to Inmate: ______

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other: ______

☐ See Attached Letter

Date: ______

CDC 602 (12/87)

File

JEFF S. GOUGH
CDCR No. V64431
P.O.B. 799002
SAN DIEGO, CALIF. 92179-9002

IN PROPRIA PERSONA

IN THE SUPERIOR COURT OF CALIFORNIA
FOR SAN DIEGO COUNTY, SOUTH BAY DIVISION

| | |
|---|---|
| JEFF S. GOUGH,<br>PETITIONER-RELATOR,<br>VS.<br>ARNOLD SCHWARZENEGGER, GOVERNOR OF CALIFORNIA; ROBERT TILLMAN, DIRECTOR OF CDC; ROBERT J. HERNANDEZ, WARDEN STATE PRISON,<br>RESPONDENTS,<br>PEOPLE OF CALIFORNIA,<br>REAL PARTY IN INTEREST. | CASE NO. 37-2008-00082635-CU-PT-CTL<br><br>PETITION FOR WRIT OF MANDAMUS AND DECLARATION OF JEFF S. GOUGH WITH EXHIBITS; DECLARATION OF MICHAEL STARUSH |

PETITIONER-RELATOR, JEFF S. GOUGH, IN PROPRIA PERSONA, HEREBY RESPECTFULLY PETITIONING THE ABOVE-ENTITLED COURT TO ISSUE A WRIT OF ADMINISTRATIVE MANDAMUS OR, IN THE ALTERNATIVE, AN ORDER TO SHOW CAUSE. THE HEREINUNDER REQUESTS FOR EXTRAORDINARY REMEDIAL ACTION IS DUE ENTIRELY ON THE CONDUCT OF PRISON AUTHORITIES THAT ARE SUBSERVIANT TO THE NAMED RESPONDENTS.

PETITIONER HAS LITTLE OR NO ACCESS TO THE FACILITY TWO LAW LIBRARY (IF AND WHEN IT IS ARBRITARILY OPEN); ERGO, HE HAS BORROWED THE FOLLOWING COMMON LAW CASES IN HIS HOPES THAT HE ASK THE HONORABLE COURT TO WAIVE THE DOCTRINE OF ADMINISTRATIVE EXHAUSTION (OGD ASSN. V. CITY OF TORRANCE (1974) 37 Cal.App.3d 830)

AS SUCH ATTEMPT WOULD BE INADEQUATE (GLENDALE CITY EMPLOYEES ASSN. V. CITY OF GLENDALE (1975)) AND/OR FUTILE (IN RE DEXTER, 25 CAL.3d 921 (1979) WHICH WOULD CAUSE UNNECESSARY DELAY OR IRREPARABLE INJURY (IN RE SERNA, 76 CAL. APP.3d 1010) AND MOST CERTAINLY BE AN INJUSTICE TO YOUR PETITIONER (GREENBLAT V. MUNRO, 161 Cal.App.2d 596 (1958) IF THIS HONORABLE COURT SHOULD NOT ACT JUDICIOUSLY.

PETITIONER WAS ARRESTED BY BPT COMMUNITY PAROLE AGENT GREG SEWELL ON 18 DECEMBER 2007 AND PLACED IN THE CUSTODY OF THE SAN DIEGO SHERIFF'S DEPARTMENT. SEE EXHIBIT "A" (CDC 1502(b) CHARGE SHEET (12/18/07). THERE WERE NO POLICE REPORT MADE BY THE UNIDENTIFIED "NEIGHBORS" OR OTHER INFORMATION DISCLOSED BY MR. SEWELL. WHILE IN THE TWO-DAY CUSTODY OF THE SAN DIEGO DOWNTOWN JAILERS MR. SEWELL VISITED YOUR PETITIONER WITH WHAT APPEARED TO BE TAUNTING AND TO HARASS PETITIONER. PETITIONER MADE A CITIZENS' COMPLAINT (PP 5-15 OF EXHIBIT "B") WHICH WAS RETURNED AS PART OF PETITIONER'S FUTILE ATTEMPT AT EXHAUSTING HIS ADMINISTRATIVE REMEDIES AT STATE'S RECEPTION CENTER PRISON AND BPT PAROLE REVOCATION TRIAL/HEARING CENTER. IBID.

