<u>DECLARATION</u>

I, MICHAEL STARVISH, DECLARE AND SAYTH AS FOLLOWS:

1. I AM OF MAJORITY AGE ( 46 ) AND NOT A PARTY TO GOUGH / SCHWARZENEGGER (NO CASE # NOTE) WHICH IS A MANDAMUS PROCEEDING. I MAKE THIS DECLARATION FOR JEFF S. GOUGH (CDCR # V64431) TO USE FOR PURPOSES OF THAT SAID PROCEEDING.

2. ON OR ABOUT 01/16/08 I MOVED INTO CELL # 248 AT DONOVAN STATE PRISON.

3. ON OR ABOUT 01/21/08 MR. GOUGH PREPARE A 42 U.S.C. § 1983, § 1985. WITH A REQUEST FOR CLASS ACTION CERTIFICATION. DUE TO MY CUSTODY STATUS I NOR MR GOUGH WERE ABLE TO OBTAIN THE SO-CALLED "CERTIFICATION OF INMATE TRUST FUND" TO FINALIZE THE FILING OF SAID SUIT WITH THE FEDERAL JUDICIAL COUNCIL FORMS. AS AN ALTERNATIVE, MR. GOUGH PREPARED AND I READ AND EXECUTED A HANDWRITTEN "APPLICATION" WHICH WAS REJECT AS NOT IN COMPLIANCE WITH 28 U.S.C. § 1915(a).

4. ON 02/23/08 OR THERE ABOUTS I RECIEVED THE COURT ORDER AND PROCEED TO COMPLY WITH ITS INSTRUCTS. AS OF THIS DATE I HAVE NOT RECEIVED A RESPONSE TO MY REQUEST FOR ASSISTANCE SO I CAN ACCESS THE COURTS, TO WIT: A CERTIFIED COPY OF THE SAID CERTIFICATION.

5. I BELIEVE DONOVAN PRISON AUTHORITIES ARE ACTIVELY ATTEMPTING TO OBSTRUCT, IMPED. AND/OR HINDER MY ACCESS TO THE COURTS. PER 28 U.S.C. § 1446(2) I DECLARE IT SO.

DATED: 03/12/08

MICHAEL STARVISH (CDC # F29516

STATE OF CALIFORNIA
**CHARGE REPORT**
CDC 1502 (b) (07/04)

DISTRIBUTION
ORIGINAL - C-File
1ST COPY - Field File
2ND COPY - Parole

DEPARTMENT OF CORRECTIONS

REPORT TO:    [X]  BOARD OF PRISON TERMS

COPY

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT |
|---|---|---|---|
| V64431 | GOUGH, JEFFREY | SAME | IV/SDI |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| 12-18-07 | STATE PAROLE | MANDATORY  [X] NON-MANDATORY | 7792847/SD CENTRAL JAIL |

| ARREST CODE | * ARREST CODES: | | |
|---|---|---|---|
| AB | A     P&CSD STAFF ALONE | B    LAW ENFORCEMENT AGENCY ALONE | |
| | AB   P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY | D    LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD | |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 12-18-07 | 12-18-07 | INTACT | SEWELL | 11-08-08 | 11-08-08 | |

| CHARGES AND CODES | | CHARGES AND CODES | |
|---|---|---|---|
| 1. | Battery without serious injury (451) | 4. | |
| 2. | Violation of special condition for possession of porn DVD's (019) | 5. | |
| 3. | Violation of special condition for possession of toys (019) | 6. | |

| REASON FOR RETAINING PAROLE HOLD; PAROLEE DANGER TO: | | | | DATE COPY GIVEN TO PAROLEE | NAME OF PERSON NOTICING PAROLEE |
|---|---|---|---|---|---|
| [ ] ABSCOND | [ ] SELF | [ ] PROPERTY-OTHERS | [ ] SAFETY-OTHERS | | |

On 12-17-07, the Agent of Record received a call from one of the subject's neighbors, who informed the Agent that the subject had recently committed a battery against him by hitting him in his face.

On 12-18-07, Officers from State Parole and the San Diego Police Department contacted the subject at his residence and conducted a parole search. During the search of the subject's residence, Parole Agents found two adult pornographic DVD movies in a dresser in an upper bedroom. Inside another upper bedroom, Agents found two toy stuffed animals on a desk. It is noted that the subject is a PC290 registrant and has special conditions of parole not to possess pornographic material or toys.

PAROLE AGENT'S RECOMMENDATION:
Retain hold, agent to investigate.

| | PAROLE AGENT'S SIGNATURE | DATE |
|---|---|---|
| | SEWELL | 12-18-07 |

| UNIT SUPERVISOR'S ACTION | | RELEASE HOLD AS OF (DATE): | |
|---|---|---|---|
| [X] DECISION  [ ] REVIEW  [X] RETAIN HOLD | | | [ ] CANCEL WARRANTS — WANTS |
| [ ] CONTINUE ON PAROLE | [ ] CONTINUE IN OUT PATIENT STATUS | *DISCHARGE EFFECTIVE (DATE): | [ ] RETAIN ON |
| [ ] REINSTATE ON PAROLE AS OF (DATE): | [ ] TIME LOSS  [ ] NO TIME LOSS   SUSPEND/REINSTATE IN OPS AS OF (DATE): | REFER TO BPT/NAEA | INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE): |
| [ ] SPECIAL CONDITION(S): | | [ ] ADD | [ ] DELETE |

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION

| [X] I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD | UNIT SUPERVISOR'S SIGNATURE | DATE 12-18-07 |
|---|---|---|

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

| [ ] REFER TO BPT/NAEA | *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|

"A"

REC'd 3/7/08

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*February 29, 2008*

**GOUGH, V64431**
*F21000000000248U*

Log Number: RJD-2-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*This appeal constitutes an abuse of the appeal process pursuant to CCR 3084.4. Your appeal cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation CCR 3084(c).*

*YOUR ACTION REQUESTED IS NOT CLEAR. SEEK ASSISTANCE FROM YOUR CCI IF NEEDED TO CLARIFY YOU ISSUE.*

Appeals Coordinator
Richard J. Donovan Correctional Facility

NOTE:  Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |

"B"-1

EMERGENCY APPEAL
PLEASE EXCUSE LATENESS
LAW LIB CLOSED - GOOD CAUSE!

**RECEIVED**

FEB 29 2008

RICHARD J. DONOVAN CORR. FAC.
APPEALS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: _____  Institution/Parole Region  Log No.  Category _____
1. _____        1. _____
2. _____        2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| JEFFREY S. GOUGH | V64431 | | F2-10-248u |

**A. Describe Problem:** ON 01/03/08 I WAS PLACED IN "ADMIN. SEG." DUE TO THREATS BY THE CDC-SANCTIONED "SKIN HEADS" ON YARD-4 (RECEPTION YARD). I AM/WAS 51 YEARS OLD AND WAS IN "FEAR" FOR MY "SAFETY." SEE CDC 114-D (ADMIN. ORDER). THE ONLY "CASE FACTORS" THAT ⊗ PRECIPITATED BOTH MY REASONABLE "FEAR" AND PLACEMENT IN THE GREATLY MORE RESTRICTIVE ADMIN. BUILDING ON DONOVAN'S YARD #2 WAS THE ERROR BY ᴬ CDC COUNSELOR BACK IN/ON 11/16/05 (CRC) WHO ORDERED ME ⊗ UNDER P.C. § 290(h) (PAROLE SHALL BE REVOKED FOR FAILING TO REGISTER)-THREAT OF PRE-RELEASE REVOCATION OF PAROLE. DUE TO THIS UNLAWFUL ORDER THE D.O.J. ENTERED ME IN THE §290 REGISTRY. SEE P.C. § 290 ⊗ (d)(4). ON MORE THAN SEVERAL OCCASIONS I GOT ⊗ THE BPT COMMUNITY OFFICE AT KURTZ TO GREG SEWELL WHO REFUSED TO ACCEPT OR DISCUSS. IN FACT HE ARRESTED ME. SEE § 832.5 CITIZEN COMPLAINT (2/1/81). I AM NOT A PC§290 REGISTRANT. SEE CASE FILE # CRN-9187 (1984 CASE); SEE ALSO

If you need more space, attach one additional sheet. ROUGH DRAFT OF "STATEMENT OF LAW" RE: P.C. §290 AND CDC/BPT. ||| ⊗ HAVE MORE DOCUMENTS

**B. Action Requested:** (1) I WOULD ASK THAT THE APPEALS COORDINATOR WAIVE NORMAL APPEALS DUE THE FACT THE NON-LAWYER WOULD NOT APPRECIATE THE FAR-REACHING IMPACT OF ANY DECISION OF THIS ULTRA VIRES CLAIM S (2) THAT I AM NOT LAWFULLY IN CUSTODY (ORDER BPT 01/18/07 PAROLE HEARING FOR A REAL "LAUGH" ON "ARNIES" DC/BPT "KANAGROO" SECRET COURT VIOLATION(S) OF BOTH PROCEDURAL AND SUBSTANTIVE DUE PROCESS BY CAPT. "KANAGROO" DEPUTY COMMISSIONER - IT UNBELIEVABLE! (3) I ASK FOR EXPEDITIOUS EQUITABLE REMEDIAL OR TAKE LIS MOTA - OK. THANK-YOU WAIT!!!

Inmate/Parolee Signature: _____   Date Submitted: 2/16/08

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____   Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

"B"-2

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ____________________

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ____________ Due Date: ____________

Interviewed by: ____________________

Staff Signature: ____________ Title: ____________ Date Completed: ____________

Division Head Approved: Returned

Signature: ____________ Title: ____________ Date to Inmate: ____________

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ____________ Date Submitted: ____________

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ____________________

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ____________ Due Date: ____________

☐ See Attached Letter

Signature: ____________ Date Completed: ____________

Warden/Superintendent Signature: ____________ Date Returned to Inmate: ____________

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ____________ Date Submitted: ____________

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ____________________

☐ See Attached Letter

Date: ____________

CDC 602 (12/87)

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| GOUGH                              (5) | V-04431 |

## REASON(S) FOR PLACEMENT (PART A)

[x] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[x] ENDANGERS INSTITUTION SECURITY        [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Thursday, January 3, 2008, you (Inmate GOUGH, V-04431, F4-18-131U) are being placed in the Administrative Segregation Unit (ASU), based on the following: on 1-3-08, at approximately 1300 hours, you advised Facility IV Staff that you feared for your safety in Facility IV, based upon your case factors. Therefore, your continued presence in the general Facility IV population is deemed a threat to the safety of persons and institution security. You will remain in ASU, pending administrative review for appropriate program/housing needs.
MH/SE: CLEAR

| [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | / / | |
|---|---|---|---|
| DATE OF ASU PLACEMENT 1-3-08 | SEGREGATION AUTHORITY'S PRINTED NAME P. FISTER | SIGNATURE | TITLE C/Lieutenant |
| DATE NOTICE SERVED 1-3-08 | TIME SERVED 1440 | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE S. MILLER | SIGNATURE | STAFF'S TITLE S/O |
| [ ] INMATE REFUSED TO SIGN | | INMATE SIGNATURE | CDC NUMBER V-04431 |

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | |
|---|---|---|
| LITERATE? | [x] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY |
| FLUENT IN ENGLISH? | [x] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE |
| ABLE TO COMPREHEND ISSUES? | [x] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [x] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES [ ] NO | |

Evidence collection column:  [x] YES [ ] NO / [x] YES [ ] NO / [x] YES [ ] NO / [ ] YES [ ] NO

Any "NO" requires SA assignment        Any "NO" may require IE assignment

[x] NOT ASSIGNED        [ ] NOT ASSIGNED

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER        [x] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[x] NO WITNESSES REQUESTED BY INMATE        INMATE SIGNATURE        DATE 1-4-08

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

DECISION: [ ] RELEASE TO UNIT/FACILITY        [x] RETAIN PENDING ICC REVIEW        [ ] DOUBLE CELL        [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: _In plain (1981) penal battery_  _@ 2 w required_

_Transferred to Ad/mate, retain ASU, D/C prior_
_to ICC, Schedule_

| ADMINISTRATIVE REVIEWER'S PRINTED NAME Hinrich | TITLE CAPT | DATE OF REVIEW 1-4-08 | TIME NOON | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See chronological Classification Review document (CDC 128 - G) for specific hearing information

"B"-3

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D  (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| JUN            (5) | V-0431 |

## REASON(S) FOR PLACEMENT (PART A)

☒ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
☒ ENDANGERS INSTITUTION SECURITY    ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Thursday, January 3, 2008, you (Inmate SOUN, V-0431, B4-12-131U) are being placed in the Administrative Segregation Unit (ASU), based on the following: on 1-3-08, at approximately 1300 hours, you advised Facility IV Staff that you feared for your safety in Facility IV, based upon your case factors. Therefore, your continued presence in the general Facility IV population is deemed a threat to the safety of persons and institution security. You will remain in ASU, pending administrative review for appropriate program/housing needs.
MHOS: CLEAR

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:    /    /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 1-3-08 | P. ZINSER | | C/Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| | | | | |

☐ INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
| | | | |

### IS THIS INMATE:

| | | | |
|---|---|---|---|
| LITERATE? | ☐ YES ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY | ☐ YES ☐ NO |
| FLUENT IN ENGLISH? | ☐ YES ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | ☐ YES ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☐ YES ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☐ YES ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☐ YES ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | |

Any "NO" requires SA assignment

☐ NOT ASSIGNED

☐ NOT ASSIGNED

Any "NO" may require IE assignment

### INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** ☐ RELEASE TO UNIT/FACILITY_____    ☐ RETAIN PENDING ICC REVIEW    ☐ DOUBLE CELL    ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G)  for specific hearing information**

B-4

NOTE: SUBMITTED TO SACRAMENTO!!!
W/ ADMIN EXHAUSTION WAIVER

# § 832.5 CITIZENS' COMPLAINTS AGAINST PERSONNEL;
## INVESTIGATION; DESCRIPTION OF PROCEDURE; RETENTION OF RECORDS.

(a) Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens' complaints against the personnel of such departments or agencies and shall make a written description of the procedure available to the public.

