1    JEFF S. GOUGH (CDCR V64431)
   P.O.B. 799002 (F2-10-248U)
2    SAN DIEGO, CAL. 92179-9002

3

4

5   IN PROPRIA PERSONA

6

7

8        IN THE SUPERIOR COURT OF CALIFORNIA

9        IN AND FOR SAN DIEGO COUNTY, CENTRAL

10   JEFF S. GOUGH,          CASE NO. ___37-2008-00080875-CU-MC-CTL___

11        PLAINTIFF,

12    vs.           CIVIL COMPLAINT FOR FALSE ARREST AND
                      IMPRISONMENT; DECLARATORY/INJUNCTIVE
13   GREG SEWELL, BPT PAROLE AGENT,    RELIEF; COMPENSATORY AND PUNITIVE
                      DAMAGES; AND DEMAND FOR JURY TRIAL
14        DEFENDANT.

15                I.

16             INTRODUCTION

17      1.   PLAINTIFF, JEFF S. GOUGH, IN PROPRIA PERSONA, BRINGS THIS CIVIL

18 COMPLAINT FOR FALSE ARREST AND IMPRISONMENT UNDER "PROTECTIVE CUSTODY"

19 AGAINST DEFENDANT GREG SEWELL IN HIS INDIVIDUAL CAPACITY.

20      2.   DEFENDANT GREG SEWELL WORKS AS A "PEACE OFFICER" AND/OR A PAROLE

21 OFFICER FOR THE COMMUNITY COMPONENT OF THE CALIF. DEPT. OF CORRECTIONS, I.E.,

22 BPT's "KURTZ STREET" PAROLE OFFICE LOCATED AT 3502 KURTZ ST., SAN DIEGO, CA.

23      3.   FOR SAKE OF BREVITY, DEFENDANT FOR SELF-SERVING UNKNOWN MOTIVES

24 FALSELY ARRESTED PLAINTIFF ON SPECIOUS AND SPURIOUS PENAL CODE § 290-RELATED

25 SO-CALLED "SPECIAL CONDITIONS" OF PAROLE, SEE GENERALLY PENAL CODE § 3003

26 et. seq., ON DECEMBER 18, 2007. AS A CONSEQUENCE PLAINTIFF IS FALSELY IMPRISONED.

27      4.   ADDITIONALLY, DEFENDANT, AS A PROFESSIONAL REVIEWER OF PAROLE LAW,

28 FAILED TO DISCHARGE SAME, AND ELECTED TO ABANDON SEEKING LEGAL ADVICE.

"R"

## II.

5. PLAINTIFF AVERS AS FOLLOWS:

6. BACK IN "1984" PLAINTIFF SUFFERED A NOLO MISDEAMEANOR CONVICTION FOR "UNLAWFULY SEXUALLY ASSAULT[ING] ANOTHER" PERSON. THIS PERSON ALLEGEDLY WAS THE DAUGHTER OF "LAUGH-IN'S" DAN ROWAN.  SEE EXHIBIT "A" (CRIMINAL FILE FROM CRN-9127) @ A-4; PAROLE HEARING AUDIO TAPE (01/18/08).

7. AT NO TIME PRIOR-TO OR A SENTENCING DID THE COURT CONSIDER THE IMPOSITION OF THE REGISTRATION PROVISIONS OF PENAL CODE (P.C.) §290. SEE EXHIBIT A @ A-2,3,7; EXHIBIT "B" (PHOTOCOPY OF P.C. §290) @ B-1; SENTENCING HEARING TRANSCRIPTS (RE SENTENCING IN RESPONSE TO PLAINTIFF'S ATTORNEY LAST QUIRY RE §290 REGISTRATION REQUIRED IN THIS CASE: "...NO."). PLAINTIFF WAS CONVICTED OF P.C. § 243.4 (SEE EXHIBIT "A").

8. IN 1989 PLAINTIFF WAS ARRESTED, CONVICTED, AND SENTENCED FOR A 21 U.S.C. §846 (CONSPIRACY TO PURCHASE AND TRANSFER UNLAWFUL CHEMICALS TO ANOTHER PERSON). SEE U.S. v. GOUGH, CASE NO. 89-0345-GT (JUDGEMENT & COMMITMENT ORDER); CE (FED. R.CRIM.P. 32 PRESENTENCING REPORT); SEE ALSO BUREAU OF PRISONS CASE FILE FOR U.S. MARSHALL'S NO. 18042-198 BOOKING/INMATE NUMBER. AFTER PLAINTIFF'S FEDERAL (D.O.J.) RELEASE HE WAS NEVER ORDERED OR REQUIRED TO REGISTER PER P.C. §290. IBID.

9. IN 2001 OR 2002 PLAINTIFF WAS ARRESTED, CONVICTED, AND SENTENCED TO PROBATION FOR THREATENING A BURGLER IN VIOLATION OF PENAL CODE §422. PLAINTIFF HAD NO P.C. §290 REGISTRATION ORDERED BY THAT COURT (SEE PEOPLE V. GOUGH, CASE #SCS 175445, PRONOUNCEMENT OF SENTENCE (__/__/__)) NOR WAS HE ORDERED BY STATE PROBATION TO REGISTER PER §290 FOR ALMOST TWO YEARS UNTIL HE VIOLATED PROBATION (SEE STATE PROBATION REPORT). IBID.

10. PLAINTIFF VIOLATED HIS PROBATION AND WAS SENTENCED TO A TERM OF CDC CUSTODY ON 12/30/04 AND WAS RELEASED ON 11/16/05. PLAINTIFF WAS INFORMED BY "KURTZ STREET" PAROLE OFFICER WICKLINE THAT HE MUST REGISTER P.C. § 290 OR FACE IMMEDIATE ARREST AND PAROLE VIOLATION. MR. WICKLINE REFUSED TO CONSIDER THE FACT THAT PLAINTIFF WAS NOT A COURT-ORDER §290 REGISTRANT.

11. PLAINTIFF'S PAROLE SUPERVISION WAS TRANSFERRED TO THE SO-CALLED "EL CAJON" OFFICE AS THAT PLAINTIFF ENTERED A CLEAN & SOBER RESIDENTIAL PROGRAM ("TRI-PHASE") LOCATED AT 10103 LOS RANCHITOS ROAD, LAKESIDE, CA 92040, RIGHT NEXT DOOR TO DAY CARE CENTER FOR THE YOUNG MENTALLY CHALLENGED. SEE "C" (CDC 1502(b) CHARGE SHEET 6/12/06).

12. AS EXHIBIT "C" (RE P 11, SUPRA) REVEALS PLAINTIFF WAS CHARGED BY PAROLE OFFICER I. BRIZUELA AS BEING A "P.C. 290 REGISTRANT" AND THAT IT WAS ALLEGED HE VIOLATED P.C. §290(a)(i)(c)(iii) BY NOT TIMELY RE-REGISTER. IBID. PLAINTIFF WAS ARRESTED PER THE CHARGE DOCUMENT BECAUSE HE MAY BE A DANGER TO "ABSCON," "SELF," "PROPERTY-OTHERS" AND/OR "SAFETY-OTHERS." IBID. NOTWITHSTANDING THE ARREST, PLAINTIFF'S PAROLE HOLD WAS LIFTED THE NEXT DAY AND HE WAS RELEASED "C.O.P.".

13. AT A LATER DAY, WITH MR. I. BRIZUELA'S INDEPENDENT INVESTIGATION, THIS P.C. §290 ALLEGATION WAS REFERRED TO THE BPT PAROLE REVOCATION BOARD. AT THE FULL REVOCATION TRIAL PLAINTIFF PRESENT DOCUMENT(S) FROM THE "1984" CASE (EXHIBIT "A") WHICH THE BPT DEPUTY COMMISSIONER DETERMINED WAS DISPOSITIVE: NO GROUNDS FOR REVOCATION.

14. AT A LATER DAY PLAINTIFF MOVED BACK TO V "KURTZ STREET" PAROLE SUPERVISION DISTRICT. PLAINTIFF MOVED TO 4064 HUERFAND #260, PACIFIC BEACH, CALIFORNIA. MR. BRIZUELA CONDUCTED A "HOME VISIT" AND APPROVED THE CONDO AS PLAINTIFF'S RESIDENCE. IN ADDITION TO MR. BRIZUELA SEVERAL BPT PAROLE OFFICERS: MESSRS. SANCHEZ, MALTOAST, AND ANOTHER CONDUCTED "HOME INSPECTIONS" WITHOUT ANY INDICATION OF ANY PAROLE VIOLATIONS, COMMENTS, OR OTHER PROBLEMS WITH THE CONDO OR ITS LOCATION.

15. ALMOST A YEAR-AND-HALF AFTER ESTABLISHING A RESIDENCE AT THE CONDO AND ENTERING INTO AN AGREEMENT WITH JORDON GRIFFIN TO PURCHASE THE CONDO (SEE EXHIBIT "D", GOUGH V GRIFFIN, CASE # 37-2008-00079313-CU-BC-CTL; PENDING SERVICE/PROCESS AS OF UNDERSIGNED DATE) DEFENDANT ARRESTED THE PLAINTIFF ON, INTER ALIA, SPECIOUS, SPURIOUS, PREVIOUSLY ADJUDICATED CHARGE/

1  ALLEGATION THAT PLAINTIFF VIOLATED P.C. § 290-DIRECTLY-ASSOCIATED "SPECIAL CONDITIONS"
2  OF HIS PAROLE. SEE EXHIBIT "E" (CDC 1502(b) CHARGE (12/18/07)); EXHIBIT "C" (CHARGE
3  SHEET (06/22/06) CHARGING A SERIOUS IRREBUTABLE VIOLATION OF LAW).

4     16. PLAINTIFF'S ALLEGED "SPECIAL CONDITIONS" CHARGE/ALLEGATION (EXHIBIT "E")
5  HE NOT POSSESS CERTAIN THINGS OR THAT HE COULD NOT, ACCORDING TO DEFENDANT, LIVE
6  AT HIS CONDO AFTER DEFENDANT'S ARREST AND/OR IMPRISONMENT IS NOT WITHIN
7  HIS DISCRETIONARY SUPERVISIONAL AUTHORITY. SEE PENAL CODE 3003 et seq.

8     17. THE OTHER CHARGE/ALLEGATION OF AN ALLEGED BATTERY ON A UNNAMED
9  NEIGHBOR (EXHIBIT "E") IS CURRENTLY BEING CHALLENGED IN A COURT-OF-LAW IN
10  GOUGH v. OVERTON. SEE EXHIBIT "F"; EXHIBIT "G" GOUGH v. SCHWARZENEGGER
11  (PETITION FOR WRIT OF MANDAMUS PENDING FILING/REVIEW IN HALL OF JUSTICE; MAILED/
12  FILED PER HOUSTON v. LACK, 487 U.S. 266 (1988).

13     18. DEFENDANT'S ALLEGED VICTIM (RE EXHIBIT "F") PERJURED HIMSELF ON
14  DEFENDANT'S BEHALF DURING PLAINTIFF'S 01/18/08 PAROLE REVOCATION TRIAL AND
15  DEFENDANT SUBORNED SAME WHILE SWORNED-IN DURING THE SAME HEARING.

16     19. DEFENDANT PERJURIED HIMSELF DURING THE 01/18/08 TRIAL/HEARING
17  WHEN QUESTIONED REGARDING WHETHER HE WAS: (A) CONTACTED REGARDING THE
18  DEVELOPING SITUATION BETWEEN MR. OVERTON AND PLAINTIFF HE STATED "NO"; (B)
19  WHEN QUESTIONED REGARDING WHO WAS SEEKING THE TRO HE LIED AND STATED
20  THAT "THEY" WERE SEEKING THE TRO; (C) WHEN QUESTIONED ABOUT THE THREE OR
21  MORE TELEPHONE CALL REPORTS RE POLICE CONTACT HE LIED AND STATED HE DID
22  NOT CALL. IN ADDITION, DEFENDANT CONTINUALLY MISREPRESENTED THE TRUTH,
23  E.G., WHETHER HE HAD BEEN INFORMED OF HOMEMATES, OVERNITE FRIENDS, AND/OR
24  PAST AND PRECIEPENT RENTERS: "KEN."

25     20. DEFENDANT IS A MEMBER OF A COMPONENT OF THE U.S. DOMESTIC
26  SURVEILLANCE PROGRAM WORKING IN CONJUNCTION WITH THE U.S. MILITARY.

27     21. THIS FALSE ARREST AND IMPRISONMENT & LAWSUIT IS A JURY-DEMAND PER THE
28  PROVISIONS AND COMMON LAW OF THE 7th AMENDMENT OF THE U.S. CONSTITUTION.

22. AND/OR THE STATUTORIAL PROVISIONS OF THE "COMMON LAW TORT"— RIGHT TO A JURY TRIAL ON ALL ISSUES OF FACT. SEE GENERALLY ALBRIGHT V. OLIVER (1999) 114 S.Ct. 807, 811 & n.4 (COMMON LAW TORT DISTINCT CONSTITUTIONAL TORT).

23. PRIOR TO PLAINTIFF'S ARREST ON 12/18/08 HE INFORMED DEFENDANT, BY PERSONAL DELIVERY OF A CALIF. CODE § 2035(a) PETITION, THAT HE WOULD BE SUBPOENA'd IN POSSIBLY THREE § 2035(a) PROCEEDINGS. SEE GOUGH-AOSHIMA V LT. SMITH et al., CASE # _____ (PERSONALLY DELIVERED TO PLAINTIFF PRIOR TO ARREST); GOUGH V. GRIFFIN, CASE # 37-2008-00079313-CU-BC-CTL (CIVIL BREACH OF CONTRACT SUIT; THEREIN INCORPORATING BY REFERENCE THEREIN CALIF. CODE § 2035(a) PETITION WITH REFERENCE TO SUBPOEN'G GREG SEWELL; EXHIBIT "D"); GOUGH V. ARCHER & OVERTON, CASE # _____ (EXHIBIT "F"; A CIVIL SUIT FOR FALSE ARREST AND IMPRISONMENT; THEREIN INCORPORATING BY REFERENCE THEREIN CALIF. CODE § 2035 (a) PETITION WITH CASE # 37-2007-00083116-CU-PT-CTL; DISMISSED W/O PREJUDICE BECAUSE PLAINTIFF WAS IN CUSTODY DUE TO ARREST (EXHIBIT "I" (MINUTE ORDER (01/03/08))); FILED 02/18/08 PER HOUSTON V. LACK (1988) 487 U.S. 266); EXHIBIT "G" (ADMINISTRATIVE MANDAMUS PETITION/ PROCEEDING TO COMPEL CDC/BPT TO PROVIDE PAROLE REVOCATION TRIAL/HEARING FINAL REPORT, COMPLETE AUDIO TAPE OF TRIAL/HEARING, REMOVAL OF § 290 "STIGMA," AND/OR § 290—ASSOCIATED "SPECIAL CONDITIONS"); EXHIBIT "H" (GOUGH V. RODRIGUEZ, CASE # 37-2008-00080345-CU-BT-CTL] (A CIVIL LEGAL MALPRACTICE SUIT AGAINST BPT ATTORNEY)( FILED 02/18/08 PER HOUSTON V. LACK (1988) 487 U.S. 266)

24. AT THE NEXT "HOME VISIT" THE DEFENDANT (1) INFORMED PLAINTIFF HE WOULD NOT COMPLY WITH A SUBPOENA; (2) HE SOUGHT INFORMATION IN RE THE STATUS OF PLAINTIFF'S RESIDENCE — WHICH PLAINTIFF STATED HE WAS IN LITI-GATION; (3) HE DEMANDED THE TELEPHONE NUMBER OF THE INDIVIDUAL THAT PLAINTIFF HAD ENTERED INTO AN AGREEMENT, RE CONDO, WITH; (4) HE NEVER EXPRESSED ANY CONCERNS RE PLAINTIFF'S PAROLE COMPLIANCE.

25. ON 12/18/08 DEFENDANT CALLED PLAINTIFF AND INFORMED HIM THAT HE WAS GOING TO DO A "HOME INSPECTION" AND AT THE SAME TIME WOULD

1  NEED A "COPY" OF PLAINTIFF'S P.C. § 290 REGISTRATION CARD. PLAINTIFF ASSUMED

2  THAT HE WOULD BE ABLE TO DISCUSS (1) THE FACT HE WAS NOT A § 290 REGISTRANT;

3  (2) THAT HE HAD SHOWN SAN DIEGO POLICE OFFICER CONKIN AND HIS PATROL PARTNER

4  ON A PREVIOUS HIS § 290 REGISTRATION CARD AND DOCUMENTATION THAT HE WAS NOT

5  COURT-ORDERED TO § 290 REGISTER DURING A VISIT TO REPORT THE SECOND T.R.O.

6  VIOLATION; (3) THAT HE HAD CELL-PHONED (619-249-5405) THE STATE DEPARTMENT

7  OF JUSTICE SEX OFFENDER UNIT IN SACRAMENTO THE DAY BEFORE AND WAS INSTRUCTED

8  TO SEND THE DOCUMENTATION (EXHIBIT "A") AND HE WOULD BE REMOVED FROM THE

9  D.O.J.'s REGISTERY/DATA BANK.

10    26. IN PREPARATION FOR WHAT PLAINTIFF BELIEVED WOULD BE A "HOME

11  VISIT" WHEREUPON HE WOULD HAVE ANOTHER OPPORTUNITY TO DISCUSS THE

12  P.C § 290 REGISTRATION PROBLEM PLAINTIFF BROUGHT ALL THE NECESSARY DOCUMENTATION,

13  INCLUDING ANOTHER CDC 602 INMATE/PAROLEE APPEAL FORM, TO AGAIN TO INFORMALLY

14  RESOLVE THIS VERY SERIOUS ERROR, BOTH LAWFUL AND/OR CONSTITUTIONAL.

15    27. PLAINTIFF AWAITED DEFENDANT AND ANSWERED THE DOOR WHEN HE

16  HEARD KNOCKING. LOOKING THROUGH THE SCREEN DOOR HE SAW DEFENDANT AND OTHERS

17  WITHOUT HESITATION PLAINTIFF OPENED THE SCREEN DOOR AND DEFENDANT AND MANY,

18  WHAT APPEARED TO BE POLICEMEN, RUSHED IN AND IMMEDIATELY HANDCUFFED YOUR

19  PLAINTIFF. PLAINTIFF ASKED DEFENDANT WHAT WAS THE JUSTIFICATION FOR ALL THE

20  OFFICERS RUNNING THROUGH PLAINTIFF'S RESIDENCE OPENING DRAWERS, THROWING HIS

21  PERSONAL POSSESSION ON THE GRANITE FLOOR AND WHAT APPEARED TO PLAINTIFF IN A

22  MANNER TO ENSURE MANY PERSONAL ITEMS WERE BROKEN. DEFENDANT HOSTILELY

23  STATED "COMPLIANCE SEARCH." THROUGHOUT THIS WARRANTLESS SEARCH PLAINTIFF

24  WAS RESTRAINED. WHEN ASKED IF ANYONE WAS THERE PLAINTIFF STATED "KEN" MIGHT

25  BE AS HE WAS GOING TO BE A GUESTROOM RENTER; UPON FURTHER DISCUSSION WITH THE

26  DEFENDANT. A COUPLE OF THE LAW ENFORCEMENT OFFICERS WERE PRESENT THEN.

27    28. WHILE BEING ARRESTED PLAINTIFF BELIEVES THAT DEFENDANT HAD BROKE

28  HIS HAND DUE TO HIS HOSTILITY TOWARDS PLAINTIFF. SEE EXHIBITS "H" AND "I"

## III.
## CLAIMS FOR RELIEF

29.  PLAINTIFF CLAIMS THE HEREUNDER CLAIMS FOR RELIEF.

### A.

30.  DEFENDANT'S REFUSAL TO REMOVE THE PENAL CODE § 290 STIGMAZING REGISTRATION REQUIREMENT AND PENAL CODE § 3003-RELATED "SPECIAL CONDITIONS" WAS THE DIRECT RESULT OF DEFENDANT'S SELF-SERVING PERSONAL INTEREST TO ARREST PLAINTIFF TO HINDER, IMPEDE, AND/OR INTERRUPT PLAINTIFF'S ACCESS TO THE COURTS.

31.  PLAINTIFF INCORPORATES BY REFERANCE PP 1 THRU 28, SUPRA, AND REALLEGES AND FURTHER CLAIMS THAT THE DEFENDANT'S UTTER DISREGARD TO THE REGULATORY AND/OR BPT COMMUNITY PAROLE OFFICE POLICIES, AND/OR THE LAW, CALIFORNIA OR CONSTITUTIONAL, IN ARRESTING PLAINTIFF IS GROUNDS FOR REDRESS OR MERITORIOUS FACTUAL GROUNDS FOR DECLARATORY RELIEF, MONETARY COMPENSATION, AND/OR EXEMPLARY/PUNITIVE COMPENSATION.

32.  PLAINTIFF ERGO CLAIMS THAT THE DEFENDANT'S FAILURE TO ACT IN A PROFESSIONAL BY MANNER REALIZING THAT PLAINTIFF IS NOT, BY EITHER FACTUALLY AND/OR LEGALLY, OBLIGATED TO HAVE THE P.C. §3003-RELATED "SPECIAL CONDITIONS" AFTER THE CHARGE/ALLEGATION THAT HE WAS (SEE PP 11-13, SUPRA) DISMISSED BY A DEPUTY COMMISSIONER OF THE BPT AGGRAVATED AND LENDS SUPPORT THAT DEFENDANT ACTED WITH PERSONAL MOTIVES, E.G., TO AVOID BEING SUBPOENA'd (SEE PP 23,24).

33.  FURTHERMORE, DEFENDANT WAS AVOIDING COMPLICITY IN THE PROGRAM(S) OF EITHER STATE AND/OR FEDERAL DOMESTIC SURVEILLANCE (SEE PP 20, 23) AS USED AND/OR "TARGETING VICTIMS," Ibid., AND OBSTRUCTED JUSTICE (SUBPOENA) BY TAKING THE UNLAWFUL AND UNCONSTITUTIONALLY ACTION OF ARRESTING PLAINTIFF.

34.  PLAINTIFF THUSLY ASSERTS THAT THE DEFENDANT HAS NO COLORABLE OR AFFIRMATIVE DEFENSE(S); COMMON LAW JUDGEMENT-ON-THE-PLEADING(S) IS WITHIN THE REACH OF THIS VERIFIED COMPLAINT (I.E., CLAIM FOR RELIEF) DURING THE PLEADING STAGE OF THIS CIVIL SUIT FOR FALSE ARREST/IMPRISONMENT.

B.

31. DEFENDANT'S UNPROFESSIONAL CONDUCT OF NOT ENSURING THAT PLAINTIFF WAS A LAWFUL PENAL CODE §290 REGISTRANT AGGRAVATED THE FACT THAT HE SUFFERED THE ORIGINAL UNLAWFUL ARREST AND FALSE IMPRISONMENT

32. PLAINTIFF INCORPORATES BY REFERANCE ¶¶ 1 THRU __28__, SUPRA, AND REALLEGES AND FURTHER CLAIMS THAT THE DEFENDANT'S UTTER DISREGARD TO THE REGULATORY AND/OR BPT COMMUNITY PAROLE OFFICE POLICIES, AND/OR THE LAW; STATE OF CALIFORNIA OR CONSTITUTIONAL, IN NOT ACTING IN A PROFESSIONAL MANNER POST-ARREST IS GROUNDS FOR REDRESS OR MERITORIOUS FACTUAL GROUNDS FOR DECLARA-TORY RELIEF; MONETARY COMPENSATION, AND/OR EXEMPLARY/PUNITIVE COMPENSATION.

33. PLAINTIFF ERGO CLAIMS THAT THE DEFENDANT'S UNPROFESSIONAL CONDUCT POST-ARREST WAS A BLANTANT PERSONAL SELF-SERVING EFFORT TO HINDER, IMPEDE, AND/OR JUSTIFY THE FALSE ARREST/IMPRISONMENT OF PLAINTIFF, IN THAT DEFENDANT DID NOT CONTACT PAROLE OFFICER I. BRIZUELA (RE ¶¶ 11-13) TO REMEDY THE ARREST AT THE EARLIEST OPPORTUNITY AND HAVE PLAINTIFF RELEASED OR THAT CHARGE/ALLEGATION OF A VIOLATION OF A P.C. §290-RELATED "SPECIAL CONDITION" VIOLATION PER P.C. § 3003 DROPPED/DISMISSED.

34. PLAINTIFF INCORPORATES BY REFERANCE ¶ 33, SUPRA. AND SPECIFICALLY CLAIMS THAT DEFENDANT'S POST-ARREST CONDUCT WAS TO VICTIMIZE PLAINTIFF (RE ¶¶ 20, 23), AND TO CAUSE PLAINTIFF ECONOMICAL DAMAGES (RE ¶ 23) WITHOUT JUSTIFICATION, IN PROLONGING PLAINTIFF'S CUSTODY EXPOSURE/TERM.

35. PLAINTIFF THUSLY ASSERTS THAT THE DEFENDANT HAS NO COLORABLE OR AFFIRMATIVE DEFENSE(S); COMMON LAW JUDGEMENT-ON-THE-PLEADING(S) IS WITHIN THE REACH OF THIS VERIFIED COMPLAINT (I.E. CLAIM FOR RELIEF) DURING THE PLEADING STAGE OF THIS CIVIL SUIT FOR FALSE/IMPRISONMENT.
ARREST

C.

36.    DEFENDANT SUBORNED PERJURY BY THE ALLEGED "BATTERY VICTIM" TO JUSTIFY THE ARREST OF PLAINTIFF FOR PERSONAL SELF-SERVING INTERESTS.