AFTER THE PROBABLE CAUSE HEARING ON 01/04/08 PETITIONER WAS HELD TO ANSWER THE CHARGES (EXHIBIT "A") UNTIL THE FULL REVOCATION HEARING ON 01/18/08. THERE WAS NO AUDIO RECORDING OF THIS HEARING; THUSLY, PETITIONER CAN NOT CLAIM AS-OF-YET ANY VIOLATIONS OF EITHER REGULATORY, STATUTORY, AND/OR CONSTITUTIONAL VIOLATIONS.

ON 18 JANUARY 2008 PETITIONER HAD A FULL REVOCATION HEARING/TRIAL BEFORE THE DEPUTY COMMISSIONER KEITH BAKER. ALTHOUGH THERE WERE MANY IRREGULARITIES THAT MAY/SHOULD BE BROUGHT BY HABEAS CORPUS - PETITIONER PRESERVES SUCH ACTION - THE CAUSE FOR THIS, ARGUENDO GRATIS, ANCILLARY SUIT IS THAT PETITIONER HAS NOT: (1) RECEIVED "A WRITTEN STATEMENT BY THE [REVOCATION TRIAL] HEARING OFFICER AS TO THE EVIDENCE RELIED ON ..." (2) "... THE REASONS FOR THE DECISION, [E.G. SANCTION IF I WAS FOUND GUILTY] AND [3] TO RECEIVE A TAPE RECORDING OF THE REVOCATION HEARING." SEE EXHIBIT "C" (NOTICE OF PAROLE REVOCATION RIGHTS AND ACKNOWLEDGEMENT). TO DATE NONE OF THESE EVENTS HAVE HAPPENED EVEN THOUGH PETITIONER HAS MADE

REQUESTS-UPON-REQUEST FOR BOTH THE REPORT AND AUDIO TAPE. THE ONLY REQUEST THAT WAS ANSWER WAS A REQUEST MADE TO THE "BOARD OF PAROLE HEARINGS (DECISION PROCESSING AND SCHEDULING UNIT)" WHICH RESPONDED TO PETITIONER'S REQUEST FOR THE "REVOCATION HEARING TAPE." SEE EXHIBIT "D" (LTR IN RESPONSE TO PETITIONERS LTR OF (JANUARY _ 2008).

WITH THE AFOREMENTIONED "TAPE" PETITIONER STARTED THE PAIN-STAKING EFFORT TO PREPARE A TRANSCRIPTION TO USE IN HIS PRECIPIENT HABEAS CORPUS PETITION. ON THREE SEPARATE OCCASSIONS HE WAS ABLE TO USE A DONOVAN PRISON FACILITY TWO TAPE PLAYER (WITHOUT RECORDING CAPACITY) TO LISTEN TO THE TAPE. APPROXIMATELY HALFWAY THROUGH THE TAPE IT WOULD APPEAR THAT THE TRIAL/HEARING WAS NOT RECORDED. SEE DECLARATION OF JEFF S. GOUGH, AT PARA. 12. AT THIS POINT IN THE TRIAL NUMEROUS CONSTITUTIONAL, I.E., PROCEDURAL AND SUBSTANTIVE DUE PROCESS VIOLATIONS OCCURRED. IBID.