(b) Complaints and any reports or findings relating thereto shall be retained for a period of at least five years. (Added by Stats. 1974, c. 29 § 1. Amended by Stats. 1978, c. 630 § 4.) (All reference to California Penal Code 1994.)

## PERSONNEL COMPLAINT:

Complainant JEFFREY GOUGH (CDC #V64931)

Address R.J. DONOVAN, P.O.B. 799002, F2-10-248L &
(UPON RELEASE: 1270 ROSECRANS ST, #646, S.D. CA 92101
4064 HUERFANO RD. #260, P.B. CA 92109)

City SAN DIEGO   State CALIF   Zip 92179-9002

Residence phone (_____) _____

Business phone (_____) _____

Date and time of incident FEB OF 2007 TO JANUARY 18, 2008

Location of incident 4064 HUERFANO ST., #260, PACIFIC BEACH, CA

**☑ Check only one:**
1. ☐ Police Department
2. ☐ California Highway Patrol
3. ☐ U.S. Marshall
4. ☐ Sheriff's Department
5. ☐ Medical Staff
6. ☐ District Attorney
7. ☐ County Grand Jury
8. ☐ Internal Affairs
9. ☑ Department of Corrections
10. ☐ Bar Association

Personnel involved "CDC/BPT COMM. "CONCEALED" GUN CARRYING PAROLE AGENTS WICKLINE (UNABLE TO OB-TAIN THE NAME) I. BRIZUELA, GREG SEWELL (KURTZ ST. S.D. CAL); BPT DEP. COMM. K. FLEMING AND

Names and addresses of witnesses KAREN ARCHER & RICHARD OVERTON, 4064 HUERFANO ST, #257, PACIFIC BEACH, CALIFORNIA & UNIDENTIFIED "KURTZ ST." PAROLE OFFICER AND UNIDENTIFIED MEMBERS OF THE SAN DIEGO SHERIFF'S DEPARTMENT. (LAW ENFORCEMENT OFFICERS NOT INCLUDED HEREIN AS TO ANY ETHICAL, PROFESSIONAL AND/OR LEGAL LIABILTIES BASED ON THESE FACTS).

Statement of complaint I JEFF GOUGH ("Δ") AM CHARGING BPT COMMUNITY PAROLE AGENT GREG SEWELL OF THE "KURTZ STREET" PAROLE OFFICE WITH SERIOUS ETHICAL, PROFESSIONAL, UNLAW-VIOLATIONS OF MY U.S. CONST. AMENDMENT RIGHTS, TO WIT: 1ˢᵗ, 4ᵗʰ, 5ᵗʰ, 8ᵗʰ & 13ᵗʰ AMENDMENTS. ① SEWELL ON AT LEAST OCCASSIONS (OCT/NOV OF 2007) REFUSED TO ACCEPT CDC FORM 602s AT THE KURTZ ST. OFFICE REGARDING THE FACT I AM NOT LEGALLY REQUIRED TO COM-PLY WITH THE P.C. & 29D REGISTRATION REQUIREMENTS. (I HAVE THE FILE ⁿᵒ CASE # CRN-9187 (DA # A781490) (1984) FOR OVER 20 YEARS Δ HAS NOT BEEN REQUIRED TO COMP-PLY WITH § 290. YOU MAY ORDER THE 1/18/08 PAROLE REVOCATION HEARING TO SUB-STANTIATE THIS CLAIM AND OTHERS BELOW FROM: BOARD OF PAROLE HEARINGS, DECISION PROCESSING UNIT, P.O. BOX 4036, SACRAMENTO, CAL. 95812 (IN RE BPT PAROLE REVOCATION OF JEFF S. GOUGH, CDC # V64931, ON 01/18/08). ② MY EFFORTS TO INFORMALLY RESOLVE THIS SITUATION INCLUDE THE FOLLOWING: (A) ONLY ON MY RELEASE FROM C.D.C. CUSTODY BACK IN NOVEMBER OF 2009 WAS I INFORMED THAT I HAD TO COM-

FN ⊗ AS "PEACE OFFICER" (LIKE A SECURITY GUARD) PAROLE AGENTS ARE NOT LEGALLY ALLOWED TO CARRY
(CRA 02419/1 92 [832.5 CAP]) A "CONCEALED GUN" - Side A. - LIKE GREG SEWELL. THIS ISSUE WAS
LITIGATED IN THE S. DIST. FED. COURT AND IT WAS DECIDED THE S.D. HARBOR POLICE COULD ①
CARRY AN EXPOSED GUN LIKE ANY SECURITY GUARD OR OTHER LAWFUL PERSON.

"B"-5

WITH PENAL CODE § 290 OR FACE IMMEDIATE PAROLE REVOCATION AND RETURN TO PRISON. ③ ON 6/12/06 Δ WAS TAKEN INTO CUSTODY BY S.D. SHERIFF'S OFFICERS AT THE INSTRUCTION OF PAROLE AGENT I. BRIZUELA FOR VIOLATING PENAL CODE § 290 AND TRANSPORTED TO THE DOWNTOWN JAIL; AND THEN RELEASED THE NEXT DAY EVEN THOUGH THE CHARGE WAS FAILING TO "REGISTER IN A TIMELY MANNER" IN CLEAR VIOLATION OF P.C. § 290, SEE EXHIBIT "___" ("CHARGE REPORT"). WITHOUT ANY STATE PROSECUTION THE CHARGE WAS REFERRED TO BPTs FOR CONSIDERATION. IBID. AT THE HEARING — WHICH Δ APPEARED VOLUNTARILY — HE PRESENTED THE DOCUMENTS COMPRISING CR N° 9187 (SUPRA) WITH VERY LIMITED DISCUSSION THE COMMISSIONER INFORMED Δ THERE WAS NO GROUNDS AND HE WAS "C.O.P.'d" MOREOVER, IT SHOULD BE NOTED THAT BRIZUELA INFORMED Δ THAT HE COULD NOT FIND ANY EXECUTED "CONDITIONS OF PAROLE" AND THAT Δ WOULD BE SCHEDULED TO COME-IN. ④ Δ MOVED TO PACIFIC BEACH IN EARLY 2006 AND VARIOUS BPT PAROLE AGENTS: BRIZUELA, SANCHEZ, MALTOAST, AND EVEN GREG SEWELL APPROVED OF THE CONDO (4064 HUERFANO #260, PACIFIC BEACH, CAL. 92117) OF WHICH Δ HAD ENTERED INTO AN AGREEMENT TO PURCHASE FROM JORDON GRIFFIN (SEE GOUGH V. GRIFFIN CASE # _____ (HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA, DEPT. #25, JUDGE R. A. ARREOLA, TELEPHONE # 619-531-3800). ⑤ ANY INVESTIGATOR SHOULD NOTE THAT GREG SEWELL IS ALSO NAMED TO BE SUBPOENA'd IN THREE CALIF. CODE § 2035(a) PROCEEDINGS TO WHICH HE STATED HE WOULD "REFUSED" TO BE SUBPOENA'd TO — IN FACT HE WAS VERY ANGRY AND THREATEN ME PERSONALLY. ⑥ ON 11/19/07 Δ INITIATED A CIVIL TRO PROCEEDING AGAINST MS. KAREN ARCHER. AND HER LIVE-IN BOYFRIEND, RICHARD OVERTON (BOTH LIVE AT 4064 HUERFANO #257 PACIFIC BEACH, CALIF.). THE RECORD OF THAT TRO PROCEEDING: GOUGH-AOSHIMA V. KAREN ARCHER (CASE #: 37-2007-00082027-CU-HR-CTL) (SAME JUDGE ARREOLA). —CONT—

Use additional sheets of 8 1/2' x 11" white paper if necessary. Attach all relevant supporting documentation.)

I, the undersigned declare under penalty of perjury under the laws of the State of California that the foregoing complaint is true and correct and as to such facts averred upon information and belief, that I am so informed and believe the same to be true, and affix my signature hereto.

Dated this _2_ day of _FEB_ _2008_

7 Attachments
No. of pages  2

_(signature)_

(Complainant Signature)

CRA 02419/ 1-92 (832.5 CAPC))

- Side B. -

②

B-6

CONTINUED P.C § 832.5 CITIZEN'S COMPLAINT AGAINST CDC/BPT DEPT. OF CORRECTION

IS FULL OF REFERENCES TO GREG "SEWELL" AND IN FACT ON 1/18/08 SEWELL EFFECTUATED THE LEGAL SERVE OF A "CROSS-TRO" VIZ. THE HANDS OF RICHARD OVERTON. NOTEWORTHY IN THAT PARTICULAR DOCUMENT JUDGE HAD DECLINED TO ISSUE ANY RESTRAINING ORDERS AGAINST △ ON AT LEAST TWO OCCASSIONS, TO WIT: 12/11/07 AND 12/19/07. UNDISCOURAGED AND WITH THE ASSISTANCE OF SEWELL THEY CONSPIRED TO AVOID ANY JUDICIAL PROCESS AGAINST THEM, INCLUDING JORDON GRIFFIN. IT IS △'s CONTENTION THAT SEWELL'S CONDUCT MUST BE EXAMINED AS TO ETHICAL, PROFESSIONAL, AND LEGALITY TO DETERMINE WHETHER HE HAS ANY MOTIVES NOT OPENLY DISCLOSED! ⑦ FURTHERMORE, IT SHOULD BE NOTED THAT SEWELL SUBORNED PERJURY UNDER SWORN OATH. DURING THE SAID HEARING RICHARD OVERTON, SEWELL'S WITNESS, STATED THAT HE HAD NO INTEREST NOR WAS NOT NAMED IN THE TRO, THIS PERJURIOUS STATEMENT WAS KNOWN—FOR SHOULD HAVE BEEN KNOWN— CONSIDERING THE FACT SEWELL HAD ON AT LEAST TWO OCCASSION PERSONALLY INTERVIEWED RICHARD OVERTON. INTERESTING ENOUGH ACCORDING TO SEWELL'S CHARGE SHEET HE ONLY RECEIVED INFORMATION THE NIGHT BEFORE HE ARRESTED △. ⑧ △ WOULD ALSO EMPHASIS THAT I SEWELL HAD BEEN INFORMED OF THE SITUATION W/OVERTON FOR MORE THAN FIVE WEEKS, TO WIT: (a) SEWELL WAS INFORMED ON 11/12/07 THAT △ HAD TO CALL 911 IN REGARDS TO OVERTON; (b) THAT △ HAD MET W/ S.D.P.D. OFFICER CONKIN (NORTH DIVISION) TO REPORT OVERTON'S UNCIVIL BEHAVIOR; (c) THAT △ WAS COMPELLED TO INITIATE THE 11/19/07 TRO PROCEEDING TO SEEK PROTECTION AND SEWELL WAS INFORMED OF THIS JUDICIAL ACTION; (d) SEWELL WAS AGAIN INFORMED THAT △ HAS TO CALL 911 AGAIN DUE TO THE VIOLATION OF OVERTON'S LIVE-IN GIRLFRIEND, KAREN ARCHER, WHO THREATEN △ THAT THEY WOULD "KILL" HIM, THIS WAS AGAIN REPORTED TO OFFICER CONKIN PRIOR TO DEC 5, 2007, THE DATE OF THE FIRST TRO HEARING. ALTHOUGH A TEMPORARY RESTRAIN- ING ORDER WAS EFFECT. (e) ON 12/5/07 △'s ANXIOUS AWAITED TRO HEARING WAS HELD AND DURING THIS HEARING JUDGE ARREOLA HEARD BOTH ARCHER'S AND OVERTON'S OPEN COURT STATEMENTS AND OVER △'s OBJECTIONS MODIFIED THE RESTRAINING ORDER TO 2-3' AND FURTHER ORDERED MEDIATION. (f) PER A TELEPHONE CALL W/ THE MEDIATOR IT WAS SET FOR 12/19/07. (g) IN THE INTERIM △'s TRO WAS VIOLATED ON 12/14/08 AND △ REPORTED THIS VIOLATION VIA A 911 CALL AND S.D.P.D. OFFICER PEREZ (N.DIV.) MET WITH △ AND TOOK A REPORT AND ASSURED △ THAT ALL ACTIONS WOULD BE TAKEN TO PROTECT HIM. (h) ON 12/17/08 A NORTH DIVISION CRIME INVESTIGATOR MS. CECECIA NOA CALLED △ AND, INTER ALIA, ASKED QUESTIONS AND REQUESTED A COPY OF THE TRO WHICH △ PROVIDED. MS. NOA STATED THE CASE WAS BEING REFERRED FOR PROSECUTION ON THE 12/18/09. (i) ON 12/18/07 SEWELL WITH MANY UNIDENTIFIED OFFICERS AND MEMBERS OF THE S.D.P.D. ARRESTED △ W/O ANY INVESTIGATION; THIS WAS BASED ON A CALL BY RICHARD OVERTON THE DAY BEFORE, REPORTING AN UNREPORTED ALLEGED "ASSAULT" MORE THAN FIVE WEEKS BEFORE. (j) IN ADDITION △ WAS CHARGED WITH BEING A P.C. § 290 REGISTERANT DUE TO THE 1984 CASE (SEE EX. "A") WITH PORNO AND CHRISTMAS TOYS FOR HIS NIECES HE HAD NOT SEEN SINCE LAST CHRISTMAS. (k) DURING THE BPT PROSECUTION SEWELL AND THE TWO BPT DEPUTY COMMISSIONER REFUSED TO REVIEW THE COURT DOCUMENTATION (EX. "A") OR ENTER- TAIN ANY DISCUSSIONS ON EITHER THE TRO DEFENSE OR P.C. §290 REGISTRATION DEFENSES. IN SHORT, △ IS FALSELY IMPRISONED IN VIOLATION OF HIS 1st, 4th, 5th, 8th, AND 13th AMENDMENTS BASED ON PERJURIOUS STATEMENTS ABOVE AND ON A STATEMENT BY SEWELL THAT △ LIVED ALONE WHEN INFACT ANOTHER BPT OFFICER AND MEMBERS OF THE S.D.P.D. PAROLE SEARCH UNIT HEARD △ STATE AN INDIVIDUAL BY THE NAME OF "KEN" LIVED W/ME. SEE ALSO PAROLE TAPE (PLEASE ORDER AND REVIEW).