37.    PLAINTIFF INCORPORATES BY REFERANCE ¶¶ 1 THRU 28, SUPRA, AND CLAIM FOR RELIEF "B" AND REALLEGES AND FURTHER CLAIMS THAT THE DEFENDANT'S PRE-/POST-ARREST INVESTIGATIONS REVEALED THAT MR. RICHARD OVERTON (¶ 19, SUPRA) COMMITTED PERJURY. ON SEVERAL OCCASSION DURING OVERTON'S SWORN-TO TESTIMONY HE OUTRIGHT CONTRADICTED HIS STATEMENTS TO DEFENDANT. THESE PERJURIOUS STATEMENTS WERE MADE PRIOR TO DEFENDANT'S OWN SWORN-TO TESTIMONY ON THE SAME EVENTS. THIS CLAIM IS SUBSTANTIATED BY A REVIEW OF THE ALLEGATIONS AND SUPPORTIVE DOCUMENTATION IN. EXHIBITS "F" AND "G" WITH A REVIEW OF THE PAROLE HEARING TAPE OF 01/18/08. SEE P.C. § 127, E.C. § 966.

38.    PLAINTIFF ERGO CLAIMS THAT THE DEFENDANT'S FAILURE TO ACT IN A PROFESSIONAL MANNER WITH REGARD TO THE REGULATORY AND/OR BPT COMMUNITY PAROLE OFFICE POLICIES AND/OR THE LAW, CALIFORNIA OR CONSTITUTIONAL, IN SUBORNATING PERJURY FROM HIS WITNESS IS GROUNDS FOR REDRESS OR MERITORIOUS FACTUAL GROUNDS FOR DECLARATORY RELIEF, MONETARY COMPENSATION, AND/OR EXEMPLARY/PUNITIVE COMPENSATION.

39.    PLAINTIFF INCORPORATES BY REFERANCE ¶ 33, SUPRA, AND SPECIFICALLY CLAIMS THAT DEFENDANT'S SUBORNATION OF OVERTON'S PERJURIOUS STATEMENTS WAS TO VICTIMIZE PLAINTIFF (RE ¶¶ 20, 23), AND TO CAUSE PLAINTIFF ECONOMICAL DAMAGES (RE ¶ 23) WITHOUT JUSTIFICATION, IN PROLONGING PLAINTIFF'S RETURN TO CUSTODY TERM.

40.    PLAINTIFF THUSLY ASSERTS THAT THE DEFENDANT HAS NO COLORABLE OR AFFIRMATIVE DEFENSE(S); COMMON LAW JUDGEMENT-ON-THE-PLEADINGS IS WITHIN THE REACH OF THIS VERIFIED COMPLAINT (I.E., CLAIM FOR RELIEF) DURING THE PLEADING STAGE OF THIS CIVIL SUIT FOR FALSE ARREST AND IMPRISONMENT.

D.

41.    DEFENDANT PERJURIED HIMSELF TO CONCEAL THE FACT THAT HE UNLAWFULLY ARRESTED PLAINTIFF FOR PENAL CODE §290-RELATED "SPECIAL CONDITIONS" PER PENAL CODE §3003 et. seq. FOR PERSONAL SELF-SERVING MOTIVES

42.    PLAINTIFF INCORPORATES BY REFERANCE ¶¶ 1 THRU 28, SUPRA, AND CLAIM FOR RELIEF "A" AND "B" SUPRA, AND REALLEGES AND FURTHER CLAIMS THAT THE DEFENDANT COMMITTED PERJURY (RE ¶ A) DURING HIS SWORN-TO TESTIMONY DURING THE PAROLE REVOCATION HEARING ON 01/18/08. THIS CLAIM IS SUBSTANTIATED BY A REVIEW OF THE ALLEGATIONS AND SUPPORTIVE DOCUMENTATION IN EXHIBIT "F" REGARDING THE CIRCUM-STANCES ENCOMPASSING THE TRO THAT PLAINTIFF HAD INITIATED AGAINST THE ALLEGED "BATTERY" VICTIM, MR. RICHARD OVERTON (SEE EXHIBIT "G").

43.    PLAINTIFF ERGO CLAIMS THAT THE DEFENDANT'S FAILURE TO ACT IN A PROFESSIONAL MANNER IN ABSTAINING FROM PERJURY HIMSELF IS CONTRARY TO THE LAW OF PERJURY PER PENAL CODE §118. PLAINTIFF HAS MADE THE NECESSARY SHOWING PER PENAL CODE §966 (BORROWING BURDEN OF PROOF FROM CRIMINAL PROSECUTIONS).

44.    PLAINTIFF'S CLAIM IS THAT DEFENDANT PERJURIED HIMSELF TO CONCEAL THE FACT THAT ALLEGED "BATTERY" VICTIM PERJURIED HIMSELF AND TO CONCEAL THE FACT THAT THE ARREST FOR PENAL CODE §290-RELATED "SPECIAL CONDITIONS" PER PENAL CODE §3003 et. seq. WAS UNJUSTIFIED FOR SELF-SERVING MOTIVES SUCH AS TO AVOID BEING SUBPOENA'd (SEE ¶23).

45.    PLAINTIFF INCORPORATES BY REFERENCE ¶¶33, ¶39, SUPRA, AND CLAIMS THAT THE DEFENDANT'S PERJURY WAS TO VICTIMIZE PLAINTIFF (RE ¶¶20,23) AND TO CAUSE PLAINTIFF ECONOMICAL DAMAGES (RE ¶23) WITHOUT JUSTIFICATION IN PROLONGING PLAINTIFF'S RETURN TO CUSTODY TERM.

46.    PLAINTIFF THUSLY ASSERTS THAT THE DEFENDANT HAS NO COLORABLE OR AFFIRMATIVE DEFENSE(S); COMMON LAW JUDGEMENT-ON-THE-PLEADINGS IS WITHIN THE REACH OF THIS VERIFIED COMPLAINT (I.E., CLAIM FOR RELIEF) DURING THE PLEADING STAGE OF THIS CIVIL SUIT FOR FALSE ARREST AND IMPRISONMENT.

E.

47.   DEFENDANT ALLOWED THE SAN DIEGO POLICE AND/OR BPT COMMUNITY PAROLE OFFICER(S) TO CONDUCT AN ILLEGAL WARRANTLESS SEARCH WHILE PLAINTIFF WAS RESTRAINT

48.   PLAINTIFF INCORPORATES BY REFERANCE PP 1 THRU 21, SUPRA, AND CLAIMS FOR RELIEF "A" THRU "D" SUPRA AND REALLEGES AND FURTHER CLAIMS THAT THE DEFENDANT WAS THE "PEACE OFFICER" IN CHARGE CARRYING A "CONCEALED WEAPON" DURING THE WARRANTLESS SEARCH OF PLAINTIFF'S ONE-AND-HALF RESIDENCE, SEE P.P 14-15, 25-27, SUPRA. PLAINTIFF FURTHER ALLEGES THAT ON SEVERAL OCCASIONS DEFENDANT CARRIED A CONCEALED WHICH HE LIKE TO DISPLAY IN AN INTIMADATING MANNER AND ON THE DAY OF PLAINTIFF'S ARREST HE BELIEVED HE SAW A "CONCEALED" FIREARM. FURTHERMORE, PLAINTIFF WAS PART OF A FEDERAL CLASS ACTION AGAINST THE SAN DIEGO PORT AUTHORITY WHEREIN IT WAS AN ISSUE WHETHER "PEACE OFFICERS" COULD CARRY FIREARMS. (SEE EXHIBIT "G"@ F.N.). THE THRUST OF THIS ALLEGATION IS THAT PLAINTIFF~ ALBERT A PAROLEE~ WAS SUBJECT TO A WARRANTLESS SEARCH THAT WAS CLEARLY AN UNREASONABLE OF HIS ENTIRE RESIDENCE AND HIS GUESTROOM THAT "KEN" HAD STAYED-IN. SEE CALIF. CODE OF REGULATIONS; TITLE 15, DIV. 3, SUBCHP. 6, ART. I, § 3701; U.S. J. CRAWFORD, 372 F3d 1048 (CA9 2004)(EN BANC).

49.   PLAINTIFF ERGO CLAIMS THAT THE DEFENDANT'S SUPERVISION OF THE SEARCH AND DESTROY OF HIS CONDOMINUM (SEE EXHIBIT "D") WAS NOT ONLY ILLEGAL BUT AN EFFORT BY DEFENDANT TO FIND JUSTIFICATION TO ARREST PLAINTIFF; ASSUMING, ARGUENDO GRATIS, THE ITEMS SEIZED~ BUT NOT REVEALED AT PLAINTIFF'S PAROLE REVOCATION HEARING ON 01/18/08~ WERE ITEMS PROHIBITED.

50.   PLAINTIFF THUSLY ASSERTS THAT THE DEFENDANT HAS NOT COLORABLE OR AFFIRMATIVE DEFENSE(S); COMMON LAW JUDGEMENT-ON-THE-PLEADING(S) IS WITHIN THE REACH OF THIS VERIFIED COMPLAINT (I.E. CLAIM FOR RELIEF) DURING THE PLEADING STAGE OF THIS CIVIL SUIT FOR FALSE ARREST/IMPRISONMENT.

IV

PRAYER

51.    PLAINTIFF PRAYS FOR DECLARATORY RELIEF, FOR COSTS OF SUIT;
FOR SUCH RELIEF AS IS FAIR, JUST, AND EQUITABLE; AND FOR:

52.    COMPENSATORY DAMAGES IN THE AMOUNT OF $180,000.00;

53.    PUNITIVE DAMAGES IN THE AMOUNT OF $540,000 OR ACCORDING TO
PROOF AT TRIAL;

54.    CONSEQUENTIAL DAMAGES IN AMOUNT OF +/- $100,000.00

V.

VERIFICATION

55.    I, JEFF S. GOUGH, DECLARE AND SAYTH: PARAGRAPHS 1 THRU 54
ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. DATED AND SUBMITTED THIS
21st DAY OF MARCH, 2008, IN THE YEAR OF MY LORD JESUS, de NAZARETH, el GALILEAN,
de JUDAH, el CHRIST & MESSIAH, PER PENAL CODE § 118(a) AND 28 USC § 1446(2).

JEFF S. GOUGH - PLAINTIFF

JEFFREY GOUGH V64431
P.O. BOX 799002 F2-6-107L
SAN DIEGO, CA 92179-9002

H00694
CRN9187

MicroFilm

· HONORABLE CLERK (CRIMINAL/ACHIVE)
  325 S. MELROSE DRIVE,
  VISTA, CAL. 92083-6627

: PEOPLE V. JEFF S. GOUGH, CRIM. CASE # _____, S.S.# 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
          /               1984                      D.O.B. 02-05-56
        STANLEY

B. REQUEST FOR CRITICAL DOCUMENTATION


GREETINGS HONORABLE CLERK (CRIMINAL/ARCHIVES):

I AM PRESENTLY IN A VERY DIFFICULT SITUATION — IN CUSTODY. I AM IN THIS
PRESENT SITUATION FOR LACK OF A CRITICAL DOCUMENTATION. SPECIFICALLY
I NEED DOCUMENTATION FROM A 1984 CASE IN THE ABOVE CRIMINAL MATTER.
REGARDING THE SENTENCE I RECEIVED: PROBATION FOR A MISDEMEANOR
SEXUAL BATTERY CHARGE, WITH NO PENAL CODE § 290 REGISTRATION REQUIRE-
MENT. I BELIEVE IT WAS MEMORALIZED IN BOTH A "CHANGE OF PLEA" JUDICIAL COUNCIL
FORM AND WHAT I HAVE CALLED A "JUDGEMENT" OR "MINUTE ORDER" OF
THE SENTENCE IMPOSED. AS THAT I AM PRO PER, IN CUSTODY, AND WITHOUT
THE PRESENT ABILITY TO PAY THE COPY COST AND MAILING I ASK — IN THE
NAME OF JESUS — THAT YOU PLEASE MAIL THESE DOCUMENTS TO ME AT THE
ABOVE ADDRESS. IF YOU WOULD PLEASE DO THIS I VOW UNTO MY LORDS TO
PAY UPON MY RELEASE (APPROXIMATELY 3 WEEKS) IF YOU CAN PLEASE DO ME THIS
REASONABLE REQUEST. I THANK-YOU IN ADVANCE FOR ANY ASSISTANCE.

SINCERELY YOURS, Jeff S. GOUGH          God Bless!   THANK-YOU!

(EX-A-1)

NOTE! √CLERK POST- 1/5/8
     [illegible]

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

REVIEW HEARING

PRESIDING HON. HERBERT B. HOFFMAN            JUDGE PRESIDING DEPARTMENT

CLERK                    REPORTER

THE PEOPLE OF THE STATE OF CALIFORNIA

DEPUTY DISTRICT ATTORNEY

DEFENDANT    JEFF

ATTORNEY FOR DEFENDANT (APPT./RETAINED)

WARRANT ISSUED, BAIL $                    NO BAIL ( )

DATA ENTRY CLERK

CRIMINAL MINUTES - PRONOUNCEMENT OF JUDGEMENT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

F I L E D
Robert D. Zumwalt, Clerk
OCT 30 1986
BY S. KUSH DEPUTY

CR **CRN9187**   DA   **A7614901**

DATE   **10-30-86**      09100   AT   **84140332** M      EVIDENTIARY HG

PRESENT: HON **FRANKLIN J MITCHELL JR**   JUDGE PRESIDING DEPARTMENT ___D___

CLERK   S Kush   REPORTER   Karen Brodie

THE PEOPLE OF THE STATE OF CALIFORNIA
vs                                    DEPUTY DISTRICT ATTORNEY
**GOUGH        JEFF     S**            CHRISTOPHER by Mc Manus
DEFENDANT                             ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)
                                      P.D. W. Stacy

VIOLATION OF   **PC243.4**

DEFENDANT ☑ NOT PRESENT ☐ ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT
☐ DEFENDANT ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION. ☐ WAIVES HEARING
PROBATION IS ☐ DENIED ☐ REVOKED ☑ REINSTATED ☑ CONTINUED ☐ MODIFIED ☐ GRANTED ___ YEARS (FORMAL/SUMMARY)

☐ IMPOSITION OF SENTENCE IS SUSPENDED. ☐ DEFENDANT SENTENCED TO STATE PRISON, EXECUTION STAYED (SEE BELOW FOR TERM)
CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:
☐ COMMITMENT TO SHERIFF FOR ___ DAYS. ☐ ADULT INSTITUTIONS RECOMMENDED. ☐ PAROLE NOT TO BE GRANTED.
☐ FINE OF $ ___ INCLUDING PENALTY ASSESSMENT AT $ ___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY
☐ RESTITUTION OF $ ___ TO VICTIM/RESTITUTION FUND AT $ ___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY
☐ RESTITUTION/FINE OF $ ___ PER GC 13967, STAYED PER PC 1202.4(b).
☐ PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION
☐ FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS.
☐ REGISTRATION PER PC 290/H&S 11590.

CREDIT FOR TIME SERVED
___ DAYS LOCAL
☐ DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF ___ YEARS   ___ DAYS STATE INST
(SEE BELOW FOR ADDITIONAL COUNTS)   COUNT ___   ___ DAYS PC 4019
☐ DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY ☐ PER W&I 707.2 ☐ PER W&I 1737   ___ TOTAL DAYS CREDIT
☐ DEFENDANT IS ADVISED OF APPEAL RIGHTS   ☐ DEFENDANT IS ADVISED REGARDING PAROLE

☐ DEFENDANT REMAINS AT LIBERTY:                    DEFENDANT REMANDED TO CUSTODY
☐ ON BOND POSTED $ ___                             ☐ WITHOUT BAIL
☐ ON OWN RECOGNIZANCE                              ☐ WITH BAIL SET AT $ ___
☐ ON PROBATION
                    ☐ DEFENDANT ORDERED RELEASED FROM CUSTODY

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT
___ CONTINUED TO/SET FOR ___ AT ___ M IN DEPT ___ ON MOTION OF
☐ COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON: ___
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03. FURTHER HEARING SET FOR ___ AT ___ M IN DEPT ___

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ___   SERVICE WITHHELD TO ___
☐ BENCH WARRANT, ISSUED ___ IS RECALLED ___
☐ BOND FORFEITED. BOND AMOUNT ___ BOND NO. ___ BOND COMPANY ___ AGENT ___
☐ BOND IS EXONERATED.

☐ PROCEEDINGS SUSPENDED PER: ☐ PC 1368, MENTAL COMPETENCY (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
☐ W&I 3051 ADDICTION OR DANGER OF ADDICTION (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER.)

OTHER: ☐ REFERRED TO DEPT. OF REVENUE AND RECOVERY

Evidentiary Hearing dropped from Calendar - defendant has
completed complied with terms of probation

DATED   OCT 30 1986   _____ FRANKLIN J MITCHELL JR
                                      JUDGE OF THE SUPERIOR COURT

PRONOUNCEMENT OF JUDGEMENT ORDER

F I L E D
Robert D. Zumwalt, Clerk
AUG 13 1984
BY _G. HAYS_ DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

THE PEOPLE OF THE STATE OF CALIFORNIA
                                    Plaintiff,

vs.

_Jeff Stanley Gaugh_
                                    Defendant.

CASE NUMBER
CR _N 9187_

CHANGE OF PLEA
(NOLO CONTENDERE)

F I L E D
Robert D. Zumwalt, Clerk
AUG 13 1984
BY _G. HAYS_ DEPUTY

Comes now _Jeff Stanley Gaugh_
defendant in the above-entitled criminal action, and in support of his motion to change his plea(s) to be made in open court personally and by his attorney, does declare:       (defendant to initial each item)

1. That his attorney in the above-entitled criminal action is _William R. Christopl_

2. That he is charged in _information_ number CR _N 9187_ with having violated
(the count or indictment)
_288 c(c) w/12022.3  6 cts   261.2 w/12022. 8c x 12 cts_   JG
(Code Section(s) and County(s))                                                                              JG
                                                                                                             JG

3. That he desires to change his plea(s) and desires to plead nolo contendere to
_243.4 per 17(b4)_   (set forth Code Section(s) and
(County(s), including lesser offense(s) to which plea(s) is to be made)

4. That he _is_ now and was at the time this form was prepared in possession of all his faculties
(is/is not)
and has not consumed any drug, narcotic or alcoholic beverage during the 24-hour period preceding the entry of this plea to the extent that his sound judgment is impaired;

5. That he _does_ understand the nature of the charge(s) against him;   JG
(does/does not)

6. That he _has_ discussed the nature of the charge(s) against him and the possible defense(s)   JG
(has/has not)
thereto with his attorney;   JG

7. That he does not contest the following facts (summary of facts constituting the basis for offense(s) to which defendant desires to plead nolo contendere)

_unlawfully sexually assaulted another_

8. That his attorney _has_ explained and discussed his constitutional rights with him; that he under-
(has/has not)
stands his constitutional rights; that his constitutional rights have not been violated; that his attorney has specifically explained to him (1) the right to a jury trial, (2) the right to confront those witnesses who would testify against him and to cross examine those witnesses, (3) the right to testify in his own behalf or not to testify if he desires to remain silent, (4) the right to have witnesses and documents subpoenaed by the Court for use at trial; that defendant knowingly and intelligently gives up these constitutional rights;   JG

9. That his decision to change his plea(s) _has_ been made freely and voluntarily, without threat or fear to   JG
(has/has not)
him or to anyone closely related to or associated with him;   JG

10. That his attorney _has_ explained the possible sentence and understands the maximum possible punish-
(has/has not)
ment to be: _1 year jail and $1000 fine_
and further that in the event he is sentenced to State Prison, he will be placed on parole for a period of _N/A_   JG   JG   2/0   2/0

11. That he understands if he is granted probation and the Court finds he has violated the terms of probation he could be sentenced to State Prison at that time;

Co. Clk. Form CR-13 (3-79)                                                                                          A-1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CR No. 91787          DA  A781490?

DATE ___ 10-30-86 ___ AT ___ 9:00 A ___  M

PRESENT HON  FRANKLIN  B. ORFIELD          JUDGE PRESIDING DEPARTMENT ___ 8 ___

CLERK  S. ___          REPORTER  Karen Bondie

THE PEOPLE OF THE STATE OF CALIFORNIA          W. Abbott
                    VS.                        DEPUTY DISTRICT ATTORNEY

___ DEFENDANT ___          CHRISTOPHER ___
                                    ATTORNEY FOR DEFENDANT (APPT OR RETAINED)

VIOLATION OF ___ PC243.4          RETURN ON BENCH WARRANT*

[ ] DEFENDANT  [ ] DULY ARRAIGNED FOR JUDGMENT  [ ] WAIVES ARRAIGNMENT  [X] NOT PRESENT

[ ] DEFENDANT ADVISED OF RIGHTS AND ADMITS / DENIES A VIOLATION OF PROBATION  [ ] WAIVES HEARING

PROBATION IS  [ ] DENIED  [ ] REVOKED  [ ] REINSTATED  [ ] MODIFIED  [ ] CONTINUED  [ ] GRANTED ___ YEARS

                                                                          [ ] FORMAL/SUMMARY

[ ] DEFENDANT COMMITTED TO CUSTODY OF SHERIFF FOR ___                     ADULT INSTITUTIONS RECOMMENDED:

[ ] ORDER SIGNED AND FILED  [ ] DEFENDANT NOT TO BE GRANTED PAROLE        (STRIKE IF NOT APPLICABLE)

[ ] DEFENDANT REFERRED TO DIRECTOR OF CORRECTIONS UNDER PC 1203.03, HEARING SET FOR ___

[ ] ___ IN DEPARTMENT ___                                                 CREDIT TIME SERVED

[ ] DEFENDANT COMMITTED TO DIRECTOR OF CORRECTIONS          (LOWER/MIDDLE/UPPER TERM          ___ DAYS LOCAL

[ ] DEFENDANT COMMITTED TO CALIFORNIA YOUTH AUTHORITY          OF ___ YRS.          ___ DAYS PRISON

[ ] DEFENDANT NOTIFIED OF APPEAL RIGHTS IN ACCORDANCE WITH RULE 250, CALIFORNIA RULES OF COURT.          ___ DAYS GT/WT

[ ] ___ OF PAROLE RIGHTS ___                                              ___ DAYS TOTAL

[ ] DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT

___ Donna Wong          CONTINUED TO  10-30-86 ___ / ___          DEPT ___ 8 ___

AT ___ 9:00 ___ /A ___ M ON MOTION OF  [ ] COURT  [ ] DDA, DEFENDANT  [ ] PROBATION OFFICER

PROCEED NSR-ASSIGNED TO DETERMINE WHETHER DEFENDANT  [ ] IS PRESENTLY SANE (PC 1368)  [ ] IS MENTALLY DISORDERED SEX OFFENDER (W&I 6300 ET. SEQ.)

[ ] ADDICTED OR IN IMMINENT DANGER OF BECOMING ADDICTED TO NARCOTICS AS PER ORDER SIGNED AND FILED (W&I 3051)

DEFENDANT REMAINS AT LIBERTY  [ ] ON BOND POSTED $ ___          [ ] ON OWN RECOGNIZANCE  [ ] ON PROBATION

[ ] DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITHOUT BAIL  [X] DEFENDANT ORDERED RELEASED FROM CUSTODY OF SHERIFF

[ ] DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITH BAIL SET AT $ ___

[ ] COURT DETERMINES DEFENDANT HAS / DOES NOT HAVE ABILITY TO REIMBURSE THE COUNTY FOR COURT APPOINTED COUNSEL IN THE AMOUNT OF $ ___

PAYABLE $ ___          PER MONTH COMMENCING ___

[ ] BENCH WARRANT TO ISSUE, BAIL SET AT $ ___          SERVICE WITHHELD TO ___

[ ] BAIL BOND EXONERATED  [ ] DMV ABSTRACT FORWARDED

[ ] BOND FORFEITED $ ___          BOND COMPANY ___

BOND NO. ___          AGENT ___

[ ] DEFENDANT ORDERED TO PAY A FINE OF $ ___          INCLUDING PENALTY ASSESSMENT (PC 1557) (GC 13967)

AT ___          BEGINNING ___          PLUS PENALTY ASSESSMENT (GC 13967)

[ ] DEFENDANT ORDERED TO MAKE RESTITUTION OF ___          COMMENCING ___

[ ] OTHER ___

OR Agreement signed / filed

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CR. N 9187      DA   A78149

DATE   8/2/84      AT   9:15   A   M.

PRESENT HON.   ROSS G. THARP                    JUDGE PRESIDING DEPARTMENT   E

CLERK   S. Hage           REPORTER   Karen Brodie

                                                Julie Whitaker
                                                DEPUTY DISTRICT ATTORNEY

THE PEOPLE OF THE STATE OF CALIFORNIA           W. CHRISTOPH

JEFF STANLEY GOUGH                              ATTORNEY FOR DEFENDANT   RETAINED
                DEFENDANT                        P.O. Michael Earl

VIOLATION OF      Added Ct. 19 PC 243.4, sexual assault a misd per PC 17(b)(4)

DEFENDANT          ☐ DULY ARRAIGNED FOR JUDGMENT        ☒ WAIVED ARRAIGNMENT        ☐ NOT PRESENT

☐ DEFENDANT ADVISED OF RIGHTS AND ADMITS (DENIES) A VIOLATION OF PROBATION  ☐ WAIVES HEARING

PROBATION IS  ☒ DENIED   ☐ REVOKED   ☐ REINSTATED   ☐ MODIFIED   ☒ CONTINUED   ☒ GRANTED   3   YEARS
                                                                                ☒ FORMAL SUMMARY

☒ DEFENDANT COMMITTED TO CUSTODY OF SHERIFF FOR  138 dys w/CTS 138 dys   ADULT INSTITUTIONS RECOMMENDED
☐ JUDGMENT SIGNED AND FILED                        ☐ DEFENDANT NOT TO BE GRANTED PAROLE   (STRIKE IF NOT APPLICABLE)

☐ DEFENDANT REFERRED TO DIRECTOR OF CORRECTIONS UNDER PC 1203.03, HEARING SET FOR

☐ _____ IN DEPARTMENT _____

☐ DEFENDANT COMMITTED TO DIRECTOR OF CORRECTIONS   (LOWER) (MIDDLE) (UPPER) TERM   CREDIT/TIME SERVED:
☐ DEFENDANT COMMITTED TO CALIFORNIA YOUTH AUTHORITY   OF _____ YRS.                92  DAYS LOCAL

☐ DEFENDANT NOTIFIED OF APPEAL RIGHTS IN ACCORDANCE WITH RULE 250, CALIFORNIA RULES OF COURT   _____ DAYS PRISON
☐ CONSENTED PAROLE RIGHTS                                                          46  DAYS DTMT

☐ DEFENDANT WAIVED STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT                    138  DAYS TOTAL

☐ _____ CONTINUED TO _____ DEPT _____

☐ _____ ON MOTION OF COURT / DDA / DEFENDANT / PROBATION OFFICER

PROCEEDINGS ADJOURNED TO DETERMINE WHETHER DEFENDANT  ☐ IS PRESENTLY SANE (PC 1368)  ☐ IS MENTALLY DISORDERED SEX OFFENDER (WI 6300 ET/SEQ.)