REGARDING THE AFOREMENTIONED REPORT PRISON AUTHORITIES WILL NOT EVEN RESPOND TO THE SO-CALLED "INMATE REQUEST FOR INTERVIEW" (GA-22 (9/92) CDC FORM). SEE E.G., EXHIBIT "E" (REQUEST FOR ADDRESSES INCLUDING "THE CAL. ATTY GENERAL'S D.O.J. (SEX OFFENDERS REGRISTRATION UNIT); CF. EXHIBIT "F" (CDC 602 INMATE/PAROLEE APPEALS (01/08/08) REJECTED (01/10/08) RESUBMITTED TO "COUNSELOR I" WITHOUT RESPONSE); EXHIBIT "G" (CDC 602 INMATE/PAROLEE APPEALS (01/08/08) REJECTED (01/10/08) RESUBMITTED TO BPT OFFICER AT DONOVAN WITHOUT RESPONSE). SEE IN RE WOODHAM (2002) 95 Cal.App.4th 438, 115 Cal.Rptr.2d 431 (BPT'S "UNACCEPTABLE" DELAY IN ANSWERING APPEALS VIOLATED DUE PROCESS).

TO BOLSTER PETITIONER'S CLAIM THE CDC/BPT AND IN PARTICULAR RESPONDENT ROBERT HERNANDEZ'S SUBORDINATE EMPLOYEES SIMPLY REFUSE TO PROVIDE MANDATORY ASSISTANCE TO THOSE SEEKING ACCESS TO THE COURTS, E.G., THE CASE OF STARUISH V. ARNOLD SCHWARNEGGER CASE # 08-0187-JM-POR (CIVIL RIGHTS SUIT ON THE SAME GROUNDS (P.C. §290 CDC/BPT-COMPELLED REGISTRATION; F.R.CIV.P. 23(b) CLASS ACTION PENDING; PENDING MR STARUISH'S COMPLIANCE WITH 28 U.S.C. § 1915 (a)). SEE EXHIBIT "H" (ORDER, CASE NO. 08-0187-JM (POR) (02/19/2008). INSTANT PETITIONER IS ASSISTING MR. STARUISH IN ALL PRE-TRIAL MATTERS PER JOHNSON V. AVERY, 89 S.CT. 747 (1969) (SEE DECLARATION OF JEFF S. GOUGH, PARA 15; DECLARATION OF MICHAEL STARUISH) AND

DONOVAN STATE PRISON EMPLOYEES ACTIVELY HINDER, IMPEDE, OR OUTRIGHT OBSTRUCT ANY ACCESS TO THE COURTS. IN PETITIONER'S CASE THE CDC/BPT SIMPLY REFUSE TO RESPOND TO ANY REQUESTS FOR THE MANDATORY REPORT. SEE EXHIBIT "C" (NTC OF RIGHTS); MORRISSEY V. BREWER, 408 U.S. 471 (1972). AS THE MORRISSEY CLEARLY ADMONISHED A PAROLEE FOUND GUILTY IS ENTITLED, AS A MATTER OF DUE PROCESS, TO A WRITTEN STATEMENT. Id. 408 U.S. @ 489. BY REGULATORY RIGHT PETITIONER IS ENTITLED TO A FULL AND COMPLETE AUDIO RECORDING (FROM CERTIFIED BEGINNING TO END). SEE EXHIBIT "C" @ BULLET #12.(1)

PETITIONER WOULD SUBMIT THAT UNDER THE PRESENT CIRCUMSTANCES THAT A WRIT OF MANDAMUS BE ISSUED OR AN ORDER TO SHOW CAUSE.

THE OTHER INDEPENDENT BASIS FOR THE ADMINISTRATIVE MANDAMUS IS THAT RESPONDENT WARDEN HERNANDEZ'S SUBORDINATE EMPLOYEES HAVE REFUSED TO ADDRESS THE FACT THAT PETITIONER IS NOT A PENAL CODE §290 REGISTRATION-REQUIRED PERSON. PETITIONER HAS MADE MORE THAN SEVERAL ATTEMPTS TO BPT COMMUNITY PAROLE AGENTS AT THE SO-CALLED "KURTZ STREET" PAROLE OFFICE TO REMOVE THIS STIGMA AND ALL ITS SPECIAL PAROLE CONDITIONS—TO NO AVAIL. NOTEWORTHY, PETITIONER WAS ONCE ARRESTED BY BPT COMMUNITY PAROLE AGENT FOR A SERIOUS VIOLATION OF LAW RE: "HE FAILED TO REGISTER IN A TIMELY MANNER." SEE EXHIBIT "B" @ B-2, B-5 THRU B-7; EXHIBIT "I" (CDCR 1502(b), P.O. I BRIZUELA (06/12/06)). THE BRIZUELA CHARGE AND/OR ALLEGATION WENT TO THE BPT REVOCATION TRIAL/HEARING AND PETITIONER PREVAILED AT THE, ARGUENDO, ADMINISTRATIVE LEVEL. SEE DECLARATION OF JEFF GOUGH, PARA 16.