CONTINUED ⟶

③

"B-7

9) In addition to the preceding Δ would also complain about Δ's present custody status. On 12/19/07 after Sewell had placed Δ into the custody of the S.D.C.J. Sewell found it necessary to deliver the so-called "charge sheet" and a document called "Evidence Report and Inventory Receipt". These documents are generally delivered by a "noticer" of the BPT. See "Notice of Parole Revocation Rights and Acknowledgement" (BPT 1100) In fact according to Δ's BPT case file a "Mr Jones" alleged he delivered this document (CDC form 1502(b) charge sheet). That was not the case. Late in the evening of 12/19/08 Sewell in the company of another parole agent approached the entry of S.D.C.J. FLR 4A and called for Δ. After usurping the duty of Mr. Jones by delivering the charge sheet and evidence Sewell got mad and shouted "sex offender" into that jail unit and threw in the charge sheet and evidence report. Many other inmates heard these comments and even handed Δ the paperwork. Almost immediately Δ was compelled to "roll-up" to seek protection from the duty officer. The duty officer (evening meal) also commented he heard this intended effort to get me hurt and stated he would enter it into the "log book." Δ was moved to the pro per tank on the 5th floor. The following day Δ was transferred to Donovan. During R&R a few of the transfer prisoners commented about the aforementioned incident. Once at Donovan Δ was again approached and threatened by the "skin heads" and threaten with violence. Δ was compelled again to seek protection from admin. sec. officer P. Zinger on 1-03-08. Δ was admitted to the very restrictive conditions. See "Administrative Segregation Unit Placement Notice" (CDC 114-D) (1/3/08). After having an administrative continued detention hearing it was determined that Δ could not be placed back ever again into the prison's general population.

For the reasons set forth above Δ would pray for the following:

1) An investigation regarding Δ's claim he is not a P.C. § 290 registrant;
2) A determination that he has never been legally required to register;
3) Any remedy that this investigative entity/body/unit can do/offer;

AND

4) An investigation into the circumstances of Sewell's perjurious statement he had not known that "Ken" was living at Δ's condo;
5) An investigation why he suborned perjury by Richard Overton;
6) An investigation as to his interests in the TRO proceeding initiated by Δ which involve Karen Archer, Richard Overton, Jordon Griffin;
7) An investigation as to why he did not seek removal as Δ's parole agent when he became aware he was/could be subpena'd in the three Calif. Code § 2035(a) proceedings before Judge Arreola (Dept #25, Hall of Justice);
8) An investigation as to his involvement with Jordan Griffith and his interests in both the condo and the civil litigation involving same;
9) All other investigative questions poised by these incidents.

Thank-You  P.S. Please send the report & investigator(s)

④

"13-448"

JEFFREY GOUGH V64431
P.O. BOX 799002  F2-6-107d
SAN DIEGO, CA 92179-9002

H00694
CRN9187
Micro Film

· HONORABLE CLERK (CRIMINAL/ACHIVE)
  325 S. MELROSE DRIVE,
  VISTA, CAL. 92083-6627

: PEOPLE V. JEFF S. GOUGH, CRIM. CASE # _____, S.S.# 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
                    /        1984                           D.O.B. 02-05-56
         STANLEY

8. REQUEST FOR CRITICAL DOCUMENTATION


GREETINGS HONORABLE CLERK (CRIMINAL/ARCHIVES):

: AM PRESENTLY IN A VERY DIFFICULT SITUATION — IN CUSTODY. I AM IN THIS
PRESENT SITUATION FOR LACK OF A CRITICAL DOCUMENTATION. SPECIFICALLY
I NEED DOCUMENTATION FROM A 1984 CASE IN THE ABOVE CRIMINAL MATTER.
REGARDING THE SENTENCE I RECEIVED: PROBATION FOR A MISDEMEANOR
SEXUAL BATTERY CHARGE, WITH NO PENAL CODE § 290 REGISTRATION REQUIRE-
MENT. I BELIEVE IT WAS MEMORALIZED IN BOTH A "CHANGE OF PLEA" JUDICIAL COUNCIL
FORM AND WHAT I HAVE CALLED A "JUDGEMENT" OR "MINUTE ORDER" OF
THE SENTENCE IMPOSED. AS THAT I AM PRO PER, IN CUSTODY, AND WITHOUT
THE PRESENT ABILITY TO PAY THE COPY COST AND MAILING I ASK — IN THE
NAME OF JESUS — THAT YOU PLEASE MAIL THESE DOCUMENTS TO ME AT THE
ABOVE ADDRESS. IF YOU WOULD PLEASE DO THIS I VOW UNTO MY LORDS TO
PAY UPON MY RELEASE (APPROXIMATELY 3 WEEKS) IF YOU CAN PLEASE DO ME THIS
REASONABLE REQUEST. I THANK-YOU IN ADVANCE FOR ANY ASSISTANCE.

SINCERELY YOURS,  Jeff S. GOUGH        God Bless!  THANK-YOU!   EX-A-1   B9
                                       NOTE! ✓CLERK POST-1/5/8
                                       1/16/08 RECEIVED!

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CR. 9187 DA 47R14901

DATE 07-21-86 09:00 AT 84140332 M REVIEW HEARING

PRESENT HON HERBERT B HOFFMAN JUDGE PRESIDING DEPARTMENT D

CLERK S Henley REPORTER M Rentstie

M Kirkman

THE PEOPLE OF THE STATE OF CALIFORNIA

vs DEPUTY DISTRICT ATTORNEY

GOUGH JEFF S Chris Christoph

DEFENDANT ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)

VIOLATION OF PC 243.4

☑ DEFENDANT ☑ NOT PRESENT. ☐ ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT
☑ DEFENDANT ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION. ☐ WAIVES HEARING
PROBATION IS ☐ DENIED ☑ REVOKED ☐ REINSTATED ☐ CONTINUED ☐ MODIFIED ☐ GRANTED ____ YEARS (FORMAL/SUMMARY)

☐ IMPOSITION OF SENTENCE IS SUSPENDED ☐ DEFENDANT SENTENCED TO STATE PRISON, EXECUTION STAYED (SEE BELOW FOR TERM)
CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:
☐ COMMITMENT TO SHERIFF FOR ____ DAYS. ☐ ADULT INSTITUTIONS RECOMMENDED. ☐ PAROLE NOT TO BE GRANTED.
☐ FINE OF $ ____ INCLUDING PENALTY ASSESSMENT AT $ ____ PER MONTH, COMMENCING ____ THROUGH REVENUE AND RECOVERY.
☐ RESTITUTION OF $ ____ TO VICTIM/RESTITUTION FUND AT $ ____ PER MONTH, COMMENCING ____ THROUGH REVENUE AND RECOVERY.
☐ RESTITUTION/FINE OF $ ____ PER GC 13967, STAYED PER PC 1202.4(b).
☐ PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION.
☐ FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS.
☐ REGISTRATION PER PC 290/HAS 11590.

☐ DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF ____ YEARS.
(SEE BELOW FOR ADDITIONAL COUNTS) COUNT ____
☐ DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY ☐ PER WAI 707.2 ☐ PER WAI 1737
(SEE BELOW FOR FINDINGS)
☐ DEFENDANT IS ADVISED OF APPEAL RIGHTS ☑ DEFENDANT IS ADVISED REGARDING PAROLE

CREDIT FOR TIME SERVED
____ DAYS LOCAL
____ DAYS STATE INST.
____ DAYS PC 4019
____ TOTAL DAYS CREDIT

☐ DEFENDANT REMAINS AT LIBERTY
☐ ON BOND POSTED $ ____
☐ ON OWN RECOGNIZANCE
☐ ON PROBATION

DEFENDANT REMANDED TO CUSTODY:
☐ WITHOUT BAIL
☐ WITH BAIL SET AT $ ____

☐ DEFENDANT ORDERED RELEASED FROM CUSTODY

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT
____ CONTINUED TO/SET FOR ____ AT ____ M IN DEPT ____ ON MOTION OF
COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON ____
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03. FURTHER HEARING SET FOR ____ AT ____ M IN DEPT ____

☑ BENCH WARRANT TO ISSUE, BAIL SET AT $ 5,000 SERVICE WITHHELD TO forthwith
☐ BENCH WARRANT ISSUED ____ IS RECALLED.
☐ BOND FORFEITED, BOND AMOUNT ____ BOND NO ____ BOND COMPANY ____ AGENT ____
☐ BOND IS EXONERATED

☐ PROCEEDINGS SUSPENDED PER: ☐ PC 1368 MENTAL COMPETENCY (SEE BELOW FOR DATES OF EXAMINATION AND HEARING)
☐ WAI 3051 ADDICTION OR DANGER OF ADDICTION (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER.)

OTHER ☐ REFERRED TO DEPT. OF REVENUE AND RECOVERY

7-21-86
(DATE) WARRANT ISSUED, BAIL $ 5,000 NO BAIL ( )

DATA ENTRY CLERK

CRIMINAL MINUTES — PRONOUNCEMENT OF JUDGEMENT

CR-28 (3/86)

B-10

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

FILED
OCT 30 1986
BY S. KUSH DEPUTY

CR CRN9187    DA   AT814501

DATE  10-30-86    09100  AT 84140332 M    EVIDENTIARY HG

PRESENT: HON. FRANKLIN J. MITCHELL JR    JUDGE PRESIDING DEPARTMENT    D

CLERK  S. Kush    REPORTER

THE PEOPLE OF THE STATE OF CALIFORNIA
vs.    DEPUTY DISTRICT ATTORNEY

GOUGH    JEFF    S    CHRISTOPHER McManus
DEFENDANT    ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)

VIOLATION OF    PC245.4

☑ DEFENDANT ☐ NOT PRESENT  ☐ ARRAIGNED FOR JUDGMENT  ☐ WAIVES ARRAIGNMENT
☐ DEFENDANT ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION.  ☐ WAIVES HEARING
PROBATION IS: ☐ DENIED  ☐ REVOKED  ☒ REINSTATED  ☐ CONTINUED  ☐ MODIFIED  ☐ GRANTED ___ YEARS (FORMAL/SUMMARY)

☐ IMPOSITION OF SENTENCE IS SUSPENDED.  ☐ DEFENDANT SENTENCED TO STATE PRISON, EXECUTION STAYED (SEE BELOW FOR TERM)
☐ TERMS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:
☐ COMMITMENT TO SHERIFF FOR ___ DAYS.  ☐ ADULT INSTITUTIONS RECOMMENDED.  ☐ PAROLE NOT TO BE GRANTED.
☐ FINE OF $ ___ INCLUDING PENALTY ASSESSMENT AT $ ___ PER MONTH COMMENCING ___ THROUGH REVENUE AND RECOVERY
☐ RESTITUTION OF $ ___ TO VICTIM/RESTITUTION FUND AT $ ___ PER MONTH COMMENCING ___ THROUGH REVENUE AND RECOVERY
☐ RESTITUTION/FINE OF $ ___ PER GC 13967, STAYED PER PC 1202.4(b).
☐ PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION.
☐ FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS.
☐ EXAMINATION PER PC 290/HAS 1590.