☐ IS ADDICTED OR IN IMMINENT DANGER OF BECOMING ADDICTED TO NARCOTICS, AS PER ORDER SIGNED AND FILED (WI 3051)

DEFENDANT REMAINS AT LIBERTY  ☐ ON BOND POSTED $ _____   ☐ ON OWN RECOGNIZANCE  ☒ ON PROBATION

☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITHOUT BAIL   ☒ DEFENDANT ORDERED RELEASED FROM CUSTODY OF SHERIFF

☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITH BAIL SET AT $ _____

☐ COURT DETERMINES DEFENDANT HAS / DOES NOT HAVE ABILITY TO REIMBURSE THE COUNTY FOR COURT APPOINTED COUNSEL IN THE AMOUNT OF $ _____

PAYABLE $ _____ PER MONTH COMMENCING _____

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ _____        ☐ SERVICE WITHHELD TO _____

☒ BAIL BOND EXONERATED  ☐ DMV ABSTRACT FORWARDED

☐ BOND FORFEITED $ _____              BOND COMPANY _____

☐ BOND WT. _____                      AGENT _____

☒ DEFENDANT ORDERED TO PAY A FINE OF $ 500.00  INCLUDING PENALTY ASSESSMENT (PC 1351) (GC 1387)  to P.O. thru R+R
AT  50.00  mo   BEGINNING  10-5-84   PLUS PENALTY ASSESSMENT (GC 1387)              10-5-84

☒ DEFENDANT ORDERED TO MAKE RESTITUTION OF $749.00  AT 925.00 mo  COMMENCING

OTHER  to P.O. thru R+R

+ other conds in probation rpt.

copy to R+R

RT301        CRIMINAL MINUTES - PRONOUNCEMENT OF JUDGMENT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

V S

CR CRN9187    DA  A7614901

DATE  01-21-86    09:00    AT 84140332    M    PROB REVOCATION

PRESENT: HON.  LAWRENCE KAPILOFF    JUDGE PRESIDING DEPARTMENT  D

CLERK  A Mc Craughan    REPORTER  Betty Moody

THE PEOPLE OF THE STATE OF CALIFORNIA

VS    DEPUTY DISTRICT ATTORNEY

GOUGH    JEFF    S    ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)
            DEFENDANT

VIOLATION OF  PC243.4    per 174    1

☑ DEFENDANT ☐ NOT PRESENT ☐ ARRAIGNED FOR JUDGMENT. ☐ WAIVES ARRAIGNMENT
☑ DEFENDANT ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION. ☑ WAIVES HEARING
PROBATION IS: ☐ DENIED ☑ REVOKED ☑ REINSTATED ☑ CONTINUED ☐ MODIFIED ☐ GRANTED ___ YEARS (FORMAL/SUMMARY)

☐ IMPOSITION OF SENTENCE IS SUSPENDED. ☐ DEFENDANT SENTENCED TO STATE PRISON, EXECUTION STAYED (SEE BELOW FOR TERM)

**CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:**
☐ COMMITMENT TO SHERIFF FOR ___ DAYS. ☐ ADULT INSTITUTIONS RECOMMENDED.    ☐ PAROLE NOT TO BE GRANTED.
☐ FINE OF $ ___ INCLUDING PENALTY ASSESSMENT AT $ ___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY.
☐ RESTITUTION OF $ ___ TO VICTIM/RESTITUTION FUND AT $ ___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY.
☐ RESTITUTION/FINE OF $ ___ PER GC 13967, STAYED PER PC 1202.4(b).
☐ PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION.
☐ FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS.
☐ REGISTRATION PER PC 290/H&S 11590.

CREDIT FOR TIME SERVED
☐ DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF ___ YEARS. ___ DAYS LOCAL
(SEE BELOW FOR ADDITIONAL COUNTS)    COUNT ___ ___ DAYS STATE INST.
☐ DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY. ☐ PER W&I 707.2 ☐ PER W&I 1737 ___ DAYS PC 4019
(SEE BELOW FOR FINDINGS)    ___ TOTAL DAYS CREDIT
☐ DEFENDANT IS ADVISED OF APPEAL RIGHTS    ☐ DEFENDANT IS ADVISED REGARDING PAROLE

DEFENDANT REMAINS AT LIBERTY:    DEFENDANT REMANDED TO CUSTODY:
☐ ON BOND POSTED $ ___    ☐ WITHOUT BAIL
☐ ON OWN RECOGNIZANCE    ☐ WITH BAIL SET AT $ ___
☑ ON PROBATION
            ☐ DEFENDANT ORDERED RELEASED FROM CUSTODY

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT
Review ___ CONTINUED TO/SET FOR 7/21/86 AT 9:00 A M IN DEPT. D ON MOTION OF ___
☐ COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON: ___
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03. FURTHER HEARING SET FOR ___ AT ___ M IN DEPT ___

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ___ SERVICE WITHHELD TO ___
☐ BENCH WARRANT, ISSUED ___ IS RECALLED.
☐ BOND FORFEITED. BOND AMOUNT ___ BOND NO. ___ BOND COMPANY ___ AGENT ___
☐ BOND IS EXONERATED.

☐ PROCEEDINGS SUSPENDED PER: ☐ PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
            ☐ W&I 3051 ADDICTION OR DANGER OF ADDICTION. (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER.)

OTHER:  ☐ REFERRED TO DEPT. OF REVENUE AND RECOVERY

pay restitution/fine by 5 P.M. today
112 hours (14 days) at senior citizen nutrition center - left to seek
verified by PO. Failure to comply will result in custody.

            JAN 21 1986    Lawrence Kapiloff

DATED ___    JUDGE OF THE SUPERIOR COURT
PRONOUNCEMENT OF JUDGEMENT-ORDER    LAWRENCE KAPILOFF

5052.34.34

CR CRN9187    DA A781490I

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Robert D. Zumwalt, Clerk

DATE  08-13-84    H 09:00 M    04I40332    **TRIAL – JURY**

F   D

AUG 13 1984

PRESENT HON. **ROSS G. THARP**    JUDGE PRESIDING DEPARTMENT  E    BY  G. HAYS  DEPUTY

CLERK  D. Hays    REPORTER  N. Broda

THE PEOPLE OF THE STATE OF CALIFORNIA

DEPUTY DISTRICT ATTORNEY  Wayne Mayer / Julie Whitaker

VS

GOUGH    JEFF    STANLEY    W. CHRISTOPH
DEFENDANT
W/R 12022.3(a)(6 cts)    *W/12022.3(b)(3)(1 ct)    DEFENDANT APPT'D/RETAINED
VIOLATION OF   *PC288A(C)    *PC26)(2)

---

- [ ] DEFENDANT NOT PRESENT. [ ] NOT NEGOTIABLE. TRIAL DATE CONFIRMED.
- [X] DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS. [X] DEFT. SWORN & EXAMINED
- [X] DEFENDANT WITHDRAWS HIS PLEA OF "NOT GUILTY" as heretofore entered. And now pleads
- [X] NOLO CONTENDERE, with consent of DISTRICT ATTORNEY and approval of Court, of the offense
- [ ] GUILTY OF THE OFFENSE  added ct 19 PC 243.4 sexual assault, a misd per PC 17(b)(4)

AS CHARGED. DEFENDANT MAKES APPLICATION FOR PROBATION, AND HEARING THEREON AND
PRONOUNCEMENT OF JUDGEMENT IS SET FOR  9-4-84  AT  9:15 A.M. IN DEPT.  E

- [ ] DEFENDANT'S MOTION TO DISMISS PURSUANT TO PC 995 IS BY THE COURT GRANTED/ DENIED/ SUBMITTED
- [ ] DEFENDANT'S MOTION TO SUPPRESS EVIDENCE PURSUANT TO PC 1538.5 IS BY THE COURT GRANTED/ DENIED/ SUBMITTED
- [X] ON MOTION OF  People  allegat  COUNT(S)  all remaining  IS/ ARE DISMISSED.
- [ ] ON MOTION OF _____ ALLEGED PRIOR(S) _____ IS/ ARE STRICKEN.
- [ ] DEFENDANT PERSONALLY WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGEMENT/ TRIAL.
      BAIL IS SET IN THE SUM OF $ 50,000.—  REDUCED TO $ 500.00
      DEFENDANT REMANDED TO CUSTODY OF SHERIFF [ ] WITHOUT BAIL [X] WITH BAIL SET AT $ 500.00
      DEFENDANT TO REMAIN AT LIBERTY [ ] ON OWN RECOGNIZANCE [ ] ON BAIL PREVIOUSLY POSTED.
      DEFENDANT IS ORDERED RELEASED FROM CUSTODY [ ] ON OWN RECOGNIZANCE [ ] CASE DISMISSED.
- [ ] THIS BEING THE TIME SET FOR _____ AND DEFENDANT NOT
      APPEARING, BY THE COURT, A BENCH WARRANT ISSUES WITH BAIL SET AT $ _____ SERVICE
      WITHHELD TO _____
- [ ] BOND IS FORFEITED. AMOUNT $ _____ BONDING COMPANY _____
      LOCAL AGENT _____ BOND NO _____
- [ ] BOND FORFEITURE OF _____ IS SET ASIDE. [ ] ADDITIONAL PLEA OF NOT GUILTY BY REASON OF
      INSANITY ENTERED BY DEFENDANT. PSYCHIATRISTS APPOINTED: _____
      DR. _____ AND DR. _____
- [ ] _____ IS CONTINUED TO _____
      AT _____ M. IN DEPARTMENT _____

Defense motion to release deft OR is under submission
Ct reduces bail to $ 500.00.

DATED:

AUG 13 1984

ORDER    JUDGE OF THE SUPERIOR COURT  ROSS G. THARP

§ 290

CRIMES AND PUNISHMENTS

166

167

§ 290

SEXUAL ASSAULT, DECENCY, MORALS

EX. A-4 (NDO PLEA AGREEMENT)

EX. A-2 (CRIMINAL MINUTES — PRONOUNCEMENT OF JUDGEMENT)

EX. A-3 (PRONOUNCEMENT OF JUDGEMENT — ORDER)

EX. A-1 (PRONOUNCEMENT OF JUDGEMENT — ORDER)

B-1

Penal

## § 289.6

**CRIMES AND PUNISHMENTS**

**164**

(e) Consent by a confined person or parolee to sexual activity proscribed by this section is not a defense to a criminal prosecution for violation of this section.

(f) This section does not apply to sexual activity between consenting adults that occurs during an overnight conjugal visit that takes place pursuant to a court order or with the written approval of an authorized representative of the detention facility where the confined person is incarcerated, or to physical contact or penetration made pursuant to a lawful search, or bona fide medical examinations or treatments, including clinical treatments.

(g) Any violation of paragraph (1) of subdivision (a), or a violation of paragraph (2) or (3) of subdivision (a) as described in paragraph (2) of subdivision (b), is a misdemeanor.

(h) Any violation of paragraph (2) or (3) of subdivision (a) as described in paragraph (3) of subdivision (b), shall be punished by imprisonment in a county jail not exceeding one year, or in the state prison, or by a fine of not more than ten thousand dollars ($10,000) or by both that fine and imprisonment.

(i) Any person previously convicted of a violation of this section shall, upon a subsequent violation, be guilty of a felony.

(j) Anyone who is employed by a department, board, or authority within the Youth and Adult Correctional Agency shall be terminated in accordance with the State Civil Service Act (Part 2 (commencing with Section 18500) of Title 2 of Division 5 of the Government Code). Anyone who has been convicted of a felony violation of this section shall not be eligible to be hired or reassigned by a department, board, or authority within the Youth and Adult Correctional Agency. (Added by Stats.1994, c. 499 (S.B.1500), § 1. Amended by Stats.1997, c. 209 (A.B.685), § 1; Stats.1999, c. 806 (S.B.577), § 4; Stats.2002, c. 787 (S.B.1955), § 4.)

**Cross References**

Attempted murder of peace officers and other custodial personnel, punishment, see Penal Code § 664.

**Research References**

2 Witkin Cal. Crim. L., 3d Sex Offenses § 1-54, Health or Detention Facility Employees, Officers, or Agents.

## CHAPTER 5.5. SEX OFFENDERS

Section
290.    Registration of sex offenders.
290.01.  Students or employees of universities, colleges, community colleges, or other institutions of higher learning; additional registration requirements, re-establishment of registration requirement.
290.02.  Prevention of certain crimes by community; drugs or therapies to treat erectile dysfunction in convicted sex offender; information release.
290.03.  Identification, assessment, monitoring, and containment of sex offenders.
290.04.  State-Authorized Risk Assessment Tool for Sex Offenders (SARATSO); SARATSO review committee.
290.05.  Training program for persons administering SARATSO.
290.06.  Administration of SARATSO.
290.07.  Access to sex offender records by persons authorized to administer SARATSO.
290.08.  Retention of registered sex offender records; time period.
290.3.   Conviction of specified sex offenses; fines; disposition of moneys.

Section
290.3.   Conviction of specified sex offenses; fines; disposition of moneys.
290.4.   Sex offender registration; compilation of information for specified offenses; "900" telephone number; income deposit; violations; penalties; report to legislature.
290.45.  Information to be provided to commanded person, parent, or organization or entity that has custody of a child that a registered sex offender is likely to encounter; information to be disclosed; releasing information with respect to high-risk sex offenders; immunity from liability; releasing information with respect to high-risk sex offenders; immunity from liability.
290.46.  Sex offender information on Internet Web site; ongoing updates; information included and restricted, offenses and offenders; excluded; notification; absence of information; report to legislature.
290.5.   Pardon or certificate of rehabilitation; relief from duty to register.
290.6.   Release of specified sex offender; information to duty to register.
290.7.   Release of certain inmates; blood and saliva samples provided to local DNA testing laboratories.
290.8.   Notice when local law enforcement agency does not provide daily, business hours for registration of sex offenders.
290.85.  Persons released on probation or parole who are required to register as sex offender; proof of registration; changes or updates; role of probation officer or parole agent.
290.9.   Attempts by persons required to register to violate duty to register.
290.95.  Disclosure by persons required to register as sex offenders upon application or acceptance of position involving children; prohibition against employment or volunteering if registered sex offenders where victim was a minor under 16 years of age; violations.
291.     School employees; arrest for sex offense; notice to school authorities.
291.1.   Teachers; notice of arrest to private school authorities.
291.5.   Teacher or instructor employed in community college district; notice of arrest.
292.     Sex offenses deemed felony offenses involving act of violence and great bodily harm; denial of bail.
293.     Victims of certain crimes; information and not become matter of public record; disclosure of victims' name or address.
293.5.   Identification of alleged victims as Jane or John Doe.
294.     Conviction of sexual offenses; restitution fine; transfer of money to trust fund for child abuse prevention purposes.

### § 290. Registration of sex offenders

(a)(1)(A) Every person described in paragraph (2), for the rest of his or her life while residing in California, or while attending school, or working in California, as described in subparagraph (G), shall be required to register with the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and additionally, with the chief of police of a campus of the University of California, a California State University, or community college if he or she is residing upon the campus or in any of its facilities, within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she is temporarily residing.

**SEXUAL ASSAULT, DECENCY, MORALS**

**165**

(B) If the person who is registering has more than one residence address at which he or she regularly resides, he or she shall register in accordance with subparagraph (A) in each of those jurisdictions in which he or she regularly resides, regardless of the number of days or nights spent there. If all of the addresses are within the same jurisdiction, the person shall provide the registering authority with all of the addresses where he or she regularly resides.

(C) Every person described in paragraph (2), for the rest of his or her life while living as a transient in California shall be required to register, as follows:

(i) A transient must register, or reregister if the person has previously registered, within five working days from becoming transient, with the chief of police of the city in which he or she is physically present, or the sheriff of the county if he or she is physically present in an unincorporated area or city that has no police department. He or she must reregister no less than every 30 days thereafter, in the jurisdiction in which he or she is physically present within that 30-day period, with the chief of police of the city in which he or she is physically present, or the sheriff of the county if he or she is physically present in an unincorporated area or city that has no police department. A transient who is registering 30-day update of his or her registration. If a transient is not physically present in any one jurisdiction for 30 consecutive days, he or she will register, or reregister if the person has previously registered, within five working days from the date he or she first becomes a transient, in the jurisdiction in which he or she is physically present on that day. If a transient is, after the 30th day following initial registration upon becoming a transient, physically present in any jurisdiction and has not, within the prior 30 days, registered or reregistered in that jurisdiction, he or she must register, or reregister if the person has previously registered, in that jurisdiction on that day. A transient who moves to a residence shall have five working days within which to register at that address, in accordance with subparagraph (A) of paragraph (1) of subdivision (a). A person registered as a transient who moves to a residence shall inform the law enforcement agency within five working days of the move, in person, and fill out and sign a change of address form.

(ii) A transient who moves to a residence shall have five working days within which to register at that address, in accordance with subparagraph (A) of paragraph (1) of subdivision (a). A person who ceases to register as a transient and who becomes transient shall have five working days within which to reregister as a transient in accordance with clause (i).

(iii) Beginning on his or her first birthday following registration, a transient shall register annually, within five working days of his or her birthday, to update his or her registration with the entities described in clause (i). A transient shall register in whichever jurisdiction he or she is physically present on that date. At the 30-day update, a transient shall provide current information as required by this section. The annual update shall include the information described in subparagraph (A) of paragraph (3) of subdivision (a).

(iv) A transient, whether or not physically present in any one jurisdiction for 30 consecutive days, must provide each time he or she registers the information required by this subdivision.

(v) Failure to comply with the requirement of reregistering every 30 days following initial registration pursuant to clause (i) of this subparagraph shall be punished in accordance with paragraph (6) of subdivision (g).

(vi) A transient who moves out of state shall inform, in person, the chief of police in the city in which he or she is physically present, or the sheriff of the county if he or she is physically present in an unincorporated area or city that has no police department, within five working days, of his or her move out of state, and any plans he or she has for residing in California. The law enforcement agency shall, within three working days after receipt of this information, forward a copy of the change of location information to the Department of Justice. The department shall forward appropriate registration data to the law enforcement agency having local jurisdiction of the new place of residence or location.

(vii) For purposes of this section, "transient" means a person who has no residence. "Residence" means one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there, such as a shelter or structure that can be located by a street address, including, but not limited to, houses, apartment buildings, motels, hotels, homeless shelters, and recreational and other vehicles.

(viii) The transient registrant's duty to update his or her registration no less than every 30 days shall begin with his or her second required registration as a transient as required in subparagraph (A).

(D) Beginning on his or her first birthday following registration or change of address, the person shall be required to register annually, within five working days of his or her birthday, to update his or her registration with the entities described in subparagraph (A). At the annual update, the person shall provide current information as required by this section, including the information described in subparagraph (A) of paragraph (3) of subdivision (c).

(E) In addition, every person who has ever been adjudicated a sexually violent predator, as defined in Section 6600 of the Welfare and Institutions Code, shall, after his or her release from custody, verify his or her address no less than once every 90 days and place of employment, including the name and address of the employer, in a manner established by the Department of Justice.

(F) No entity shall require a person to pay a fee to register or update his or her registration pursuant to this section. The registering agency shall submit registrations, including updates, and information on changes of address, electronically to the Department of Justice Violent Crime Information Network (VCIN). The registering agency shall retain a copy of the completed registration form until the person's registration is terminated.

(G) Persons required to register in their place of residence who are out-of-state residents employed, or carrying on a vocation in California on a full-time or part-time basis, with or without compensation, for more than 14 days, or for an aggregate period exceeding 30 days in a calendar year, shall register in accordance with subparagraph (A). Persons described in paragraph (2) who are out-of-state residents enrolled in any educational institution in California, as defined in Section 22129 of the Education Code, on a full-time or part-time basis, shall register in accordance with subparagraph (A). The place where the out-of-state resident is located, for purposes of registration, shall be the place where the person is employed, carrying on a vocation, or attending school. The out-of-state resident subject to this subparagraph shall, in addition to the information required pursuant to subdivision (e), provide the

§ 290

CRIMES AND PUNISHMENTS

168

169

SEXUAL ASSAULT, DECENCY, MORALS

§ 290

B-2

§ 290                                    CRIMES AND PUNISHMENTS

c. 843 (A.B.369), § 13; Stats.2002, c. 664 (A.B.1858), § 171;
Stats.2002, c. 17 (S.B.836), § 1, eff. March 24, 2002; Stats.2003, c.
538 (S.B.356), § 1; Stats.2003, c. 540 (S.B.879), § 1; Stats.2003,
c. 634 (A.B.1313), § 1.3, eff. Sept. 30, 2003; Stats.2004, c. 69
(A.B.2277), § 1; Stats.2004, c. 753 (S.B.1209), § 1; Stats.2004, c.
743 (A.B.2388), § 1.5; Stats.2005, c. 300 (S.B.33), § 3;
Stats.2005, c. 722 (A.B.1323), § 3, eff. Oct. 7, 2005; Stats.2005, c.
722 (A.B.1323), § 3.5, eff. Oct. 7, 2005, operative Jan. 1, 2006;
Stats.2005, c. 704 (S.B.1852), § 500; Stats.2006, c. 337 (S.B.
1128), § 11, eff. Sept. 20, 2006.)

**Validity**

A prior version of this section was held unconstitutional
as widening equal protection in the case of People v.
Hofsheier (2006) 39 Cal.Rptr.3d 821, 37 Cal.4th 1185,
129 P.3d 29, on remand 2006 WL 1196583, unpublished.

[... dense body text and cross references ...]

**§ 290.01**

STATE OF CALIFORNIA

**CHARGE REPORT**
CDC 1502 (b) (07/04)

DISTRIBUTION:
CORRECTIONS
ORIGINAL - C-File.
1ST COPY – Field File.
2ND COPY – Parolee.

DEPARTMENT OF

REPORT TO:  [X] BOARD OF PRISON TERMS

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT |
|---|---|---|---|
| V-64431 | GOUGH, JEFFREY | SAME | IV/EC III |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| NIC | N/A | [X] MANDATORY  [ ] NON-MANDATORY | 1605 Los Ranchitos Rd. Lakeside, CA 92040 (619) 448-4148 |

| ARREST CODE * | * ARREST CODES: | | |
|---|---|---|---|
| NIC | A  P&CSD STAFF ALONE  AB  P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY | B  LAW ENFORCEMENT AGENCY ALONE  D  LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD | |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| NIC | 6/12/06 | NIC | I, BRIZUELA | 11-8-08 | 11-16-06 | |

| CHARGES AND CODES | CHARGES AND CODES |
|---|---|
| 1.  Failure to Register per P.C 290 (390) | 4. |
| 2. | 5. |
| 3. | 6. |

| REASON FOR RETAINING PAROLE HOLD:  PAROLEE DANGER TO: | DATE COPY GIVEN TO PAROLEE | NAME OF PERSON NOTICING PAROLEE |
|---|---|---|
| [X] ABSCON  [X] SELF  [X] PROPERTY-OTHERS  [X] SAFETY-OTHERS | 6/27/06 | E. McWilliams |

NOT IN CUSTODY

Parolee Gough is a P.C 290 Registrant.  He was to register with the San
Diego County Sheriffs Office five days prior or after his birth date of
February 5.  He failed to register in a timely manner.  He registered on
February 17, 2006.