WHEREFORE, PETITIONER PRAYS FOR THE FOLLOWING: (1) THAT THE COURT FIND THAT A WRIT OF MANDAMUS SHALL ISSUE DIRECTING THE NAMED RESPONDENTS TO PROVIDE A COPY OF THE PAROLE VIOLATION REPORT; (2) THAT THERE IS NO LEGAL CAUSE TO COMPELL PETITIONER TO BE A P.C.§290 REGISTERANT AND IT SHALL BE REMOVED; AND/OR A OSC SHALL BE ISSUED. RESPECTFULLY REQUESTED AND SUBMITTED THIS 12TH DAY OF MARCH 2008, IN THE YEAR OF MY LORD JESUS el MESSIAH & CHRIST.

[signature]
JEFF S. GOUGH – PETITIONER

(1) INSTANT PETITIONER WOULD POINT OUT THAT ONE OF THE CLAIMS FOR RELIEF IN STARVISH V. SCHWARZENEGGER, CASE NO. # 08-0187 JM (POR) IS: (1) WHETHER SCHWARZENEGGER'S PAROLE REVOCATION SCHEME IS IN VIOLATION OF DUE PROCESS; AND (2) SEPARATION OF POWERS.

DECLARATION

I, JEFF S. GOUGH, DECLARE AND SAYTH AS FOLLOWS:

1. I AM OF MAJORITY AGE (52 YEARS) AND MAKE THIS DECLARATION IN SUPPORT OF MY PETITION FOR WRIT OF ADMINISTRATIVE MANDAMUS FILED HEREWITH.

2. I DECLARE THAT EXHIBITS "A" THRU "I" ARE TRUE AND CORRECT COPIES OF MY DOCUMENTS (ORIGINALS OR OTHERWISE).

3. IN 1984 I WAS ARRESTED AND CONVICTED, VIA A NOLO PLEA AGREEMENT, TO A SINGLE CHARGE OF MISDEMEANOR SEXUAL BATTERY (P.C § 243.4) AND WAS PLACED ON PROBATION, FINED, AND WAS NOT REQUIRED TO COMPLY WITH P.C. § 290 BY THE COURT. EXHIBIT B-10 THRU B-16 IS THE COURT RECORDS FOR PEOPLE V. GOUGH, CRN-9187 AND SUBSTANIATES MY DECLARATION.

4. IN THE YEAR OF 2002 I WAS FOUND GUILTY OF P.C § 422 AND SENTENCED TO PROBATION, FINED, AND WAS NOT REQUIRED TO COMPLY WITH P.C. § 290 BY THE COURT, JUDGE JEFFERY FRASER, PRESIDING.

5. IN 2004 I VIOLATED PROBATION AND COMMITTED TO THE CUSTODY OF THE CDC, WHEREUPON MY RELEASE I WAS ORDERED, OVER MY OBJECTIONS, TO COMPLY WITH THE P.C. § 290 REGISTERATION REQUIREMENTS.

6. ON 6/12/06 I WAS ARRESTED BY BPT PAROLE AGENT I BRIZUELA FOR NOT TIMELY REGISTERING, HELD IN CUSTODY OVER-NITE, NOT CHARGED BY THE DISTRICT ATTORNEY, AND RELEASED PENDING A BPT REVOCATION HEARING. AT THE REVOCATION HEARING I PRESENTED DOCUMENTS FROM EXHIBIT B-10 THRU B-16 AND WAS NOT CONVICTED BECAUSE THERE WAS NO GROUNDS.