CREDIT FOR TIME SERVED
___ DAYS LOCAL
☐ DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF ___ YEARS.    ___ DAYS STATE INST.
☐ (SEE BELOW FOR ADDITIONAL COUNTS)    COUNT ___    ___ DAYS PC 4019
☐ DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY.  ☐ PER W&I 707.2  ☐ PER W&I 1737    ___ TOTAL DAYS CREDIT
☐ (SEE BELOW FOR FINDINGS)
☐ DEFENDANT IS ADVISED OF APPEAL RIGHTS.  ☐ DEFENDANT IS ADVISED REGARDING PAROLE.

DEFENDANT REMAINING AT LIBERTY:    DEFENDANT REMANDED TO CUSTODY
☐ ON BAIL POSTED $ ___    ☐ WITHOUT BAIL
☐ OWN RECOGNIZANCE    ☐ WITH BAIL SET AT $ ___
☐ ON PROBATION
☐ DEFENDANT ORDERED RELEASED FROM CUSTODY

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT
☐ CONTINUED TO/SET FOR ___ AT ___ M IN DEPT ___ ON MOTION OF ___
COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON:
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03. FURTHER HEARING SET FOR ___ AT ___ M IN DEPT ___

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ___ SERVICE WITHHELD TO ___
☐ BENCH WARRANT, ISSUED ___ IS RECALLED ___
☐ BOND FORFEITED, BOND AMOUNT ___ BOND NO. ___ BOND COMPANY ___ AGENT ___
☐ BOND IS EXONERATED.

☐ PROCEEDINGS SUSPENDED PER: ☐ PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
☐ W&I 3051 ADDICTION OR DANGER OF ADDICTION. (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER.)

OTHER  ☐ REFERRED TO DEPT. OF REVENUE AND RECOVERY

Evidentiary Hearing dropped from calendar. Defendant has
complied with terms of probation

DATED  OCT 30 1986    FRANKLIN J. MITCHELL JR
JUDGE OF THE SUPERIOR COURT

PRONOUNCEMENT OF JUDGEMENT ORDER

F I L E D
Robert D. Zumwalt, Clerk

AUG 1 3 1984

BY    G. HAYS    DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff,

vs.

*Jeff Stanley Gough*

Defendant.

CASE NUMBER
CR *N 9187*

F I L E D
Robert D. Zumwalt, Clerk

**CHANGE OF PLEA**
**(NOLO CONTENDERE)**

AUG 1 3 1984

BY    G. HAYS    DEPUTY

Comes now *Jeff Stanley Gough*
defendant in the above-entitled criminal action and in support of his motion to change his plea(s) to be made in open court personally and by his attorney, does declare:
(defendant to initial each item)

1. That his attorney in the above-entitled criminal action is *William R Christopher*

2. That he is charged in *information* number Cr *N 9187* with having violated
*288 c(c) w/12022.3    & 26, 2 w/12022 8c x 12 ct*
(Code Section[s] and Count[s])

3. That he desires to change his plea(s) and desires to plead nolo contendere to
*243.4 per 17(b4)*
(set forth Code Section[s] and
Count[s] including lesser offense[s] to which plea[s] to be made)

4. That he *is* now and was at the time this form was prepared in possession of all his faculties and has not consumed any drug, narcotic or alcoholic beverage during the 24-hour period preceding the entry of this plea to the extent that his sound judgment is impaired;

5. That he *does* understand the nature of the charge(s) against him;

6. That he *has* discussed the nature of the charge(s) against him and the possible defense(s) thereto with his attorney;

7. That he does not contest the following facts (summary of facts constituting the basis for offense(s) to which defendant desires to plead nolo contendere)

*unlawfully sexually assaulted another*

8. That his attorney *has* explained and discussed his constitutional rights with him; that he understands his constitutional rights; that his constitutional rights have not been violated; that his attorney has specifically explained to him (1) the right to a jury trial, (2) the right to confront those witnesses who would testify against him and to cross-examine those witnesses, (3) the right to testify in his own behalf or not to testify if he desires to remain silent, (4) the right to have witnesses and documents subpoenaed by the Court for use at trial; that defendant knowingly and intelligently gives up these constitutional rights;

9. That his decision to change his plea(s) *has* been made freely and voluntarily, without threat or fear to him or to anyone closely related to or associated with him;

10. That his attorney *has* explained the possible sentence and understands the maximum possible punishment to be: *1 year jail and $1,000 fine*
and further that in the event he is sentenced to State Prison, he will be placed on parole for a period of *N/A*

11. That he understands if he is granted probation and the Court finds he has violated the terms of probation he could be sentenced to State Prison at that time.

Co. Clk. Form CR-13 (3-79)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

THE PEOPLE OF THE STATE OF CALIFORNIA
vs.

RETURN ON BENCH WARRANT

CRIMINAL MINUTES — PRONOUNCEMENT OF JUDGMENT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

JUDGE PRESIDING DEPARTMENT

ROSE C. THARP

REPORTER    Karen Brodie

Julie Whitaker

THE PEOPLE OF THE STATE OF CALIFORNIA    DEPUTY DISTRICT ATTORNEY

JEFF BLAKELY GOUGH    W. CHRISTOPH

DEFENDANT    ATTORNEY FOR DEFENDANT    P.O. Michael Earl

Added Ct. 19 PC 243.4 sexual assault a mis'd per. PC 17(B)(4)

138 d/p w/cts 138 d/p    GRANTED 3 YEAR

CREDIT TIME SERVED
92 DAYS LOCAL
46 DAYS STAT'T
138 DAYS TOTAL

500.00
50.00 mo    10-5-84
#149.00    1,925.00 mo    4090 Thru RLR
10-5-84

P.O. Thru RLR

+ other conds in probation rpt.

Copy to RLR

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

V S

CR CRN51187      DA  A7814901

DATE  01-21-86      09:00    AT 04140332  M      PROB REVOCATION

PRESENT: HON.  LAWRENCE KAPILOFF      JUDGE PRESIDING DEPARTMENT  D

CLERK  A McGughan      REPORTER  Betty Moody

THE PEOPLE OF THE STATE OF CALIFORNIA
VS      Susan Berry  DEPUTY DISTRICT ATTORNEY

GOUGH      JEFF      S      CHRISTY  ATTORNEY FOR DEFENDANT (APPT D/RETAINED)
DEFENDANT

VIOLATION OF  PC243.4      per 1764      1

☐ DEFENDANT ☐ NOT PRESENT ☐ ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT
☑ DEFENDANT ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION ☒ WAIVES HEARING
PROBATION IS: ☐ DENIED ☑ REVOKED ☒ REINSTATED ☒ CONTINUED ☐ MODIFIED ☒ GRANTED _____ YEARS (FORMAL/SUMMARY)
☐ IMPOSITION OF SENTENCE IS SUSPENDED. ☐ DEFENDANT SENTENCED TO STATE PRISON, EXECUTION STAYED (SEE BELOW FOR TERM).

**CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:**

☐ COMMITMENT TO SHERIFF FOR _____ DAYS. ☐ ADULT INSTITUTIONS RECOMMENDED. ☐ PAROLE NOT TO BE GRANTED.
☐ FINE OF $ _____ INCLUDING PENALTY ASSESSMENT AT $ _____ PER MONTH, COMMENCING _____ THROUGH REVENUE AND RECOVERY.
☐ RESTITUTION OF $ _____ TO VICTIM/RESTITUTION FUND AT $ _____ PER MONTH, COMMENCING _____ THROUGH REVENUE AND RECOVERY.
☐ RESTITUTION/FINE OF $ _____ PER GC 13967, STAYED PER PC 1202.4(b).
☐ PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION.
☐ FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS.
☐ REGISTRATION PER PC 290/H&S 11590.

CREDIT FOR TIME SERVED
_____ DAYS LOCAL

☐ DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF _____ YEARS.
(SEE BELOW FOR ADDITIONAL COUNTS)      COUNT _____
_____ DAYS STATE INST.
☐ DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY. ☐ PER W&I 707.2 ☐ PER W&I 1737
(SEE BELOW FOR FINDINGS)
_____ DAYS PC 4019
☐ DEFENDANT IS ADVISED OF APPEAL RIGHTS      ☐ DEFENDANT IS ADVISED REGARDING PAROLE
_____ TOTAL DAYS CREDIT

☐ DEFENDANT REMAINS AT LIBERTY:      ☐ DEFENDANT REMANDED TO CUSTODY:
☐ ON BOND POSTED $ _____      ☐ WITHOUT BAIL
☐ ON OWN RECOGNIZANCE      ☐ WITH BAIL SET AT $ _____
☒ ON PROBATION
☐ DEFENDANT ORDERED RELEASED FROM CUSTODY

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT _____
Review _____ CONTINUED TO/SET FOR 7/21/86 AT 9:00 A M IN DEPT D ON MOTION OF
☐ COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON: _____
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03, FURTHER HEARING SET FOR _____ AT _____ M IN DEPT _____

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ _____ . SERVICE WITHHELD TO _____
☐ BENCH WARRANT ISSUED _____ IS RECALLED.
☐ BOND FORFEITED. BOND AMOUNT _____ BOND NO. _____ BOND COMPANY _____ AGENT _____
☐ BOND IS EXONERATED.

☐ PROCEEDINGS SUSPENDED PER: ☐ PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
☐ W&I 3051, ADDICTION OR DANGER OF ADDICTION. (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER.)

OTHER: ☐ REFERRED TO DEPT. OF REVENUE AND RECOVERY

Pay restitution/fine by 5 PM today
112 hours (14 days) at senior citizen restitution center - Left to seek
verified by P.O. failure to comply will result in custody

JAN 21 1986

DATED _____      Lawrence Kapiloff
JUDGE OF THE SUPERIOR COURT.
PRONOUNCEMENT OF JUDGEMENT-ORDER  LAWRENCE KAPILOFF

CRN9187  A76149D1    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

Robert D. Zumwalt, Clerk
F I L E D
AUG 13 1984
BY G. HAYS  DEPUTY

DATE  08-13-84  09:00  04T40332    TRIAL — JURY

PRESENT HON  ROSS G. THARP    JUDGE PRESIDING DEPARTMENT  E

CLERK  D. Hays    REPORTER  N. Brodie

Wayne Mayer / Julie Whitaker
DEPUTY DISTRICT ATTORNEY

THE PEOPLE OF THE STATE OF CALIFORNIA

LOUGH    JEFF    STANLEY    W. CHRISTOPH

W/P (7) 022.3(6) (6 CTS)    (4) 1/2 022.3 (5 (9)) (9 CTS)   DEFENDANT (APPTD/RETAINED)

VIOLATION OF  PC288A(C)    PC261(2)

☒ DEFENDANT NOT PRESENT  ☐ NOT NEGOTIABLE  TRIAL DATE CONFIRMED
☒ DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS  ☐ DEFT. SWORN & EXAMINED
☒ DEFENDANT WITHDRAWS HIS PLEA OF "NOT GUILTY" as heretofore entered And now pleads
☒ NOLO CONTENDERE, with consent of DISTRICT ATTORNEY and approval of Court of the offense
☒ GUILTY OF THE OFFENSE  adult ct 9 PC 243.4 sexual assault; a misd per PC 17(b)(4)

AS CHARGED. DEFENDANT MAKES APPLICATION FOR PROBATION, AND HEARING THEREON AND
PRONOUNCEMENT OF JUDGEMENT IS SET FOR  9-4-84  9:15 A.M. IN DEPT.  E

☐ DEFENDANT'S MOTION TO DISMISS PURSUANT TO PC 995 IS BY THE COURT GRANTED/DENIED/SUBMITTED
☐ DEFENDANT'S MOTION TO SUPPRESS EVIDENCE PURSUANT TO PC 1538.5 IS BY THE COURT GRANTED/DENIED/SUBMITTED
☒ ON MOTION OF  People  COUNT(S)  all remaining  IS/ARE DISMISSED.
☐ ON MOTION OF _____ ALLEGED PRIOR(S) _____ IS/ARE STRICKEN.
☐ DEFENDANT PERSONALLY WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGEMENT/TRIAL
BAIL IS SET IN THE SUM OF $ 50,000 — REDUCED TO $ 500.00
DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ WITH BAIL SET AT $ 500.00
DEFENDANT TO REMAIN AT LIBERTY ☐ ON OWN RECOGNIZANCE ☒ ON BAIL PREVIOUSLY POSTED
DEFENDANT IS ORDERED RELEASED FROM CUSTODY ☐ ON OWN RECOGNIZANCE ☒ CASE DISMISSED.