PAROLE AGENT'S RECOMMENDATION:
Refer violation to the Board of Parole Hearings for parole revocation
proceedings.

| PAROLE AGENT'S SIGNATURE  I. Brizuela | DATE  6-12-06 |
|---|---|

| UNIT SUPERVISOR'S ACTION | | | RELEASE HOLD AS OF (DATE): | | CANCEL WARRANTS — WANTS |
|---|---|---|---|---|---|
| [X] DECISION  [X] REVIEW | | [ ] RETAIN HOLD | [ ] | *DISCHARGE EFFECTIVE (DATE): | [ ] RETAIN ON |
| [ ] CONTINUE ON PAROLE | | [ ] CONTINUE IN OUT PATIENT STATUS | | | |
| [ ] REINSTATE ON PAROLE AS OF (DATE): | [ ] TIME LOSS  [ ] NO TIME LOSS | [ ] SUSPEND/REINSTATE IN OPS AS OF (DATE): | [ ] REFER TO BPT/NAEA | [X] INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE) 6/20/06 | |

| SPECIAL CONDITION(S): | [ ] ADD | [ ] DELETE |
|---|---|---|

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION: Cause fnd. Violation rpt. due NCT: 6/21/06.
Con air; probable cause

| [X] I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD | UNIT SUPERVISOR'S SIGNATURE | DATE  6-12-06 |
|---|---|---|

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

| [ ] REFER TO BPT/NAEA | *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|

EXHIBIT "C"

CIVIL BUSINESS OFFICE 12
CENTRAL DIVISION **PLD-C-001**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>JEFF S. GOUGH (C.DL.#V644311<br>P.O.B. 799002 (F2-10-248U)<br>SAN DIEGO, CALIF. 92179-9002<br>TELEPHONE NO:                    FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PRO PER | **FOR COURT USE ONLY**<br>2008 MAR -5 P 12: 17<br><br>CLERK SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: HALL OF JUSTICE
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CALIF. 92179-9002
BRANCH NAME: CENTRAL DIVISION

PLAINTIFF: JEFF S. GOUGH

DEFENDANT: JORDAN GRIFFIN

☑ DOES 1 TO __10__

**CONTRACT**

☑ COMPLAINT          ☐ AMENDED COMPLAINT *(Number):*

☐ CROSS-COMPLAINT    ☐ AMENDED CROSS-COMPLAINT *(Number):*

| | |
|---|---|
| **Jurisdiction** *(check all that apply):*<br>☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded    ☐ does not exceed $10,000<br>                   ☐ exceeds $10,000 but does not exceed $25,000<br>☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>    ☐ from limited to unlimited<br>    ☐ from unlimited to limited | **CASE NUMBER:**<br><br>37-2008-00079313-CU-BC-CTL |

1. Plaintiff* *(name or names):* JEFF S. GOUGH

   alleges causes of action against defendant* *(name or names):* JORDAN GRIFFIN

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. a. Each plaintiff named above is a competent adult
   ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ other *(specify):*

   b. ☑ Plaintiff *(name):* JEFF S. GOUGH
      a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. ☐ has complied with all licensing requirements as a licensed *(specify):*
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
   ☐ except defendant *(name):*                          ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown          (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                                  (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*         (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*                  (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*                             (5) ☐ other *(specify):*

D-1

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use          **COMPLAINT—Contract**          Code of Civil Procedure, § 425.12

4.  (Continued)
    b. The true names of defendants sued as Does are unknown to plaintiff.
       (1) ☑ Doe defendants (specify Doe numbers): ___1 To 10___ were the agents or employees of the named
           defendants and acted within the scope of that agency or employment.
       (2) ☑ Doe defendants (specify Doe numbers): ___1 To 10___ are persons whose capacities are unknown to
           plaintiff.
    c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
    d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

5.  ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ has complied with applicable claims statutes, or
    b. ☐ is excused from complying because (specify):

6.  ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7.  This court is the proper court because
    a. ☑ a defendant entered into the contract here.
    b. ☑ a defendant lived here when the contract was entered into.
    c. ☑ a defendant lives here now.
    d. ☑ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☑ real property that is the subject of this action is located here.
    g. ☑ other (specify): THE SUBJECT CONDOMINIUM (4064 HUERFAND, #260, PACIFIC BEACH, CALIF 92117) OF THIS BREACH
       OF AGREEMENT IS WITHIN THE VENUE AND SUBJECT MATTER JURISDICTION OF THIS COURT.

8.  The following causes of action are attached and the statements above apply to each (each complaint must have one or
    more causes of action attached):
    ☒ Breach of Contract
    ☐ Common Counts
    ☒ Other (specify): FRAUD AND GENERAL NEGLIGENCE (CONSEQUENTIAL)(EMOTIONAL DISTRESS)

9.  ☐ Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☑ damages of: $ 100,000⁰⁰
    b. ☑ interest on the damages
       (1) ☑ according to proof
       (2) ☐ at the rate of (specify):                percent per year from (date):
    c. ☐ attorney's fees
       (1) ☐ of: $
       (2) ☐ according to proof.
    d. ☑ other (specify): PUNITIVE AND/OR CONSEQUENTIAL

11. ☑ The paragraphs of this pleading alleged on information and belief are as follows (specify paragraph numbers): ALL
    ALLEGATIONS IN BOTH CAUSES OF ACTION AND ALL REFERENCES THERE DOCUMENTATION, JUDICIAL OR OTHERWISE.

Date: 2/29/08

JEFF S. GOUGH
_____
(TYPE OR PRINT NAME)

▶        _____
         (SIGNATURE OF PLAINTIFF OR ATTORNEY)

(If you wish to verify this pleading, affix a verification.)

PLD-C-001(1)

| SHORT TITLE: GOUGH v GRIFFIN | CASE NUMBER: |
|---|---|

COUNT ONE      **CAUSE OF ACTION—Breach of Contract**
_(number)_

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1. Plaintiff (name): JEFF S. GOUGH

alleges that on or about _(date):_ JUNE 1, 2006

a [✓] written [✓] oral [ ] other _(specify):_

agreement was made between _(name parties to agreement):_ JEFF S. GOUGH AND JORDAN GRIFFIN

[ ] A copy of the agreement is attached as Exhibit A, or
[✓] The essential terms of the agreement [ ] are stated in Attachment BC-1 [✓] are as follows _(specify):_
GRIFFIN OBTAINED $450,000 $^{00}$ IN CASH FROM GOUGH TOWARDS THE DOWN PAYMENT FOR THE PURCHASE OF A CONDOMINIUM LOCATED AT 4064 HUERFANO, #260, PACIFIC BEACH, CALIFORNIA 92117. SPECIFICALLY, GOUGH WOULD TAKE IMMEDIATE RESIDENCY AT THE SAID CONDO AND HE WAS ENTITLED TO MAKE MANY EXPENSIVE IMPROVEMENTS AND MANY PURCHASES ALL AS A RESULT OF THE ORAL AGREEMENT THAT GOUGH WOULD BE "QUALIFIED" BY GRIFFIN; A MORTGAGE BROKER AND FINANCIAL ADVISOR. GRIFFIN ASSURED GOUGH HE COULD "QUALIFY" GOUGH FOR A LOAN TOWARDS THE BALANCE OF $280,000 $^{00}$. GOUGH WOULD INCORPORATE BY REFERENCE GOUGH V. GRIFFIN. CASE # _____ (FILED IN DEPT. #25 OF HALL OF JUSTICE AND OFF CALENDER)(A CALIF. CODE & 2035(a) PRESUIT PETITION FOR DISCOVERY PRIOR TO SUIT).

BC-2. On or about _(dates):_ JUNE-JULY OF 2007
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [✓] the following acts
_(specify):_ GRIFFIN NOTIFIED GOUGH THAT DUE TO THE ALLEGED "DOWN" MARKET IN REAL ESTATE—ESPECIALLY FOR CONDOMINIUMS—THAT HE WAS UNABLE TO QUALIFY NOR FIND A LENDER TO LOAN GOUGH A SO-CALLED "NON-PRIME" OR "NON-PREMIUM" BORROWER. THIS WAS AFTER ALMOST A FULL YEAR OF GOUGH AWAITING SOME INDICATION FROM GRIFFIN THAT HE WOULD BE GIVEN THE "TITLE" TO THE CONDO. DURING THIS ENTIRE PERIOD GOUGH MADE MAJOR IMPROVEMENTS AND HOUSEHOLD PURCHASES HE WOULD NOT HAVE INITIATED OR DONE BUT FOR HE BELIEVED THAT GRIFFIN WOULD FULFILL HIS AGREEMENT TO "QUALIFY" GOUGH AND GIVE HIM THE NECESSARY TITLE. IN EARLY DECEMBER GOUGH WAS NOTIFIED BY GRIFFIN THAT HE DID NOT INTEND TO TRANSFER THE TITLE OR RETURN THE DOWN PAYMENT. SEE GOUGH V. GRIFFIN CASE # _____ (C.C. & 2035(a) PETITION, SUPRA).

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [✓] as follows _(specify):_ GOUGH HAS NO HAD ANY OF THE DOWN PAYMENT MONIES RETURN NOR HAS GRIFFIN INDICATED IN ANY MANNER HE INTENDS TO RETURN ANY OF THE MONIES. FURTHERMORE, GOUGH WOULD REPRESENT THAT HE HAS SUFFERED CONSEQUENTIAL DAMAGES AND/OR OTHER ECONOMICAL DAMAGES AS A RESULT OF GRIFFIN'S BREACH OF THE ORAL AGREEMENT(S). THESE OTHER COMPENSATIABLE DAMAGES INCLUDE LOSS WAGES (RE HOME IMPROVEMENTS), LOSS OF EARNING POWER OF MONEY (RE MAJOR IMPROVEMENTS) AND OTHER ECONOMICAL LOSSES LISTED IN THE AFOREMENTIONED CALIF CODE §2035(a) OFF CALENDAR IN DEPT. #25 OF THIS COURT.

BC-5. [✓] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $ _____
[✓] according to proof.

BC-6. [✓] Other: GOUGH RESERVES ANY RIGHT TO PRESENT AN COLDTABLE, IF NOT MERITORIOUS, CLAIM FOR FINANCIAL & ECONOMICAL COMPENSATION; INCLUDING THE SETTLEMENT OF ANY PUBLIC COSTS FOR THE TRIAL OF THESE ALLEGATIONS AND FACTS.

Page _____ D-2

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]
**CAUSE OF ACTION—Breach of Contract**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-C-001(3)

| SHORT TITLE: GOUGH V. GRIFFIN | CASE NUMBER: |
|---|---|

COUNT TWO
(number)

**CAUSE OF ACTION—Fraud**

ATTACHMENT TO ☑ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR- 1. Plaintiff *(name):* JEFF S. GOUGH

alleges that defendant *(name):* JORDAN GRIFFIN

on or about *(date):* 06/01/06, 06/01/67 (?), 12/01/07    defrauded plaintiff as follows:

FR-2. ☑ **Intentional or Negligent Misrepresentation**
   a. Defendant made representations of material fact ☐ as stated in Attachment FR-2.a ☑ as follows:

GOUGH INCORPORATES BY REFERENCE THE ALLEGATIONS OF FACT IN COUNT ONE AND FURTHER EMPHASIZES HE INCORPORATES THE ALLEGATIONS OF FACT IN THE CALIFORNIA CODE & 2035(b) PRESUIT DISCOVERY PETITION THAT WAS FILED IN LATE NOVEMBER AND/OR ON OR ABOUT IN THE FIRST WEEK OF DECEMBER OF 2007.

GOUGH ALLEGES THAT GRIFFIN MADE NUMEROUS MISREPRESENTATIONS THAT INDUCED GOUGH TO HAND OVER IN CASH HIS ENTIRE LIFE-SAVINGS OF $100,000°° (WHICH INCLUDES ALL HE POSSESSED IN TANGIBLE ITEMS) TO GRIFFIN AS A DOWN PAYMENT. THESE REPRESENTATIONS INCLUDED THE PROMISE AND AGREEMENT THAT GRIFFIN WOULD QUALIFY HIM AND THAT HE SHOULD INVEST IN HOME IMPROVEMENTS BECAUSE THE CONDO WOULD BE HIS. ONLY LATER DID GOUGH LEARN THAT GRIFFIN WOULD SELL THE CONDO TO ANOTHER AND NOT COMPENSATE GOUGH FOR HIS INVESTMENT(S) AND LOSSES.
   b. These representations were in fact false. The truth was ☐ as stated in Attachment FR-2.b ☑ as follows:

ALTHOUGH GOUGH MOVED INTO THE CONDO UPON THE RELIANCE THAT THE CONDO WOULD BE HIS AFTER HE WAS "QUALIFIED", IT DOES APPEAR THAT OVER THE ALMOST YEAR-HALF THAT GOUGH LIVED THERE (WITHOUT PAYING ANY OF THE COSTS THAT WERE COMING OUT OF THE DOWN PAYMENT PENDING QUALIFICATION) HE TO HIS DETRIMENT LOST MANY FINANCIAL OPPORTUNITIES. GRIFFIN NEVER CONDITIONED THE MANY HOME IMPROVEMENTS UPON QUALIFICATION BUT STEADFAST STATED THE "PLACE" WOULD BE YOURS AND DO AS YOU WILL AS IF IT WERE. GOUGH ACQUIRED MANY EXPENSIVE HOUSEHOLD AND PERSONAL HOME FURNISHINGS TO HIS NOW DETRIMENT.
   c. When defendant made the representations,
      ☑ defendant knew they were false, **or**
      ☐ defendant had no reasonable ground for believing the representations were true.

   d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described
      in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed
      they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. ☑ **Concealment**
   a. Defendant concealed or suppressed material facts . ☐ as stated in Attachment FR-3.a ☑ as follows:

AT THE OUTSET GRIFFIN IS A MORTGAGE/FINANCIAL ADVISOR WHO DID WORK FOR "FAIR HOME LENDING" AND WAS A DEPARTMENT SUPERVISOR. GRIFFIN IS ERGO KNOWLEDGEABLE IN THE MANY ASPECTS OF MORTGAGE FINANCING. GRIFFIN KNEW OR SHOULD HAVE KNOWN A CARPENTER IS NOT SMART IN FINANCING AND COULD NOT QUALIFY FOR THIS LOAN.
   b. Defendant concealed or suppressed material facts
      ☑ defendant was bound to disclose.
      ☑ by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed
         or suppressed facts.
   c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act
      as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed
      facts and would not have taken the action if plaintiff had known the facts.

Page _____

D-3

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Fraud**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

| SHORT TITLE: | GOUGH v. GRIFFIN | CASE NUMBER: |
|---|---|---|

## CAUSE OF ACTION—Fraud

_____ (number)

FR-4. ☑ **Promise Without Intent to Perform**

   a. Defendant made a promise about a material matter without any intention of performing it ☐ as stated in Attachment FR-4.a ☑ as follows: DEFENDANT GRIFFIN ORIGINALLY SOUGHT-OUT GOUGH TO QUIRY HIM AS TO HIS INTEREST IN PURCHASING THE CONDO IN QUESTION. GRIFFIN KNEW THAT GOUGH WAS A "BLUE COLLAR," SO TO SPEAK, WORKING CARPENTER IN THE LOCAL UNION. GRIFFIN KNEW THAT GOUGH WAS NOT A MAN OF WEALTH. NEVERTHELESS, GRIFFIN SOUGHT-OUT AND WAS ABLE TO CONVINCE GOUGH THAT HE COULD "QUALIFY" HIM FOR A LOAN TO PURCHASE THE CONDO. GOUGH RELIED ON THIS CONVINCING STORY, I.E., PROMISE, THAT GRIFFIN COULD QUALIFY HIM. THIS WAS A FALSE INDUCEMENT/PROMISE TO GET [GOUGH TO AGREE TO MOVE-IN. AFTER A PERIOD OF THREE MONTHS GRIFFIN APPROACHED GOUGH AGAIN AND ASSURED HIM THAT HE WOULD BE QUALIFIED AND TO DO WHATEVER HOME IMPROVEMENTS HE WISHED AS THAT THE CONDO WAS HIS. ONLY LATER BECAUSE GOUGH COULD NOT QUALIFY DID GRIFFIN PROMISE TO RETURN THE TOTAL $100,000.00 DOWN PAYMENT, TO WHICH, HE FAILED TO DO TO GOUGH'S DETRIMENT

   b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☐ as stated in Attachment FR-5 ☑ as follows: DUE TO GOUGH'S LAYPERSON STATUS AS OPPOSED TO GRIFFIN'S PROFESSIONAL BUSINESS-MAN DEMEANOR. THIS WAS RE-ENFORCED BY GRIFFIN'S POSSESSION OF A NEWER MODEL SEL 500 MERCEDES BENZ AND A NEW HOME - SO HE STATED. ALSO GRIFFIN WORKED FOR "FAIR HOME LENDING" IN FASHION MISSION VALLEY IN A VERY LARGE SKYSCRAPER (20+ STORIES); GOUGH BELIEVED THAT GRIFFIN WAS VERY SUCCESSFUL AND COULD BE TRUSTED UPON TO TAKE RESPONSIBLE POSSESSION OF GOUGH'S DOWN, PAY-MENT. THIS WAS ESPECIALLY TRUE, WHEN AND WHERE, THERE WAS NO AGREEMENT REGARDING THE IMMEDIATE POSSESSION OF THE CONDO WITH GRIFFIN PAYING THE LAND TAXES, ELECTRICITY, HOME OWNE FEES UNTIL HE COULD ~~BROWN'S~~ QUALIFY AND FIND A "LOANER." WITH THIS IN MIND, GOUGH FINISHED MADE, OR IMPROVED MANY PROJECTS OF AN ESSENTIALLY "GUTTED" AND "TRASHED" CONDO. MOREOVER, GOUGH MADE MANY HOUSEHOLD AND PROFESSIONAL PURCHASES HE WOULD NOT ~~HAVE~~ WITHOUT THE "PROMISE,"

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☐ as stated in Attachment FR-6 ☑ as follows: GOUGH FIRST BEGGED AND BORROWED MONIES FROM MANY FRIENDS, WORKED AS A UNION CARPENTER, GAVE-UP ALL OF HIS SAVINGS (INCLUDING A WORKMENS COMP. SETTLEMENT) MADE SMALL LOANS (WITH VERY LITTLE USURY), WAS RELATIVELY SUCCESSFUL AT CASINO GAMBLING, AND VERY FRUGAL TO GATHER TOGETHER THE $100,000.00 DOWN PAYMENT, THE MONIES FOR HOME IMPROVE-MENT, AND PROFESSIONAL PURCHASES. SEE GOUGH V. GRIFFIN, CASE # _____ (FILED IN HALL OF JUSTICE DEPT. #25 AND SERVED ON GRIFFIN EARLY DECEMBER BY SERVER). IN THAT PETITION WHICH INCORPORATES BY REFERENCE MANY EXPENSIVE ITEMS ARE LISTED INCLUDING BOTH HOUSEHOLD AND BUSI-NESS/PROFESSIONAL ITEMS. THIS DOES NOT INCLUDE SEVERAL EXPENSIVE PAINTINGS INCLUDING "THE KISS" BY KIMMER GUSTAV AND MANY OTHERS! THIS DOES INCLUDE AN EXTENSIVE HOLY LIBRARY OF MANY WORKS...

FR-7. Other: GOUGH ALSO LOST THE OPPORTUNITIES THAT HE HAD PRIOR TO COMMITTING HIS MONEY AND TIME TO THE REMODELING/RESTORATION OF THIS UNFINISHED CONDOMINIUM. THIS INCLUDES LOST OPPORTUNITIES AS TO WORK, BUSINESS, CLERGY (GOUGH IS A MEMBER OF THE CLERGY) OF THE AMERICAN UNIVERSAL OF ST. JOSEPH'S UNIVERSAL CATHOLIC CHURCH (PRE-1940s). FRIENDSHIPS DUE TO NO LEISURE/FUNNIES MONEY. ALL THESE LOSSES OF THE "PURSUIT OF HAPPINESS" (RE 14TH AMENDMENT, U.S. CONSTITUTION; CF FIRST U.S. SUPREME COURT CASE), AND MANY LEGAL OPPORTUNITIES. GOUGH HAS BEEN FRAUDULENTLY "TAKEN," SO TO SPEAK, BY A "SLICK," SO TO SPEAK, BUSINESS ~~MORTGAGER~~ - FINANCIAL ADVISOR TO THE AMOUNT OF $100,000+.

STATE OF CALIFORNIA
**CHARGE REPORT**
CDC 1502 (b) (07/04)

DISTRIBUTION
ORIGINAL - C-File
1ST COPY - Field File
2ND COPY - Parole

DEPARTMENT OF CORRECTIONS

REPORT TO:     [X] BOARD OF PRISON TERMS

COPY

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | |
|---|---|---|---|---|
| V64431 | GOUGH, JEFFREY | SAME | IV/SDI | |
| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | | BOOKING NUMBER AND/OR LOCATION |
| 12-18-07 | STATE PAROLE | [ ] MANDATORY  [X] NON-MANDATORY | | 7792847/SD CENTRAL JAIL |

ARREST CODE *
AB

* ARREST CODES:
A    P&CSD STAFF ALONE
AB   P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY

B    LAW ENFORCEMENT AGENCY ALONE
D    LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 12-18-07 | 12-18-07 | INTACT | SEWELL | 11-08-08 | 11-08-08 | [ ] |

CHARGES AND CODES

| | CHARGES AND CODES | | CHARGES AND CODES |
|---|---|---|---|
| 1. | Battery without serious injury (451) | 4. | |
| 2. | Violation of special condition for possession of porn DVD's (019) | 5. | |
| 3. | Violation of special condition for possession of toys (019) | 6. | |

REASON FOR RETAINING PAROLE HOLD: PAROLEE DANGER TO:     [ ] ABSCOND     [ ] SELF     [ ] PROPERTY-OTHERS     [ ] SAFETY-OTHERS

DATE COPY GIVEN TO PAROLEE          NAME OF PERSON NOTICING PAROLEE

On 12-17-07, the Agent of Record received a call from one of the subject's neighbors, who informed the Agent that the subject had recently committed a battery against him by hitting him in his face.

On 12-18-07, Officers from State Parole and the San Diego Police Department contacted the subject at his residence and conducted a parole search. During the search of the subject's residence, Parole Agents found two adult pornographic DVD movies in a dresser in an upper bedroom. Inside another upper bedroom, Agents found two toy stuffed animals on a desk. It is noted that the subject is a PC290 registrant and has special conditions of parole not to possess pornographic material or toys.

PAROLE AGENT'S RECOMMENDATION:
Retain hold, agent to investigate.

| PAROLE AGENT'S SIGNATURE | DATE |
|---|---|
| SEWELL | 12-18-07 |

RELEASE HOLD AS OF (DATE):

UNIT SUPERVISOR'S ACTION
[X] DECISION     [ ] REVIEW     [X] RETAIN HOLD

[ ] CANCEL WARRANTS — WANTS

[ ] CONTINUE ON PAROLE     [ ] CONTINUE IN OUT PATIENT STATUS     *DISCHARGE EFFECTIVE (DATE):     [ ] RETAIN ON

[ ] REINSTATE ON PAROLE AS OF (DATE):     [ ] TIME LOSS  [ ] NO TIME LOSS     [ ] SUSPEND/REINSTATE IN OPS AS OF (DATE):     [ ] REFER TO BPT/NAEA     INVESTIGATE, SUBMIT APPROPRIATE [ ] REPORT BY (DATE):

SPECIAL CONDITION(S):     [ ] ADD     [ ] DELETE

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION

[X] I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD

| UNIT SUPERVISOR'S SIGNATURE | DATE |
|---|---|
| | 12-18-07 |

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

[ ] REFER TO BPT/NAEA     *DISCHARGE EFFECTIVE DATE     FIELD ADMINISTRATOR'S SIGNATURE     DATE

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JEFF S. GOUGH-AOSHIMA (CDC #V644311)<br>DONOVAN STATE PRISON (F2-10-248U)<br>SAN DIEGO, CALIF. 92179-9002 | |

TELEPHONE NO:                    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: IN PROPRIA PERSONA

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA (CENTRAL DIVISION)
STREET ADDRESS: 330 WEST BROADWAY,
MAILING ADDRESS: P.O.B. 122724
CITY AND ZIP CODE: SAN DIEGO, CALIFORNIA 92112-2724
BRANCH NAME: CENTRAL DIVISION @ HALL OF JUSTICE

PLAINTIFF: JEFF S. GOUGH-AOSHIMA

DEFENDANT: KAREN ARCHER AND RICHARD OVERTON

☒ DOES 1 TO  10

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ **AMENDED *(Number)*:**
Type *(check all that apply)*:
☐ **MOTOR VEHICLE**   ☒ **OTHER *(specify)*:** UNLAWFUL ARREST/IMPRISONMENT
☐ **Property Damage**   ☐ **Wrongful Death**
☐ **Personal Injury**   ☒ **Other Damages *(specify)*:** PUNITIVE CONSEQUENTIAL

**Jurisdiction *(check all that apply)*:**
☐ **ACTION IS A LIMITED CIVIL CASE**
Amount demanded ☐ does not exceed $10,000
☐ exceeds $10,000, but does not exceed $25,000
☒ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED by this amended complaint**
☐ from limited to unlimited
☐ from unlimited to limited

CASE NUMBER:

1. PLAINTIFF *(name)*: JEFF S. GOUGH-AOSHIMA

alleges causes of action against DEFENDANT *(name)*:

2. This pleading, including attachments and exhibits, consists of the following number of pages:  7  (WITH 1 PAGE THUMBNAILED OVER→

3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

   b. ☐ except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

☐ Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3.

Form Approved for Optional Use       **COMPLAINT—Personal Injury, Property**   THOMSON    Code of Civil Procedure, § 425.12

4. ☑ Plaintiff (name): JEFF J. GOUGH-AOSHIMA

is doing business under the fictitious name (specify):

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 5.

6. The true names and capacities of defendants sued as Does are unknown to plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☑ other (specify): PLAINTIFF'S ALLEGATIONS OF FALSE ARREST AND IMPRISONMENT ARE WITHIN THE VENUE AND SUBJECT MATTER JURISDICTION OF THIS SUPERIOR COURT. AS THAT THIS CIVIL CASE INVOLVES, INTER ALIA, THE BREACH OF A TRO HELD BY PLAINTIFF, THE FALSE ALLEGATION OF AN ASSAULT, THE RESULTING UNLAWFUL ARREST, FALSE TESTIMONY DURING A PAROLE HEARING, AND FALSE IMPRISONMENT BASED, INTER ALIA, FALSE ALLEGATIONS & TESTIMONY.