7. I WAS UNDER THE IMPRESSION MR. BRIZUELA WOULD REMOVE THE § 290 REGISTRATION REQUIREMENT AND REMOVE SUCH STIGMA FROM BOTH THE CDC CASE FILE AND NOTIFY THE STATE D.O.J. OF THIS ERROR.

8. ON 12/18/08 I WAS ARRESTED IN PART DUE TO A P.C. § 290-RELATED OFFENSE PER A "SPECIAL CONDITION" OF PAROLE.

9. ON 01/18/08 I WAS CONVICTED AT A PAROLE REVOCATION TRIAL BY A DEPUTY

COMMISSIONER KEITH BAKER- AS IT WOULD APPEAR- OF THIS CHARGE.

10. ALTHOUGH I HAVE MADE MANY ATTEMPTS TO INFORMALLY RESOLVE THIS P.C.§ 290 MATTER, WITH SUPPORTING DOCUMENTATION (EXHIBIT "B"), THE CDC/BPT REFUSE TO CONSIDER THESE DOCUMENTS OR PROTESTATIONS OF INNOCENCE.

11. IN FACT, MANY OF MY ATTEMPTS AT ADMINISTRATIVE REMEDIES ARE REJECTED FOR SPECIOUS AND SPURIOUS REASONS (SEE EXHIBITS "B", "F", & "G").

12. I AM NOT ABLE TO OBTAIN A FINAL PAROLE REVOCATION REPORT OR A FULL AND COMPLETE COPY OF THE PAROLE REVOCATION TRIAL ALTHOUGH I HAVE DEMANDED SAME TO THE POINT OF AD NASEUM. THE TAPE I HAVE IS INCOMPLETE AND THUSLY WITHOUT VALUE.

13. I CAN NOT PROPERLY PREPARE A PETITION FOR WRIT OF HABEAS CORPUS WITHOUT THE REPORT AND COMPLETE TAPE. I HAVE THE INCOMPLETE AND WILL PRODUCE IF REQUESTED.

14. I BELIEVE I HAVE NO READIABLE ALTERNATIVES THAN THIS EXTRAORDINARY WRIT. I BELIEVE I AM BOTH UNLAWFULLY AND UNCONSTITUTIONALLY INCARCERATED AND CANNOT FULLY RESEARCH AND SUBMIT A HABEAS CORPUS PETITION OR OTHER LEGAL PLEADINGS WITHOUT THE REPORT AND COMPLETE TAPE.

15. I AM PRESENTLY & ASSISTING MR. MICHAEL STARVISH IN STARVISH V. SCHWARZENEGGER CASE NO. 08-0187-JM-POR PER JOHNSON V. AVERY, 89 S.Ct. 747 (1969) IN ALL PRETRIAL MATTERS. I WILL BE SEEKING LEAVE OF JUDGE JEFFERY MILLER TO BE NAMED NOT ONLY THE LEAD LITIGANT BUT ALSO A MEMBER OF THE CDC/BPT- VICTIMS OF THEIR P.C.§290 STIGMATION OF COMMUNITY RELEASED PAROLEES. THERE ARE MANY SUCH VICTIMS ON DONAVON'S "PROTECTIVE CUSTODY YARD."

16. ON 12 JUNE 2006 I WAS ARREST BY PAROLE OFFICER BRIZUELA AND RELEASED THE NEXT. NEVERTHELESS, THE CHARGE (EXHIBIT "I") WAS REFERRED TO THE REVOCATION BOARD AND I WAS FOUND INNOCENT OF ANY REQUIREMENT THAT I WAS A P.C.§290 REQUIRED REGISTRANT. I WAS NEVER ARRESTED OR PROSECUTED BY THE STATE.

I, JEFF S. GOUGH, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT UNDER THE LAWS OF THE STATE OF CALIFORNIA PER P.C.§118(a) AND 28 U.S.C.§ 1746(2) THIS 12th DAY OF MARCH, 2008. [signature]

JEFF S. GOUGH - DECLARANT