☐ THIS BEING THE TIME SET FOR _____ AND DEFENDANT NOT
APPEARING, BY THE COURT, A BENCH WARRANT ISSUES WITH BAIL SET AT $ _____ SERVICE
WITHHELD AT _____
☐ BOND IS FORFEITED. AMOUNT $ _____ BONDING COMPANY _____
LOCAL AGENT _____ BOND NO _____
☐ BOND FORFEITURE OF _____ IS SET ASIDE  ☐ ADDITIONAL PLEA OF NOT GUILTY BY REASON OF
INSANITY ENTERED BY DEFENDANT, PSYCHIATRISTS APPOINTED _____ AND/OR _____
DR _____ AND OR _____
☐ _____ IS CONTINUED TO
AT _____ M. IN DEPARTMENT _____

Defense motion to release deft O.R. is under submission
Or reduces bail to $ 500.00

DATED  AUG 13 1984

Ross G. Tharp
ORDER    JUDGE OF THE SUPERIOR COURT  ROSS G. THARP

Ex 1-2
B-17

## § 290.01

### SEXUAL ASSAULT, DECENCY, MORALS    171

provided in Section 290.46 may be released to members of the campus community by any campus police, other law enforcement agency, university, college, community college, or other institution of higher learning having no police department, or other department or sheriff's department with jurisdiction over the campus, and to any of those agencies, as required by Section 11074(d)(1) of Title 20 of the United States Code.

(i) The offender's full name.

(ii) The offender's known aliases.

(iii) The offender's gender.

(iv) The offender's race.

(v) The offender's physical description.

(vi) The offender's photograph.

(vii) The offender's date of birth.

(viii) Crimes resulting in registration or reregistration.

(ix) The date of last registration or reregistration.

(B) The authority provided in this subdivision is in addition to the authority of a peace officer or law enforcement agency to provide information about a registered sex offender pursuant to Section 290.45, and any of its provisions notwithstanding, nothing in Section 290 or any other provision of law.

(2) Any law enforcement entity and employees of any law enforcement entity listed in paragraph (1) are immune from liability for good faith conduct under this subdivision.

(9) Nothing in this subdivision shall be construed to authorize campus police departments or, if the university, college, community college, or other institution has no police department, the police department or sheriff's department with jurisdiction over the campus, to make disclosures intended to reach persons beyond the campus community.

(A) Before being provided any information by an agency pursuant to this subdivision, a member of the campus community who requests that information shall sign a statement, on a form provided by the Department of Justice, stating that he or she is not a registrant of this subdivision and that he or she understands the purpose of the release of information. The signed statement shall be maintained by the agency. The campus community to protect themselves and their children from sex offenders, and that he or she understands it is unlawful to use information obtained pursuant to this subdivision to commit a crime against any registrant or to engage in illegal discrimination or harassment of any registrant. The signed statement shall be maintained in a file in the agency's office for a minimum of five years.

(B) An agency disseminating printed information pursuant to this subdivision shall maintain records of the means and dates of dissemination for a minimum of five years.

(5) For purposes of this subdivision, "campus community" means those persons present at, and those persons regularly frequenting, any place associated with an institution of higher education, including campuses, satellite facilities owned or utilized by the institution for educational instruction, business, or institutional events, and any place associated with an institution of higher education that are regularly frequented by students of the institution or by members of the campus community.

(Added by Stats. 2002, c. 654 (A.B.1313), § 2, eff. Sept. 24, 2002; Amended by Stats. 2003, c. 634 (A.B.1), § 2; Stats. 2004, c. 544 (A.B.1), § 2; Stats. 2005, c. 722 (A.B.1323).)

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 194, Nature and Purpose.
3 Witkin Cal. Crim. L. 3d Punishment § 191, Disclosure.

---

(a)(1) Commencing October 28, 2002, every person required to register under Section 290 who is enrolled as a student of any university, college, community college, or other institution of higher learning, or who is with or without compensation, a full-time or part-time employee of that university, college, community college, or other institution of higher learning, shall register with the campus police department within five working days of commencing enrollment or employment at that university, college, community college, or other institution of higher learning, or, in addition to being required to register with the chief of police or sheriff of the city or county in which he or she resides, as provided in Section 290, register with the university or college police department, or, if the institution has no police department, the chief of police of the city in which the institution is located, or the sheriff of the county in which the institution is located if the institution is located in an unincorporated area, within five working days of commencing enrollment or employment. The person shall also notify the campus police department within five working days of ceasing to be enrolled or employed, or ceasing to reside, at that university, college, community college, or other institution of higher learning.

(2) For purposes of this section, a campus police department is a police department of the University of California, California State University, or California Community College, established pursuant to Section 72330, 89560, or 72600 of the Education Code, or, for a police department or district staffed with appointed police officers as provided in Section 830.6 of the Penal Code, used in those cases where that campus does not have a campus police agency with the primary responsibility for investigating crimes occurring on the college, or university campus on which it is located.

(b) If the university, college, community college, or other institution of higher learning has no police department, the registrant shall instead register pursuant to subdivision (a) with the police of the city in which the campus is located or the sheriff of the county in which the campus is located if the sheriff of the county in which the campus is located in an unincorporated area.

(c) A first violation of this section is a misdemeanor punishable by a fine not to exceed one thousand dollars ($1,000). A second violation of this section is a misdemeanor punishable by imprisonment in a county jail not more than six months, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine. A third or subsequent violation of this section is a misdemeanor punishable by imprisonment in a county jail not more than one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(d)(1)(A) The following information regarding a registered sex offender on campus as to whom information shall not be made available to the public via the Internet Web site as

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 190, Nature and Purpose.
3 Witkin Cal. Crim. L. 3d Punishment § 192, Disclosure.

---

### 170    CRIMES AND PUNISHMENTS    § 290

c. 843 (A.B.349), § 1.5; Stats.2002, c. 664 (S.B.3054), § 171; Stats.2002, c. 17 (S.B.8), § 1, eff. March 20, 2002; Stats.2003, c. 638 (S.B.356), § 1; Stats.2003, c. 540 (S.B.879), § 1; Stats.2003, c. 634 (A.B.1), § 1.5; § 1.3, eff. Sept. 30, 2003; Stats.2004, c. 429 (A.B.2675), § 1; Stats.2004, c. 761 (A.B.488), § 1; Stats.2004, c. 761 (A.B.2893), § 1.5; Stats.2005, c. 704 (A.B.439), § 1; Stats.2005, c. 722 (A.B.1323), § 4, eff. Oct. 7, 2005; Stats.2005, c. 722 (A.B.1323), § 3.5, eff. Oct. 7, 2005, operative Jan. 1, 2006; Stats.2006, c. 534 (S.B.1852), § 9, eff. Sept. 20, 2006.)

**Validity**

A prior version of this section was held unconstitutional as violating equal protection in the case of People v. Hofsheier, 129 P.3d 29, on remand 2006 WL 1106585, unpublished.

**Cross References**

Board of behavioral sciences, policies for contractors or modifications of penalty filed by registered sex offenders are considered, see Business and Professions Code § 4990.30.

Completion of probation drug treatment, discharge from parole supervision and probation by a defendant required to register under this section, see Penal Code § 1203.4.

County mental health felony enforcement court program, see Penal Code § 1001 et seq.

Cross Reference,

Destruction of arrest, retention period for misdemeanor sex offenses, see Government Code § 68152.

DNA and Forensic Identification Database and Data Bank Act, collection of specimens, samples and print impressions, see Penal Code § 296.

Removal, dismissal or acquittal, request for expungement of information collected under subdivision 1, request to subdivision (a), see Penal Code § 299.

Denial or revocation of physician's and surgeon's license, sex offenses, see Business and Professions Code §§ 2221 and 2232.

Legislative intent concerning treatment for sex offenders during incarceration, see Penal Code § 3000.

Legislative intent concerning treatment for sex offenders on probation, see Penal Code § 1207.

Lifetime commitment and registration, person convicted of sexual abuse of children and registered sex offenders ineligible for lesure, see Business and Professions Code § 4992.34.

Making available to the public on the Internet Web site of certain information about certain sex offenders available to the public on the Internet Web site, see Penal Code § 290.46.

Making available specified information about certain sex offenders to members of the public on the Internet, see Penal Code § 290.46.

Messages on answering machine, denial of registration, denial with respect to registered sex offenders, see Government Code § 11417.8.

New caller restriction, see Code of Civil Procedure § 1277.1.

Notice required before release of certain sex offenders to long-term health care facility, see Health and Safety Code § 1557.

Parole, residence restrictions, prohibition against any transient sex offenders and others prohibited from residing within one-half mile of any school, see Penal Code § 3003.5.

Petition to seal court records by person arrested for misdemeanor with a minor, see Penal Code § 851.7.

Prohibition of outpatient status, treatment, preservation of and access to evidence, applications to actions under this section, see Penal Code § 1413.8.

Prohibition on use of public funds to provide erectile dysfunction medications to certain sex offenders, see Welfare and Institutions Code § 14133.225.

Providing addresses of persons with outstanding arrest warrants to local law enforcement, see Penal Code § 5400.

Release of persons required to register under this section, information to authorities, see Penal Code § 3003.

Reconstruction of parole, related to sign they to register from, see Penal Code § 3060.5.

School buildings as grounds, entry of sex offender, punishment, see Penal Code § 626.81.

Sex offenders, restrained partners, reading in single family dwellings with other registrants, see Penal Code § 3003.5.

State-Authorized Risk Assessment Tool for Sex Offenders, see Penal Code § 4586.

Teaching credentials, grounds for denial, see Education Code § 44346.

---

Teaching credentials, suspension for convictions of sex or narcotics offenses, see Education Code § 44425.

Violent crime information center, online missing persons registry, historic sex offender records, see section referenced.

Voluntary sales in schools, service by persons registered pursuant to this section, see Education Code § 35021.

**Research References**

West's California Judicial Council Forms GC-212, (90) Confidential Guardian Screening Form.
West's California Judicial Council Forms IV-590, (92) Order to Seal Juvenile Record.
West's California Judicial Council Forms NC-130, (93) Order to Seal Juvenile Record.

**Validity**

California Jury Instructions - Criminal Cal. Jis. 10.41, Level Act With a Child Under Fourteen Years-Defined.

California Jury Instructions - Criminal, 6th Ed. App. B, Appendix B. California-Only Pattern Jury Instruction, see California's New California Experience.

1 Witkin Cal. Crim. L. 3d Crimes Against Public Peace Wolf § 101, Flight of Sex Offender.

2 Witkin Cal. Crim. L. 3d Crimes Against Peace Wolf § 49, Disruptive Conduct By Sex Offenders.

2 Witkin Cal. Crim. L. 3d Crimes Against Peace Wolf § 49, (S. 49) About Public Toilet.

2 Witkin Cal. Crim. L. 3d Crimes Against Peace Wolf § 59, (S. 59) in General.

1 Witkin Cal. Crim. L. 3d Defenses against the Person § 296, Punishment.

6 Witkin Cal. Crim. L. 3d Criminal Judgment § 93, Power and Procedure.

6 Witkin Cal. Crim. L. 3d Criminal Judgment § 95, (S. 126) Nature of Former Statute.

5 Witkin Cal. Crim. L. 3d Criminal Trial § 63, (S. 63) Words in General.

1 Witkin Cal. Crim. L. 3d Criminal Trial 711, In General.

1 Witkin Cal. Crim. L. 3d Defenses § 219, Limitation Periods.

1 Witkin Cal. Crim. L. 3d Defenses § 222, Commission of Crime.

1 Witkin Cal. Crim. L. 3d Defenses § 223, (S. 229) in General.

1 Witkin Cal. Crim. L. 3d Elements § 7, (S. 7) Withdrawn.

1 Witkin Cal. Crim. L. 3d Elements § 9, Facts that Must be Pleaded.

1 Witkin Cal. Crim. L. 3d Elements § 9, (S. 15) Other Valid Statutes.

1 Witkin Cal. Crim. L. 3d Introduction to Crimes § 34, General Rule.

1 Witkin Cal. Crim. L. 3d Introduction to Crimes § 42, Collection Decision.

4 Witkin Cal. Crim. L. 3d Intro. to Crim. Proc. § 53, Collection of Information.

1 Witkin Cal. Crim. L. 3d Jurisdiction and Venue § 3A, (S 20) Crimes Committed in Part Within State.

4 Witkin Cal. Crim. L. 3d Pretrial Proceeding § 61, Notification Concerning Registered Sex offenders.

4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 276, (S. 279) Direct Consequences.

1 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 331, (S 331) Misdemeanor.