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ plaintiff has complied with applicable claims statutes, **or**
   b. ☐ plaintiff is excused from complying because (specify):

---

982.1(1) [Rev. July 1, 2002]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

SHORT TITLE:
GOUGH v. ARCHER AND OVERTON

CASE NUMBER:

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☒ Intentional Tort   (FALSE ARREST AND FALSE IMPRISONMENT)
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other *(specify)*:   EXEMPLARY DAMAGES

11. Plaintiff has suffered
   a. ☒ wage loss  LOST (PLAINTIFF PRACTICES PRO PER LAW IN SEVERAL COURTS, INCLUDING FED. & INTERNATIONAL CTS)
   b. ☒ loss of use of property   LOSS OF ENJOYMENT, RESIDENCE OF CONDO @ 4064 HUERFANO #260, P.B., CA 92117
   c. ☐ hospital and medical expenses
   d. ☒ general damage   (LOSS OF WORK VAN)(LOSS OF $25,000ºº WORK TOOLS)
   e. ☐ property damage
   f. ☒ loss of earning capacity  (PLAINTIFF LOSS A "DECK" BUILDING JOB OF $15,000ºº (+/- G. SYNDE, 1040 MT. EVEREST)
   g. ☒ other damage *(specify)*:  EMOTION DISTRESS, CONSEQUENTIAL

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Complaint—Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages  ($117,500ºº)
      (2) ☒ punitive damages  ($180,000ºº)
   b. The amount of damages is *(you must check (1) in cases for personal injury or wrongful death)*:
      (1) ☒ according to proof  (PUNITIVE, EMOTIONAL DISTRESS, CONSEQUENTIAL
      (2) ☒ in the amount of: $ 117,000 (COMPENSATORY), $ 100,000 (EMOTIONAL DISTRESS)
          $150,000 (CONSEQUENTIAL), $ 180,000 (PUNITIVE)

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date:  02/18/08

"F"

JEFF S. GOUGH-AOSHIMA
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

982-1(1) (Rev. July 1, 2002)    COMPLAINT—Personal Injury, Property

HORT TITLE: GOUGH J. ARCHER AND OVERTON

CASE NUMBER:

COUNT ONE _____ (number)    CAUSE OF ACTION—UNLAWFUL ARREST ~~General Negligence~~    Page _____

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff (name): JEFF S. GOUGH-AOSHIMA

alleges that defendant (name): KAREN ARCHER AND/OR RICHARD OVERTON

☐ Does ___1___ to ___10___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on (date): ON 12/18/07
at (place): MY CONDOMINIUM LOCATED AT 4064 HUERFANO #260; PACIFIC BEACH, CALIF. 92117

*(description of reasons for liability):*

P1: ALLEGEDLY BACK IN "NOVEMBER" OF 2007 DEFENDANT OVERTON ALLEGED I ASSAULTED HIM.

P2: ON 11/9/07 PLAINTIFF INITIATED "TRO" PROCEEDINGS AGAINST DEFENDANTS ARCHER (INCLUDING OVERTON) SEEKING JUDICIAL AND LAW ENFORCEMENT PROTECTION FROM THE PRESENTLY NAMED DEFENDANTS. ⊕

P3: ON 12/5/07 DURING THE P2 HEARING ON THE TRO (CENTRAL DIVISION, DEPT. #25) NEITHER ARCHER OR OVERTON ASSERTED I ASSAULTED HIM (OVERTON). THE TRO COURT DENIED ARCHER'S ORAL CROSS-TRO, AND ORDERED TO STAY-AWAY, NOT HARASS (IN ANYWAY), ATTACK, STRIKE, THREATEN (IN ANYWAY), ASSAULT (OR ATTEMPT TO DO SAME), HIT (WITH AN AUTO OR ETC.), STALK, FOLLOW, DESTROY PERSONAL PROPERTY (AS SOUGHT COMPENSATION FOR IN THE TRO'S MEMO OF Ps ∉ As.), KEEP UNDER SURVEILLANCE (BY AUDIO AND/OR VIDEO), BLOCK THE MOVEMENTS THEREOF, AND/OR HARM IN ANY WAY PLAINTIFFS RIGHTS UNDER THE CONSTITUTIONAL AMENDMENTS RIGHTS (E.G., 1ˢᵗ, 4ᵗʰ, 5ᵗʰ, 7ᵗʰ, 8ᵗʰ, AND 14ᵗʰ) PENDING A COURT-ORDERED MEDIATION TO BE HAD ON 12/19/07.

P4: PRIOR TO THE 12/05/07 HEARING ARCHER WITH AND WITHOUT OVERTON VIOLATED THE TEMPORARY-TRO ISSUED BY THE TRO COURT ON 11/9/07. THESE VIOLATIONS WERE REPORTED TO "911" WHO THEN SENT S.D.P.D. OFFICER CONKIN OF THE NORTH DIVISION. SEE INCIDENT # _____ AND # _____.

P5: ON 12/11/07 ARCHER AND OVERTON SOUGHT A "CROSS-TRO" UNDER ARCHER'S NAME WHICH ARCHER HAS CANDIDLY AND ADMITTEDLY STATED WAS "DECLINED" ACCORDING TO THEIR TRO APPLICATION.

P6: ON 12/14/07 ARCHER AGAIN VIOLATED THE COURT-MODIFIED TRO SOUGHT BY ME. PLAINTIFF AGAIN REPORTED THE VIOLATION TO "911" WHO THEN S.D.P.D. OFFICER PEREZ OF THE NORTH DIVISION WHO TOOK A REPORT AT KOLBY SWAP MEET. SEE INCIDENT # _____. SUBSEQUENT TO TAKING THE REPORT OFFICER PEREZ TELEPHONICALLY CONTACTED PLAINTIFF SEEKING ADDITIONAL INFORMA-TION AND CONTINUED TO ASSURE PLAINTIFF THAT PROTECTIVE ACTIONS WOULD BE TAKEN TO LEGALLY PROTECT ME FROM FURTHER HARASSMENT (RE: P3 FOR OTHER WRITTEN/ORAL CONDITIONS).

P7: ON 12/17/07 A MS. CECELIA PEREZ OF THE NORTH DIVISION (S.D.P.D.) CRIME INVESTIGATION UNIT TO INFORM ME SHE NEEDED A COPY OF THE TRO I HAD AGAINST ARCHER AND OVERTON TO PREPARE AND COMPLETE A DISTRICT ATTORNEY PROSECUTION REFERRAL PACKAGE FOR PROSECUTION! VF"

⊕ SEE EX "B" (CH-120)(CASE # 37-2007-00082027-CU-HR-CTL)
THOMSON WEST
CAUSE OF ACTION—General Negligence
CCP 425.12
④

THE §2035(2)/TRO COURT MAY CONSIDER THE FOLLOWING: "(1) DEFERRAL OF THE ACTION UNTIL PRISONER IS RELEASED; (2) APPOINTMENT OF COUNSEL FOR THE PRISONER; (3) TRANSFER OF THE PRISONER TO COURT; (4) UTILIZATION OF DISPOSITIONS IN LIEU OF PERSONAL APPEARANCES; (5) HOLDING OF TRIAL IN PRISON; (6) CONDUCT OF STATUS AND SETTLEMENT CONFERENCES, HEARING ON MOTIONS AND OTHER MODERN ELECTRONIC MEDIA [E.G. VHS, "BUGGIE WUGGIE" OF BFL-BASED/HUBBED TECHNOLOGIES]; (7) PROPOUNDING OF WRITTEN DISCOVERY; (8) USE OF CLOSED CIRCUIT TELEVISION OR OTHER MODERN ELECTRONIC MEDIA; AND (9) IMPLEMENTATION OF OTHER [MODERN] INNOVATIVE, IMAGINATIVE PROCEDURES." WANTUCH v DAVIS (1995) 32 Cal. App. 4th 786, ~~788-789~~ 792-793.

MEDIATION: USING COURT SERVICES INCLUDES DUE PROCESS RIGHT TO CROSS EXAMINE. SEE GENERALLY McLAUGHLIN v. SUP. CT. 140 Cal. App. 3d ___ @ 481-482; LONG v. LONG (1967) 251 Cal. App2d 732; FEWEL v. FEWEL (1943) 23 Cal. 2d 431

P8: ON 12/17/08 DEFENDANT OVERTON ALLEGEDLY MADE A TELEPHONE CALL TO HIS FRIEND AND PLAINTIFF'S COMMUNITY PROBATION/PAROLE AGENT MR GREG SEWELL ALLEGING PLAINTIFF "ASSAULTED" HIM MORE THAN A MONTH EARLIER. OVERTON ALSO STATED HE HAD NOT MADE A POLICE REPORT NOR DID OVERTON SEEK MEDICAL ATTENTION.

P9: DURING THIS DECEMBER 17, 2007, TELEPHONE CONVERSATION BETWEEN DEFENDANT OVERTON AND HIS FRIEND MR. GREG SEWELL HE DID NOT - NOR DID DEFENDANT KAREN ARCHER- INFORM SEWELL: (A) THAT PLAINTIFF HAD INITIATED "T.R.O." PROCEEDING AGAINST HIM AND HIS LIVE-IN GIRLFRIEND AND INSTANT CODEFENDANT KAREN ARCHER ( SEE GOUGH-AOSHIMA V. KAREN ARCHER et al., CASE #37-2007-00082027-CU-HR-CTL (DEPT. #25; FILED 11/19/08); (B) THAT AT THE 12/05/07 TRO HEARING BEFORE JUDGE ARREOLA (DEPT. #25) NEITHER DID DEFENDANT ARCHER OR HER "S.O." CODEFENDANT OVERTON MADE ANY ORAL OR WRITTEN MENTION DURING THE HEARING THAT PLAINTIFF "ASSAULTED" DEFENDANT OVERTON; (C) THAT AND "CROSS"-TRO WAS DENIED BY THE COURT AT THAT TIME; (D) THAT OVER PLAINTIFF'S OBJECTION THAT BOTH DEFENDANTS WERE ABLE TO MODIFY THE EXISTING 1,000' "STAY-AWAY" TO 2'-3'; (E) THAT PLAINTIFF ACQUIENCED TO "MEDIATION" AS ORDERED ALTHOUGH HE NEEDED THE MONETARY COMPENSATION OF THE ORIGINAL TRO APPLICATION (CH-100) AND WITHIN THE SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES; (F) THAT PLAINTIFF STATED CLEARLY AND ON THE RECORD HE "FEARED" HARM FROM BOTH DEFENDANT ARCHER AND/OR HER "S.O." AND CODEFENDANT RICHARD OVERTON.

P10: PLAINTIFF WOULD INCORPORATE THE ALLEGATIONS SET-FORTH IN: (A) GOUGH-AOSHIMA V. KAREN ARCHER et al., CASE #37-2007-00082027-CU-HR-CTL(DEPT. #25) AND (B) GOUGH-AOSHIMA V KAREN ARCHER et al., CASE #37-2007-00083116-CU-PT-CTL AS TO ANY AND ALL ALLEGATIONS NOT SPECIFICALLY SET FORTH IN P 1,2,3,4,5,6,7,8,9, SUPRA. AS IF SPECIFICALLY ALLEGED AND RESTATED.

P11: ON 12/18/07 PLAINTIFF WAS ARRESTED BASED ON INFORMATION THAT HE HAD "ASSAULTED" OVERTON MORE THAN A MONTH EARLIER. THIS ALLEGATION WAS AFTER PLAINTIFF HAD INITIATED TRO PROCEEDINGS TO PROTECT HIMSELF AND HIS PROPERTY AND PROPERTY RIGHTS. SEE P9, SUPRA.

P12: ON 01/03/08 PLAINTIFF SOUGHT TO SUBPOENA BOTH DEFENDANTS ARCHER & OVERTON. (SEE BOARD OF PRISON TERMS FORM "BPT 1100(h)" (GIVEN TO PLAINTIFF'S QUESTIONABLE ATTORNEY)) TO A PAROLE HEARING.

P13: ON 12/19/07 - NOTWITHSTANDING P12 SUPRA - DEFENDANTS ARCHER AND OVERTON AGAIN SOUGHT A "CROSS"-TRO WHICH WAS DENIED AS TO: (A) ANY "TEMPORARY ORDERS"; (B) OR "PERSONAL CONDUCT ORDERS"; (C) OR "STAY-AWAY ORDER"; (D) "OTHER ORDERS"; NOR WOULD JUDGE ARREOLA INCLUDE DEFENDANT OVERTON AS A "PROTECTED PERSON[]"; NOR WOULD JUDGE ARREOLA THAT THERE WAS ANY "CREDIBLE THREAT OF VIOLENCE" POSED BY PLAINTIFF IN THAT "CROSS" TRO APPLICATION OR THE TRO-PROCEEDINGS, EN TOTO, UP TO THAT TIME. SEE ARCHER V. GOUGH, CASE #37-2007-00082027-CU-HR-CTL ("CROSS" TRO (CH-120)\FILED BY ARCHER THE DAY AFTER PLAINTIFF'S CAUSIDICAL TO THEIR EFFORTS).

P14: ON 01/18/08 ONLY DEFENDANT OVERTON HONORED THE SUBPOENA. DURING THIS SWORN-IN WITH OATH HEARING DEFENDANT OVERTON COULD NOT: (A) RECALL THE DATE OF THE "ASSAULT";

(B) WHEN QUESTIONED AS TO HOW PLAINTIFF ASSAULTED HIM HE STATED AND WITH HAND-GESTURES; FROM HIS "CHEST" ENDING UP NEAR OR ON HIS LYING "LIPS"; AND (C) HE STATED THAT HE DID NOT REPORT THIS ALLEGED ASSAULT TO THE POLICE OR TAKE HIMSELF TO SEEK MEDICAL ATTENTION; AND (D) HE DENIED ANY KNOWLEDGE OR INVOLVEMENT IN THE TRO-PROCEEDINGS ORIGINAL INITIATED BY PLAINTIFF AND/OR DEFENDANT ARCHER.

P15: FOR THE CAUSE SHOWN ABOVE (PP 1-14) PLAINTIFF ALLEGES HE WAS UNLAWFULLY ARRESTED AND IS ENTITLED TO REMEDY, DAMAGES AS REQUESTED.

"F"

⑤

SHORT TITLE: GOUGH-AOSHIMA V. ARCHER AND OVERTON

CASE NUMBER:

COUNT TWO
(number)

CAUSE OF ACTION — ~~General Negligence~~ FALSE IMPRISONMENT

Page _____

ATTACHMENT TO ☒ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* JEFF S. GOUGH-AOSHIMA

alleges that defendant *(name):* KAREN ARCHER AND RICHARD OVERTON

☐ Does ____1____ to ____10____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* 12/18/08 TO PRESENT
at *(place):* 4064 HUERFAND RD, #260, PACIFIC BEACH, CALIF. AND ON TO DONOVAN STATE PRISON, LOCATE AT 480 ALTA RD, SAN DIEGO, CALIF.
*(description of reasons for liability):*

¶ 16: PLAINTIFF WOULD INCORPORATE BY REFERENCE ¶¶ 1 TO 14, SUPRA, AS IF SPECIFICALLY ALLEGED HEREIN.

¶ 17: PLAINTIFF WOULD FURTHER ALLEGE THAT DEFENDANTS ARCHER AND OVERTON AND THEIR FRIEND GREG SEWELL CONSPIRED TOGETHER, WITH DIVERS, OR IN CONCERT TO VIOLATE PLAINTIFF'S RIGHT TO BE FREE FROM UNLAWFUL ARREST ON FICITIOUS CHARGE (I.E., ASSAULT) AND PERJURIOUS TESTIMONY DURING THE 01/18/07 PAROLE REVOCATION HEARING (SEE ¶¶ 11-14, SUPRA).

¶ 18: PLAINTIFF WOULD FURTHER ALLEGE THAT BY SLANDER, LIBEL, AND/OR PERJURIOUS TESTIMONY CAUSED THE UNLAWFUL ARREST (SEE COUNT ONE) AND FALSE IMPRISONMENT OF PLAINTIFF.

"F"

Form Approved by the
Judicial Council of California
Effective January 1, 1982

CAUSE OF ACTION—General Negligence

THOMSON
★
WEST

CCP 425.12

⑥

982.1(4)

SHORT TITLE: GOUGH-AOSHIMA V. ARCHER AND OVERTON

CASE NUMBER:

COUNT THREE
(number)
CAUSE OF ACTION—Intentional Tort
EMOTIONAL DISTRESS
Page _____

ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.  Plaintiff (name): JEFF S. GOUGH-AOSHIMA

alleges that defendant (name): KAREN ARCHER AND/OR OVERTON

☐ Does 1 to 10

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
intentionally caused the damage to plaintiff
on (date): 12/18/07, 1/18/07 AND TO PRESENT
at (place): 4064 HUERFANO #260, PACIFIC BEACH, CALIF. 92117 (PLAINTIFF'S CONDOMINIUM)
           DONOVAN STATE PRISON, 480 ALTA RD, P.O.B. 799002, 86891A (F2-10-248U), S.D. CA 92179-9002
*(description of reasons for liability):*

¶P 19: PLAINTIFF INCORPORATES BY REFERENCE THE ALLEGATIONS (¶P 1 THROUGH 18, SUPRA) IN COUNTS 1 & 2 ABOVE

¶P 20: PLAINTIFF ALLEGES THAT A REVIEW OF THE ALLEGATIONS AND CAUSES OF ACTION WITH THE INCLUSION
OF THE FALSE, SLANDEROUS, LIBELOUS, AND/OR MISREPRESENTATION MADE BY DEFENDANTS OVERTON
AND ARCHER AND/OR GREG SEWELL THAT WAS PROXIMATE AND DIRECT CAUSE OF PLAINTIFF'S
UNJUSTIFIED AND UNLAWFUL ARREST ON THE EVE OF JUDGE ARREOLA'S COURT-ORDERED MEDIATION
WAS WITH AFORETHOUGHT MALICE, FRAUD ON BOTH PLAINTIFF AND JUDGE ARREOLA'S DECREE TO
NOT HARASS (IN ANY WAY), ATTACK (SEE S.D.P.D. OFFICERS CONKIN AND PEREZ AND CRIME INVESTIGATOR
CECELIA NOA, REPORTS (SEE ¶P ¶P 3, 4, 6, 7, SUPRA), ETC. (SEE GOUGH-AOSHIMA V. ARCHE ET AL., CASE #
37-2007-00082027-CU-HR-CTL (FILED BY PLAINTIFF ON 1/19/07), WAS CALCULATED TO INFLICT OR
CAUSE EXTREME EMOTIONAL DISTRESS FROM THE ARREST UP-TO AND INCLUDING THE PRESENT.

¶P 21: PLAINTIFF DUE TO HIS ARREST AND IMPRISONMENT HAS SUFFERED ADDITIONAL EMOTIONAL
DISTRESSED DUE TO THE SPURIOUS AND SPECIOUS ALLEGATION HE IS A P.C. §290 REGISTRANT
WHICH IS NOT TRUE AND HAS PLACED IN HARMS WAYS UNDER THE PRESENT CUSTODIAN
STATUS.

"F"

Form Approved by the
Judicial Council of California
Effective January 1, 1982

CAUSE OF ACTION—Intentional Tort

THOMSON
WEST

CCP 425.12

(7)

982.1(13)

| SHORT TITLE: GOUGH-AOSHIMA v. ARCHER AND OVERTON | CASE NUMBER: |
|---|---|

### Exemplary Damages Attachment

Page _____

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

EX-1.  As additional damages against defendant *(name)*: KAREN ARCHER AND/OR RICHARD OVERTON

Plaintiff alleges defendant was guilty of
☒ malice
☒ fraud
☒ oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages
to make an example of and to punish defendant.

EX-2.  The facts supporting plaintiff's claim are as follows:

¶22: PLAINTIFF AVERS THAT A CURSORY REVIEW OF THE ALLEGATIONS SET FORTH UNDER COUNTS
ONE, TWO, AND/OR THREE, SUPRA, AND INCLUDING THE COURT FILINGS IN GOUGH-AOSHIMA
v. ARCHER, CASE #37-2007-00082027-CU-HR-CTL (A ACTIVE TRO PROCEEDING) AND/OR
GOUGH-AOSHIMA v. ARCHER et.al., CASE #37-2007-00083116-CU-PT-CTL (DISMISSED WITHOUT
PREJUDICE - DUE IN PART IF NOT ALL BECAUSE OF THE DEFENDANTS ARCHER AND OVERTON (A CALIF.
CODE §2035(a) PETITION FOR DISCOVERY PRIOR TO COMMENCEMENT OF CIVIL/CRIMINAL ACTION),
PLAINTIFF PRAYS FOR PUNITIVE/EXEMPLARY DAMAGES.

¶23: PLAINTIFF WOULD FURTHER AVER THAT DEFENDANTS ARCHER AND/OR OVERTON AND/OR DIVERS
ACTED TOGETHER OR IN CONCERT WITH EACH OTHER TO CAUSE THE FALSE ARREST AND THE
FALSE PROSECUTION AND THE FALSE IMPRISONMENT OF PLAINTIFF.

EX-3.  The amount of exemplary damages sought is
   a. ☐  not shown, pursuant to Code of Civil Procedure section 425.10.
   b. ☒  $180,000⁰⁰

THOMSON

"F"

(8)

**NO FEE-CCP 527.6**

*Clerk stamps date here when form is filed.*

NOV 2007
FILED
CLERK SUPERIOR
COURT
SAN DIEGO
By: _____ Deputy

**CH-120**  Notice of Hearing and
Temporary Restraining Order

① Name of person asking for protection:
JEFF S. GOUGH- AOSHIMA

Address *(skip this if you have a lawyer)*: *(If you want your address to be private, give a mailing address instead)*:
4064 HUERFANO ST #260

City: PACIFIC BEACH   State: CA   Zip: 92117
Your telephone number *(optional)*: (619) 249-5405
Your lawyer *(if you have one)*: *(Name, address, telephone number, and State Bar number)*: _____
_____
_____

*Fill in court name and street address:*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

*Court fills in case number when form is filed.*

**Case Number:**
37-2007-00082027-CU-HR-CTL

② Name of person to be restrained:
KAREN ARCHER, et al.

Description of that person:

Sex: ☐ M ☑ F  Height: 5'8"  Weight: 120  Race: WHITE
Hair Color: DIRTY BLONDE BR  Eye Color: _____ Age: 45  Date of Birth: _____
Home Address *(if known)*: 4064 HUERFANO ST. #257
City: PACIFIC BEACH ("BAY HO CONDO") State: CA   Zip: 92117
Work Address *(if known)*: _____
City: _____ State: _____ Zip: _____

**To the person in ②:**

③ **Notice of Hearing**
A court hearing is scheduled on the request for orders against you to stop harassment:

TRO DATE

| Hearing Date | Date: DEC - 5 2007  Time: 9:00 A.M.  Dept.: 25  Rm.: | Name and address of court if different from above: SUPERIOR COURT 220 W. BROADWAY SAN DIEGO, CALIFORNIA 92101 |

If you do not want the court to make orders against you, file Form CH-110. Then go to the hearing and tell the court why you disagree. You may bring witnesses and other evidence. If you do not go to this hearing, the court may make restraining orders against you that could last up to 3 years.

④ **Court Orders**
The court *(check a or b)*:
a. ☐ Has scheduled the hearing stated in ③. No orders are issued against you at this time.
b. ☑ Has scheduled the hearing stated in ③ **and** has issued the temporary orders against you specified on page 2. If you do not obey these orders, you can be arrested and charged with a crime. And you may have to go to jail, pay a fine of up to $1,000, or both.

**This is a Court Order.**

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2007, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9
Approved by DOJ
**Notice of Hearing and Temporary Restraining Order (CLETS)** CH-120, Page 1 of 4
(Civil Harassment)

EX-"B"   "F"

*CROSS —*

NO FEE–CCP 527.6

**CH-120**    **Notice of Hearing and**
**Temporary Restraining Order**

*Clerk stamps date here when form is filed.*

DEC 2007
FILED
CLERK SUPERIOR COURT
SAN DIEGO

(1)  Name of person asking for protection:
Karen Archer

Address *(skip this if you have a lawyer): (If you want your address*
*to be private, give a mailing address instead):*

POB 178381

City: San Diego _____  State: CA  Zip: 92177

Your telephone number *(optional):* (___) ___-____

Your lawyer *(if you have one): (Name, address, telephone number, and*
*State Bar number):* --

*Fill in court name and street address:*

**Superior Court of California, County of**
SUPERIOR COURT OF CALIFORNIA
Civil Division
330 W. Broadway
P.O. Box 120128
San Diego, CA 92112-0128

(2)  Name of person to be restrained:
Jeff Stanley Gough, aka Jeff S. Gough-Aoshima    *Booking #* 7792847

*Court fills in case number when form is filed.*

Case Number: 37-2007-00082027-CU-HR-CTL
~~37-2007-00081107-CU-HR-CTL~~

Description of that person:

Sex: ☑ M ☐ F  Height: 5'9"  Weight: 190  Race: cau/?japanese
Hair Color: brown-grey  Eye Color: unk  Age: 52  Date of Birth: 02/05/1956
Home Address *(if known):* 4064 Huerfano Ave #260
City: San Diego _____  State: CA ____  Zip: 92117
Work Address *(if known):* Please confirm current and future address with parole officer Sewell
City: ____  Dept Corrections 619 - 718-7800 x 213  State: ____  Zip: ____

**To the person in ②:**

(3)  **Notice of Hearing**
**A court hearing is scheduled on the request for orders against you to stop harassment:**

| Hearing Date → | Date: JAN 16 2008 25 ~~Sept~~  Time: 9:00 A.M.  Dept.: ____  Rm.: ____ | Name and address of court if different from above: SUPERIOR COURT 220 W. BROADWAY SAN DIEGO, CALIFORNIA 92101 |

If you do not want the court to make orders against you, file Form CH-110. Then go to the hearing and tell the court why you disagree. You may bring witnesses and other evidence. If you do not go to this hearing, the court may make restraining orders against you that could last up to 3 years.

(4)  **Court Orders**
The court *(check a or b):*
*Ra* a. ☑ Has scheduled the hearing stated in ③  ⟨No orders are issued against you at this time.⟩
    b. ☐ Has scheduled the hearing stated in ③ and has issued the temporary orders against you specified on
       page 2. If you do not obey these orders, you can be arrested and charged with a crime. And you may have
       to go to jail, pay a fine of up to $1,000, or both.