4 Witkin Cal. Crim. L. 3d Pretrial Proceedings § 332, (S 332) Plea of Nolo Contendere.

4 Witkin Cal. Crim. L. 3d Punishment § 88, Probation and Parole.

4 Witkin Cal. Crim. L. 3d Punishment § 118, (S 118) Other Offenses.

4 Witkin Cal. Crim. L. 3d Punishment § 185, (S 120) Sex Offenses.

3 Witkin Cal. Crim. L. 3d Punishment § 186, Violations.

3 Witkin Cal. Crim. L. 3d Punishment § 189, Collection of Information.

3 Witkin Cal. Crim. L. 3d Punishment § 27, (S 2937) Element of Crime.

3 Witkin Cal. Crim. L. 3d Punishment § 27, Sex Offenses.

3 Witkin Cal. Crim. L. 3d Punishment § 188, Multiple Violations of State Statute.

3 Witkin Cal. Crim. L. 3d Punishment § 189, Nature and Purpose.

3 Witkin Cal. Crim. L. 3d Punishment § 185, Persons Required to Register.

3 Witkin Cal. Crim. L. 3d Punishment § 188, Exceptions.

3 Witkin Cal. Crim. L. 3d Punishment § 187, Considerations.

3 Witkin Cal. Crim. L. 3d Punishment § 188, Validation.

3 Witkin Cal. Crim. L. 3d Punishment § 189, Collection of Information.

3 Witkin Cal. Crim. L. 3d Punishment § 189, (S 560) in General.

3 Witkin Cal. Crim. L. 3d Punishment § 403, Remaining Effects of conviction.

THE CDC IS UNLAWFULLY & UNCONSTITUTIONALLY REQUIRING ~~ANY~~ *MANY* PAROLEE TO COMPLY WITH THE PENAL CODE REGISTRATION REQUIREMENTS WITHOUT THE REQUISITE COURT ORDERED DECREE/MANDATE

A. CONTENTION/ALLEGATION  → • MANY CDC PAROLE-RELEASEE(S) WITH PRIOR ARREST (NOT CONTROLLING CASE) WITH OR WITHOUT A SEX-RELATED CONVICTION

IT WOULD APPEAR THAT ~~ALL CDC PAROLE-RELEASEE(S)~~ ARE ORDERED ~~IN~~ *PER* THEIR RELEASE PACKAGE TO COMPLY WITH THE STATUTORIAL REGISTRATION REQUIREMENTS OF PENAL CODE § ~~290.01 etc.~~ 290(h)(WHENEVER ANY PERSON IS RELEASED ON PAROLE OR PROBATION AND IS REQUIRED TO REGISTER UNDER THIS SECTION BUT FAILS TO DO SO WITHIN THE TIME PRESCRIBED, THE PAROLE AUTHORITY ... SHALL ORDER THE PAROLE ... REVOKED.). THIS IS ALSO TRUE FOR ANY PROBATIONER. Id. FURTHERMORE, IT WOULD APPEAR THAT COMMUNITY-RELEASED PAROLEE(S) ARE ORDERED BY THE BPT'S PAROLE AGENTS/OFFICERS TO COMPLY WITH THE REGISTRATION REQUIREMENT AND COMPLY WITH "SPECIAL CONDITIONS" IN ADDITION TO THE ~~STAT~~ STATUTORIAL/REGULATORY PROVISIONS. SEE PENAL CODE §§ 5058 et seq. & CALIF. CODE OF REGULATIONS, TITLE 15, DIV. 3, § 3500 (CITING/LISTING OTHER AUTHORITIES).

THUSLY, IT IS WITHOUT A SERIOUS COUNTER-ARGUMENT THAT THE FAILURE OF ANY CDC/BPT PAROLE-RELEASEE TO NOT COMPLY WITH A CDC COUNSELOR AND/OR BPT PAROLE AGENT/OFFICER'S DEMAND TO REGISTER HAS A VERY SERIOUS IMPACT ON THE PAROLEE'S LIBERTY INTERESTS. THIS INCLUDES THE BURDENSOME "SPECIAL CONDITIONS" ASSOCIATED WITH THIS PROVISION OF THE CALIFORNIA LAWS AND THE RECENT ADDITIONAL STATUTORY CONDITIONS OF MEGAN AND/OR JESSICA LAWS. ANY CONTENTION BY EITHER THE CDC COUNSELOR(S), ETC. AND/OR BPT PAROLE AGENT/OFFICERS AND/OR BPT PAROLE REVOCATION DEPUTY COMMISSIONER(S) ON ANY GROUNDS, UNTRAINED-LAYPERSON LEGAL OPINIONS, ETC. ETC. ETC., ARE NOT COLORABLE IN VIEW OF A CURSORY/ASTUTE READING OF P.C. § 290 NUMEROUS PROVISIONS AND/OR SUPPORTING COMMON/DECISIONAL LAW (REPORTED COURT CAUSES).

B. ARGUMENT

AT THE OUTSET THE READER/COURT MUST COMPORT ITS ANALYSIS WITH THE TRADITIONAL CHEVRON RULE OF STATUTORY INTERPRETATION. SEE _____
PER THE CHEVRON RULE THE PLAIN MEANING OF THE WORDS AND MEANING OF THE WORDING IS CONTROLLING AND GENERALLY ENDS THE READER/COURT'S INQUIRY, Id _____
ONLY IN THE ATYPICAL CASE IS THE COURT ALLOWED TO CONSIDER/REVIEW LEGISLATIVE HISTORY. _____
THE POTENTIAL LITIGANT (HABEAS OR § 1983) SHOULD BE MINDFUL OF THE STATE-OF-LAW AT THE TIME OF ANY CONVICTION OR PRESENTENCING/POLICE REPORT. ALTHOUGH THIS IS NOT DECISIVE OR DISPOSITIVE.

PER § 290(a)(1)(A) EVERY PERSON WITH A CONVICTION DESCRIBED IN § 290(a)(2)(LISTING FELONIES/MISDE-MEANOR OFFENSES) SHALL BE REQUIRED TO REGISTER (§ 290(a)(2)). IN CASES OF A FELONY CONVIC-TION THE REGISTRATION REQUIREMENT, ARGUENDO, IS MANDATORY. IN CASES OF A MISDEMEANOR AND/OR P.C. § 17.4 "WABBLER" THE PLEA-TAKING AND/OR SENTENCING MUST "ORDER" ANY SUCH NON-PUNITIVE (?) LIFETIME OBLIGATION. SEE P.C. § 290(a)(2)(D)(ii) & (E): "ANY PERSON ORDERED BY ANY ... COURT TO REGISTER ... [MUST] FIND[] AT THE TIME OF CONVICTION OR SENTENCING THAT THE PERSON COMMITTED THE OFFENSE AS A RESULT OF SEXUAL COMPULSION OR FOR PURPOSES OF SEXUAL GRATIFICATION." Id. P.C. § 290(a)(2)(E); _____

A "WABBLER" IS A SEXUAL BATTERY PUNISHABLE BY PRISON (P.C. § 243.4(a)) OR COUNTY TIME OF 6 MONTHS (P.C. § 243.4(e)(1)) ALTHOUGH P.C. § 290(a)(2)(A) ~~FAILTER~~ FAILS TO INFORM~~ER~~ THE INSTANT COURT THAT ANY P.C. § 243.4 SEXUAL BATTERY MUST TAKE INTO CONSIDERATION COURT DOCUMEN-TATION; AS TO WHETHER THE COURT ORDERED THE § 290 REGISTRATION NOT ANY LAY-PERSON SUCH AS CDC/BPT PERSONNEL — NOTWITHSTANDING THEY ARE NOT ALLOWED TO MAKE OR GIVE LEGAL ADVICE OR DETERMINATIONS !!! ANY ARREST/IMPRISONMENT UNDER THESE CIRCUM-STANCES IS AN UNLAWFUL EXERCISE OF CDC/BPT DISCRETION AND UNCONSTITUTIONAL !!!

B-19

§ 290

CRIMES AND PUNISHMENTS

166

167

§ 290

B-20

EX. A-4 (NWO PLEA AGREEMENT)

EX. A-2 (CRIMINAL MINUTES – PRONOUNCEMENT OF JUDGEMENT)
EX. A-3 (PRONOUNCEMENT OF JUDGEMENT-ORDER)
EX. A-7 (PRONOUNCEMENT OF JUDGEMENT-ORDER)

SEXUAL ASSAULT, DECENCY, MORALS

EX. II-1

*[handwritten annotation:]* REFERENCE TO MEGAN'S LAW

165

§ 290

**SEXUAL ASSAULT, DECENCY, MORALS**

(f) If the person who is registering has more than one residence address at which he or she regularly resides, he or she shall register in accordance with subparagraph (A) in each of the jurisdictions in which he or she regularly resides, regardless of the number of days or nights spent there. If all of the addresses are within the same jurisdiction, the person shall provide the registering authority with all of the addresses where he or she regularly resides.

(C) Every person described in paragraph (2), for the rest of his or her life while living as a transient in California shall be required to register, as follows:

(i) A transient must register, or reregister if the person has previously registered, within five working days from release from incarceration, placement or commitment, or release on probation, pursuant to paragraph (1) of subdivision (A), except that if the person previously registered as a transient less than 30 days from the date of his or her release from incarceration, he or she does not need to reregister as a transient until his or her next required update within 30 days of the date of first registration. If a transient is not physically present in any one jurisdiction for five consecutive working days, he or she must register in the jurisdiction in which he or she is physically present on the fifth working day following release, pursuant to paragraph (1) of subdivision (a). Beginning on or before the 30th day following initial registration upon release, a transient must reregister no less than once every 30 days thereafter. A transient shall register, regardless of the length of time since prior registration, at an address or a location described in subdivision (a), within five working days of release from incarceration, placement, commitment, or release on probation. A transient who moves to a residence shall have five working days within which to register at that address, in accordance with subdivision (a). A person registering as a transient at a residence address pursuant to subdivision (a) of this section who moves to a residence shall have five working days within which to register as a transient in accordance with clause (i).

(ii) Beginning on his or her first birthday following registration, a transient shall register annually, within five working days of his or her birthday, to update his or her registration with the entities described in subparagraph (A). A transient shall register in whichever jurisdiction he or she is physically present on that date. At the 30-day updates and the annual registration, the person shall provide current information as required on the Department of Justice annual update form, including the information described in subparagraphs (A) to (C), inclusive, of paragraph (2) of subdivision (a), if the person has been adjudicated a sexually violent predator, as defined in Section 6600 of the Welfare and Institutions Code, shall, after his or her release from custody, verify his or her address no less than once every 90 days and place of employment, including the name and address of the employer, in a manner established by the Department of Justice.

(F) No entity shall require a person to pay a fee to register or update his or her registration pursuant to this section.

(G) If a person described in paragraph (2), for the rest of his or her life while residing in California, or while working, attending school, or engaged in a vocation as described in subparagraph (A) of paragraph (1) of subdivision (a), shall be required to register with the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is residing upon the campus or in any of its facilities, within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she is residing.

(v) Failure to comply with the requirement of reregistering every 30 days following initial registration pursuant to clause (i) of this subparagraph shall be punished in accordance with

paragraph (6) of subdivision (g). Failure to comply with any other requirement of this section shall be punished in accordance with either paragraph (1) or (2) of subdivision (g).

(vi) A transient who moves out of state shall inform, in person, the chief of police in the city in which he or she is physically present, or the sheriff of the county if he or she is physically present in an unincorporated area or city that has no police department, within five working days, of the new state or out of state. The transient shall inform that the entity at which he or she last registered of his or her move out of state, and of his or her planned destination, residence or transient location out of state, and any plans he or she has to return to California, if known. The entity shall, within three days after receipt of this information, forward a copy of the change of location information to the Department of Justice. The department shall forward appropriate registration data to the law enforcement agency or agencies having local jurisdiction of the new place of residence.

(vii) For purposes of this section, "transient" means a person who has no residence. "Residence" means one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there, such as a shelter or structure that can be located by a street address, including, but not limited to, houses, apartment buildings, motels, hotels, homeless shelters, and recreational and other vehicles.

(vii) The transient registrant's duty to update his or her registration no less than every 30 days shall begin with his or her second transient update following the date the this subdivision became effective.

(D) Beginning on his or her first birthday following registration or change of address, the person shall be required to register annually, within five working days of his or her birthday, to update his or her registration with the entities described in subparagraph (A). At the annual update, the person shall provide current information as required on the Department of Justice annual update form, including the information described in subparagraphs (A) to (C), inclusive, of paragraph (2) of subdivision (a).

(E) In addition, every person who has ever been adjudicated a sexually violent predator, as defined in Section 6600 of the Welfare and Institutions Code, shall, after his or her release from custody, verify his or her address no less than once every 90 days and place of employment, including the name and address of the employer, in a manner established by the Department of Justice.