**This is a Court Order.**

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2007, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9
Approved by DOJ
**Notice of Hearing and Temporary Restraining Order (CLETS)**
**(Civil Harassment)**    CH-120, Page 1 of 4 →

American LegalNet, Inc.
www.FormsWorkflow.com

*CROSS —*

EX. - C-1

1-11-08  CCI S. UNDERWOOD @ 10.30AM    "F"

Your name: Karen Archer

Case Number:

37-2007-00084107-CU-HR-CTL

37-2007-00082027-CU-HR-CTL

## Temporary Orders Against the Restrained Person

*(Write the name of the person in ②):* Jeff Stanley Gough aka Jeff S. Gough Aoshima

**The court has made the temporary orders indicated below against you. You must obey all these orders. These orders will expire on the date of the hearing listed in ③ unless they are extended by the court.**

**⑤ ☑ Personal Conduct Orders**

You must not do the following things to the people listed in ① and ⑩:

☑ a. Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, destroy personal property, keep under surveillance, or block movements.

☑ b. Contact (directly or indirectly), telephone, send messages, mail, or e-mail.

☑ c. Take any action, directly or through others, to obtain the addresses or locations of the persons in ① and ⑩. *(If item c is not checked, the court has found good cause not to make this order.)*

Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this Order.

**⑥ ☑ Stay-Away Order**

You must stay at least *(specify):* _____10_____ yards away from:

a. ☑ The person listed in ①
b. ☑ The people listed in ⑩
c. ☑ The home of the persons in ① and ⑩
d. ☐ Jobs or workplaces of the persons in ① and ⑩

e. ☑ Vehicle of person in ①   ☑ Vehicles of persons in ⑩
f. ☐ The protected children's school or child care
g. ☐ Other *(specify):* _____

This stay-away order does not prevent the person in ② from going to or from that person's home or place of employment.

**⑦ No Guns or Other Firearms**

You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get a gun or firearm.

**⑧ Turn In or Sell Guns or Firearms**

You must:

- Sell to a licensed gun dealer or turn in to police any guns or firearms that you possess or control. This must be done within 24 hours of being served with this order.

- File a receipt with the court within 48 hours of receiving this order that proves guns have been turned in or sold. *(You may use Form CH-145 for this.)*

**⑨ ☑ Other Orders** *(specify):* 1 ) Cease "positioning" tactics on Bay Ho complex grounds that entrap Ms. Archer in unintentionally violating her TRO.

2) Cease intimidating and vexatious court petitions and filings against Ms. Archer.

*NOTE* ARCHER FAILS TO CORRECTLY STATE THAT I WAS THE PERSON REQUESTING A TRO BACK ON: NOV. 19, 2007.

**This is a Court Order.**

C-2

"F"

Your name: Karen Archer

Case Number:
~~37-2007-00084107-CU-HR-CTL~~
37-2007-00082027-CU-HR-CTL

**(10)** ☑ **Other Protected Persons**
List of the full names of all family or household members protected by these orders:

Richard Overton, Significant other, POB 178381 San Diego 92177

### Instructions for the Protected Person

**To the person in ①:** *(Write the name of the person in ①):* Jeff S. Gough

**(11)** **Service of Order on Law Enforcement**
If the court issues temporary restraining orders, by the close of business on the date the orders are made, you or your lawyer should deliver a copy of this Order and any proof of service forms to each law enforcement agency listed below.

Name of Law Enforcement Agency:          Address (City, State, Zip)
~~COUNTY SHERIFF~~
~~220 WEST BROADWAY~~
~~SAN DIEGO, CA  92101~~

**(12)** **Service of Documents**
You must have someone personally deliver to the person in ② a copy of all the documents checked below:
   a. ☑ CH-120, *Notice of Hearing and Temporary Restraining Order (CLETS)* (completed and file-stamped)
   b. ☑ CH-100, *Request for Orders to Stop Harassment* (completed and file-stamped)
   c. ☑ CH-110, *Answer to Request for Orders to Stop Harassment* (blank form)
   d. ☑ CH-145, *Proof of Firearms Turned In or Sold* (blank form)
   e. ☑ CH-151, *How Can I Answer a Request for Orders to Stop Harassment?*
   f. ☑ Other *(specify):* CH131 proof of service by mail

You must file with the court before the hearing a proof of service of these documents on the person in ②.

**(13)** **Time for Service** *(check a, b, or c)*
   a. ☐ A copy of the documents listed in ⑫ must be served in person to the person in ②
      at least 5 days before the hearing.
   b. ☑ A copy of the documents listed in ⑫ must be served in person to the person in ②
      at least 2 days before the hearing.
   c. ☐ A copy of the documents listed in ⑫ must be served in person to the person in ②
      at least _____ days before the hearing.

**(14)** ☑ **No Fee for Filing**
   Filing fees are waived.

---

**This is a Court Order.**

---

C-3



Case Number:
~~37-2007-00084107-CU-HR-CTL~~

Your name: Karen Archer

37-2007-00082027-CU-HR-CTL

(15) ☑ **No Fee for Service of Order by Law Enforcement**
The sheriff or marshal will serve this Order without charge because:

   a. ☐ The Order is based on stalking.

   b. ☐ The Order is based on a credible threat of violence.

   c. ☐ The person in ① is entitled to a fee waiver.

Date: _12-19-07_        ▸ _____
                    *Judicial Officer*   RAFAEL A. ARREOLA

## Warnings and Notices to the Restrained Person in ②

### You Cannot Have Guns or Firearms

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get a gun while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to a licensed gun dealer or turn in to police any guns or firearms that you have or control in accordance with item ⑧ above. The court will require you to prove that you did so. If you do not obey this Order, you can be charged with a crime.

## Instructions for Law Enforcement

This Order is effective when made. It is enforceable anywhere in all 50 states, the District of Columbia, all tribal lands, and all U.S. territories and shall be enforced as if it were an order of that jurisdiction by any law enforcement agency that has received the Order, is shown a copy of the Order, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency shall advise the restrained person of the terms of the Order and then shall enforce it. Violations of this Order are subject to criminal penalties.

### Requests for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the hearing. Contact the clerk's office or go to *www.courtinfo.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Order* (Form *MC-410*). (Civil Code, § 54.8.)

*(Clerk will fill out this part.)*
### —Clerk's Certificate—

*Clerk's Certificate*
*[seal]*

I certify that this *Notice of Hearing and Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date: _____   Clerk, by _____, Deputy

## This is a Court Order.

C-4

*CROSS —*   *WHY NOT RICHARD OVERTON?*

# CH-100   Request for Orders to Stop Harassment

*Clerk stamps date here when form is filed.*

2007 DEC 19 PM 12: 16

SAN DIEGO COUNTY, CA

**(1)** Your name *(person asking for protection):*
Karen Archer

Your address *(skip this if you have a lawyer): (If you want your address to be private, give a mailing address instead):*
POB 178381, San Diego CA 92177

City: _____ State: _____ Zip: _____

Your telephone number *(optional):* ( ___ ) __

Your lawyer *(if you have one): (Name, address, telephone number, and State Bar number):*
n/a

*Fill in court name and street address:*
Superior Court of California, County of
SUPERIOR COURT OF CALIFORNIA
Civil Division
330 W. Broadway
P.O. Box 120128
San Diego, CA 92112-0128

**(2)** Name of person you want protection from:
Jeff Stanley Gough, aka Jeff S. Gough-Aoshima

Describe the person:   Sex: ☑ M   ☐ F   Weight: 190
Height: 5'9'   Race: cau?   Hair Color: saltpepper
Eye Color: unk   Age: 52   Date of Birth: 2/5/1956

Home Address *(if you know):* 4064 Huerfano Ave #260
City: San Diego   State: CA   Zip: 92117
Work Address *(if you know):* n/a
City: _____ State: _____ Zip: _____

*Court fills in case number when form is filed.*
Case Number:
37-2007-00082017-CU-HR-CTL

**37-2007-00082027-CU-HR-CTL**

**(3)** Besides you, who needs protection? *(Family or household members)*

| Full Name | Sex | Age | Lives with you? | How are they related to you? |
|---|---|---|---|---|
| Richard Overton | M | 51 | ☑ Yes ☐ No | Significant Other |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |

☐ Check here if you need more space. Attach a sheet of paper and write "CH-100, item 3—Describe Protected Persons" at the top of the page.

**(4)** Why are you filing in this court? *(Check all that apply):*
☑ The person in **②** lives in this county.
☑ I was hurt (physically or emotionally) by the person in **②** here.
☑ Other *(specify):* existing case 82027

*WHO?   "SILENT MAJORITY"   NO ONE AT 1ST TRO HEARING   2' STAY AWAY! WANTED BY KAREN*

**(5)** How do you know the person in **②**? *(Describe):*

Jeff is my neighbor who has been acting as and percieved as a threat to me and more recently to my SO Richard since mid Sept Jeff has been noted by us and others to be increasingly more agitated and has recently been re-arrested due to his assault on Richard in November.

*SIGNIFICANCE OF DATE?   WHAT REPORTS?*   *"re-arrested"*   *ORIGINAL? police reports?*

## This is not a Court Order.

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2007, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9

**Request for Orders to Stop Harassment**
(Civil Harassment)

CH-100, Page 1 of 4

American LegalNet, Inc.
www.FormsWorkflow.com

*CROSS —*



*Ex — "E" — 1*

*"F"*

Case Number:
~ 37-2007-0008**4187-CU-HR-CTL~
37-2007-00082027-CU-HR-CTL

Your name: Karen Archer

*PRIOR TO TRO FILING (11/19/08)*

(6) Describe how the person in (2) has harassed you.
a. Date of most recent harassment: Nov 11, 2007

*WHAT TELEPHONE #
HOW DID SHE GET PERICANO MESSAGE?*

b. Who was there? Richard Overton

c. Did the person in (2) commit any acts of violence or threaten to commit any acts of violence against you?
☑ Yes ☐ No
*If yes, describe those acts or threats:* _____
In a very agitated manner he threatens to In-So-Many-Words "have you pay" or "youll get yours"
-type of rhetoric

d. Did the person in (2) engage in a course of conduct that harassed you and caused substantial emotional
distress? ☑ Yes ☐ No
*If yes, describe:* a) Repeated threatening harassment up to 11/11- tape recording of Jeff's vindictive
is available for the court to hear: b) assault of Richard 11/12/07) c) two court filings against me since
11/16; d) antagonistic and inciting behavior relative to TRO limits since 11/17/07

*§ 2035(a)*

*12/5/09*

e. Did the conduct of the person in (2) described above seriously alarm, annoy, or harass you? ☑ Yes ☐ No
☐ Check here if you need more space. Attach a sheet of paper and write "CH-100, item 6— Describe
Harassment" at the top of the page.

*S.D.P.D. CONKIN
S.D.P.D. PEREZ
CRIME IN. CELERIA NOA*

**Check the orders you want** ☑

(7) ☑ **Personal Conduct Orders**
I ask the court to order the person in (2) to **not** do the following things to me or anyone listed in (3):
a. ☑ Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, destroy personal
property, keep under surveillance, or block movements.
b. ☑ Contact (either directly or indirectly), or telephone, or send messages or mail or e-mail.
The person in (2) will also be ordered not to take any action to get the addresses or locations of any protected
persons, their family members, or their caretakers unless the court finds good cause not to make the order.

*? TWO FEET FROM MODIFIED*

(8) ☑ **Stay-Away Orders**
I ask the court to order the person in (2) to stay at least *(specify):* (10) yards away from me
and the people listed in (3) and the places listed below: *(Check all that apply):*
a. ☑ My home            d. ☑ My vehicle
b. ☐ My job or workplace      c. ☐ Other *(specify):* _____
c. ☐ My children's school or child care

If the court orders the person in (2) to stay away from all the places listed above, will that person
still be able to get to his or her home, school, or job? ☑ Yes ☐ No
*If no, explain:* Please note Jeff's stay at 4064 Huerfano Ave is over per his parole officer and
therefore 10 yards stay away is reasonable as he will likely no longer be my regular neighbor upon
his release from prison.

*GOUGH - AOSHIMA v. JORDON GRIFFIN
§ 2035(a) (RE CONDO) (COLLUSION)*

**This is not a Court Order.**

*SEWELL NEVER DISCUSSED
MATTER W/ME
? KAREN ? RICHARD
? JORDON GRIFFIN*



"F"

*"INVOLVE" RICHARD*
*IN "VEXATIOUS" SUITS*

Your name: Karen Archer

Case Number:

~~37-2007-00082027-CU-HR-CTL~~

37-2007-00082027-CU-HR-CTL

**⑨** ☑ **Others to Be Protected**

Should the other people listed in ③ also be covered by the orders described above?

☑ Yes    ☐ No    ☐ Does not apply

*If yes, explain:* Note Jeff has tried to involve and harass Richard with his vexatious suits as well.

*WHAT?*
*CALL out 12/17/07* The information regarding Jeff assaulting Richard was apparently enough to bring Jeff back into custody, and both Richard and I am in fear of Jeff upon his release (likely within months at most.)

**⑩** **Order About Guns or Other Firearms**

I ask the court to order the person in ② to be prohibited from owning, possessing, purchasing, or receiving, or attempting to purchase or receive firearms and to sell or turn in any guns or firearms that he or she controls.

**⑪** ☑ **Other Orders**

*?*

I ask the court to order the person in ② to *(specify)*

I ask the court to declare Jeff Gough a vexatious litigant.

**⑫** ☑ **Temporary Orders**

*WHAT ACTIONS?*

Do you want the court to make orders now on the matters listed in ⑦, through ⑪ that will last until the hearing? ☑ Yes    ☐ No

*If yes, explain why you need these orders right now:* Jeff is likely more unstable and angry now than at his intiation of his actions against me that began in September. He has just been taken into custody, of likely limited duration. Richard and I have been scared of him, and are even more so now. Please make these orders immediate so we have recourse if Stay Away or Conduct orders violated.

☐ *Check here if you need more space. Attach a sheet of paper and write "CH-100, item 12—Temporary Orders" at the top of the page.*

**⑬** **Delivery of Orders to Law Enforcement**

My lawyer or I will give copies of the orders to the following law enforcement agencies:

a. Name of Agency: COUNTY SHERIFF
   Address: ~~220 WEST BROADWAY~~
   City: SAN DIEGO, CA 92101 _____ State: _____ Zip: _____

b. Name of Agency: _____
   Address: _____
   City: _____ State: _____ Zip: _____

**⑭** ☐ **Other Court Cases**

Have you ever asked any court for other restraining orders against the person in ②? ☐ Yes    ☐ No

*If yes, specify the counties and case numbers if you know them.*
Earlier counter-TRO filed by me and declined by this court on 12/11/07

*TRO? HEARING?*
*CALLED SEWELL 12/17/07.*

**This is not a Court Order.**

E-3

*"F"*

Your name: Karen Archer

Case Number:
37-2007-00084107-CU-HR-CTL

37-2007-00082027-CU-HR-CTL

**(15)** ☑ **Time for Service**
You must have your papers personally served on (notify) the person in ② at least 5 days before the hearing, unless the court orders a different time for service. *(Form CH-135 explains "What Is Proof of Service?" Form CH-130 may be used to show the court that the papers have been served.)* If your papers cannot be served at least 5 days before the hearing and you need more time, explain why:

n/a _____
_____

**(16)** ☑ **No Fee for Filing**
I ask the court to waive the filing fee because the person in ② has used or threatened to use violence against me, has stalked me, or has acted or spoken in some other way that makes me reasonably fear violence. I am asking for a restraining order to stop this conduct.

**(17)** ☑ **No Fee to Serve Orders**
I ask the court to order the sheriff or marshal to serve (notify) the person in ② about the orders for free because:
a. ☑ My request for orders is based on stalking; or
b. ☑ My request for orders is based on a credible threat of violence; or
c. ☐ I am entitled to a fee waiver.
*(If you are requesting free service of the orders based on a fee waiver, you must complete and file the Application for Waiver of Court Fees and Costs (Form FW-001).)*

**(18)** ☑ **Lawyer's Fees and Costs**
I ask the court to order payment of my:
a. ☑ Lawyer's fees
b. ☑ Out-of-pocket expenses
The amounts requested are:

| Item | Amount | Item | Amount |
|------|--------|------|--------|
| misc admin (response) | $ TBD | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |

☐ *Check here if you need more space. Attach a sheet of paper and write "CH-100, item 18—Lawyer's Fees and Costs" at the top of the page.*

**(19)** **Additional Relief**
I ask the court for additional relief as may be proper.

**(20)** Number of pages attached to this form, if any: _____

Date: _____

-- _____        ▶ _____
*Lawyer's name*                     *Lawyer's signature*

I declare under penalty of perjury under the laws of the State of California that the information above and on all attachments is true and correct.

Date: 12/19/07

Karen Archer _____        ▶ × *Karchchr*  _____
*Type or print your name*             *Sign your name*

███ This is not a Court Order. ███

(E-4)  "F"



DELIVERED BY SEWELL (1/18/08) AFTER HEARING

**H-125** Reissue Temporary Restraining Order (CROSS)

Clerk stamps date here when form is filed.

F I L E D
Clerk of the Superior Court

JAN 1 6 2008

By: J. BELDEN, Deputy

Your name (person asking to reissue order):
Karen Archer

Your address (skip this if you have a lawyer): (If you want your address to be private, give a mailing address instead):
POB 178381

City: San Diego ___ State: CA Zip: 92177

Your telephone (optional): (___) ___

Your attorney (if you have one): (Name, address, telephone number and State Bar number): n/a

Fill in court name and street address:
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 82020-3941
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

(2) Name of person you want protection from:
Jeff St. Gough aka Jeff Gough-Aoshima

Court fills in case number when form is filed.
Case Number: CU HR CTL
37-2007-00082027

(3) ☑ I ask the Court to reissue the Temporary Restraining Order specified on Form CH-120. (HEARING ONLY)
a. The last Temporary Restraining Order was issued on (date): 12/19/07
b. The last hearing date was (date): JAN 16 2008 8:45
c. The Order was reissued __0__ times.

(4) ☑ I ask the court to reissue the Order because (check one): Proof of Service hasn't been returned from Donovan
a. ☑ I could not get the Order served before the hearing date.
b. ☐ The date of the hearing was changed because we were sent to mediation or other dispute resolution services.
c. ☐ Other (specify): _____

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: 1/16/08

Caren Archer
Type or print your name

▶ [signature]
Sign your name

**This is a Court Order.**
Clerk will fill out section below.

(5) The request to reissue the Temporary Restraining Orders is:
a. ☑ Granted (HEARING ONLY) b. ☐ Denied

The Order listed in (3) is reissued and reset for hearing in this court on the date and time below.
Unless the court extends the time, the Order will end on the date and time below.

Name and address of court if different from above:
SUPERIOR COURT
~~220 W. BROADWAY~~
SAN DIEGO, CALIFORNIA 92101

Hearing Date → Date: JAN 3 0 2008   Time: 9:00 AM
Dept.: 25   Room: _____

All orders in the Temporary Restraining Order stay in effect unless this order changes them.

(Continued on next page)

Judicial Council of California, www.courtinfo.ca.gov
Revised January 1, 2005, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9
**Reissue Temporary Restraining Order**
(Civil Harassment)
CH-125, Page 1 of 2 →


E-5  "F"

Your Name: **Karen Archer**

Case Number: **37 2007-00082027**

(6) If this Order is granted, a copy of this Order must be served on the person in ② before the hearing, along with the other documents requesting orders to stop harassment.

(7) By the close of business on the date this Order is made, a copy of this Order and any proof of service forms must be delivered to the law enforcement agency listed in ⑧ by:
☑ the person in ①.
☐ the attorney of the person in ①.

(8) The law enforcement agency listed below will serve the person in ② with a copy of this Order and any attached orders:
Name of law enforcement agency: COUNTY SHERIFF
Address: 220 WEST BROADWAY
City: SAN DIEGO, CA 92101   State: _____   Zip: _____

Date: **JAN 1 6 2008**

▶ *Rafael A. Arreola*
Judicial Officer   **RAFAEL A. ARREOLA**

### Requests for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons with Disabilities and Order* (form MC-410). *(Civil Code, § 54.8)*

*(Clerk will fill out this part)*
## —Clerk's Certificate—

*Clerk's Certificate*

I certify that this *Reissue Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date: _____

Clerk, by _____, Deputy

## This is a Court Order.

**Reissue Temporary Restraining Order**
**(Civil Harassment)**

CH-125, Page 2 of 2

E-6   "F"



1  JEFF S. GOUGH
   CDCR No. V64431
2  P.O.B. 799002
   SAN DIEGO, CALIF. 92179-9002
3

4

5  IN PROPRIA PERSONA

6

7

8              IN THE SUPERIOR COURT OF CALIFORNIA

9          FOR SAN DIEGO COUNTY, SOUTH BAY DIVISION

10  JEFF S. GOUGH,                    CASE NO. _____

11      PETITIONER-RELATOR,

12          VS.                       PETITION FOR WRIT OF MANDAMUS
                                      AND DECLARATION OF JEFF J. GOUGH
13  ARNOLD SCHWARZENEGGER,            WITH EXHIBITS; DECLARATION OF
    GOVERNOR OF CALIFORNIA;           MICHAEL STARNISH
14  ROBERT TILLMAN, DIRECTOR OF
    CDC; ROBERT J. HERNANDEZ,
15  WARDEN STATE PRISON,

16              RESPONDENTS,

17  PEOPLE OF CALIFORNIA,

18          REAL PARTY IN INTEREST.

19

20      PETITIONER-RELATOR, JEFF S. GOUGH, IN PROPRIA PERSONA, HEREBY RESPECTFULLY

21  PETITIONING THE ABOVE-ENTITLED COURT TO ISSUE A WRIT OF ADMINISTRATIVE

22  MANDAMUS OR, IN THE ALTERNATIVE, AN ORDER TO SHOW CAUSE. THE HEREINUNDER

23  REQUESTS FOR EXTRAORDINARY REMEDIAL ACTION IS DUE ENTIRELY ON THE CONDUCT

24  OF PRISON AUTHORITIES THAT ARE SUBSERVIANT TO THE NAMED RESPONDENTS.

25      PETITIONER HAS LITTLE OR NO ACCESS TO THE FACILITY TWO LAW LIBRARY (IF AND

26  WHEN IT IS ARBITRARILY OPEN); ERGO, HE HAS BORROWED THE FOLLOWING COMMON LAW

27  CASES IN HIS HOPES THAT HE ASK THE HONORABLE COURT TO WAIVE THE DOCTRINE OF

28  ADMINISTRATIVE EXHAUSTION (OSO ASSN. J. CITY OF TORRANCE (1974) 37 Cal. App.3d 830)

                              -1-                            (G)

1    AS SUCH ATTEMPT WOULD BE INADEQUATE (GLENDALE CITY EMPLOYEES ASSN. V. CITY OF

2    GLENDALE (1975)) AND/OR FUTILE (IN RE DEXTER. 25 Cal.3d 921 (1979) WHICH WOULD CAUSE

3    UNNECESSARY DELAY OR IRREPARIABLE INJURY (IN RE SERNA. 76 Cal.App.3d 1010) AND

4    MOST CERTAINLY BE AN INJUSTICE TO YOUR PETITIONER (GREENBLAT V. MUNRO. 161 Cal.App.2d

5    596 (1958) IF THIS HONORABLE COURT SHOULD NOT ACT JUDICIOUSLY.