---

164

**CRIMES AND PUNISHMENTS**

§ 289.6

**Section**

290.3  Conviction of specified sex offenses; fine; disposition

290.4  Sex offender registration; compilation of information for specified offenses; "900" telephone number; income deposit; violations; penalties; report to Legislature.

290.45  Information to be provided to enumerated persons, agencies or organizations by law enforcement entity that a registered sex offender is likely to commit or engage in a criminal conduct; information to be disclosed; relating information with respect to disclosure of sex offenders; immunity from liability; illegal use of information.

290.46  Sex offender information made available to public via Internet Web site; ongoing updates; information excluded and restricted; offenses and offenders authorized, prohibited; misuse of information; report to legislature.

290.5  Pardon or certificate of rehabilitation; relief from duty to register.

290.6  Release of specified sex offenders; information to law enforcement.

290.7  Release of certain inmates; blood and saliva samples provided to local DNA testing laboratories.

290.8  Notice when local law enforcement agency does not provide daily, business hour registration of sex offenders.

290.85  Persons released on probation or parole who are required to register as sex offender; proof of registration; changes or updates; role of probation officer for parole register.

290.9  Addresses of persons who violate duty to register.

290.95  Disclosure by person required to register as sex offender upon acquisition or acceptance of position involving children; prohibition against employment or volunteering of registered sex offenders where such employment means a minor under 16 years of age, with restrictions.

291.  School employees; notice to sex offenses; notice to school authorities.

291.1  Teachers; notice of arrest to private school authorities.

291.5  Teacher or instructor employed in community college district; notice of arrest.

292.  Sex offenses deemed felony offense involving use of violence and great bodily harm; denial of bail; restriction of bail determination.

293.  Victims of sex offenses; right to request that name become matter of public record; disclosure of victims' name or address.

293.5  Identification of alleged victim as Jane or John Doe.

295.5  Conviction of sexual offenses; restitution fine; transfer to children's trust fund for child abuse prevention purposes.

**§ 290. Registration of sex offenders**

(a)(1)(A) Every person described in paragraph (2), for the rest of his or her life while residing in California, or while working, attending school, or engaged in a vocation as described in subparagraph (A) of paragraph (1) of subdivision (a), shall be required to register with the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is residing upon the campus or in any of its facilities, within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she is residing or to be temporarily residing.

---

**§ 289.6**

(e) Consent by a confined person or parolee to sexual activity prescribed by this section is not a defense to a criminal prosecution for violation of this section.

(f) This section does not apply to sexual activity between consenting adults that occurs during an overnight conjugal visit that takes place pursuant to a court order or with the written approval of an authorized representative of the public entity that operates or contracts for the operation of the detention facility where the conjugal visit takes place, to physical contact or penetration made pursuant to a lawful search, or bona fide medical examinations or treatment, including clinical treatments.

(g) Any violation of paragraph (1) of subdivision (a), or a violation of paragraph (2) or (3) of subdivision (a) as described in paragraph (5) of subdivision (a), is a misdemeanor.

(h) Any violation of paragraph (2) or (3) of subdivision (a), as described in paragraph (4)(A), (B), or (C) of subdivision (a), shall be punished by imprisonment in a county jail not exceeding one year, or in the state prison, or by a fine of not more than ten thousand dollars ($10,000), or by both that fine and imprisonment.

(i) Any person previously convicted of a violation of this section shall, upon a subsequent violation, be guilty of a felony.

(j) Any person who is confined of a felony violation of this section who is confined of a felony violation of this section is committed or sentenced to state prison shall be terminated in accordance with the Youth and Adult Correctional Agency shall be terminated in accordance with the State Civil Service Act (Part 2 (commencing with Section 18500) of Title 2 of Division 5 of the Government Code). Any person who has been convicted of a felony violation of this section shall not be eligible to be hired or reinstated by a department, board, or authority within the Youth and Adult Correctional Agency. (Added by Stats.1994, c. 499 (A.B.1558), § 1. Amended by Stats.1997, c. 209 (A.B.665), § 1; Stats.1999, c. 806 (S.B.577), § 4; Stats.2000, c. 287 (S.B.1955), § 6.)

**Cross References**

Attempted murder of peace officer or firefighter engaged in performance of duties, see Penal Code § 664.

**Research References**

3 Witkin, Cal. Crim. L. 3d Sex Offenses & Crimes § 36, Health or Detention Facility Employees, Officers, or Agents.

**CHAPTER 5.5. SEX OFFENDERS**

**Section**
290.  Registration of sex offenders.
290.01  Students or employees of universities, colleges, community colleges, or other institutions of higher learning; additional registration requirements; release of information to campus community.
290.02  Persons with federal or out-of-state convictions of specified sex offenses; registration upon a conviction of sex offenders; information disclosure.
290.03  Identification, assessment, monitoring, and containment of sex offenders.
290.04  State-authorized Risk Assessment Tool for Sex Offenders (SARATSO); SARATSO review committee.
290.05  Training program for persons administering SARATSO.
290.06  Administration of SARATSO.
290.07  Access to sex offender records by persons authorized to administer SARATSO.
290.08  Retention of registered sex offender records; time period.
290.3  Conviction of specified sex offenses; fine; disposition of moneys.



BOARD OF PRISON TERMS                                            STATE OF CALIFORNIA
## NOTICE OF PAROLE REVOCATION RIGHTS AND ACKNOWLEDGEMENT
BPT 1100
*(Follows the ADA advisement and completion of the BPT 1073.)*

If the charges are referred to the Board of Prison Terms this is what will happen:

1. • You have a right to written notice of claimed violations of parole (CDC Form 1502b).
2. • You have a right to all evidence that will be used against you.
3. • You have a right to an attorney who will be assigned to represent you at all times during the revocation process.
4. • You have the right to ask your attorney to request an expedited (earlier) probable cause hearing if you have evidence that is a complete defense to the charges that are the basis of the parole hold.
5. • Effective July 1, 2005, you have the right to a probable cause hearing with your attorney, and a Deputy Commissioner of the Board of Prison Terms within 10 business days of today if you are in custody. You have the right to present letters, documents, and speak on your own behalf at this hearing. The reason for the probable cause hearing is for the Deputy Commissioner to determine if there is enough evidence to keep you in custody until your revocation hearing and to try to settle your case on that date. At the probable cause hearing you will also be given the opportunity to discuss and accept or reject the offer given to you by the Deputy Commissioner.
6. • If you are in custody, you have the right to a revocation hearing within 35 calendar days from the date the parole hold was placed and to receive written notice of the date and time of the hearing.
7. • You have a right to be heard in person and to present witnesses and documentary evidence in your defense at a revocation hearing.
8. • You have a right to confront and cross examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).
9. • You have a right to a neutral and detached hearing officer.
10. • You have a right to have your revocation hearing within 50 miles of the alleged violation.
11. • You have the right to subpoena witnesses in your defense to the same extent that the state can subpoena witnesses.
12. • You have a right to a written statement by the hearing officer as to the evidence relied on and the reasons for the decision and to receive a tape recording of the revocation hearing.

## Acknowledgement
1. I have been informed of my rights listed above.
2. I know that I will meet with an attorney. My attorney will tell me all my rights and the BPT return-to-custody assessment offer.
3. I have a copy of the papers and reports checked below.
   - [✓] BPT Form 1073, Notification of Americans with Disabilities Act completed today
   - [✓] CDC Form 1502(b), Charge Report — SEWELL
   - [✓] BPT Form 1100, Notice of Rights and Acknowledgement
   - [✓] Blank Form BPT 1100(b), Request for Witnesses
   - [ ] Other: _____

I have read (or had read to me) the information above. I have been given copies of the papers, forms, and reports listed above

| | | |
|---|---|---|
| _Signature of Parolee_ | V64431  CDC Number | 12/19/07  Date |
| _Signature of Staff Completing the Actual Notice_ | M Jones  Print First Initial, Last Name | 12/19/07  Date |

NAME  Gough, Jeffery     CDC #  V 6443,       INST/REGION

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**BOARD OF PAROLE HEARINGS**
**DECISION PROCESSING AND SCHEDULING UNIT**
P.O. Box 4036
Sacramento, CA 95812-4036



February 15, 2008

Jeffrey Gough, V64431
Richard J. Donovan Correctional Facility, Reception Center
480 Alta Road
San Diego, CA 92179

RE: Parole Revocation Hearing Tape Request

Inmate Gough:

This will acknowledge your request to the Board of Parole Hearings concerning the hearing held on January 18, 2008.

Enclosed is a copy of the above requested revocation hearing tape.

Sincerely,

*Eleanor Sandoval*

Eleanor Sandoval
Office Service Manager I

Enclosure

"D"

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE 1-22-08 | TO CCI Underwood | FROM (LAST NAME) GOUGH | CDC NUMBER V64431 |

| HOUSING F2-10 | BED NUMBER 248L | WORK ASSIGNMENT UNKNOWN | JOB NUMBER FROM     TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS FROM     TO |

### Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

PLEASE PROVIDE ME THE FOLLOWING ADDRESSES: (1) U.S. SENATOR DUBLIN (IL D);
(2) U.S. SENATOR BOXER; (3) U.S. SENATOR FILSTEIN; (4) THE U.S. ATTORNEY
IN WASH. D.C.; (5) THE CAL. ATTY GENERALS D.O.T. (SEX OFFENERS REGRISTRATION
UNIT); DR. GILLIAM OF HUSTON, TEXAS. (ON "VALLEY FOREST" RD/ST.)

Do Not write below this line If more space is required write on back.

| INTERVIEWED BY S. UNDERWOOD | DATE 2-7-08 |

DISPOSITION
You NEED to go to THE law LibRARY to look up THE ADDRESS.
I do NOT HAVE THE ADDRESSES

"E"

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*January 10, 2008*

**GOUGH, V64431**
**F21000000000248L**

Log Number: RJD-2-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have not included evidence of an attempt to resolve the problem at the Informal Level. The Informal Level of Review is waived for appeals of classification actions; serious disciplinaries; CSR actions; departmental regulations, policies or operational procedures; staff complaints; and exceptional circumstances as defined in CCR 3084.7. Obtain an informal response by sending your appeal directly to:*

*YOUR ASSIGNED CORRECTIONAL COUNSELOR I.*

Appeals Coordinator
Richard J. Donovan Correctional Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

"F"

COUNSELOR UNDERWOOD   T15, 3084.7(9)(CONDITION OF PAROLE)(ISSUE AT 1/22/08 BPT HEARING)
HEAD OF DEPT.    EMERGENCY APPEAL

**RECEIVED**
**JAN 10 2008**

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: _____ Institution/Parole Region    Log No.    Category  C Records

1. _____    1. _____
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| JEFFREY GOUGH | V64431 | | F2-6-107 L |

**A. Describe Problem:** PER T.15, §3375.1(i)(1) I WISH TO CONTEST ANY INFORMATION CONTAINED IN MY CDC FILE THAT MAY INFER I AM SUBJECT TO PENAL CODE §290 REGISTRATION, WHICH MAY RESULT IN A POSSIBLE 3375.2(b)(22) ADMINISTRATIVE DETERMINANT. BACK IN 1984 I PLED GUILTY TO A NOLO CONTENDRE MISDEMEANOR BATTERY CHARGE. THIS CASE WAS OUT OF THE VISTA COURTHOUSE AND I WAS NOT ORDERED TO OR REQUIRED TO REGISTER PER P.C §290 BY THE COURT. A TELEPHONE CALL TO THE VISTA COURT-HOUSE CRIMINAL CLERK'S OFFICE WILL VERIFY THIS AND THEY WILL FAX YOU A COPY OF THE "JUDGE-MENT MINUTE ORDER" THAT STATES I HAVE NO SUCH REQUIREMENT. I REALIZE §3375.1(i)(2)(3) ADVISES ME TO OBTAIN THIS INFORMATION BUT I WOULD HOPE UNDER MY PRESENT CIRCUMSTANCES IF NECESSARY.

If you need more space, attach one additional sheet. YOU MIGHT ALLOW ME TO MAKE A PHONE CALL. IF NECESSARY.