6       PETITIONER WAS ARRESTED BY BPT COMMUNITY PAROLE AGENT GREG SEWELL ON 18

7    DECEMBER 2007 AND PLACED IN THE CUSTODY OF THE SAN DIEGO SHERIFF'S DEPARTMENT. SEE

8    EXHIBIT "A" (CDC 1502(b) CHARGE SHEET (12/18/07). THERE WERE NO POLICE REPORT MADE

9    BY THE UNIDENTIFIED "NEIGHBORS" OR OTHER INFORMATION DISCLOSED BY MR. SEWELL. WHILE

10   IN THE TWO-DAY CUSTODY OF THE SAN DIEGO DOWNTOWN JAILERS MR. SEWELL VISITED YOUR

11   PETITIONER WITH WHAT APPEARED TO BE TAUNTING AND TO HARASS PETITIONER. PETITIONER

12   MADE A CITIZENS COMPLAINT (PP 5-15 OF EXHIBIT "B") WHICH WAS RETURNED AS PART

13   OF PETITIONER'S FUTILE ATTEMPT AT EXHAUSTING HIS ADMINISTRATIVE REMEDIES AT

14   STATE'S RECEPTION CENTER PRISON AND BPT PAROLE REVOCATION TRIAL/HEARING CENTER.

15   IBID.

16       AFTER THE PROBABLE CAUSE HEARING ON 01/04/08 PETITIONER WAS HELD TO ANSWER

17   THE CHARGES (EXHIBIT "A") UNTIL THE FULL REVOCATION HEARING ON 01/18/08. THERE

18   WAS NO AUDIO RECORDING OF THIS HEARING; THUSLY, PETITIONER CAN NOT CLAIM AS-OF-YET

19   ANY VIOLATIONS OF EITHER REGULATORY, STATUTORY, AND/OR CONSTITUTIONAL VIOLATIONS.

20       ON 18 JANUARY 2008 PETITIONER HAD A FULL REVOCATION HEARING/TRIAL BEFORE

21   THE DEPUTY COMMISSIONER KEITH BAKER. ALTHOUGH THERE WERE MANY IRREGULARITIES

22   THAT MAY/SHOULD BE BROUGHT BY HABEAS CORPUS — PETITIONER PRESERVES SUCH ACTION—

23   THE CAUSE FOR THIS, ARGUENDO GRATIS, ANCILLARY SUIT IS THAT PETITIONER HAS NOT:

24   (1) RECEIVED "A WRITTEN STATEMENT BY THE [REVOCATION TRIAL] HEARING OFFICER AS

25   TO THE EVIDENCE RELIED ON . . ." (2) ". . . THE REASONS FOR THE DECISION, [E.G. SANCTION

26   IF I WAS FOUND GUILTY] AND [3] TO RECEIVE A TAPE RECORDING OF THE REVOCATION

27   HEARING." SEE EXHIBIT "C" (NOTICE OF PAROLE REVOCATION RIGHTS AND ACKNOWLEDGEMENT).

28   TO DATE NONE OF THESE EVENTS HAVE HAPPENED EVEN THOUGH PETITIONER HAS MADE

("G")

1  REQUESTS-UPON-REQUEST FOR BOTH THE REPORT AND AUDIO TAPE.  THE ONLY REQUEST THAT

2  WAS ANSWER WAS A REQUEST MADE TO THE "BOARD OF PAROLE HEARINGS (DECISION PROCESS-

3  ING AND SCHEDULING UNIT)" WHICH RESPONDED TO PETITIONER'S REQUEST FOR THE "REVOCATION

4  HEARING TAPE." SEE EXHIBIT "D" (LTR IN RESPONSE TO PETITIONERS LTR OF (JANUARY _ 2008).

5     WITH THE AFOREMENTIONED "TAPE" PETITIONER STARTED THE PAIN-STAKING EFFORT

6  TO PREPARE A TRANSCRIPTION TO USE IN HIS PRECIPIENT HABEAS CORPUS PETITION. ON THREE

7  SEPARATE OCCASSIONS HE WAS ABLE TO USE A DONOVAN PRISON FACILITY TWO TAPE

8  PLAYER (WITHOUT RECORDING CAPACITY) TO LISTEN TO THE TAPE. APPROXIMATELY HALFWAY

9  THROUGH THE TAPE IT WOULD APPEAR THAT THE TRIAL/HEARING WAS NOT RECORDED. SEE

10  DECLARATION OF JEFF S. GOUGH, AT PARA. 12 . AT THIS POINT IN THE TRIAL NUMEROUS

11  CONSTITUTIONAL, I.E. PROCEDURAL AND SUBSTANTIVE DUE PROCESS VIOLATIONS OCCURRED. IBID.

12     REGARDING THE AFOREMENTIONED REPORT PRISON AUTHORITIES WILL NOT EVEN

13  RESPOND TO THE SO-CALLED "INMATE REQUEST FOR INTERVIEW" (GA-22 (9/92) CDC FORM).

14  SEE E.G., EXHIBIT "E" (REQUEST FOR ADDRESSES INCLUDING "THE CAL. ATTY GENERAL'S

15  D.O.J. (SEX OFFENDERS REGISTRATION UNIT); CE EXHIBIT "F" (CDC 602 INMATE/PAROLEE

16  APPEALS (01/08/08) REJECTED (01/10/08) RESUBMITTED TO "COUNSELOR I" WITHOUT RESPONSE);

17  EXHIBIT "G" (CDC 602 INMATE/PAROLEE APPEALS (01/08/08) REJECTED (01/10/08) RESUBMITTED

18  TO BPT OFFICER AT DONOVAN WITHOUT RESPONSE). SEE IN RE WOODHAM (2002) 95 CAL. APP 4TH

19  438, 115 CAL. RPTR. 2d 431 (BPT'S "UNACCEPTABLE" DELAY IN ANSWERING APPEALS VIOLATED DUE PROCESS.)

20     TO BOLSTER PETITIONER'S CLAIM THE CDC/BPT AND IN PARTICULAR RESPONDENT

21  ROBERT HERNANDEZ'S SUBORDINATE EMPLOYEES SIMPLY REFUSE TO PROVIDE MANDATORY

22  ASSISTANCE TO THOSE SEEKING ACCESS TO THE COURTS E.G., & THE CASE OF STARUISH V.

23  ARNOLD SCHWARNEGGER CASE # 08-0187-JM-POR ( CIVIL RIGHTS SUIT ON THE SAME

24  GROUNDS (P.C. 8290 CDC/BPT-COMPELLED REGISTRATION; F.R. CIV.P. 23(b) CLASS ACTION

25  PENDING; PENDING MR STARUISH'S COMPLIANCE WITH 28 U.S.C. § 1915 (a)). SEE EXHIBIT "H"

26  (ORDER; CASE NO. 08-0187-JM (POR)(02/19/2008). INSTANT PETITIONER IS ASSISTING MR.

27  STARUISH IN ALL PRE-TRIAL MATTERS PER JOHNSON V. AVERY, 89 S.CT. 747 (1969)( SEE

28  DECLARATION OF JEFF S. GOUGH, PARA 15 ; DECLARATION OF MICHAEL STARUISH) AND

"G"

1  DONOVAN STATE PRISON EMPLOYEES ACTIVELY HINDER, IMPEDE, OR OUTRIGHT OBSTRUCT ANY

2  ACCESS TO THE COURTS. IN PETITIONER'S CASE THE CDC/BPT SIMPLY REFUSE TO RESPOND

3  TO ANY REQUESTS FOR THE MANDATORY REPORT. SEE EXHIBIT "C" (NTS OF RIGHTS);

4  MORRISSEY V. BREWER, 408 U.S. 471 (1972). AS THE MORRISSEY CLEARLY ADMONISHED A PAROLEE

5  FOUND GUILTY IS ENTITLED, AS A MATTER OF DUE PROCESS, TO A WRITTEN STATEMENT. Id. 408

6  U.S. @ 489. BY REGULATORY RIGHT PETITIONER IS ENTITLED TO A FULL AND COMPLETE

7  AUDIO RECORDING (FROM CERTIFIED BEGINNING TO END). SEE EXHIBIT "C" @ BULLET #12. ①

8       PETITIONER WOULD SUBMIT THAT UNDER THE PRESENT CIRCUMSTANCES THAT A

9  WRIT OF MANDAMUS BE ISSUED OR AN ORDER TO SHOW CAUSE.

10      THE OTHER INDEPENDENT BASIS FOR THE ADMINISTRATIVE MANDAMUS IS THAT

11  RESPONDENT WARDEN HERNANDEZ'S SUBORDINATE EMPLOYEES HAVE REFUSED TO ADDRESS

12  THE FACT THAT PETITIONER IS NOT A PENAL CODE §290 REGISTRATION-REQUIRED PERSON.

13  PETITIONER HAS MADE MORE THAN SEVERAL ATTEMPTS TO BPT COMMUNITY PAROLE AGENTS

14  AT THE SO-CALLED "KURTZ STREET" PAROLE OFFICE TO REMOVE THIS STIGMA AND ALL

15  ITS SPECIAL PAROLE CONDITIONS — TO NO AVAIL. NOTEWORTHY, PETITIONER WAS ONCE

16  ARRESTED BY BPT COMMUNITY PAROLE AGENT FOR A SERIOUS VIOLATION OF LAW RE:

17  "HE FAILED TO REGISTER IN A TIMELY MANNER." SEE EXHIBIT "B" @ B-2, B-5 THRU B-7;

18  EXHIBIT "I" (CDCR 1502(b), P.O. I BRIZUELA (06/12/06)). THE BRIZUELA CHARGE AND/OR

19  ALLEGATION WENT TO THE BPT REVOCATION TRIAL/HEARING AND PETITIONER PREVAILED

20  AT THE, ARGUENDO, ADMINISTRATIVE LEVEL. SEE DECLARATION OF JEFF GOUGH, PARA 16.

21      WHEREFORE, PETITIONER PRAYS FOR THE FOLLOWING: (1) THAT THE COURT FIND

22  THAT A WRIT OF MANDAMUS SHALL ISSUE DIRECTING THE NAMED RESPONDENTS TO PROVIDE

23  A COPY OF THE PAROLE VIOLATION REPORT; (2) THAT THERE IS NO LEGAL CAUSE TO COMPELL

24  PETITIONER TO BE A P.C. §290 REGISTERANT AND IT SHALL BE REMOVED; AND/OR A OSC

25  SHALL BE ISSUED. RESPECTFULLY REQUESTED AND SUBMITTED THIS 12ᵗ DAY OF MARCH

26  2008, IN THE YEAR OF MY LORD JESUS el MESSIAH & CHRIST. _____

                                                    JEFF S. GOUGH — PETITIONER

27  ① INSTANT PETITIONER WOULD POINT OUT THAT ONE OF THE CLAIMS FOR RELIEF IN STARVISH V.

28  SCHWARZENEGGER, CASE NO. # 08-0187 Jm(POR) IS: (1) WHETHER SCHWARZENEGGER'S
    PAROLE REVOCATION SCHEME IS IN VIOLATION OF DUE PROCESS; AND (2) SEPARATION OF POWERS.

-4-

PG "4"

<u>DECLARATION</u>

I, JEFF S. GOUGH, DECLARE AND SAYTH AS FOLLOWS:

1. I AM OF MAJORITY AGE (52 YEARS) AND MAKE THIS DECLARATION IN SUPPORT OF MY PETITION FOR WRIT OF ADMINISTRATIVE MANDAMUS FILED HEREWITH.

2. I DECLARE THAT EXHIBITS "A" THRU "I" ARE TRUE AND CORRECT COPIES OF MY DOCUMENTS (ORIGINALS OR OTHERWISE).

3. IN 1984 I WAS ARRESTED AND CONVICTED, VIA A NOLO PLEA AGREEMENT, TO A SINGLE CHARGE OF MISDEMEANOR SEXUAL BATTERY (P.C. § 243.4) AND WAS PLACED ON PROBATION, FINED, AND WAS NOT REQUIRED TO COMPLY WITH P.C. § 290 BY THE COURT. EXHIBIT B-10 THRU B-16 IS THE COURT RECORDS FOR PEOPLE V. GOUGH, CRN-9187 AND SUBSTANTIATES MY DECLARATION.

4. IN THE YEAR OF 2002 I WAS FOUND GUILTY OF P.C. § 422 AND SENTENCED TO PROBATION, FINED, AND WAS NOT REQUIRED TO COMPLY WITH P.C. § 290 BY THE COURT, JUDGE JEFFERY FRASER, PRESIDING.

5. IN 2004 I VIOLATED PROBATION AND COMMITTED TO THE CUSTODY OF THE CDC, WHEREUPON MY RELEASE I WAS ORDERED, OVER MY OBJECTIONS, TO COMPLY WITH THE P.C. § 290 REGISTERATION REQUIREMENTS.

6. ON 6/12/06 I WAS ARRESTED BY BPT PAROLE AGENT I. BRIZUELA FOR NOT TIMELY REGISTERING, HELD IN CUSTODY OVER-NITE, NOT CHARGED BY THE DISTRICT ATTORNEY, AND RELEASED PENDING A BPT REVOCATION HEARING. AT THE REVOCATION HEARING I PRESENTED DOCUMENTS FROM EXHIBIT B-10 THRU B-16 AND WAS NOT CONVICTED BECAUSE THERE WAS NO GROUNDS.

7. I WAS UNDER THE IMPRESSION MR. BRIZUELA WOULD REMOVE THE § 290 REGISTRA-TION REQUIREMENT AND REMOVE SUCH STIGMA FROM BOTH THE CDC CASE FILE AND NOTIFY THE STATE D.O.J. OF THIS ERROR.

8. ON 12/18/08 I WAS ARRESTED IN PART DUE TO A P.C. § 290-RELATED OFFENSE PER A "SPECIAL CONDITION" OF PAROLE.

9. ON 01/18/08 I WAS CONVICTED AT A PAROLE REVOCATION TRIAL BY A DEPUTY

"G"

1

1   COMMISSIONER KEITH BAKER — AS IT WOULD APPEAR — OF THIS CHARGE.

2   10. ALTHOUGH I HAVE MADE MANY ATTEMPTS TO INFORMALLY RESOLVE THIS P.C. §

3   290 MATTER, WITH SUPPORTING DOCUMENTATION (EXHIBIT "B"), THE CDC/BPT REFUSE TO

4   CONSIDER THESE DOCUMENTS OR PROTESTATIONS OF INNOCENCE.

5   11. IN FACT, MANY OF MY ATTEMPTS AT ADMINISTRATIVE REMEDIES ARE REJECTED

6   FOR SPECIOUS AND SPURIOUS REASONS (SEE EXHIBITS "B", "F", & "G").

7   12. I AM NOT ABLE TO OBTAIN A FINAL PAROLE REVOCATION REPORT OR A FULL AND

8   COMPLETE COPY OF THE PAROLE REVOCATION TRIAL ALTHOUGH I HAVE DEMANDED SAME TO

9   THE POINT OF AD NAUSEUM. THE TAPE I HAVE IS INCOMPLETE AND THUSLY WITHOUT VALUE.

10   13. I CAN NOT PROPERLY PREPARE A PETITION FOR WRIT OF HABEAS CORPUS WITHOUT

11   THE REPORT AND COMPLETE TAPE. I HAVE THE INCOMPLETE AND WILL PRODUCE IF REQUESTED.

12   14. I BELIEVE I HAVE NO READIABLE ALTERNATIVES THAN THIS EXTRAORDINARY WRIT.

13   I BELIEVE I AM BOTH UNLAWFULLY AND UNCONSTITUTIONALLY INCARCERATED AND

14   CANNOT FULLY RESEARCH AND SUBMIT A HABEAS CORPUS PETITION OR OTHER LEGAL

15   PLEADINGS WITHOUT THE REPORT AND COMPLETE TAPE.

16   15. I AM PRESENTLY MR. MICHAEL STARUISH IN ⟨& ASSISTING⟩ STARUISH V. SCHWARZENEGGER

17   CASE NO. 08-0187-JM-POR PER JOHNSON V. AVERY, 89 S.Ct. 747 (1969) IN ALL PRETRIAL

18   MATTERS. I WILL BE SEEKING LEAVE OF JUDGE JEFFERY MILLER TO BE NAMED NOT

19   ONLY THE LEAD LITIGANT BUT ALSO A MEMBER OF THE CDC/BPT- VICTIMS OF THEIR

20   P.C. § 290 STIGMATION OF COMMUNITY RELEASED PAROLEES. THERE ARE MANY SUCH

21   VICTIMS ON DONOVAN'S "PROTECTIVE CUSTODY YARD."

22   16. ON 12 JUNE 2006 I WAS ARREST BY PAROLE OFFICER BRIZUELA AND RELEASED

23   THE NEXT. NEVERTHELESS, THE CHARGE (EXHIBIT "I") WAS REFERRED TO THE REVOCATION

24   BOARD AND I WAS FOUND INNOCENT OF ANY REQUIREMENT THAT I WAS A P.C. § 290

25   REQUIRED REGISTRANT. I WAS NEVER ARRESTED OR PROSECUTED BY THE STATE.

26   I, JEFF S. GOUGH, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATE-

27   MENTS ARE TRUE AND CORRECT UNDER THE LAWS OF THE STATE OF CALIFORNIA PER

28   P.C. § 118(a) AND 28 USC § 1446(2) THIS 12th DAY OF MARCH, 2008.

                                        JEFF S. GOUGH - DECLARANT

"G"

DECLARATION

I, MICHAEL STARUISH, DECLARE AND SAYTH AS FOLLOWS:

1. I AM OF MAJORITY AGE ( 46 ) AND NOT A PARTY TO GOUGH V SCHWARZENEGGER (NO CASE # NOTE) WHICH IS A MANDAMUS PROCEEDING. I MAKE THIS DECLARATION FOR JEFF S. GOUGH (CDCR # V64431) TO USE FOR PURPOSES OF THAT SAID PROCEEDING.

2. ON OR ABOUT 01/16/08 I MOVED INTO CELL # 248 AT DONOVAN STATE PRISON.

3. ON OR ABOUT 01/21/08 MR. GOUGH PREPARE A 42 U.S.C. § 1983, § 1985, WITH A REQUEST FOR CLASS ACTION CERTIFICATION. DUE TO MY CUSTODY STATUS I NOR MR GOUGH WERE ABLE TO OBTAIN THE SO-CALLED "CERTIFICATION OF INMATE TRUST FUND" TO FINALIZE THE FILING OF SAID SUIT WITH THE FEDERAL JUDICIAL COUNCIL FORMS. AS AN ALTERNATIVE, MR. GOUGH PREPARED AND I READ AND EXECUTED A HANDWRITTEN "APPLICATION" WHICH WAS REJECT AS NOT IN COMPLIANCE WITH 28 U.S.C. § 1915(a).

4. ON 02/23/08 OR THERE ABOUTS I RECIEVED THE COURT ORDER AND PROCEED TO COMPLY WITH ITS INSTRUCTS. AS OF THIS DATE I HAVE NOT RECEIVED A RESPONSE TO MY REQUEST FOR ASSISTANCE SO I CAN ACCESS THE COURTS, TO WIT: A CERTIFIED COPY OF THE SAID CERTIFICATION.

5. I BELIEVE DONOVAN PRISON AUTHORITIES ARE ACTIVELY ATTEMPTING TO OBSTRUCT, IMPED, AND/OR HINDER MY ACCESS TO THE COURTS. PER 28 U.S.C. § 1446(2) I DECLARE IT SO.

DATED: 03/12/08

MICHAEL STARUISH (CDC # F29516



STATE OF CALIFORNIA

DISTRIBUTION
ORIGINAL - C-File
1ST COPY - Field File
2ND COPY - Parole

DEPARTMENT OF CORRECTIONS

**CHARGE REPORT**
CDC 1502 (b) (07/04)

REPORT TO:    [ X ]  BOARD OF PRISON TERMS

COPY

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | |
|---|---|---|---|---|
| V64431 | GOUGH, JEFFREY | SAME | IV/SDI | |
| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | BOOKING NUMBER AND/OR LOCATION | |
| 12-18-07 | STATE PAROLE | [ ] MANDATORY  [X] NON-MANDATORY | 7792847/SD CENTRAL JAIL | |
| ARREST CODE | * ARREST CODES: | | | |
| AB | A    P&CSD STAFF ALONE | B    LAW ENFORCEMENT AGENCY ALONE | | |
| | AB   P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY | D    LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD | | |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 12-18-07 | 12-18-07 | INTACT | SEWELL | 11-08-08 | 11-08-08 | |

| CHARGES AND CODES | | CHARGES AND CODES | |
|---|---|---|---|
| 1. | Battery without serious injury (451) | 4. | |
| 2. | Violation of special condition for possession of porn DVD's (019) | 5. | |
| 3. | Violation of special condition for possession of toys (019) | 6. | |

| REASON FOR RETAINING PAROLE HOLD: PAROLEE DANGER TO: | DATE COPY GIVEN TO PAROLEE | NAME OF PERSON NOTICING PAROLEE |
|---|---|---|
| [ ] ABSCOND  [ ] SELF  [ ] PROPERTY-OTHERS  [ ] SAFETY-OTHERS | | |

On 12-17-07, the Agent of Record received a call from one of the subject's neighbors, who informed the Agent that the subject had recently committed a battery against him by hitting him in his face.

On 12-18-07, Officers from State Parole and the San Diego Police Department contacted the subject at his residence and conducted a parole search. During the search of the subject's residence, Parole Agents found two adult pornographic DVD movies in a dresser in an upper bedroom.  Inside another upper bedroom, Agents found two toy stuffed animals on a desk.  It is noted that the subject is a PC290 registrant and has special conditions of parole not to possess pornographic material or toys.

PAROLE AGENT'S RECOMMENDATION:
    Retain hold, agent to investigate.

| PAROLE AGENT'S SIGNATURE | DATE |
|---|---|
| SEWELL | 12-18-07 |

| UNIT SUPERVISOR'S ACTION | | RELEASE HOLD AS OF (DATE): | |
|---|---|---|---|
| [X] DECISION  [ ] REVIEW | [X] RETAIN HOLD | [ ] | [ ] CANCEL WARRANTS — WANTS |
| [ ] CONTINUE ON PAROLE | [ ] CONTINUE IN OUT PATIENT STATUS | *DISCHARGE EFFECTIVE (DATE): [ ] | [ ] RETAIN ON |
| [ ] REINSTATE ON PAROLE AS OF (DATE): | [ ] TIME LOSS  [ ] NO TIME LOSS | SUSPEND/REINSTATE IN OPS AS [ ] OF (DATE): | REFER TO BPT/NAEA [ ] | INVESTIGATE, SUBMIT APPROPRIATE [ ] REPORT BY (DATE): |
| SPECIAL CONDITION(S): | | | [ ] ADD    [ ] DELETE |

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION

| UNIT SUPERVISOR'S SIGNATURE | DATE |
|---|---|
| | 12-18-07 |

[X] I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

| FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|
| | |

[ ] REFER TO BPT/NAEA        *DISCHARGE EFFECTIVE DATE

"A"  "G"

REC'd 3/7/08

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

February 29, 2008

*GOUGH, V64431*
F21000000000248U

Log Number: RJD-2-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*This appeal constitutes an abuse of the appeal process pursuant to CCR 3084.4. Your appeal cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation CCR 3084(c).*

*YOUR ACTION REQUESTED IS NOT CLEAR. SEEK ASSISTANCE FROM YOUR CCI IF NEEDED TO CLARIFY YOU ISSUE.*

Appeals Coordinator
Richard J. Donovan Correctional Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.



"G"

"B"-1

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

EMERGENCY APPEAL!
PLEASE EXCUSE LATENESS!
LAW LIB CLOSED *GOOD CAUSE!*

**RECEIVED**

**FEB 2 9 2008**

RICHARD J. DONOVAN CORR. FAC.
APPEALS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region _____    Log No. _____    Category _20'es_

1. _____    1. _____
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME JEFFREY S. GOUGH | NUMBER V64431 | ASSIGNMENT | UNIT/ROOM NUMBER F2-10-248U |
|---|---|---|---|

A. Describe Problem: ON 01/03/08 I WAS PLACED IN "ADMIN. SEG." DUE TO THREATS BY THE CDC-SANCTIONED "SKIN HEADS" ON YARD-4 (RECEPTION YARD). I AM/WAS 51 YEARS OLD AND WAS IN "FEAR" FOR MY "SAFETY." SEE CDC 114-D (ADMIN. ORDER). THE ONLY "CASE FACTORS" THAT @ PERCIPITATED BOTH MY REASONABLE "FEAR" AND PLACEMENT IN THE GREATLY MORE RESTRICTIVE ADMIN. BUILDING ON DONOVAN'S YARD #2 WAS THE ERROR BY CDC COUNSELOR BACK IN/ON 11/16/05 (CRC) WHO ORDERED ME UNDER P.C. § 290 (h) (PAROLE SHALL BE REVOKED FOR FAILING TO REGISTER)-THREAT OF PRE-RELEASE REVOCATION OF PAROLE. DUE TO THIS UNLAWFUL ORDER THE D.O.J. ENTERED ME IN THE § 290 REGISTRY. SEE P.C. § 290 @ (d)(4). ON MORE THAN SEVERAL OCCASIONS I GO/GO'T THE BPT COMMUNITY OFFICE AT KURTZ TO GREG SEWELL (WHO REFUSED TO ACCEPT OR DISCUSS. IN FACT HE ARRESTED ME. SEE § 832.5 CITIZEN COMPLAINT (2/6/8). I AM NOT A P.C. § 290 REGISTRANT. SEE CASE FILE # CRN-9187 (1984 CASE); SEE ALSO

If you need more space, attach one additional sheet. ROUGH DRAFT OF "STATEMENT OF LAW" RE: P.C. § 290 AND CDC/BPT. ||| @ HAVE MORE DOCUMENTS

B. Action Requested: (1) I WOULD ASK THAT THE APPEALS COORDINATOR WAIVE NORMAL APPEALS DUE THE FACT THE NON-LAWYER WOULD NOT APPRECIATE THE FAR-REACHING IMPACT OF ANY DECISION OF THIS ULTRA VIRES CLAIM; (2) THAT I AM IN CASE OF NOT LAWFULLY IN CUSTODY (ORDER BPT 01/18/07 PAROLE HEARING FOR A REAL "LAUGH" ON "ARNIES" CDC/BPT "KANAGROO" SECRET COURT VIOLATION(S) OF BOTH PROCEDURAL AND SUBSTANTIVE DUE PROCESS BY CAPT. "KANAGROO" DEPUTY COMMISSIONER.—IT UNBELIEVABLE! (3) I ASK FOR EXPEDITIOUS EQUITABLE REMEDIAL OR TAKE US INDIA—OR. THANK-YOU U/EH!!!

Inmate/Parolee Signature: _____    Date Submitted: 2/6/08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number: _____

"G"  "B"-2

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other __________

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __________ Due Date: __________

Interviewed by: __________

Staff Signature: __________ Title: __________ Date Completed: __________

Division Head Approved:

Signature: __________ Title: __________ Returned Date to Inmate: __________

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days receipt of response.

Signature: __________ Date Submitted: __________

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other __________

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __________ Due Date: __________

☐ See Attached Letter

Signature: __________ Date Completed: __________

Warden/Superintendent Signature: __________ Date Returned to Inmate: __________

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt o response.