**B. Action Requested:** REMOVAL OF ANY REQUIREMENT I MUST COMPLY WITH P.C §290 REGISTRATION REQUIRE-MENT AND ANY SUCH ADMINISTRATIVE DETERMINANT THAT MY P.C §422 TERRORIST THREAT CASE REQUIRES THAT SAME REGISTRATION REQUIREMENT. PLEASE REMOVE ANY INDICATION I MUST HAVE A P.C §290

Inmate/Parolee Signature: _Jeff J Gough_    Date Submitted: 1/8/08

**C. INFORMAL LEVEL (Date Received:** _____ )

Staff Response: _____
_____
_____
_____
_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

"F"

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______________________

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ______________ Due Date: ______________

Interviewed by: ______________________________________________

Staff Signature: ______________________ Title: ______________ Date Completed: ______________

Division Head Approved: Returned

Signature: ______________________ Title: ______________ Date to Inmate: ______________

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ______________________________ Date Submitted: ______________

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______________________

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ______________ Due Date: ______________

☐ See Attached Letter

Signature: ______________________________ Date Completed: ______________

Warden/Superintendent Signature: ______________________________ Date Returned to Inmate: ______________

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ______________________________ Date Submitted: ______________

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______________________

☐ See Attached Letter

CDC 602 (12/87)

Date: ______________

"BASIC NEED" ATTY
APPEAL

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*January 10, 2008*

**GOUGH, V64431**
*F21000000000248L*

Log Number: RJD-2-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*The action or decision you are appealing was not taken by the California Department of Corrections, and is therefore outside our jurisdiction. We are returning the documents to you so you may pursue the matter through the appropriate agency CCR 3084.3(c)(1).*

**ATTACHMENT.**

Appeals Coordinator
Richard J. Donovan Correctional Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

| **PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE** |

"G"

BPT /ASSISTANT WARDEN GARCIA        EMERGENCY APPEAL TITLE 15, § 3084.7(a)

RECEIVED

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

RICHARD J. DONOVAN CORR. FAC.
ASSISTANT WARDEN
JAN 10 2008

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JEFFREY S. GOUGH | V64431 | UNASSIGNED | F2-6-107L |

A. Describe Problem: ON 3 JAN 08 MY "BASIC NEED" PAROLE ~~AGENT~~ ATTY MET WITH ME: I HAD BEEN IN CUSTODY FOR 14 DAYS. DURING THIS MEETING THIS ATTY FAILED TO HEAR MY DEFENSES, REASONABLE REQUESTS FOR AN INVESTIGATION, REASONABLE REQUESTS FOR PRODUCTION OF COURT DOCUMENTS, REASONABLE REQUESTS REGARDING COPYING P.C. § 290 TO PRESENT TO THE SCREENING/PROBABLE CAUSE DEPUTY COMMISSIONER, REASONABLE REQUESTS TO REVIEW ALL THE FILE (INCLUDING ANY INVESTIGATION REPORTS OR PHOTOGRAPHS) THIS ATTY SIMPLY REFUSED TO DO ANYTHING BUT "PLEAD" ME GUILTY WHICH I AM NOT !!! DURING THE OPENING OF THE UNRECORDED PROBABLE CAUSE HEARING THE ATTY ALLOWED THE SAME COMMISSIONER TO RIDICULE ME REGARDING MY "TARGETED VICTIM" STATUS. PLEASE CHECK WWW.

If you need more space, attach one additional sheet. WELSH@mindjustice.org; CHRISTIANS AGAINST MIND SLAVERY.ORG.

B. Action Requested: IMMEDIATE REPLACEMENT OF MY PRESENT BPT "BASIC NEED" ATTORNEY WITH A NEW PANEL ATTORNEY NOT ASSOCIATED DIRECTLY WITH THE BPT, AN INVESTIGATION INTO MY "TARGET VICTIM" STATUS AND ALL NECESSARY ACTIONS TO PROTECT THE INTEGRITY OF MY FULL REVOCATION HEARING AND MENTAL WELLBEING — NOT PHYSICAL— AS THE COMMISSIONER BELIEVE!

Inmate/Parolee Signature: _Jeoff S Gough_        Date Submitted: 1/8/08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed        CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

"G"

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______________________

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ______________ Due Date: ______________

Interviewed by: ______________________

Staff Signature: ______________ Title: ______________ Date Completed: ______________

Division Head Approved: Returned

Signature: ______________ Title: ______________ Date to Inmate: ______________

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ______________ Date Submitted: ______________

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______________________

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ______________ Due Date: ______________

☐ See Attached Letter

Signature: ______________ Date Completed: ______________

Warden/Superintendent Signature: ______________ Date Returned to Inmate: ______________

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ______________ Date Submitted: ______________

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______________________

☐ See Attached Letter

CDC 602 (12/87)

Date: ______________

RECEIVED 02|21|08

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL STARVISH,                    Civil     08-0187 JM (POR)
     CDCR #F-29516,                       No.
12
                              Plaintiff,  **ORDER DENYING MOTION TO**
13                                        **PROCEED *IN FORMA PAUPERIS***
                                          **AND DISMISSING CASE**
14            vs.                         **WITHOUT PREJUDICE**
                                          **PURSUANT TO**
15   ARNOLD SCHWARZENEGGER, et al.,       **28 U.S.C. § 1915(a)**

16                            Defendants. **[Doc. No. 2]**

17

18        Michael Starvish ("Plaintiff"), a state prisoner currently incarcerated at the Richard J.

19   Donovan Correctional Facility located in San Diego, California, and proceeding pro se, has

20   submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.     Plaintiff has not prepaid

21   the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed

22   *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

23   **I.    MOTION TO PROCEED IFP**

24        Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a

25   district court of the United States, except an application for writ of habeas corpus, must pay a

26   filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to

27   pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C.

28   § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*,

"H"-1

1   169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain

2   obligated to pay the entire fee in installments, regardless of whether the action is ultimately

3   dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

4         Prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund

5   account statement (or institutional equivalent) for the prisoner for the 6-month period

6   immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2).  From the

7   certified trust account statement, the Court must assess an initial payment of 20% of (a) the

8   average monthly deposits in the account for the past six months, or (b) the average monthly

9   balance in the account for the past six months, whichever is greater, unless the prisoner has no

10  assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th

11  Cir. 2002).  Thereafter, the institution having custody of the prisoner must collect subsequent

12  payments, assessed at 20% of the preceding month's income, in any month in which the

13  prisoner's account exceeds $10, and forward those payments to the Court until the entire filing

14  fee is paid. *See* 28 U.S.C. § 1915(b)(2).

15        While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C.

16  § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-

17  month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2);

18  S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a

19  civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund

20  account statement (or institutional equivalent) ... for the 6-month period immediately preceding

21  the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

22        Without Plaintiff's trust account statement, the Court is simply unable to assess the

23  appropriate amount of the filing fee required to initiate this action. *See* 28 U.S.C. § 1915(b)(1).

24  Therefore, Plaintiff's Motion to Proceed IFP must be DENIED.

25  **II.    CONCLUSION AND ORDER**

26        For the reasons set forth above, **IT IS ORDERED** that:

27        (1)    Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**.

28

"H"-2

1    (2)    This action is **DISMISSED** without prejudice for failure to prepay the $350 filing

2  fee mandated by 28 U.S.C. § 1914(a), and for failure to successfully move to proceed IFP

3  pursuant to 28 U.S.C. § 1915(a).

4    (3)    Plaintiff if **GRANTED** forty five (45) days from the date this Order is Filed to

5  either:  (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which*

6  *includes a certified copy of his trust account statement for the 6-month period preceding the*

7  *filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

8    **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a

9  Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this

10  matter. If Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the

11  attached Motion to Proceed IFP, together with a certified copy of his prison trust account

12  statement within 45 days, this action shall remained closed without further Order of the Court.

13

14

15  DATED:  February 14, 2008

16

17  Hon. Jeffrey T. Miller
   United States District Judge

18

19

20

21

22

23

24

25

26

27

28

"H"-3

STATE OF CALIFORNIA

**CHARGE REPORT**
CDC 1502 (b) (07/04)

DISTRIBUTION:                    DEPARTMENT OF
CORRECTIONS
ORIGINAL - C-File.
1ST COPY - Field File.
2ND COPY - Parolee.

**REPORT TO:**    [X] BOARD OF PRISON TERMS

| CDC NUMBER | NAME (LAST, FIRST, MI) | | NAME BOOKED AS | REGION/UNIT | |
|---|---|---|---|---|---|
| V-64431 | GOUGH, JEFFREY | | SAME | IV/EC III | |
| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | | BOOKING NUMBER AND/OR LOCATION | |
| NIC | *N/A* | [X] MANDATORY   [ ] NON-MANDATORY | | 16103 Los Ranchitos Rd. Lakeside, CA 92040 (619) 458.4148 | |
| ARREST CODE * | * ARREST CODES: A  P&CSD STAFF ALONE  AB  P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY | | B  LAW ENFORCEMENT AGENCY ALONE  D  LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD | | |
| NIC | | | | | |
| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE-REVIEW DATE | IMMINENT DISCHARGE |
| NIC | 6/1/06 | NIC | I, BRIZUELA | 11-8-08 | 11-16-06 | |

| CHARGES AND CODES | CHARGES AND CODES |
|---|---|
| 1.  Failure to Register per P.C 290 (390) | 4. |
| 2. | 5. |
| 3. | 6. |

| REASON FOR RETAINING PAROLE HOLD:  PAROLEE DANGER TO: | | | | DATE COPY GIVEN TO PAROLEE | NAME OF PERSON NOTICING PAROLEE |
|---|---|---|---|---|---|
| [X] ABSCON | [X] SELF | [X] PROPERTY-OTHERS | [X] SAFETY-OTHERS | 6/27/06 | E McWilliam |

NOT IN CUSTODY

Parolee Gough is a P.C 290 Registrant. He was to register with the San
Diego County Sheriffs Office five days prior or after his birth date of
February 5. He failed to register in a timely manner. He registered on
February 17, 2006.

PAROLE AGENT'S RECOMMENDATION:
Refer violation to the Board of Parole Hearings for parole revocation
proceedings.

| | PAROLE AGENT'S SIGNATURE | DATE |
|---|---|---|
| | I. Brizuela | 6-12-06 |

| UNIT SUPERVISOR'S ACTION | | RELEASE HOLD AS OF (DATE): | | |
|---|---|---|---|---|
| [X] DECISION  [X] REVIEW | [ ] RETAIN HOLD | | [ ] CANCEL WARRANTS — WANTS | |
| [ ] CONTINUE ON PAROLE | [ ] CONTINUE IN OUT PATIENT STATUS | *DISCHARGE EFFECTIVE (DATE): | [ ] RETAIN ON | |
| [ ] REINSTATE ON PAROLE AS OF (DATE): | [ ] TIME LOSS  [ ] NO TIME LOSS | [ ] SUSPEND/REINSTATE IN OPS AS OF (DATE): | [X] REFER TO BPT/NAEA | [X] INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE) 6/20/06 |
| [ ] SPECIAL CONDITION(S): | | | [ ] ADD | [ ] DELETE |

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION Concur; provide case fed. Violation rpt. due NLT: 6/20/06.

| [X] I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD | UNIT SUPERVISOR'S SIGNATURE | DATE |
|---|---|---|
| | | 6-12-06 |

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

| [ ] REFER TO BPT/NAEA | *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|
| | | | |

EXHIBIT "I"

BPT ASSISTANT WARDEN GARCIA    EMERGENCY APPEAL TITLE 15, § 3084.7(a)

RECEIVED
JAN 1 0 2008
RICHARD J. DONOVAN CORR. FAC.

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | _____ |

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JEFFREY S. GOUGH | V64431 | UNASSIGNED | F2-6-107L |

**A. Describe Problem:** ON 3 JAN 08 MY "BASIC NEED" PAROLE ATTY MET WITH ME: I HAD BEEN IN CUSTODY FOR 14 DAYS. DURING THIS MEETING THIS ATTY. FAILED TO HEAR MY DEFENSES, REASONABLE REQUESTS FOR AN INVESTIGATION, REASONABLE REQUESTS FOR PRODUCTION OF COURT DOCUMENTS, REASONABLE REQUESTS REGARDING COPYING P.C. § 290 TO PRESENT TO THE SCREENING/PROBABLE CAUSE DEPUTY COMMISSIONER, REASONABLE REQUESTS TO REVIEW ALL THE FILE (INCLUDING ANY INVESTIGATION REPORTS OR PHOTOGRAPHS) THIS ATTY SIMPLY REFUSED TO DO ANYTHING BUT "PLEAD" ME GUILTY WHICH I AM NOT !!! DURING THE OPENING OF THE UNRECORDED PROBABLE CAUSE HEARING THE ATTY. ALLOWED THE SAME COMMISSIONER TO RIDICULE ME REGARDING MY "TARGETED VICTIM" STATUS. PLEASE CHECK WWW.

If you need more space, attach one additional sheet. WELSH@mindjustice.org ; CHRISTIANS AGAINST MIND SLAVERY.ORG

**B. Action Requested:** IMMEDIATE REPLACEMENT OF MY PRESENT BPT "BASIC NEED" ATTORNEY WITH A NEW PANEL ATTORNEY NOT ASSOCIATED DIRECTLY WITH THE BPT. AN INVESTIGATION INTO MY "TARGET VICTIM" STATUS AND ALL NECESSARY ACTIONS TO PROTECT THE INTEGRITY OF MY FULL REVOCATION HEARING AND MENTAL WELL BEING — NOT PHYSICAL — AS THE COMMISSIONER BELIEVED!

Inmate/Parolee Signature: _Jeff S. Gough_    Date Submitted: 1/8/08

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: _____
_____
_____
_____
_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____
_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

"L"

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                          Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

☐ See Attached Letter

CDC 602 (12/87)                                          Date: _____