Signature: __________ Date Submitted: __________

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other __________

☐ See Attached Letter

CDC 602 (12/87)

Date: __________

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| GOUGH                        (5) | V-04431 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Thursday, January 3, 2008, you (Inmate GOUGH, V-04431, F4-18-131U) are being placed in the Administrative Segregation Unit (ASU), based on the following: on 1-3-08, at approximately 1360 hours, you advised Facility IV Staff that you feared for your safety in Facility IV, based upon your case factors. Therefore, your continued presence in the general Facility IV population is deemed a threat to the safety of persons and institution security. You will remain in ASU, pending administrative review for appropriate program/housing needs.
MHSDS: CLEAR

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: __ / __ / __

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 1-3-08 | P. ZIMEK | | C/Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 1-3-08 | 1440 | S. MILLER | | C/O |

| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|
| | | V-04431 |

## ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

### STAFF ASSISTANT (SA)                    INVESTIGATIVE EMPLOYEE (IE)

| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|
| | | | |

### IS THIS INMATE:

LITERATE? [X] YES [ ] NO
FLUENT IN ENGLISH? [X] YES [ ] NO
ABLE TO COMPREHEND ISSUES? [X] YES [ ] NO
FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? [X] YES [ ] NO
DECLINING FIRST STAFF ASSISTANT ASSIGNED?
Any "NO" requires SA assignment

[X] NOT ASSIGNED

EVIDENCE COLLECTION BY IE UNNECESSARY [X] YES [ ] NO
DECLINED ANY INVESTIGATIVE EMPLOYEE [ ] YES [ ] NO
ASU PLACEMENT IS FOR DISCIPLINARY REASONS [X] YES [X] NO
DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED [ ] YES
Any "NO" may require IE assignment

[ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[X] NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | DATE |
|---|---|
| | 1-4-08 |

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

DECISION: [ ] RELEASE TO UNIT/FACILITY _____ [X] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: _____

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| VanGILCH | CAPT | 1-4-08 | NOV | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

"G"    "B"-3

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| CRICH                    (5) | F-04431 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Thursday, January 3, 2008, you (Inmate CRICH, F-04431, F4-12-131U) are being placed in the Administrative
Segregation Unit (ASU), based on the following: on 1-3-08, at approximately 1300 hours, you advised Facility IV
Staff that you feared for your safety in Facility IV, based upon your case factors. Therefore, your continued
presence in the general Facility IV population is deemed a threat to the safety of persons and institution
security. You will remain in ASU, pending administrative review for appropriate program/housing needs.
MHUS: CLEAR

| [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | | [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | / / |
|---|---|---|---|
| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
| 1-3-08 | P. ZINSER | | C/Lieutenant |
| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
| | | | | |

| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | | CDC NUMBER |
|---|---|---|---|

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | | | | |
|---|---|---|---|---|---|---|
| LITERATE? | [ ] YES | [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES | [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES | [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES | [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES | [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | [ ] NO |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | | |

| [ ] NOT ASSIGNED | Any "NO" requires SA assignment | [ ] NOT ASSIGNED | Any "NO" may require IE assignment |
|---|---|---|---|

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____    [ ] RETAIN PENDING ICC REVIEW    [ ] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See chronological Classification Review document (CDC 128 - G)  for specific hearing information

NOTE: SUBMITTED TO SACRAMENTO!!!
w/ ADMIN EXHAUSTION WAIVER

# § 832.5 CITIZENS' COMPLAINTS AGAINST PERSONNEL;
INVESTIGATION; DESCRIPTION OF PROCEDURE; RETENTION OF RECORDS.

(a) Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens' complaints against the personnel of such departments or agencies and shall make a written description of the procedure available to the public.

(b) Complaints and any reports or findings relating thereto shall be retained for a period of at least five years. (Added by Stats. 1974, c. 29 § 1.
Amended by Stats. 1978, c. 630 § 4.) (All reference to California Penal Code 1994.)

## PERSONNEL COMPLAINT:

Complainant JEFFREY GOUGH (CDC #V64431)

Address R.J. DONOVAN, P.O.B. 799002, F2-10-248L; 1220 ROSECRANS ST, #466, S.D. CA 92101 (UPON RELEASE: 4064 HUERFANO RD. #260, P.B. CA 92111)

City SAN DIEGO    State CALIF    Zip 92179-9002

Residence phone (_____) _____

Business phone (_____) _____

Date and time of incident FEB OF 2007 TO JANUARY 18, 2008

Location of incident 4064 HUERFANO ST, #260, PACIFIC BEACH, CA

**Check only one:**
1. ☐ Police Department
2. ☐ California Highway Patrol
3. ☐ U.S. Marshall
4. ☐ Sheriff's Department
5. ☐ Medical Staff
6. ☐ District Attorney
7. ☐ County Grand Jury
8. ☐ Internal Affairs
9. ☑ Department of Corrections
10. ☐ Bar Association

Personnel involved CDC/BPT COMM. "CONCEALED" GUN CARRYING PAROLE AGENTS WICKLINE, I. BRIZUELA, GREG SEWELL (KURTZ ST. S.D. CAL); BPT DEP. COMM. K. FLEMING AND UNABLE TO OBTAIN THE NAME

Names and addresses of witnesses KAREN ARCHER & RICHARD OVERTON, 4064 HUERFANO ST, #257, PACIFIC BEACH, CALIFORNIA; UNIDENTIFIED "KURTZ ST." PAROLE OFFICER AND UNIDENTIFIED MEMBERS OF THE SAN DIEGO SHERIFF'S DEPARTMENT. (LAW ENFORCEMENT OFFICERS NOT INCLUDED HEREIN AS TO ANY ETHICAL, PROFESSIONAL AND/OR LEGAL LIABILITIES BASED ON THESE FACTS).

Statement of complaint I JEFF GOUGH ("Δ") AM CHARGING BPT COMMUNITY PAROLE AGENT GREG SEWELL OF THE "KURTZ STREET" PAROLE OFFICE WITH SERIOUS ETHICAL, PROFESSIONAL, UNLAWFUL VIOLATIONS OF MY U.S. CONST. AMENDMENT RIGHTS, TO WIT: 1ST 4TH 5TH 8TH & 13TH AMENDMENTS. ① SEWELL ON AT LEAST OCCASIONS (OCT/NOV OF 2007) REFUSED TO ACCEPT CDC FORM 602s AT THE KURTZ ST. OFFICE REGARDING THE FACT I AM: NOT LEGALLY REQUIRED TO COMPLY WITH THE P.C. § 290 REGRISTRATION REQUIREMENTS. (I HAVE THE FILE PD CASE # CRN-9187 (DA # A7B14901) (1984) FOR OVER 20 YEARS Δ HAS NOT BEEN REQUIRED TO COMPLY WITH § 290. YOU MAY ORDER THE 1/18/08 PAROLE REVOCATION HEARING TO SUBSTANTIATE THIS CLAIM AND OTHERS BELOW FROM: BOARD OF PAROLE HEARINGS, DECISION PROCESSING UNIT, P.O. BOX 4036, SACRAMENTO, CAL. 95812 (IN RE BPT PAROLE REVOCATION OF JEFF S. GOUGH, CDC # V64431, ON 01/18/08). ② MY EFFORTS TO INFORMALLY RESOLVE THIS SITUATION INCLUDE THE FOLLOWING: (A) ONLY ON MY RELEASE FROM C.D.C. CUSTODY BACK IN NOVEMBER OF 2009 WAS I INFORMED THAT I HAD TO COMPLY

FN ⊗ AS "PEACE OFFICER" (LIKE A SECURITY GUARD) PAROLE AGENTS ARE NOT LEGALLY ALLOWED TO CARRY (CRA 02419/1 92 (832.5 CAP)) A "CONCEALED GUN" - Side A - LIKE GREGG SEWELL. THIS ISSUE WAS LITIGATED IN THE S. DIST FED COURT AND IT WAS DECIDED THE S.D. HARBOR POLICE COULD CARRY AN EXPOSED GUN LIKE ANY SECURITY GUARD OR OTHER LAWFUL PERSON.

"JG"    ①    "B-5"

WITH PENAL CODE § 290 OR FACE IMMEDIATE PAROLE REVOCATION) AND RETURN TO PRISON. ③ ON 6/12/06 Δ WAS TAKEN INTO CUSTODY BY S.D. SHERIFF'S OFFICERS AT THE INSTRUCTION OF PAROLE AGENT I. BRIZUELA FOR VIOLATING PENAL CODE § 290 AND TRANSPORTED TO THE DOWNTOWN JAIL; AND THEN RELEASED THE NEXT DAY EVEN THOUGH THE CHARGE WAS FAILING TO "REGISTER IN A TIMELY MANNER" IN CLEAR VIOLATION OF P.C. § 290. SEE EXHIBIT "___" ("CHARGE REPORT"). WITHOUT ANY STATE PROSECUTION THE CHARGE WAS REFERRED TO BPT'S FOR CONSIDERATION. IBID. AT THE HEARING — WHICH Δ APPEARED VOLUNTARILY— HE PRESENTED THE DOCUMENTS COMPRISING CRN 91087 (SUPRA) WITH VERY LIMITED DISCUSSION THE COMMISSIONER INFORMED Δ THERE WAS NO GROUNDS AND HE WAS "C.O.P'd." MOREOVER, IT SHOULD BE NOTED THAT BRIZUELA INFORMED Δ THAT HE COULD NOT FIND ANY EXECUTED "CONDITIONS OF PAROLE" AND THAT Δ WOULD BE SCHEDULED TO COME-IN. ④ Δ MOVED TO PACIFIC BEACH IN EARLY 2006 AND VARIOUS BPT PAROLE AGENTS: BRIZUELA, SANCHEZ, MALTOAST, AND EVEN GREG SEWELL APPROVED OF THE CONDO (4064 HUERFANO #260, PACIFIC BEACH, CAL. 92117) OF WHICH Δ HAD ENTERED INTO AN AGREEMENT TO PURCHASE FROM JORDON GRIFFIN (SEE GOUGH V. GRIFFIN CASE # _____ (HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA, DEPT. #25, JUDGE R.A. ARREOLA, TELEPHONE # 619.531-3800). ⑤ ANY INVESTIGATOR SHOULD NOTE THAT GREG SEWELL IS ALSO NAMED TO BE SUBPOENA'd IN THREE CALIF. CODE § 2035(a) PROCEEDINGS TO WHICH HE STATED HE WOULD "REFUSE" TO BE SUBPOENA'd TO — IN FACT HE WAS VERY ANGRY AND THREATEN ME PERSONALLY. ⑥ ON 11/19/07 Δ INITIATED A CIVIL TRO PROCEEDING AGAINST MS. KAREN ARCHER AND HER LIVE-IN BOYFRIEND, RICHARD OVERTON (BOTH LIVE AT 4064 HUERFANO #257 PACIFIC BEACH, CALIF). THE RECORD OF THAT TRO PROCEEDING: GOUGH-AOSHIMA V. KAREN ARCHER (CASE #:37-2007-00082027-CU-HR-CTL (SAME JUDGE ARREOLA). —CONT-

e additional sheets of 8 1/2' x 11" white paper if necessary. Attach all
vant supporting documentation.)

ie undersigned declare under penalty of perjury under the laws of
State of California that the foregoing complaint is true and correct
I as to such facts averred upon information and belief, that I am so
rmed and believe the same to be true, and affix my signature
slo.

id this 2 day of FEB. 2008/199

tachments
of pages 2 .

(Complainant Signature)

02419/ 1-92 (832.5 CAPC))

- Side B. -

②

CONTINUED P.C § 832.5 CITIZEN'S COMPLAINT AGAINST CDC/BPT DEPT. OF CORRECTION

IS FULL OF REFERENCES TO GREG "SEWELL" AND IN FACT ON 1/18/08 SEWELL EFFECTUATED THE LEGAL SERVE OF A "CROSS-TRO" VIA THE HANDS OF RICHARD OVERTON. NOTEWORTHY IN THAT PARTICULAR DOCUMENT JUDGE HAD DECLINED TO ISSUE ANY RESTRAINING ORDERS AGAINST △ ON AT LEAST TWO OCCASSIONS, TO WIT: 12/11/07 AND 12/19/07. UNDISCOURAGED AND WITH THE ASSISTANCE OF SEWELL **THEY** CONSPIRED TO AVOID ANY JUDICIAL PROCESS AGAINST THEM, INCLUDING JORDON GRIFFIN. IT IS △'s CONTENTION THAT SEWELL'S CONDUCT MUST BE EXAMINED AS TO ETHICAL, PROFESSIONAL, AND LEGALITY TO DETERMINE WHETHER HE HAS ANY MOTIVES NOT OPENLY DISCLOSED! ⑦ FURTHERMORE, IT SHOULD BE NOTED THAT SEWELL SUBORNED PERJURY UNDER SWORN OATH. DURING THE SAID HEARING RICHARD OVERTON, SEWELL'S WITNESS, STATED THAT HE HAD NO INTEREST; OR WAS NOT NAMED IN THE TRO, THIS PERJURIOUS STATEMENT WAS KNOWN—FOR SHOULD HAVE BEEN KNOWN—CONSIDERING THE FACT SEWELL HAD ON AT LEAST TWO OCCASSION PERSONALLY INTERVIEWED RICHARD OVERTON. INTERESTING ENOUGH ACCORDING TO SEWELL'S CHARGE SHEET HE ONLY RECEIVED INFORMATION THE NIGHT BEFORE HE ARRESTED △. ⑧ △ WOULD ALSO EMPHASIS THAT SEWELL HAD BEEN INFORMED OF THE SITUATION W/ OVERTON FOR MORE THAN FIVE WEEKS, TO WIT: (a) SEWELL WAS INFORMED ON 11/12/07 THAT △ HAD TO CALL 911 IN REGARDS TO OVERTON; (b) THAT △ HAD MET W/ S.D.P.D. OFFICER CONKLIN (NORTH DIVISION) TO REPORT OVERTON'S UNCIVIL BEHAVIOR; (c) THAT △ WAS COMPELLED TO INITIATE THE 11/19/07 TRO PROCEEDING TO SEEK PROTECTION AND SEWELL WAS INFORMED OF THIS JUDICIAL ACTION; (d) SEWELL WAS AGAIN INFORMED THAT △ HAS TO CALL 911 AGAIN DUE TO THE VIOLATION OF OVERTON'S LIVE-IN GIRLFRIEND, KAREN ARCHER, WHO THREATEN △ THAT THEY WOULD "KILL" HIM, THIS WAS AGAIN REPORTED TO OFFICER CONKLIN PRIOR TO DEC 5, 2007, THE DATE OF THE FIRST TRO HEARING. ALTHOUGH A TEMPORARY RESTRAIN-ING ORDER WAS EFFECT. (e) ON 12/5/08 △'s ANXIOUS AWAITED TRO HEARING WAS HELD AND DURING THIS HEARING JUDGE ARREOLA HEARD BOTH ARCHER'S AND OVERTON'S OPEN COURT STATEMENTS AND OVER △'s OBJECTIONS MODIFIED THE RESTRAINING ORDER TO 2-3' AND FURTHER ORDERED MEDIATION. (f) PER A TELEPHONE CALL W/ THE MEDIATOR IT WAS SET FOR 12/18/07. (g) IN THE INTERIM △'s TRO WAS VIOLATED ON 12/14/08 AND △ REPORTED THIS VIOLATION VIA A 911 CALL AND S.D.P.D. OFFICER PEREZ (N. DIV.) MET WITH △ AND TOOK A REPORT AND ASSURED △ THAT ALL ACTIONS WOULD BE TAKEN TO PROTECT HIM. (h) ON 12/17/08 A NORTH DIVISION CRIME INVESTIGATOR MS. CECEGIA NOA CALLED △ AND, INTER ALIA, ASKED QUESTIONS AND REQUESTED A COPY OF THE TRO WHICH △ PROVIDED. MS. NOA STATED THE CASE WAS BEING REFERRED FOR PROSECUTION ON THE 12/18/09. (i) ON 12/18/07 SEWELL WITH MANY UNIDENTIFIED OFFICERS AND MEMBERS OF THE S.D.P.D. ARRESTED △ W/O ANY INVESTIGATION! THIS WAS BASED ON A CALL BY RICHARD OVERTON THE DAY BEFORE, REPORTING AN UNREPORTED ALLEGED "ASSAULT" MORE THAN FIVE WEEKS BEFORE. (j) IN ADDITION △ WAS CHARGED WITH BEING A P.C. § 290 REGISTERANT DUE TO THE 1984 CASE (SEE EX. "A") ≫ WITH PORNO AND CHRISTMAS TOYS FOR HIS NIECES HE HAD NOT SEEN SINCE LAST CHRISTMAS. (k) DURING THE BPT PROSECUTION SEWELL AND THE TWO BPT DEPUTY COMMISSIONER REFUSED TO REVIEW THE COURT DOCUMENTATION (EX. "A") OR ENTER-TAIN ANY DISCUSSIONS ON EITHER THE TRO DEFENSE OR P.C. § 290 REGISTRATION DEFENSES. IN SHORT, △ IS FALSELY IMPRISONED IN VIOLATION OF HIS 1ST, 4TH, 5TH, 8TH, AND 13TH AMENDMENTS BASED ON PERJURIOUS STATEMENTS ABOVE AND ON A STATEMENT BY SEWELL THAT △ LIVED ALONE WHEN INFACT ANOTHER BPT OFFICER AND MEMBERS OF THE S.D.P.D. PAROLE SEARCH UNIT HEARD △ STATE AN INDIVIDUAL BY THE NAME OF "KEN" LIVED W/ ME. SEE ALSO PAROLE TAPE (PLEASE ORDER AND REVIEW).

CONTINUED. ⟶

③



"B"

9) In addition to the preceding Δ would also complain about Δ's present custody status. On 12/19/07 after Sewell had placed Δ into the custody of the S.D.C.J. Sewell found it necessary to deliver the so-called "charge sheet" and a document called "evidence report and inventory receipt". These documents are generally delivered by a "noticer" of the BPT. See "Notice of parole revocation rights and acknowledgement" (BPT 1100) In fact according to Δ's DPT case file a "M Jones" alleged he delivered this document (CDC form 1502(b), charge sheet). That was not the case. Late in the evening of 12/19/08 Sewell in the company of another parole agent approached the entry of S.D.C.J. Flr 4A and called for Δ. After usurping the duty of Mr. Jones by delivering the charge sheet and evidence Sewell got mad and shouted "sex offender" into that jail unit and threw in the charge sheet and evidence report. Many other inmates heard these comments and even handed Δ the paperwork. Almost immediately Δ was compelled to "roll-up" to seek protection from the duty officer. The duty officer (evening meal) also commented he heard this intended effort to get me hurt and stated he would enter it into the "log book." Δ was moved to the pro per tank on the 5th floor. The following day Δ was transferred to Donovan. During R&R a few of the transfer prisoners commented about the aforementioned incident. Once at Donovan Δ was again approached and threatened by the "skin heads" and threaten with violence. Δ was compelled again to seek protection from admin. seg. officer P. Zinger on 1-03-08. Δ was admitted to the very restrictive conditions. See "administrative segregation unit placement notice" (CDC 114-D)(1/3/08). After having an administrative continued detention hearing it was determined that Δ could not be placed back ever again into the prison's general population.

For the reasons set forth above Δ would pray for the following:

1) An investigation regarding Δ's claim he is not a P.C. §290 Registrant;
2) A determination that he has never been legally required to register;
3) Any remedy that this investigative entity/body/unit can do/offer;

AND

4) An investigation into the circumstances of Sewell's perjurious statement he had not known that "Ken" was living at Δ's condo;
5) An investigation why he suborned perjury by Richard Overton;
6) An investigation as to his interests in the TRO proceeding initiated by Δ which involve Karen Archer, Richard Overton, Jordon Griffin;
7) An investigation as to why he did not seek removal as Δ's parole agent when he became aware he was/could be subpenad in the three Calif. Code § 2035(a) proceedings before Judge Arreola (Dept #25, Hall of Justice);
8) An investigation as to his involvement with Jordan Griffith and his interests in both the condo and the civil litigation involving same;
9) All other investigative questions poised by these incidents.

Thank-you  P.S. Please send the report & investigator(s)

④

"G"  "B"⁴⁸

JEFFREY GOUGH V64431
P.O. BOX 799002 F2-6-107L
SAN DIEGO, CA. 92179-9002

H00694
CRN9187
MicroFilm

HONORABLE CLERK (CRIMINAL/ARCHIVE)
325 S. MELROSE DRIVE,
VISTA, CAL. 92083-6627

PEOPLE V. JEFF S. GOUGH, CRIM. CASE # _____, S.S.# 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
                /              1984                    D.O.B. 02-05-56
          STANLEY

A REQUEST FOR CRITICAL DOCUMENTATION

GREETINGS HONORABLE CLERK (CRIMINAL/ARCHIVES):

I AM PRESENTLY IN A VERY DIFFICULT SITUATION — IN CUSTODY. I AM IN THIS
PRESENT SITUATION FOR LACK OF A CRITICAL DOCUMENTATION. SPECIFICALLY
I NEED DOCUMENTATION FROM A 1984 CASE IN THE ABOVE CRIMINAL MATTER,
REGARDING THE SENTENCE I RECEIVED: PROBATION FOR A MISDEMEANOR
SEXUAL BATTERY CHARGE, WITH NO PENAL CODE § 290 REGISTRATION REQUIRE-
MENT. I BELIEVE IT WAS MEMORALIZED IN BOTH A "CHANGE OF PLEA" JUDICIAL COUNCIL
FORM AND WHAT I HAVE CALLED A "JUDGEMENT" OR "MINUTE ORDER" OF
THE SENTENCE IMPOSED. AS THAT I AM PRO PER, IN CUSTODY, AND WITHOUT
THE PRESENT ABILITY TO PAY THE COPY COST AND MAILING I ASK — IN THE
NAME OF JESUS — THAT YOU PLEASE MAIL THESE DOCUMENTS TO ME AT THE
ABOVE ADDRESS. IF YOU WOULD PLEASE DO THIS I VOW UNTO MY LORDS TO
PAY UPON MY RELEASE (APPROXIMATELY 3 WEEKS) IF YOU CAN PLEASE DO ME THIS
REASONABLE REQUEST. I THANK-YOU IN ADVANCE FOR ANY ASSISTANCE.

SINCERELY YOURS, Jeff S. GOUGH            God Bless!  THANK-YOU!   "G"   EX-A-1
                                                                    B-9
                                          NOTE! ✓ CLERK POST- 1/5/8

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CR 9187      DA A7014901

DATE 07-21-86      09:00  AT B4140332 M      REVIEW HEARING

PRESENT: HON HERBERT B HUFFMAN      JUDGE PRESIDING DEPARTMENT D

CLERK: _____      REPORTER M Rentoria

M Kirkman

THE PEOPLE OF THE STATE OF CALIFORNIA
vs                                      DEPUTY DISTRICT ATTORNEY
GOUGH          JEFF          S      CHRISTEN Christoph
DEFENDANT      ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)

VIOLATION OF PC243.4

☐ DEFENDANT IS NOT PRESENT ☐ ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT
☐ DEFENDANT ADVISED OF RIGHTS AND ADMITS/DENIES A VIOLATION OF PROBATION ☐ WAIVES HEARING

PROBATION IS ☐ DENIED ☒ REVOKED ☐ REINSTATED ☐ CONTINUED ☐ MODIFIED ☐ GRANTED ____ YEARS (FORMAL/SUMMARY)

☐ IMPOSITION OF SENTENCE IS SUSPENDED ☐ DEFENDANT SENTENCED TO STATE PRISON, EXECUTION STAYED (SEE BELOW FOR TERM)
CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:
☐ COMMITMENT TO SHERIFF FOR ____ DAYS ☐ ADULT INSTITUTIONS RECOMMENDED ☐ PAROLE NOT TO BE GRANTED
☐ FINE OF $ ____ INCLUDING PENALTY ASSESSMENT AT $ ____ PER MONTH, COMMENCING ____ THROUGH REVENUE AND RECOVERY
☐ RESTITUTION OF $ ____ TO VICTIM/RESTITUTION FUND AT $ ____ PER MONTH, COMMENCING ____ THROUGH REVENUE AND RECOVERY
☐ RESTITUTION/FINE OF $ ____ PER GC 13967, STAYED PER PC 1202.4(b)
☐ PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION
☐ FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS
☐ REGISTRATION PER PC 290/H&S 11590

CREDIT FOR TIME SERVED
____ DAYS LOCAL
☐ DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF ____ YEARS ____ DAYS STATE INST.
(SEE BELOW FOR ADDITIONAL COUNTS)      COUNT I ____ DAYS PC 4019
☐ DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY ☐ PER W&I 707.2 ☐ PER W&I 1737
(SEE BELOW FOR FINDINGS)
☐ DEFENDANT IS ADVISED OF APPEAL RIGHTS ☐ DEFENDANT IS ADVISED REGARDING PAROLE      TOTAL DAYS CREDIT

☐ DEFENDANT REMAINS AT LIBERTY      DEFENDANT REMANDED TO CUSTODY
☐ ON BOND POSTED $ ____      ☐ WITHOUT BAIL
☐ ON OWN RECOGNIZANCE ____      ☒ WITH BAIL SET AT $ ____
☐ ON PROBATION
☐ DEFENDANT ORDERED RELEASED FROM CUSTODY

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT
☐ CONTINUED TO/SET FOR ____ AT ____ M IN DEPT ____ ON MOTION OF ____
☐ COURT/PDA/DEFENDANT/PROBATION OFFICER/ REASON ____
☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03, FURTHER HEARING SET FOR ____ AT ____ M IN DEPT ____

☒ BENCH WARRANT TO ISSUE, BAIL SET AT $ 5,000      SERVICE WITHHELD TO ____
☐ BENCH WARRANT ISSUED ____ IS RECALLED
☐ BOND FORFEITED, BOND AMOUNT ____ BOND NO ____ BOND COMPANY ____ AGENT ____
☐ BOND IS EXONERATED

☐ PROCEEDINGS SUSPENDED PER ☐ PC 1368 MENTAL COMPETENCY (SEE BELOW FOR DATES OF EXAMINATION AND HEARING)
☐ W&I 3051 ADDICTION OR DANGER OF ADDICTION (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER)

OTHER ☐ REFERRED TO DEPT OF REVENUE AND RECOVERY

7-22-86      WARRANT ISSUED, BAIL $ 5,000
(DATE)                                  NO BAIL ( )

DATA ENTRY CLERK

CRIMINAL MINUTES - PRONOUNCEMENT OF JUDGEMENT