SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

F I L E D
OCT 30 1986

CR CRN2187    DA    AT814901

DATE: 10-30-86    09:00    AT 84140332 M    EVIDENTIARY HG

PRESENT: HON. FRANKLIN J. MITCHELL, JR    JUDGE PRESIDING DEPARTMENT D

CLERK    REPORTER

THE PEOPLE OF THE STATE OF CALIFORNIA    DEPUTY DISTRICT ATTORNEY
vs.
GOUGH    JEFF    S    ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)
DEFENDANT

VIOLATION OF    PCR 2.4

PRONOUNCEMENT OF JUDGEMENT ORDER

DATED: OCT 30 1986    FRANKLIN J. MITCHELL JR
JUDGE OF THE SUPERIOR COURT

F  I  L  E  D
Robert D. Zumwalt, Clerk
AUG 13 1984
BY  G. HAYS    DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

THE PEOPLE OF THE STATE OF CALIFORNIA
                         **Plaintiff,**

vs.

*Jeff  Stanley Gough*
                         **Defendant.**

CASE NUMBER
CR N 9187

**CHANGE OF PLEA**
**(NOLO CONTENDERE)**

F  I  L  E  D
Robert D. Zumwalt, Clerk
AUG 13 1984
BY  G. HAYS    DEPUTY

Comes now *Jeff Stanley Gough* defendant in the above-entitled criminal action, and in support of his motion to change his plea(s) to be made in open court personally and by his attorney, does declare: *(defendant to initial each item)*

    1. That his attorney in the above-entitled criminal action is *William A Christof*

    2. That he is charged in *information* number CR *N 9187* with having violated *288 c(c) w/12022.3  6.76   261.2 w/12022.8 c x 12 cts*  *(Code Section(s) and Count(s))*

    3. That he desires to change his plea(s) and desires to plead nolo contendere to *(per form Code Section(s) and)* *243.4 per 17(b4)*  *Count(s), including lesser offense(s) to which plea is to be made*

    4. That he *is* now and was at the time this form was prepared in possession of all his faculties and has not consumed any drug, narcotic or alcoholic beverage during the 24-hour period preceding the entry of this plea to the extent that his sound judgment is impaired.

    5. That he *does* understand the nature of the charge(s) against him.

    6. That he *has* discussed the nature of the charge(s) against him and the possible defense(s) thereto with his attorney.

    7. That he does not contest the following facts (summary of facts constituting the basis for offense(s) to which defendant desires to plead nolo contendere)

*unlawfully sexually assaulted another*

    8. That his attorney *has* explained and discussed his constitutional rights with him; that he understands his constitutional rights; that his constitutional rights have not been violated; that his attorney has specifically explained to him (1) the right to a jury trial, (2) the right to confront those witnesses who would testify against him and to cross-examine those witnesses, (3) the right to testify in his own behalf or not to testify if he desires to remain silent, (4) the right to have witnesses and documents subpoenaed by the Court for use at trial; that defendant knowingly and intelligently gives up these constitutional rights.

    9. That his decision to change his plea(s) *has* been made freely and voluntarily, without threat or fear to him or to anyone closely related to or associated with him.

    10. That his attorney *has* explained the possible sentence and understands the maximum possible punishment to be: *1 year jail and $1,000 fine* and further that in the event he is sentenced to State Prison, he will be placed on parole for a period of: *N/A*

    11. That he understands if he is granted probation and the Court finds he has violated the terms of probation he could be sentenced to State Prison at that time.

Cal. Civ. Form CR-13 (3-79)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CRIMINAL MINUTES — PRONOUNCEMENT OF JUDGMENT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

JUDGE PRESIDING DEPARTMENT
Karen Broder
REPORTER

Julie Whitaker
DEPUTY DISTRICT ATTORNEY

THE PEOPLE OF THE STATE OF CALIFORNIA

ROSS C. C. THARP

☒ WAIVED ARRAIGNMENT          ☐ NOT PRESENT

138 dys w/cts 138 dy

☒ GRANTED 3 YEARS

PRESENT TIME SERVED
92 DAYS LOCAL
46 DAYS STMT
138 DAYS TOTAL

500.00
50.00 mo.    BEGINNING 10-5-84
4849.00    9.25.00 mo.    COMMENCING 10-5-84

to P.O. thru R+R
to P.O. thru R+R

other conds in probation rpt

copy to R+R

CRIMINAL MINUTES—PRONOUNCEMENT OF JUDGMENT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

V S

CR ☐ CRN 9187 ___ DA A7614901 ___

DATE 11-21-86    09:00    AT 84140532 ___ M    PROB REVOCATION

JUDGE PRESIDING DEPARTMENT D

PRESENT: HON. LAWRENCE KAPILOFF

CLERK D Mc Caughan    REPORTER Betty Moody

THE PEOPLE OF THE STATE OF CALIFORNIA
VS                                    DEPUTY DISTRICT ATTORNEY

GOUGH    JEFF    S    ATTORNEY FOR DEFENDANT (APPOINTED/RETAINED)
         DEFENDANT

VIOLATION OF PC 243.4    per 134    1

DEFENDANT ☐NOT PRESENT ☐ARRAIGNED FOR JUDGMENT ☐WAIVES ARRAIGNMENT ☒WAIVES HEARING
☒DEFENDANT ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION. ☐CONTINUED ☐MODIFIED ☐GRANTED ___ YEARS (FORMAL/SUMMARY)
PROBATION IS: ☐DENIED ☒REVOKED ☒REINSTATED ☒CONTINUED ☐MODIFIED ☐GRANTED ___ YEARS (FORMAL/SUMMARY)

☐IMPOSITION OF SENTENCE IS SUSPENDED. ☐DEFENDANT SENTENCED TO STATE PRISON, EXECUTION STAYED (SEE BELOW FOR TERM).

CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:
- ☐ADULT INSTITUTIONS RECOMMENDED. ☐PAROLE NOT TO BE GRANTED.
- ☐COMMITMENT TO SHERIFF FOR ___ DAYS. ___ THROUGH REVENUE AND RECOVERY.
- ☐FINE OF $ ___ INCLUDING PENALTY ASSESSMENT AT $ ___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY.
- ☐RESTITUTION OF $ ___ TO VICTIM/RESTITUTION FUND AT $ ___ PER MONTH, COMMENCING ___
- ☐RESTITUTION/FINE OF $ ___ PER GC 13967, STAYED PER PC 1202.4(b).
- ☐PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION.
- ☐FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS.
- ☐REGISTRATION PER PC 290/H&S 11590.

CREDIT FOR TIME SERVED
___ DAYS LOCAL
___ DAYS STATE INST.
___ DAYS PC 4019
___ TOTAL DAYS CREDIT

- ☐DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF ___ YEARS. ___ COUNT ___ (SEE BELOW FOR ADDITIONAL DAYS)
- ☐DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY. ☐PER W&I 707.2 ☐PER W&I 1737 (SEE BELOW FOR FINDINGS)
- ☐DEFENDANT IS ADVISED OF APPEAL RIGHTS ☐DEFENDANT IS ADVISED REGARDING PAROLE

DEFENDANT REMANDED TO CUSTODY:
☐WITHOUT BAIL
☐WITH BAIL SET AT $ ___

- ☐DEFENDANT REMAINS AT LIBERTY:
- ☐ON BOND POSTED $ ___
- ☐ON OWN RECOGNIZANCE
- ☒ON PROBATION

☐DEFENDANT ORDERED RELEASED FROM CUSTODY

☐DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT ___ Review ___ CONTINUED TO/SET FOR 7/21/86 AT 9:00 A M IN DEPT. D ON MOTION OF ___
☐COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON: ___
☐DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03. FURTHER HEARING SET FOR ___ AT ___ M IN DEPT ___

- ☐BENCH WARRANT TO ISSUE, BAIL SET AT $ ___ , SERVICE WITHHELD TO ___
- ☐BENCH WARRANT, ISSUED ___ IS RECALLED.
- ☐BOND FORFEITED. BOND AMOUNT ___ BOND NO. ___ BOND COMPANY ___ AGENT ___
- ☐BOND IS EXONERATED.

☐PROCEEDINGS SUSPENDED PER: ☐PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
☐W&I 3051 ADDICTION OR DANGER OF ADDICTION. (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER.)

OTHER: ☐REFERRED TO DEPT. OF REVENUE AND RECOVERY

Pay restitution/fine by 5 PM today
112 hours (14 days) at senior citizen nutrition center - left to work
verified by P.O. Failure to comply will result in custody

JAN 21 1986

DATED ___

Lawrence Kapiloff
JUDGE OF THE SUPERIOR COURT
LAWRENCE KAPILOFF

PRONOUNCEMENT OF JUDGEMENT-ORDER

P. 5

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

Robert D. Zumwalt, Clerk

**F I L E D**
AUG 13 1984

CR CRN9187    DA A7814901

DATE 08-13-84    09:00    64T40332    TRIAL – JURY    BY    G. HAYS    DEPUTY

PRESENT HON. **ROSS G. THARP**    JUDGE PRESIDING DEPARTMENT    E

CLERK K. Hays    REPORTER N. Brada

THE PEOPLE OF THE STATE OF CALIFORNIA    Wayne Mayer / Julie Whitaker    DEPUTY DISTRICT ATTORNEY

BLOUGH    JEFF    STANLEY    W. CHRISTOPH
VIOLATION OF    W/PC 12022.3(a)(6 CTS)    FW/PC 12022.3(a)(9 cts)
#PC288A(C)    *PC261(2)

- [ ] DEFENDANT NOT PRESENT  [ ] NOT NEGOTIABLE    TRIAL DATE CONFIRMED
- [x] DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS  [ ] DEFT. SWORN & EXAMINED
- [x] DEFENDANT WITHDRAWS HIS PLEA OF "NOT GUILTY" as heretofore entered. And now pleads
- [x] NOLO CONTENDERE, with consent of DISTRICT ATTORNEY and approval of Court, to the offense
- [x] GUILTY OF THE OFFENSE added ct 19 PC 243.4 sexual assault a misd per PC 17(b)(4)

AS CHARGED, DEFENDANT MAKES APPLICATION FOR PROBATION AND HEARING THEREON, AND
PRONOUNCEMENT OF JUDGEMENT IS SET FOR    9-4-84    AT 9:15 A.M. IN DEPT.    E

- [ ] DEFENDANT'S MOTION TO DISMISS PURSUANT TO PC 995 IS BY THE COURT GRANTED/ DENIED/ SUBMITTED
- [ ] DEFENDANT'S MOTION TO SUPPRESS EVIDENCE PURSUANT TO PC 1538.5 IS BY THE COURT GRANTED/ DENIED/ SUBMITTED
- [x] ON MOTION OF People    allegat COUNT(S) all remaining IS/ ARE DISMISSED.
- [ ] ON MOTION OF    ALLEGED PRIOR(S)    IS/ ARE STRICKEN.
- [ ] DEFENDANT PERSONALLY WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGEMENT/TRIAL
      BAIL IS SET IN THE SUM OF $ 50,000.—  REDUCED TO $ 500.00  [x] WITH BAIL SET AT $ 500.00
- [ ] DEFENDANT REMANDED TO CUSTODY OF SHERIFF  [x] WITHOUT BAIL  [ ] ON BAIL PREVIOUSLY POSTED.
- [ ] DEFENDANT TO REMAIN AT LIBERTY  [ ] ON OWN RECOGNIZANCE  [ ] CASE DISMISSED.
- [ ] DEFENDANT IS ORDERED RELEASED FROM CUSTODY  [ ] ON OWN RECOGNIZANCE
- [ ] THIS BEING THE TIME SET FOR    AND DEFENDANT NOT
      APPEARING, BY THE COURT, A BENCH WARRANT ISSUES WITH BAIL SET AT $    SERVICE
      WITHHELD TO
- [ ] BOND IS FORFEITED.  AMOUNT $    BONDING COMPANY
      LOCAL AGENT    BOND NO
- [ ] BOND FORFEITURE OF    IS SET ASIDE.  [ ] ADDITIONAL PLEA OF NOT GUILTY BY REASON OF
      INSANITY ENTERED BY DEFENDANT.  PSYCHIATRISTS APPOINTED
      DR.    AND DR.
- [ ] AT    M. IN DEPARTMENT    IS CONTINUED TO

Defense motion to release deft OR is under submission
Of reduces bail to $ 500.00

DATED:
AUG 13 1984

ORDER    JUDGE OF THE SUPERIOR COURT    ROSS G. THARP

§ 290

168                        CRIMES AND PUNISHMENTS

SEXUAL ASSAULT, DECENCY, MORALS                    169                    § 290

Penal

## § 290 — Left column (p. 170)

c. 841 [A.B.3014], § L3; Stats.2002, c. 664 [A.B.3034], § 171;
Stats.2002, c. 17 [S.B.836], § 1, eff. March 28, 2002; Stats.2003, c.
538 [S.B.516], § 1; Stats.2002, c. 340 [S.B.87P], § 1; Stats.2003,
c. 634 [A.B.1313], § 1.5, eff. Sept. 30, 2003; Stats.2004, c. 429
[A.B.2375], § 1; Stats.2004, c. 761 [A.B.2199], § 1; Stats.2004, c.
741 [A.B.2391], § 1.5; Stats.2004, c. 745 [S.B.1102], § 1.5;
Stats.2005, c. 722 [A.B.1323], § 1; Stats.2006, c. 337 [S.B.
742 [A.B.1223], § 3.5, eff. Oct. 7, 2001, operative Jan. 1, 2006;
Stats.2005, c. 538 [S.B.1852], § 5.91; Stats.2006, c. 337 [S.B.
1123], § 11, eff. Sept. 20, 2006.)

**Validity**

A prior version of this section was held unconstitutional
as violating equal protection in the case of People v.
Hofsheier, 37 Cal.Rptr.3d 531, 37 Cal.4th 1185,
129 P.3d 29, on remand 2006 WL 1158503, unpublished.

Other References

Board of behavioral science, petition for reinstatement or modification
of penalty filed by registered sex offenders considered, see
Business and Professions Code § 4990.30.
Competency of nurses drug treatment, discharge from parole supervision,
registered sex offenders required to register under this section, see
Penal Code § 3053.4.
County jail annual funding enforcement team program, see Penal Code
§ 13826.49.
Destruction of records, retention period for misdemeanor sex offenses,
see Government Code § 6052.
DNA and Forensic Identification Database and Data Bank Act,
collection and analysis of specimens, samples and print
impressions, see Penal Code § 296.
Recount, dismissal or acquittal, request for expungement of information
concerning registered sex offenders no longer considered sex
offenders, see Penal Code § 299.
Denial or revocation of physician's request to approve license, see
Business and Professions Code §§ 2221 and 2231.
Legislative intent concerning registration for sex offenders following
incarceration, see Penal Code § 3003.
Legislative intent concerning treatment for sex offenders on probation,
see Penal Code § 1202.7.
Lifetime enforcement program, see Code of Civil Procedure § 1277.5.
Megan's Law, information on use of public funds to provide dynamic
internet disclosure of registered sex offenders, see Welfare and
Institutions Code § 14313.225.
Notice required before release of offenders, see long-term health care
facilities, see Health and Safety Code § 1180.
Parole, sex offenders, orders prohibiting conduct or communication with
victim, see Penal Code § 3003.6.
Petition to expunge court records by person arrested for misdemeanor while a
minor, see Penal Code § 851.7.
Registration of minors who has harmful matter, preservation of and access
to evidence, application to action under this section, see Penal Code
§ 1417.9.
Prohibition on use of public funds to provide records dynamic
internet disclosure of sex offenders, see Welfare and Institutions Code
§ 14313.225.
Providing addresses of persons with outstanding arrest warrants, see
Penal Code § 11000.
Release of persons required to register under this section, information to
authorities, see Penal Code § 3058.6.
Revocation of parole, information to sign duty to register form, see Penal Code
§ 3060.5.
School buildings as grounds, entry of sex offender, punishment, see Penal
Code § 626.81.
Sex offenders, grounds for denial or revocation of license, see Education Code
§ 44346.
State-Authorized Risk Assessment Tool for Sex Offenders, see Penal
Code § 290.04 et seq.
Teaching credentials, grounds for denial, see Education Code § 44346.

## Center column (p. 170 cont.)

Teaching credentials, suspension for conviction of sex or narcotic offense,
see Education Code § 44425.
Violent crime information center, online missing persons registry, historic
database, see Penal Code § 14201.
Voluntary sex offender relief, registration of persons registered pursuant to this
section, see Education Code § 1072.

Research References

West's California Judicial Council Forms GC-212, (99) Confidential
Guardian Screening Form.
West's California Judicial Council Forms JV-594, (92) Order to Seal
Juvenile Record.
West's California Judicial Council Forms NC-130, (01) Decree Changing
Name.

Forms

California Jury Instructions - Criminal, 6th Ed. 10.41, Lewd Act With a
Child Under Fourteen Years-Defined.
California Jury Instructions - Criminal, 6th Ed. App. B, Appendix B.
Reasonable Doubt-The California Experience.

Notes of Decisions

Within Cal. Crim. L. M Crimes Against Court Auth. § 101, Flight of
Sex Offender.
2 Within Cal. Crim. L. M Crimes Against Decency, Wolf § 4, Disruptive
Persons and Sex Offenders.
4 Within Cal. Crim. L. M Crimes Against Peace, Wolf § 49, (5 49)
Within the Peace.
2 Within Cal. Crim. L. M Crimes Against Peace, Wolf § 79, (5 59) in
vocations of a registrant at university, college, community college, or other
institution of higher learning, or in-serving on a
vocation at the university, college, community college, or other
institution of higher learning.
1 Within Cal. Crim. L. M Crimes Against the Person § 296, Punishment.
6 Within Cal. Crim. L. M Criminal Appeal § 78, Powers and Procedure.
5 Within Cal. Crim. L. M Criminal Judgment § 128, (5 128) Nature of
Former Statute.
5 Within Cal Crim. L. M Criminal Trial § 711, In General.
5 Within Cal. Crim. L. M Defenses § 119, Limitation Periods.
6 Within Cal. Crim. L. M Defenses § 222, Commission of Crime.
1 Within Cal. Crim. L. M Defenses § 225, (5 229) In General.
4 Within Cal. Crim. L. M Criminal Elements § 9, Facts that Must be
Known.
5 Within Cal. Crim. L. M Introduction to Crimes § 15, (5 15) Other
Wall Statutes.
1 Within Cal. Crim. L. M Introduction to Crimes § 24, General Rule.
1 Within Cal. Crim. L. M Introduction to Crimes § 42, California
Decisions.
4 Within Cal. Crim. L. M Intro. to Crim. Proc. § 3, Collection of
Forensic Information.
5 Within Cal. Crim. L. M Jurisdiction and Venue § 20, (5 20) Crimes
Committed in Part Within State.
5 Within Cal. Crim. L. M Pretrial Proceedings § 40, Notification
Concerning Particular Offenses.
4 Within Cal. Crim. L. M Pretrial Proceedings § 79, (5 379) Direct
Consequences.
2 Within Cal. Crim. L. M Pretrial Proceedings § 331, (§ 331)
Property Set Aside.
1 Within Cal. Crim. L. M Pretrial Proceedings § 332, (5 332) Plea
Property Set Aside.
4 Within Cal. Crim. L. M Punishment § 89, Probation and Parole.
2 Within Cal. Crim. L. M Punishment § 9A, Jurisdiction of and Venue
over.
3 Within Cal. Crim. L. M Punishment § 92A, (5 92) Sex Offenses.
4 Within Cal. Crim. L. M Punishment § 16A, In General.
5 Within Cal. Crim. L. M Punishment § 185, Multiple, Violations of
Same Statute.
4 Within Cal. Crim. L. M Punishment § 184, Nature and Purpose.
5 Within Cal. Crim. L. M Punishment § 185, Persons Required to
Register.
3 Within Cal. Crim. L. M Punishment § 185, Exceptions.
3 Within Cal. Crim. L. M Punishment § 187, Constitutionality.
3 Within Cal. Crim. L. M Punishment § 188, In General.
3 Within Cal. Crim. L. M Punishment § 189, Collection of Information
3 Within Cal. Crim. L. M Punishment § 191, Disclosure.
3 Within Cal. Crim. L. M Punishment § 191, (5 531) Element of Crime.
3 Within Cal. Crim. L. M Punishment § 192, Residence.
3 Within Cal. Crim. L. M Punishment § 193, In General.
3 Within Cal. Crim. L. M Punishment § 145, In General.
3 Within Cal. Crim. L. M Punishment § 560, (5 560) In General.
3 Within Cal. Crim. L. M Punishment § 563, Remaining Effects of
Conviction.

## Right column — § 290.01 (p. 171)

provided in Section 290.46 may be released to members of the
campus community by any campus police department or, if the
university, college, community college, or other institution of
higher learning that has no police department or, if the university,
college, community college, or other institution of higher learning
or sheriff's department having jurisdiction over the campus, and
by employees of those agencies, as required by Section
10920(i)(1) of Title 20 of the United States Code.

(i) The offender's full name.

(ii) The offender's gender.

(iv) The offender's race.

(v) The offender's physical description.

(vi) The offender's photograph.

(vii) The offender's date of birth.

(viii) Crimes resulting in registration under Section 290.

(ix) The date of last registration or reregistration.

(B) The authority provided in this subdivision is in addition to
the authority of a peace officer or law enforcement agency to
provide information about a registered sex offender pursuant to
Section 290.45, and exists notwithstanding subdivision (i) of
Section 290 or any other provision of law.

(2) Any law enforcement entity and employees of any law
enforcement entity listed in paragraph (1) shall be immune from
civil or criminal liability for good faith conduct under this
subdivision.

(f)(1) Nothing in this subdivision, or the university, college, community
college, or other institution of higher learning shall be construed to authorize
the community college or other agency, or a form
not a registered sex offender, that any statement, on a form
provided by the Department of Justice, stating that he or she is
not a registered sex offender or that he or she understands the
purpose of the release of information is to allow members of the
campus community to protect themselves and their children
from sex offenders, and that he or she understands it is unlawful
to use information ... for purposes that is not authorized.

(B) Before being provided any information by an agency
pursuant to this subdivision, a member of the campus community
who requests the information shall sign a statement, on a form
provided by the Department of Justice, stating that he or she is
not a registered sex offender.

(g) An agency disseminating printed information pursuant to
this subdivision shall maintain records of the names and dates of
dissemination for a minimum of five years.

(h) For purposes of this subdivision, "campus community"
means those persons properly identified as enrolled or otherwise
frequenting, any place associated with an education institution of higher
education, including campuses; administrative and educational
offices; laboratories; satellite facilities owned or utilized by the
institution for institutional events; and public areas frequented by
that are regularly frequented by members of the campus or faculty
tion of the campus. (Added by Stats.2001, c. 544 [A.B.
1313], § 2, eff. Sept. 30, 2003.)

## § 290.01

§ 290.01. Students or employees of universities, colleges, com-
munity colleges, or other institutions of higher learning; regis-
tration; additional registration requirements; release of informa-
tion to campus community

(a) Commencing October 28, 2002, every person required
to register pursuant to Section 290 who is enrolled as a student of any
university, college, community college, or other institution of
higher learning, or is, with or without compensation, a full-time
or part-time employee of that university, college, community
college, or other institution of higher learning, or is-serving on a
vocation at the university, college, community college, or other
institution of higher learning, shall, in addition to any other
registration required by Section 290, register with the campus
police department within five working days of commencing
enrollment or employment at that university, college, community
college, community or other institution of higher learning,
on a form as may be required by the Department of Justice.
The terms "employed or carries on a vocation" include employ-
ment whether or not financially compensated, volunteered, or
performed for governmental or educational benefit. The regis-
trant shall also notify the campus police department within five
working days of ceasing to be enrolled or employed, or ceasing to
carry on a vocation, at the university, college, community college,
or other institution of higher learning.

(2) For purposes of this section, a campus police department
is a police department of the University of California, California
State University, or California Community College, established
pursuant to Section 72330, 89560, or 72330 of the Education
Code, or a police department staffed with
appointed personnel with peace officers status as stated in
Section 830.2 of the Penal Code and is the law enforcement
agency with primary responsibility for investigating crimes
occurring on the college or university campus on which it is
located.

(b) If the university, college, community college, or other
institution of higher learning has no campus police department,
the registrant shall instead register pursuant to subdivision (a)
with the police of the city in which the campus is located or the
sheriff of the county in which the campus is located if the campus
is located in an unincorporated area or in a city that has no
police department, on a form as may be required by the
Department of Justice. The requirements of subdivision (a),
and ... in addition to the requirements of Section 290.

(c) A first violation of this section is a misdemeanor punisha-
ble by a fine not to exceed one thousand dollars ($1,000). A
second violation of this section is a misdemeanor, punishable by
imprisonment in a county jail for not more than six months, by a
fine not to exceed one thousand dollars ($1,000), or by both that
imprisonment and that fine. A third or subsequent violation of
this section is a misdemeanor, punishable by imprisonment in a
county jail for not more than one year, by a fine not exceeding
one thousand dollars ($1,000), or by both that imprisonment and
fine.

(d)(1)(A) The following information regarding a registered
sex offender, as enumerated in this subdivision, may be
made available to the public via the Internet Web site as

Research References
3 Within Cal. Crim. L. M Punishment § 184, Nature and Purpose.
3 Within Cal. Crim. L. M Punishment § 191, Disclosure.

* ROUGH DRAFT OF STATEMENT OF LAW RE: *

THE CDC IS UNLAWFULLY & UNCONSTITUTIONALLY REQUIRING ~~ANY~~ MANY PAROLEE(S) TO COMPLY WITH THE PENAL CODE REGISTRATION REQUIREMENT**S** WITHOUT THE REQUISITE COURT ORDERED DECREE/MANDATE

A. CONTENTION/ALLEGATION → MANY CDC PAROLE-RELEASEE(S) WITH PRIOR ARREST (NOT CONTROLLING CASE) WITH OR WITHOUT A SEX-RELATED CONVICTION

IT WOULD APPEAR THAT ~~ALL CDC PAROLEE-RELEASEE(S)~~ ARE ORDERED PER THEIR RELEASE PACKAGE TO COMPLY WITH THE STATUTORIAL REGISTRATION REQUIREMENTS OF PENAL CODE § ~~290.01~~ 290(h)(WHENEVER ANY PERSON IS RELEASED ON PAROLE OR PROBATION AND IS REQUIRED TO REGISTER UNDER THIS SECTION BUT FAILS TO DO SO WITHIN THE TIME PRESCRIBED, THE PAROLE AUTHORITY ... SHALL ORDER THE PAROLE ... REVOKED.). THIS IS ALSO TRUE FOR ANY PROBATIONER. Id. FURTHERMORE, IT WOULD APPEAR THAT COMMUNITY-RELEASED PAROLEE(S) ARE ORDERED BY THE BPT's PAROLE AGENTS/OFFICERS TO COMPLY WITH THE REGISTRATION REQUIREMENT AND COMPLY WITH "SPECIAL CONDITIONS" IN ADDITION TO THE ~~STAN~~ STATUTORIAL/REGULATORY PROVISIONS, SEE PENAL CODE §§ 5058 et seq. & CALIF. CODE OF REGULATIONS, TITLE 15, DIV. 3, § 3500 (CITING/LISTING OTHER AUTHORITIES).

THUSLY, IT IS WITHOUT A SERIOUS COUNTER-ARGUMENT THAT THE FAILURE OF ANY CDC/BPT PAROLE-RELEASEE TO NOT COMPLY WITH A CDC COUNSELOR AND/OR BPT PAROLE AGENT/OFFICER'S DEMAND TO REGISTER HAS A VERY SERIOUS IMPACT ON THE PAROLEE'S LIBERTY INTERESTS. THIS INCLUDES THE BURDENSOME "SPECIAL CONDITIONS" ASSOCIATED WITH THIS PROVISION OF THE CALIFORNIA LAWS AND THE RECENT ADDITIONAL STATUTORY CONDITIONS OF MEGAN AND/OR JESSICA LAWS. ANY CONTENTION BY EITHER THE CDC COUNSELOR(S), ETC. AND/OR BPT PAROLE AGENT/OFFICERS AND/OR BPT PAROLE REVOCATION DEPUTY COMMISSIONER(S) ON ANY GROUNDS, UNTRAINED-LAYPERSON LEGAL OPINIONS, ETC. ETC. ETC., ARE NOT COLORABLE IN VIEW OF A CURSORY/ASTUTE READING OF P.C. § 290 NUMEROUS PROVISIONS AND/OR SUPPORTING COMMON DECISIONAL LAW (REPORTED COURT CAUSES).

B. ARGUMENT

AT THE OUTSET THE READER/COURT MUST COMPORT ITS ANALYSIS WITH THE TRADITIONAL CHEVRON RULE OF STATUTORY INTREPRETATION, SEE _____
PER THE CHEVRON RULE THE PLAIN MEANING OF THE WORDS AND MEANING OF THE WORDING IS CONTROLLING AND GENERALLY ENDS THE READER/COURT'S INQUIRY, Id _____
ONLY IN THE ATYPICAL CASE IS THE COURT ALLOWED TO CONSIDER/REVIEW LEGISLATIVE HISTORY. ____
THE POTENTIAL LITIGANT (HABEAS OR § 1983) SHOULD BE MINDFUL OF THE STATE-OF-LAW AT THE TIME OF ANY CONVICTION OR PRESENTENCING/POLICE REPORT - ALTHOUGH THIS IS NOT DECISIVE OR DISPOSITIVE.

PER § 290(a)(1)(A) EVERY PERSON WITH A CONVICTION DESCRIBED IN § 290(a)(2)(LISTING FELONIES/MISDE-MEANOR OFFENSES) SHALL BE REQUIRED TO REGISTER (§ 290(a)(2)). IN CASES OF A FELONY CONVIC-TION THE REGISTRATION REQUIREMENT, ARGUENDO, IS MANDATORY. IN CASES OF A MISDEMEANOR AND/OR P.C. § 17.4 "WOBBLER" THE PLEA-TAKING AND/OR SENTENCING MUST "ORDER" ANY SUCH NON-PUNITIVE (?) LIFETIME OBLIGATION. SEE P.C. § 290(a)(2)(D)(ii) § (E): "ANY PERSON 'ORDERED' BY ANY ... COURT TO REGISTER ... [MUST] FIND[] AT THE TIME OF CONVICTION OR SENTENCING THAT THE PERSON COMMITTED THE OFFENSE AS A RESULT OF SEXUAL COMPULSION OR FOR PURPOSES OF SEXUAL GRATIFICATION." Id. P.C. § 290(a)(2)(E);

A "WOBBLER" IS A SEXUAL BATTERY PUNISHABLE BY PRISON (P.C. § 243.4(a)) OR COUNTY TIME OF 6 MONTHS (P.C. § 243.4(e)(i)) ALTHOUGH P.C. § 290(a)(2)(A) ~~FAILED~~ FAILS TO INFORM **OR** THE INSTANT READER THAT ANY P.C. § 243.4 SEXUAL BATTERY MUST TAKE INTO CONSIDERATION COURT DOCUMEN-TATION; AS TO WHETHER THE COURT ORDERED THE § 290 REGISTRATION NOT ANY LAY-PERSON SUCH AS CDC/BPT PERSONNEL - NOTWITHSTANDING THEY ARE NOT ALLOWED TO MAKE OR GIVE LEGAL ADVICE OR DETERMINATIONS !!! ANY ARREST/IMPRISONMENT UNDER THESE CIRCUM-STANCES IS AN UNLAWFUL EXERCISE OF CDC/BPT DISCRETION AND UNCONSTITUTIONAL !!!

"G"

B-19

EX A-4 (NOLO PLEA AGREEMENT)

registering authority with the name of his or her place of employment or the name of the school attended in California, and his or her address or location in his or her state of residence. The registration requirement for persons subject to this subparagraph shall become operative on November 25, 2000. The terms "employed or carries on a vocation" include employment whether or not financially compensated, volunteered, or performed for government or educational benefit.

(2) The following persons shall be required to register pursuant to paragraph (1):

(A) Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a violation of Section 187 committed in the perpetration, or an attempt to perpetrate, rape or any act punishable under Section 286, 288, 288a, or 289, Section 207 or 209 committed with intent to violate Section 261, 286, 288, 288a, or 289, Section 220, except assault to commit mayhem, Section 243.4, paragraph (1), (2), (3), (4), or (6) of subdivision (a) of Section 261, or paragraph (1) of subdivision (a) of Section 262 involving the use of force or violence for which the person is sentenced to the state prison, Section 264.1, 266, or 266c, subdivision (b) of Section 266h, subdivision (b) of Section 266i, Section 266j, 267, 269, 285, 286, 288, 288a, 288.3, 288.5, 288.7, or 289, Section 311.1, subdivision (b), (c), or (d) of Section 311.2, Section 311.3, 311.4, 311.10, 311.11, or 647.6, former Section 647a, subdivision (c) of Section 653f, subdivision 1 or 2 of Section 314, any offense involving lewd or lascivious conduct under Section 272, or any felony violation of Section 288.2; or any statutory predecessor that includes all elements of one of the above-mentioned offenses; or any person who since that date has been or is hereafter convicted of the attempt or conspiracy to commit any of the above-mentioned offenses.

(B) Any person who, since July 1, 1944, has been or hereafter is released, discharged, or paroled from a penal institution where he or she was confined because of the commission or attempted commission of one of the offenses described in subparagraph (A).

(C) Any person who, since July 1, 1944, has been or hereafter is determined to be a mentally disordered sex offender under Article 1 (commencing with Section 6300) of Chapter 2 of Part 2 of Division 6 of the Welfare and Institutions Code or any person who has been found guilty in the guilt phase of a trial for an offense for which registration is required by this section but who has been found not guilty by reason of insanity in the sanity phase of the trial.

(D)(i) Any person who, since July 1, 1944, has been, or is hereafter convicted in any other court, including any state, federal, or military court, of any offense that, if committed or attempted in this state, would have been punishable as one or more of the offenses described in subparagraph (A), including offenses in which the person was a principal, as defined in Section 31.

(ii) Any person ordered by any other court, including any state, federal, or military court, to register as a sex offender for any offense, if the court found at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification.

(iii)(I) Except as provided in * * * subclause (II), any person who would be required to register while residing in the state of conviction for a sex offense committed in that state.

* * * (II) Notwithstanding subclause (I), a person convicted in another state of an offense similar to one of the following offenses who is required to register in the state of conviction * * * shall not be required to register in California unless the out-of-state offense contains all of the elements of a registerable California offense described in subparagraph (A):

(aa) Indecent exposure, pursuant to Section 314.

(ab) Unlawful sexual intercourse, pursuant to Section 261.5.

(ac) Incest, pursuant to Section 285.

(ad) Sodomy, pursuant to Section 286, or oral copulation, pursuant to Section 288a, provided that the offender notifies the Department of Justice that the sodomy or oral copulation conviction was for conduct between consenting adults, as described in subparagraph * * * (G) and the department is able, upon the exercise of reasonable diligence, to verify that fact.

(ae) Pimping, pursuant to Section 266h, or pandering, pursuant to Section 266i.

(E) Any person ordered by any court to register pursuant to this section for any offense not included specifically in this section if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration.

(F) Any person required to register pursuant to any provision of this section, regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4, unless the person obtains a certificate of rehabilitation and is entitled to relief from registration pursuant to Section 290.5.

(G)(i) Notwithstanding any other subdivision, a person who was convicted before January 1, 1976, under subdivision (a) of Section 286, or Section 288a, shall not be required to register pursuant to this section for that conviction if the conviction was for conduct between consenting adults that was decriminalized by Chapter 71 of the Statutes of 1975 or Chapter 1139 of the Statutes of 1976. The Department of Justice shall remove that person from the Sex Offender Registry, and the person is discharged from his or her duty to register pursuant to the following procedure:

(I) The person submits to the Department of Justice official documentary evidence, including court records or police reports, that demonstrate that the person's conviction pursuant to either of those sections was for conduct between consenting adults that was decriminalized; or

(II) The person submits to the department a declaration stating that the person's conviction pursuant to either of those sections was for consensual conduct between adults that has been decriminalized. The declaration shall be confidential and not a public record, and shall include the person's name, address, telephone number, date of birth, and a summary of the circumstances leading to the conviction, including the date of the conviction and county of the occurrence.

(III) The department shall determine whether the person's conviction was for conduct between consensual adults that has been decriminalized. If the conviction was for consensual conduct between adults that has been decriminalized, and the person has no other offenses for which he or she is required to register pursuant to this section, the department shall, within 60 days of receipt of those documents, notify the person that he or she is relieved of the duty to register, and shall notify the local law enforcement agency with which the person is registered that he or she has been relieved of the duty to register. The local law enforcement agency shall remove the person's registration from its files within 30 days of receipt of notification. If the documentary or other evidence submitted is insufficient to establish the person's claim, the department shall, within 60 days of receipt of those documents, notify the person that his or her claim cannot be established, and that the person shall continue to register pursuant to this section. The department shall provide, upon the person's request, any information relied upon by the department in making its determination that the person shall continue to register pursuant to this section. Any person whose claim has been denied by the department pursuant to this

PROCEDURE TO REMOVE DUE TO DECRIMINATION

EX. A-2 (CRIMINAL MINUTES – PRONOUNCEMENT OF JUDGEMENT)
EX. A-3 (PRONOUNCEMENT OF JUDGEMENT – ORDER)
EX. A-7 (PRONOUNCEMENT OF JUDGEMENT – ORDER)

clause may petition the court to appeal the department's denial of the person's claim.

(ii) On or before July 1, 1998, the department shall make a report to the Legislature concerning the status of persons who may come under the provisions of this subparagraph, including the number of persons who were convicted before January 1, 1976, under subdivision (a) of Section 286 or Section 288a and are required to register under this section, the average age of these persons, the number of these persons who have any subsequent convictions for a registerable sex offense, and the number of these persons who have sought successfully or unsuccessfully to be relieved of their duty to register under this section.

290C (b)(1) Any person who is released, discharged, or paroled from a jail, state or federal prison, school, road camp, or other institution where he or she was confined because of the commission or attempted commission of one of the offenses specified in subdivision (a) or is released from a state hospital to which he or she was committed as a mentally disordered sex offender under Article 1 (commencing with Section 6300) of Chapter 2 of Part 2 of Division 6 of the Welfare and Institutions Code, shall, prior to discharge, parole, or release, be informed of his or her duty to register under this section by the official in charge of the place of confinement or hospital, and the official shall require the person to read and sign any form that may be required by the Department of Justice, stating that the duty of the person to register under this section has been explained to the person. The official in charge of the place of confinement or hospital shall obtain the address where the person expects to reside upon his or her discharge, parole, or release and shall report the address to the Department of Justice. The official shall at the same time forward a current photograph of the person to the Department of Justice.

(2) The official in charge of the place of confinement or hospital shall give one copy of the form to the person and shall send one copy to the Department of Justice and one copy to the appropriate law enforcement agency or agencies having jurisdiction over the place the person expects to reside upon discharge, parole, or release. If the conviction that makes the person subject to this section is a felony conviction, the official in charge shall, not later than 45 days prior to the scheduled release of the person, send one copy to the appropriate law enforcement agency or agencies having local jurisdiction where the person expects to reside upon discharge, parole, or release; one copy to the prosecuting agency that prosecuted the person; and one copy to the Department of Justice. The official in charge of the place of confinement or hospital shall retain one copy.

(c)(1) Any person who is convicted in this state of the commission or attempted commission of any of the offenses specified in subdivision (a) and who is released on probation, shall, prior to release or discharge, be informed of the duty to register under this section by the probation department, and a probation officer shall require the person to read and sign any form that may be required by the Department of Justice, stating that the duty of the person to register under this section has been explained to him or her. The probation officer shall obtain the address where the person expects to reside upon release or discharge and shall report within three days the address to the Department of Justice. The probation officer shall give one copy of the form to the person, send one copy to the Department of Justice, and forward one copy to the appropriate law enforcement agency or agencies having local jurisdiction where the person expects to reside upon his or her discharge, parole, or release.

(2) Any person who is convicted in this state of the commission or attempted commission of any of the offenses specified in subdivision (a) and who is granted conditional release without supervised probation, or discharged upon payment of a fine, shall, prior to release or discharge, be informed of the duty to register under this section in open court by the court in which the person has been convicted, and the court shall require the person to read and sign any form that may be required by the Department of Justice, stating that the duty of the person to register under this section has been explained to him or her. If the court finds that it is in the interest of the efficiency of the court, the court may assign the bailiff to require the person to read and sign forms under this section. The court shall obtain the address where the person expects to reside upon release or discharge and shall report within three days the address to the Department of Justice. The court shall give one copy of the form to the person, send one copy to the Department of Justice, and forward one copy to the appropriate law enforcement agency or agencies having local jurisdiction where the person expects to reside upon his or her discharge, parole, or release.

(d)(1) Any person who, on or after January 1, 1986, is discharged or paroled from the Department of * * * Corrections and Rehabilitation to the custody of which he or she was committed after having been adjudicated a ward of the juvenile court pursuant to Section 602 of the Welfare and Institutions Code because of the commission or attempted commission of any offense described in paragraph (3) shall be subject to registration under the procedures of this section.

(2) Any person who is discharged or paroled from a facility in another state that is equivalent to the * * * Division of Juvenile Justice, to the custody of which he or she was committed because of an offense which, if committed or attempted in this state, would have been punishable as one or more of the offenses described in paragraph (3), shall be subject to registration under the procedures of this section.

(3) Any person described in this subdivision who committed an offense in violation of any of the following provisions shall be required to register pursuant to this section:

(A) Assault with intent to commit rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 under Section 220.

(B) Any offense defined in paragraph (1), (2), (3), (4), or (6) of subdivision (a) of Section 261, Section 264.1, 266c, or 267, paragraph (1) of subdivision (b) of, or subdivision (c) or (d) of, Section 286, Section 288 or 288.5, paragraph (1) of subdivision (b) of, or subdivision (c) or (d) of, Section 288a, subdivision (a) of Section 289, or Section 647.6.

(C) A violation of Section 207 or 209 committed with the intent to violate Section 261, 286, 288, 288a, or 289.

(4) Prior to discharge or parole from the Department of * * * Corrections and Rehabilitation, any person who is subject to registration under this subdivision shall be informed of the duty to register under the procedures set forth in this section. Department * * * officials shall transmit the required forms and information to the Department of Justice.

(5) All records specifically relating to the registration in the custody of the Department of Justice, law enforcement agencies, and other agencies or public officials shall be destroyed when the person who is required to register has his or her records sealed under the procedures set forth in Section 781 of the Welfare and Institutions Code. This subdivision shall not be construed as requiring the destruction of other criminal offender or juvenile records relating to the case that are maintained by the Department of Justice, law enforcement agencies, the juvenile court, or other agencies and public officials unless ordered by a court under Section 781 of the Welfare and Institutions Code.

(e)(1) On or after January 1, 1998, upon incarceration, placement, or commitment, or prior to release on probation, any person who is required to register under this section shall preregister. The preregistering official shall be the admitting officer at the place of incarceration, placement, or commitment,

EX. "I" 1

"G"

B-20

✓ MEGAN'S LAW

(e) Consent by a confined person or parolee to sexual activity proscribed by this section is not a defense to a criminal prosecution for violation of this section.

(f) This section does not apply to sexual activity between consenting adults that occurs during an overnight conjugal visit that takes place pursuant to a court order or with the written approval of an authorized representative of the public entity that operates or contracts for the operation of the detention facility where the conjugal visit takes place, to physical contact or penetration made pursuant to a lawful search, or bona fide medical examinations or treatments, including clinical treatments.

(g) Any violation of paragraph (1) of subdivision (a), or a violation of paragraph (2) or (3) of subdivision (a) as described in paragraph (5) of subdivision (d), is a misdemeanor.

(h) Any violation of paragraph (2) or (3) of subdivision (a), as described in paragraph (1), (2), (3), or (4) of subdivision (d), shall be punished by imprisonment in a county jail not exceeding one year, or in the state prison, or by a fine of not more than ten thousand dollars ($10,000) or by both that fine and imprisonment.

(i) Any person previously convicted of a violation of this section shall, upon a subsequent violation, be guilty of a felony.

(j) Anyone who is convicted of a felony violation of this section who is employed by a department, board, or authority within the Youth and Adult Correctional Agency shall be terminated in accordance with the State Civil Service Act (Part 2 (commencing with Section 18500) of Title 2 of Division 5 of the Government Code). Anyone who has been convicted of a felony violation of this section shall not be eligible to be hired or reinstated by a department, board, or authority within the Youth and Adult Correctional Agency. *(Added by Stats.1994, c. 499 (A.B.1568), § 1. Amended by Stats.1997, c. 209 (A.B.685), § 1; Stats.1999, c. 806 (S.B.377), § 4; Stats.2000, c. 287 (S.B.1955), § 6.)*

### Cross References

Attempted murder of peace officers and other custodial personnel, punishment, see Penal Code § 664.

### Research References

2 Witkin Cal. Crim. L. 3d Sex Offenses & Crimes § 56, Health or Detention Facility Employees, Officers, or Agents.

## CHAPTER 5.5. SEX OFFENDERS

Section
290. Registration of sex offenders.
290.01. Students or employees of universities, colleges, community colleges, or other institutions of higher learning; additional registration requirements; release of information to campus community.
290.02. Preventing use of publicly-funded prescription drugs or therapies to treat erectile dysfunction in convicted sex offenders; information disclosure.
290.03. Identification, assessment, monitoring, and containment of sex offenders.
290.04. State-Authorized Risk Assessment Tool for Sex Offenders (SARATSO); SARATSO review committee.
290.05. Training program for persons administering SARATSO.
290.06. Administration of SERATSO.
290.07. Access to sex offender records by persons authorized to administer SARATSO.
290.08. Retention of registered sex offender records; time period.
290.3. Conviction of specified sex offenses; fine; disposition of moneys.

Section
290.3. Conviction of specified sex offenses; fine; disposition of moneys.
290.4. Sex offender registration; compilation of information for specified offenses; "900" telephone number; income deposit; violations; penalties; report to legislature.
290.45. Information to be provided to enumerated persons, agencies or organizations by law enforcement agency that a registered sex offender is likely to encounter in order to protect the public; information to be disclosed; releasing information with respect to high-risk sex offenders; immunity from liability; illegal use of information.
290.46. Sex offender information made available to public via Internet Web site; ongoing updates; information included and restricted; offenses and offenders included; notification; misuse of information; report to legislature.
290.5. Pardon or certificate of rehabilitation; relief from duty to register.
290.6. Release of specified sex offenders; information to authorities.
290.7. Release of certain inmates; blood and saliva samples provided to local DNA testing laboratories.
290.8. Notice when local law enforcement agency does not provide daily, business hour registration of sex offenders.
290.85. Persons released on probation or parole who are required to register as sex offender; proof of registration; changes or updates; role of probation officer or parole agent.
290.9. Addresses of persons who violate duty to register.
290.95. Disclosure by person required to register as sex offender upon application or acceptance of position involving children; prohibition against employment or volunteering of registered sex offenders where victim was a minor under 16 years of age; violations.
291. School employees; arrest for sex offense; notice to school authorities.
291.1. Teachers; notice of arrest to private school authorities.
291.5. Teacher or instructor employed in community college district; notice of arrest.
292. Sex offenses deemed felony offense involving act of violence and great bodily harm; denial of bail.
293. Victims of sex offense; request that name not become matter of public record; disclosure of victims' name or address.
293.5. Identification of alleged victim as Jane or John Doe.
294. Conviction of sexual offenses; restitution fine; transfer to children's trust fund for child abuse prevention purposes.

### § 290. Registration of sex offenders

(a)(1)(A) Every person described in paragraph (2), for the rest of his or her life while residing in California, or while attending school or working in California, as described in subparagraph (G), shall be required to register with the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is residing upon the campus or in any of its facilities, within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides.

KOLENDER

LANSDOWNE

(B) If the person who is registering has more than one residence address at which he or she regularly resides, he or she shall register in accordance with subparagraph (A) in each of the jurisdictions in which he or she regularly resides, regardless of the number of days or nights spent there. If all of the addresses are within the same jurisdiction, the person shall provide the registering authority with all of the addresses where he or she regularly resides.

(C) Every person described in paragraph (2), for the rest of his or her life while living as a transient in California shall be required to register, as follows:

(i) A transient must register, or reregister if the person has previously registered, within five working days from release from incarceration, placement or commitment, or release on probation, pursuant to paragraph (1) of subdivision (a), except that if the person previously registered as a transient less than 30 days from the date of his or her release from incarceration, he or she does not need to reregister as a transient until his or her next required 30-day update of registration. If a transient is not physically present in any one jurisdiction for five consecutive working days, he or she must register in the jurisdiction in which he or she is physically present on the fifth working day following release, pursuant to paragraph (1) of subdivision (a). Beginning on or before the 30th day following initial registration upon release, a transient must reregister no less than once every 30 days thereafter. A transient shall register with the chief of police of the city in which he or she is physically present within that 30-day period, or the sheriff of the county if he or she is physically present in an unincorporated area or city that has no police department, and additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is physically present upon the campus or in any of its facilities. A transient must reregister no less than once every 30 days regardless of the length of time he or she has been physically present in the particular jurisdiction in which he or she reregisters. If a transient fails to reregister within any 30-day period, he or she may be prosecuted in any jurisdiction in which he or she is physically present.

(ii) A transient who moves to a residence shall have five working days within which to register at that address, in accordance with subparagraph (A) of paragraph (1) of subdivision (a). A person registered at a residence address in accordance with subparagraph (A) of paragraph (1) of subdivision (a), who becomes transient shall have five working days within which to reregister as a transient in accordance with clause (i).

(iii) Beginning on his or her first birthday following registration, a transient shall register annually, within five working days of his or her birthday, to update his or her registration with the entities described in clause (i). A transient shall register in whichever jurisdiction he or she is physically present on that date. At the 30-day updates and the annual update, a transient shall provide current information as required on the Department of Justice annual update form, including the information described in subparagraphs (A) to (C), inclusive, of paragraph (2) of subdivision (e), and the information specified in clause (iv).

(iv) A transient shall, upon registration and reregistration, provide current information as required on the Department of Justice registration forms, and shall also list the places where he or she sleeps, eats, works, frequents, and engages in leisure activities. If a transient changes or adds to the places listed on the form during the 30-day period, he or she does not need to report the new place or places until the next required reregistration.

(v) Failure to comply with the requirement of reregistering every 30 days following initial registration pursuant to clause (i) of this subparagraph shall be punished in accordance with paragraph (6) of subdivision (g). Failure to comply with any other requirement of this section shall be punished in accordance with either paragraph (1) or (2) of subdivision (g).

(vi) A transient who moves out of state shall inform, in person, the chief of police in the city in which he or she is physically present, or the sheriff of the county if he or she is physically present in an unincorporated area or city that has no police department, within five working days, of his or her move out of state. The transient shall inform that registering agency of his or her planned destination, residence or transient location out of state, and any plans he or she has to return to California, if known. The law enforcement agency shall, within three days after receipt of this information, forward a copy of the change of location information to the Department of Justice. The department shall forward appropriate registration data to the law enforcement agency having local jurisdiction of the new place of residence or location.

(vii) For purposes of this section, "transient" means a person who has no residence. "Residence" means one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there, such as a shelter or structure that can be located by a street address, including, but not limited to, houses, apartment buildings, motels, hotels, homeless shelters, and recreational and other vehicles.

(viii) The transient registrant's duty to update his or her registration no less than every 30 days shall begin with his or her second transient update following the date this subdivision became effective.

(D) Beginning on his or her first birthday following registration or change of address, the person shall be required to register annually, within five working days of his or her birthday, to update his or her registration with the entities described in subparagraph (A). At the annual update, the person shall provide current information as required on the Department of Justice annual update form, including the information described in subparagraphs (A) to (C), inclusive, of paragraph (2) of subdivision (e).

(E) In addition, every person who has ever been adjudicated a sexually violent predator, as defined in Section 6600 of the Welfare and Institutions Code, shall, after his or her release from custody, verify his or her address no less than once every 90 days and place of employment, including the name and address of the employer, in a manner established by the Department of Justice.

(F) No entity shall require a person to pay a fee to register or update his or her registration pursuant to this section. The registering agency shall submit registrations, including annual updates or changes of address, directly into the Department of Justice Violent Crime Information Network (VCIN). The registering agency shall give the registrant a copy of the completed Department of Justice form each time the person registers or reregisters, including at the annual update.

(G) Persons required to register in their state of residence who are out-of-state residents employed, or carrying on a vocation in California on a full-time or part-time basis, with or without compensation, for more than 14 days, or for an aggregate period exceeding 30 days in a calendar year, shall register in accordance with subparagraph (A). Persons described in paragraph (2) who are out-of-state residents enrolled in any educational institution in California, as defined in Section 22129 of the Education Code, on a full-time or part-time basis, shall register in accordance with subparagraph (A). The place where the out-of-state resident is located, for purposes of registration, shall be the place where the person is employed, carrying on a vocation, or attending school. The out-of-state resident subject to this subparagraph shall, in addition to the information required pursuant to subdivision (e), provide the



BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA
**NOTICE OF PAROLE REVOCATION RIGHTS AND ACKNOWLEDGEMENT**
BPT 1100
*(Follows the ADA advisement and completion of the BPT 1073.)*

If the charges are referred to the Board of Prison Terms this is what will happen:

- ① You have a right to written notice of claimed violations of parole (CDC Form 1502b).
- ② You have a right to all evidence that will be used against you.
- ③ You have a right to an attorney who will be assigned to represent you at all times during the revocation process.
- ④ You have the right to ask your attorney to request an expedited (earlier) probable cause hearing if you have evidence that is a complete defense to the charges that are the basis of the parole hold.
- ⑤ Effective July 1, 2005, you have the right to a probable cause hearing with your attorney and a Deputy Commissioner of the Board of Prison Terms within 10 business days of today if you are in custody. You have the right to present letters, documents, and speak on your own behalf at this hearing. The reason for the probable cause hearing is for the Deputy Commissioner to determine if there is enough evidence to keep you in custody until your revocation hearing and to try to settle your case on that date. At the probable cause hearing you will also be given the opportunity to discuss and accept or reject the offer given to you by the Deputy Commissioner.
- ⑥ If you are in custody, you have the right to a revocation hearing within 35 calendar days from the date the parole hold was placed and to receive written notice of the date and time of the hearing.
- ⑦ You have a right to be heard in person and to present witnesses and documentary evidence in your defense at a revocation hearing.
- ⑧ You have a right to confront and cross examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).
- ⑨ You have a right to a neutral and detached hearing officer.
- ⑩ You have a right to have your revocation hearing within 50 miles of the alleged violation.
- ⑪ You have the right to subpoena witnesses in your defense to the same extent that the state can subpoena witnesses.
- ⑫ You have a right to a written statement by the hearing officer as to the evidence relied on and the reasons for the decision and to receive a tape recording of the revocation hearing.

---

## Acknowledgement

1. I have been informed of my rights listed above.
2. I know that I will meet with an attorney. My attorney will tell me all my rights and the BPT return-to-custody assessment offer.
3. I have a copy of the papers and reports checked below.
   - ☑ BPT Form 1073, Notification of Americans with Disabilities Act completed today
   - ☑ CDC Form 1502(b), Charge Report
   - ☑ BPT Form 1100, Notice of Rights and Acknowledgement
   - ☑ Blank Form BPT 1100(b), Request for Witnesses
   - ☐ Other:_____

*SEWELL*

I have read (or had read to me) the information above. I have been given copies of the papers, forms, and reports listed above

| | | |
|---|---|---|
| _____ | V64431 | 12/19/07 |
| Signature of Parolee | CDC Number | Date |
| _____ | M Jones | 12/19/07 |
| Signature of Staff Completing the Actual Notice | Print First Initial, Last Name | Date |

NAME  Gough, Jeffery    CDC #  V 6431    INST/REGION

BPT 1100 (Rev. 2/04)    Distribution: White – C-file  Canary – Inmate/Parolee

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**BOARD OF PAROLE HEARINGS**
**DECISION PROCESSING AND SCHEDULING UNIT**
P.O. Box 4036
Sacramento, CA 95812-4036



February 15, 2008


Jeffrey Gough, V64431
Richard J. Donovan Correctional Facility, Reception Center
480 Alta Road
San Diego, CA  92179


RE:  Parole Revocation Hearing Tape Request

Inmate Gough:

This will acknowledge your request to the Board of Parole Hearings concerning the hearing held on January 18, 2008.

Enclosed is a copy of the above requested revocation hearing tape.

Sincerely,

*Eleanor Sandoval*

Eleanor Sandoval
Office Service Manager I


Enclosure

"G"  "D"

Case 3:08-cv-00992-IEG-NLS    Document 1-6    Filed 05/29/2008    Page 14 of 80

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE 1-22-08 | TO CC‑I Underwood | FROM (LAST NAME) GOUGH | CDC NUMBER V64431 |
|---|---|---|---|

| HOUSING F2-10 | BED NUMBER 248L | WORK ASSIGNMENT UNKNOWN | JOB NUMBER FROM        TO |
|---|---|---|---|

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

ASSIGNMENT HOURS FROM        TO

### Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

PLEASE PROVIDE ME THE FOLLOWING ADDRESSES: (1) U.S. SENATOR DUBLIN (ILD); (2) U.S. SENATOR BOXER; (3) U.S. SENATOR FIELSTEIN; (4) THE U.S. ATTORNEY IN WASH. D.C.; (5) THE CAL. ATTY GENERALS D.O.T. [SEX OFFENDERS REGISTRATION UNIT]; DR. GILLIAM OF HUSTON, TEXAS. (ON "VALLEY FOREST" RD/ST.)

Do NOT write below this line. If more space is required write on back.

| INTERVIEWED BY S. UNDERWOOD | DATE 2-7-08 |
|---|---|

DISPOSITION

You NEED to go to the law Library to look up the Address. I do not have the Addresses.

"E"

"G"

VISTA CASE

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*January 10, 2008*

**GOUGH, V64431**
*F21000000000248L*

Log Number: RJD-2-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have not included evidence of an attempt to resolve the problem at the Informal Level. The Informal Level of Review is waived for appeals of classification actions; serious disciplinaries; CSR actions; departmental regulations, policies or operational procedures; staff complaints; and exceptional circumstances as defined in CCR 3084.7. Obtain an informal response by sending your appeal directly to:*

*YOUR ASSIGNED CORRECTIONAL COUNSELOR I.*

Appeals Coordinator
Richard J. Donovan Correctional Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

"G"

"F"

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

COUNSELOR UNDERWOOD  T15, §3084.7(g)(CONDITION OF PAROLE)(ISSUE AT 1/22/08 BPT HEARING)
HEAD OF DEPT. EMERGENCY APPEAL

**RECEIVED**
**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)
JAN 1 0 2008

Location: Institution/Parole Region ___  Log No. ___  Category ___ C recall 08

1. ___  1. ___
2. ___  2. ___

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: JEFFREY GOUGH   NUMBER: V64431   ASSIGNMENT: ___   UNIT/ROOM NUMBER: F2-6-107L

A. Describe Problem: PER T.15, §3375.1(i)(1) I WISH TO CONTEST ANY INFORMATION CONTAINED IN MY CDC FILE THAT MAY INFER I AM SUBJECT TO PENAL CODE § 290 REGISTRATION, WHICH MAY RESULT IN A POSSIBLE 3375.2 (b)(22) ADMINISTRATIVE DETERMINANT. BACK IN 1984 I PLED GUILTY TO A NOLO CONTENDRE MISDEMEANOR BATTERY CHARGE. THIS CASE WAS OUT OF THE VISTA COURTHOUSE AND I WAS NOT ORDERED TO OR REQUIRED TO REGISTER PER P.C § 290. BY THE COURT. A TELEPHONE CALL TO THE VISTA COURTHOUSE CRIMINAL CLERK'S OFFICE WILL VERIFY THIS AND THEY WILL FAX YOU A COPY OF THE "JUDGEMENT MINUTE ORDER" THAT STATES I HAVE NO SUCH REQUIREMENT. I REALIZE §3375.1(i)(2)(2) ADVISES ME TO OBTAIN THIS INFORMATION BUT I WOULD HOPE UNDER MY PRESENT CIRCUMSTANCES YOU MIGHT ALLOW ME TO MAKE A PHONE CALL. IF NECESSARY.

If you need more space, attach one additional sheet.

B. Action Requested: REMOVAL OF ANY REQUIREMENT I MUST COMPLY WITH P.C §290 REGISTRATION REQUIREMENT AND ANY SUCH ADMINISTRATIVE DETERMINANT THAT MY P.C §422 TERRORIST THREAT CASE REQUIRES THAT SAME REGISTRATION REQUIREMENT. PLEASE REMOVE ANY INDICATION I MUST HAVE A P.C §290.

Inmate/Parolee Signature: ___   Date Submitted: 1/8/08

C. INFORMAL LEVEL (Date Received: ___ )

Staff Response: ___

Date Returned to Inmate: ___

Staff Signature: ___

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

___

Signature: ___   Date Submitted: ___   CDC Appeal Number: ___

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

("G")   "F"

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Intefviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved: _____

Signature: _____    Title: _____    Returned
                                                            Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to:    Director of Corrections
                                                       P.O. Box 942883
                                                       Sacramento, CA 94283-0001
                                                       Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)

Date: _____

*"BASIC NEED" ATTY APPEAL*

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*January 10, 2008*

**GOUGH, V64431**
*F21000000000248L*

Log Number: RJD-2-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*The action or decision you are appealing was not taken by the California Department of Corrections, and is therefore outside our jurisdiction. We are returning the documents to you so you may pursue the matter through the appropriate agency CCR 3084.3(c)(1).*

*ATTACHMENT.*

Appeals Coordinator
Richard J. Donovan Correctional Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

*"G"*

*"G"*

PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

BPT ASSISTANT WARDEN GARCIA

EMERGENCY APPEAL   TITLE, 15, § 3084.7(a)

**RECEIVED**

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

RICHARD J. DONOVAN CORR. FAC.
JAN 1 0 2008

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JEFFREY S. GOUGH | V64431 | UNASSIGNED | F2-6-107L |

**A. Describe Problem:** ON 7 JAN 08 MY "BASIC NEED" PAROLE ~~HEARING~~ ATTY MET WITH ME: I HAD BEEN IN CUSTODY FOR 14 DAYS. DURING THIS MEETING THIS ATTY FAILED TO HEAR MY DEFENSES, REASONABLE REQUESTS FOR AN INVESTIGATION, REASONABLE REQUESTS FOR PRODUCTION OF COURT DOCUMENTS, REASONABLE REQUESTS REGARDING COPYING P.C. § 290 TO PRESENT TO THE SCREENING/PROBABLE CAUSE DEPUTY COMMISSIONER, REASONABLE REQUESTS TO REVIEW ALL THE FILE (INCLUDING ANY INVESTIGATION REPORTS OR PHOTOGRAPHS). THIS ATTY SIMPLY REFUSED TO DO ANYTHING BUT "PLEAD" ME GUILTY WHICH I AM NOT !!! DURING THE OPENING OF THE UNRECORDED PROBABLE CAUSE HEARING THE ATTY ALLOWED THE SAME COMMISSIONER TO RIDICULE ME REGARDING MY "TARGETED VICTIM" STATUS. PLEASE CHECK WWW. WELSH@ mind justice.org ; CHRISTIANS AGAINST MIND SLAVERY.ORG

If you need more space, attach one additional sheet.

**B. Action Requested:** IMMEDIATE REPLACEMENT OF MY PRESENT BPT "BASIC NEED" ATTORNEY WITH A NEW PANEL ATTORNEY NOT ASSOCIATED DIRECTLY WITH THE BPT. AN INVESTIGATION INTO MY "TARGET VICTIM" STATUS AND ALL NECESSARY ACTIONS TO PROTECT THE INTEGRITY OF MY FULL REVOCATION HEARING AND MENTAL WELLBEING — NOT PHYSICAL — AS THE COMMISSIONER BELIEVES!

Inmate/Parolee Signature: _Jeff S Gough_    Date Submitted: 1/8/08

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: _____
_____
_____
_____
_____

Date Returned to Inmate: _____

Staff Signature: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____
_____

Date Submitted: _____

Signature: _____    CDC Appeal Number:

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

"G"   "G"

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:

Signature: _____ Title: _____ Returned

Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)    Date: _____

RECEIVED 02/21/08

1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

11  | MICHAEL STARVISH,
    | CDCR #F-29516,

12 | Civil No.    08-0187 JM (POR)

                              Plaintiff,

13 | **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)**

             vs.

14

15 | ARNOLD SCHWARZENEGGER, et al.,

**[Doc. No. 2]**

16 |                          Defendants.

17

18      Michael Starvish ("Plaintiff"), a state prisoner currently incarcerated at the Richard J.

19 Donovan Correctional Facility located in San Diego, California, and proceeding pro se, has

20 submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.      Plaintiff has not prepaid

21 the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed

22 *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

23 | **I.**     **MOTION TO PROCEED IFP**

24      Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a

25 district court of the United States, except an application for writ of habeas corpus, must pay a

26 filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to

27 pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C.

28 § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*,

08cv0187

"H"-1

1    169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain

2    obligated to pay the entire fee in installments, regardless of whether the action is ultimately

3    dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

4        Prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund

5    account statement (or institutional equivalent) for the prisoner for the 6-month period

6    immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the

7    certified trust account statement, the Court must assess an initial payment of 20% of (a) the

8    average monthly deposits in the account for the past six months, or (b) the average monthly

9    balance in the account for the past six months, whichever is greater, unless the prisoner has no

10    assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th

11    Cir. 2002). Thereafter, the institution having custody of the prisoner must collect subsequent

12    payments, assessed at 20% of the preceding month's income, in any month in which the

13    prisoner's account exceeds $10, and forward those payments to the Court until the entire filing

14    fee is paid. *See* 28 U.S.C. § 1915(b)(2).

15        While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C.

16    § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-

17    month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2);

18    S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a

19    civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund

20    account statement (or institutional equivalent) ... for the 6-month period immediately preceding

21    the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

22        Without Plaintiff's trust account statement, the Court is simply unable to assess the

23    appropriate amount of the filing fee required to initiate this action. *See* 28 U.S.C. § 1915(b)(1).

24    Therefore, Plaintiff's Motion to Proceed IFP must be DENIED.

25    II.    **CONCLUSION AND ORDER**

26        For the reasons set forth above, **IT IS ORDERED** that:

27      (1)    Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**.

28

1    (2)   This action is **DISMISSED** without prejudice for failure to prepay the $350 filing

2    fee mandated by 28 U.S.C. § 1914(a), and for failure to successfully move to proceed IFP

3    pursuant to 28 U.S.C. § 1915(a).

4    (3)   Plaintiff if **GRANTED** forty five (45) days from the date this Order is Filed to

5    either:  (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which*

6    *includes a certified copy of his trust account statement for the 6-month period preceding the*

7    *filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

8    **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a

9    Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this

10   matter. If Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the

11   attached Motion to Proceed IFP, together with a certified copy of his prison trust account

12   statement within 45 days, this action shall remained closed without further Order of the Court.

13

14

15   DATED:  February 14, 2008

16

17   Hon. Jeffrey T. Miller
     United States District Judge

18

19

20

21

22

23

24

25

26

27

28

08cv0187

"H"-3

STATE OF CALIFORNIA

**CHARGE REPORT**
CDC 1502 (b) (07/04)

REPORT TO:   [X] BOARD OF PRISON TERMS

DISTRIBUTION:
CORRECTIONS                    DEPARTMENT OF
ORIGINAL - C-File.
1ST COPY - Field File.
2ND COPY - Parolee.

| CDC NUMBER | NAME (LAST, FIRST, MI) | | NAME BOOKED AS | | REGION/UNIT | |
|---|---|---|---|---|---|---|
| V-64431 | GOUGH, JEFFREY | | SAME | | IV/EC III | |
| ARREST DATE | ARRESTING AGENCY *N/A* | | BPT REFERRALS: | | BOOKING NUMBER AND/OR LOCATION | |
| NIC | | | [X] MANDATORY  [ ] NON-MANDATORY | | 1607 L.S. Ranchitos Rd. Lakeside, CA 92040 (619) 448-4148 | |
| ARREST CODE * | * ARREST CODES: | | | | | |
| NIC | A     P&CSD STAFF ALONE  AB   P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY | | B   LAW ENFORCEMENT AGENCY ALONE  D   LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD | | | |
| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
| NIC | 6/12/06 | NIC | I, BRIZUELA | 11-8-08 | 11-16-06 | |

| CHARGES AND CODES | | CHARGES AND CODES | |
|---|---|---|---|
| 1. Failure to Register per P.C 290 (390) | | 4. | |
| 2. | | 5. | |
| 3. | | 6. | |

| REASON FOR RETAINING PAROLE HOLD:   PAROLEE DANGER TO: | DATE COPY GIVEN TO PAROLEE | NAME OF PERSON NOTICING PAROLEE |
|---|---|---|
| [X] ABSCON  [X] SELF  [X] PROPERTY-OTHERS  [X] SAFETY-OTHERS | 6/27/06 | E. McWilliaM |

NOT IN CUSTODY

Parolee Gough is a P.C 290 Registrant. He was to register with the San Diego County Sheriffs Office five days prior or after his birth date of February 5. He failed to register in a timely manner. He registered on February 17, 2006.

PAROLE AGENT'S RECOMMENDATION:
Refer violation to the Board of Parole Hearings for parole revocation proceedings.

| PAROLE AGENT'S SIGNATURE  I. Brizuela | DATE 6-12-06 |
|---|---|

| UNIT SUPERVISOR'S ACTION | | RELEASE HOLD AS OF (DATE): | | |
|---|---|---|---|---|
| [X] DECISION  [X] REVIEW  [ ] RETAIN HOLD | | [ ] | [ ] CANCEL WARRANTS — WANTS | |
| [ ] CONTINUE ON PAROLE  [ ] CONTINUE IN OUT PATIENT STATUS | | *DISCHARGE EFFECTIVE (DATE): | [ ] RETAIN ON | |
| [ ] REINSTATE ON PAROLE AS OF (DATE): | [ ] TIME LOSS  [ ] NO TIME LOSS | [ ] SUSPEND/REINSTATE IN OPS AS OF (DATE): | [X] REFER TO BPT/NAEA | [X] INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE): 6/20/06 |
| [ ] SPECIAL CONDITION(S): | | | [ ] ADD | [ ] DELETE |

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION
Concur; probable cause fnd. Violation rpt. due NLT: 6/20/06.

| [X] I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD. | UNIT SUPERVISOR'S SIGNATURE | DATE 6-12-06 |
|---|---|---|

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

| [ ] REFER TO BPT/NAEA | *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|

1  JEFF S. GOUGH (CDCR #V64431)
   P.O.B. 799002 (F2-10-248U)
2  SAN DIEGO, CALIF. 92179-9002

3

4

5  IN PROPRIA PERSONA

6

7

8              IN THE SUPERIOR COURT OF CALIFORNIA

9              IN AND FOR SAN DIEGO COUNTY, CENTRAL

10 JEFF S. GOUGH,                    CASE NO. _____

11          PLAINTIFF,

12     VS.                            CIVIL COMPLAINT FOR MALPRACTICE:
                                      DECLARATORY AND INJUNCTIVE RELIEF;
13 ANTONIO RODRIQUEZ,                 COMPENSATORY AND PUNITIVE DAMAGES;
                                      DEMAND FOR JURY TRIAL
14          DEFENDANT.

15                        I.

16                   INTRODUCTION

17    1.  PLAINTIFF, JEFF S. GOUGH, IN PROPRIA PERSONA, HEREBY BRINGS THIS LAW

18 SUIT AGAINST MR. ANTONIO RODRIQUEZ, AN ATTORNEY WHO WORKS IN THAT

19 PROFESSIONAL CAPACITY FOR THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

20 AND REHABILITATION'S (CDC) BUREAU OF PRISON TERMS'S (BPT) CALIFORNIA PAROLE

21 ADVOCACY PROGRAM (CALPAP). THIS IS A LEGAL MALPRACTICE AGAINST DEFENDANT

22 RODRIQUEZ IN HIS INDIVIDUAL CAPACITY AND HEREIN NOT REPRESENTED (AS YET) AS A

23 42 U.S.C. §1983 AND/OR §1985 PER TOWER (PUBLIC DEFENDER) v. GLOVER, 467 U.S. 914, 919 →

24 104 S. Ct. 2810, 81 L.Ed2d 758 (COURT IN DICTUM INCLUDED ALL CONSPIRATORS TO

25 INCLUDE "PRIVATE PERSON ACTS 'UNDER COLOR OF' STATE LAW WHEN ENGAGED IN A CONSPIRACY

26 WITH STATE OFFICIALS TO DEPRIVE ANOTHER OF [HIS/HER] FEDERAL [CIVIL] RIGHTS.);

27 GE VASQUEZ v. CALIFORNIA (2003) 105 CAL.APP 4TH 849, 129 CAL. RPTR.2d 701 (CALIFORNIA

28 CODE OF CIVIL PROCEDURE § 526a; TAX-PAYERS' SUIT/WHISTLE BLOWER/QUAM TAM SUITS).

                        -1-                              (15")

## II
### STATEMENT OF THE CASE/FACTS

2. PLAINTIFF AVERS THE FOLLOWING FACTS:

3. PLAINTIFF WAS ARRESTED BY BPT COMMUNITY PAROLE AGENT GREG SEEWELL ON 18 DECEMBER 2007 WITH THE ASSISTANCE OF THE SAN DIEGO SHERIFF'S DEPARTMENT AND/OR MEMBER(S) OF SO-CALLED "KURTZ STREET" PAROLE OFFICE.

4. ON THE 3ʳᵈ OF JANUARY, 2008, DEFENDANT ONLY BRIEFLY (LESS THAN 5 MINUTES) CONVERSED WITH PLAINTIFF. THE ONLY SUBJECT THAT DEFENDANT WOULD DISCUSS WAS A TEN MONTH WITH HALF-TIME ELIGIBILITY. PLAINTIFF FIRMLY REFUSED THIS OFFER OUTRIGHT DUE TO HIS INNOCENCE.

5. DURING THIS JANUARY 3ʳᵈ MEETING WITH THE SO-CALLED "BASIC NEED" ATTORNEY, DEFENDANT RODRIQUEZ, AND PLAINTIFF YOUR PLAINTIFF PROVIDED A FINAL DRAFT OF A DOCUMENT THAT CAN BE DESCRIBED AS A "REQUESTS TO ATTORNEY" WHICH LISTED VARIOUS COURT-FILED DOCUMENTARY EVIDENCE THAT PLAINTIFF WOULD ARGUE AND SUBMIT TO THE "PROBABLE CAUSE" HEARING OFFICER. THESE DOCUMENTS WOULD HAVE BEEN "A COMPLETE DEFENSE TO THE CHARGE [] " OF ANY PENAL CODE § 290 SEX OFFENDER— ASSOCIATED SPECIAL CONDITIONS OF PAROLE VIOLATIONS. SEE EXHIBIT "A" (CDC 1502(b) "CHARGE REPORT" BY GREG SEEWELL (12-18-07); CE EXHIBIT "B" (LETTER DATED 01/05/08 TO CLERK OF COURTHOUSE RECEIVED BACK 01/16/08 RE PEOPLE V. GOUGH, CASE NO. CRN-9187, COURT DOCUMENTS RE "1984" NOLO CONTENDRE IN MISDEMEANOR CONVICTION WITHOUT NO P.C. § 290 REGISTRATION REQUIREMENT NOTED AT LEAST DOCUMENTS); SEE ALSO EXHIBIT "C" ("REQUESTS TO ATTORNEY" (ROUGH DRAFT W/FINAL TO DEFENDANT); EXHIBIT "D" ( BPT 1100 "NOTICE OF PAROLE REVOCATION RIGHTS AND ACKNOWLEDGEMENT" (12/19/07)).

6. ON JANUARY 4, 2008, PLAINTIFF HAD HIS "PROBABLE CAUSE HEARING" WITH DEFENDANT WHO HAD NOT MADE THE LEAST EFFORT TO OBTAIN ANY REQUESTED DOCUMENTATION (EXHIBIT "B") TO SUBMIT AS A DOCUMENTARY DEFENSE TO THE P.C. § 290-RELATED SPECIAL CONDITIONS VIOLATIONS PER "BULLET" 5 OF EXHIBIT "D". IN ADDITION, DEFENDANT NEITHER DEFEND OR PROTECT HIS CLIENT FROM THE ABUSIVE

-2-

("H")

1  BEHAVIOR OF THE PRESIDING DEPUTY COMMISSIONER IN RE PLAINTIFF'S "TARGET VICTIM"

2  STATUS AND SPECIAL NEEDS. SEE EXHIBIT "C" (NOTE WEBSITES AND INDIVIDUALS TO CONTACT).

3      7.  ON 8 JANUARY 2008 PLAINTIFF SOUGHT "IMMEDIATE REPLACEMENT" OF THE

4  DEFENDANT-ATTORNEY RODRIGUEZ VIA THE ONLY WAY HE COULD UNDER AND DUE TO HIS

5  THEN CUSTODY CONDITIONS AND CIRCUMSTANCES HE WAS SUFFERING AND LABORING UNDER,

6  TO WIT: NO ACCESS TO ENVELOPES, CANTEEN TO PURCHASE POSTAGE, OR TELEPHONE ACCESS EVEN

7  IF DEFENDANT HAD PROVIDED A TELEPHONE NUMBER OR OTHER CONTACT INFORMATION. SEE

8  EXHIBIT "E" (CDC 602 FORM (01|08|08) RECEIVED BY CDC/BPT PRISON AUTHORITIES ON 01|10|

9  08 AND RETURNED BACK TO PLAINTIFF ON OR ABOUT 01|16|08).

10     8.  ON THIS SAME DAY, JANUARY 8th, PLAINTIFF ATTEMPTED THROUGH DONOVAN

11  STATE PRISON'S ADMINISTRATIVE APPEALS PROCEDURES TO COLLATERALLY CHALLENGE THE

12  PENAL CODE § 290 REGISTRATION REQUIREMENT IMPOSED ON PLAINTIFF ON OR BEFORE

13  PLAINTIFF'S ARREST ON 18 DECEMBER 2007. SEE EXHIBIT "F" (CDC 602 FORM (01|08|08)

14  RECEIVED BY CDC/BPT PRISON AUTHORITIES ON 01|10|08 AND RETURNED BACK TO PLAINTIFF

15  ON OR ABOUT 01|16|08).

16     9.  ON 18 JANUARY 2008 PLAINTIFF WAS BROUGHT BEFORE BPT DEPUTY COMMISSIONER

17  KEITH BAKER WITH THE FOLLOWING INDIVIDUALS PRESENT: BPT COMMUNITY PAROLE AGENT

18  GREG SEWELL, BATTERY ALLEGER RICHARD OVERTON AND BPT "BASIC NEEDS" ATTORNEY-

19  DEFENDANT RODRIGUEZ.

20     10.  DURING THE VERY ONSET OF THIS JANUARY 18th PAROLE REVOCATION HEARING

21  DEFENDANT RODRIGUEZ INFORMED PLAINTIFF HE HAD NOT:

22     10.A  OBTAINED OR NOTIFIED ANY WITNESSES THAT PLAINTIFF HAD CLEARLY

23  REQUESTED WITH A PROFFER OF EXPECTED TESTIMONY (SEE EXHIBIT "G" (BPT 1100(b)

24  "REQUEST FOR WITNESSES)); CE. EXHIBIT "H" (CDCR 1654 "PAROLE REVOCATION HEARING

25  NOTICE AND WITNESS DETERMINATION");

26     10.B.  OBTAINED ANY DOCUMENTATION THAT PLAINTIFF HAD CLEARLY REQUESTED

27  ( SEE EXHIBIT "C" (REQUESTS TO ATTORNEY); CE EXHIBIT "D" (CDC 602 FORM);

28     10.C  OBTAINED OR CONDUCTED ANY INVESTIGATIVE EVIDENCE AND/OR INFORMA-

-3-

"H"

TION THAT AN REASONABLE ATTORNEY WOULD HAVE DEEMED NECESSARY TO PREPARE

AND PUT-UP A DEFENSE FOR PLAINTIFF.

11.  DEFENDANT REFUSED TO INFORM THE DEPUTY COMMISSIONER BAKER

THAT PLAINTIFF HAD "FIRED" HIM AT THE VERY OUTSET OF THE TRIAL.

12.  WHEN PLAINTIFF SHOWED DEFENDANT EXHIBIT "E"; THIS ONLY MADE

THE DEFENDANT VERY MAD AND STEADFAST IN HIS REFUSAL TO TERMINATE, ON THE

PLAINTIFF'S REQUEST, THE ATTORNEY-CLIENT RELATIONSHIP.

13.  DEFENDANT DURING THE COURSE OF THE REVOCATION TRIAL REFUSED TO

ACCEPT FROM PLAINTIFF ANY DOCUMENTATION REGARDING THE PENAL CODE §290-

RELATED CHARGES. THESE DOCUMENTS WERE DISPOSITIVE OF ONE THE TWO ALLEGA-

TIONS. SEE EXHIBIT "A" (CHARGE SHEET); EXHIBIT "B" (CASE FILE RE "1984" CASE

WHICH THE DEPUTY COMMISSIOR BAKER AND PAROLE AGENT GREG SEWELL BOTH

AGREED WAS THE P.C. §290 REGISTRATION CONVICTION); EXHIBIT "I" (REVOCATION

HEARING STATEMENT W/OBJECTIONS, W/SEWELL QUIRIES, W/ARGUMENT RE CHARGES RE

AT "I"-2 ARGUMENTATION RE P.C.§290-RELATED CHARGE); CE EXHIBIT "J" (TIME-

LINE RE P.C.§290 HISTORY AND T.R.O.).

14.  DEFENDANT DURING THE COURSE OF THE REVOCATION TRIAL REFUSED

TO ACCEPT FROM PLAINTIFF ANY DOCUMENTATION REGARDING THE PART OF THE

TRIAL DEALING WITH THE ALLEGED "BATTERY." THESE DOCUMENTS WERE IN

REGARDS-TO THE T.R.O. INITIATED BY PLAINTIFF AGAINST THE ALLEGED VICTIM'S

GIRLFRIEND AND WHICH INCLUDED THE ALLEGED VICTIM. DURING THE TRIAL THE

ALLEGED VICTIM & PERJURIED HIMSELF ON SEVERAL OCCASSIONS AND THESE DOCUMENTS

AMONG OTHERS WOULD SUBSTANTIATE THIS ALLEGATION. SEE EXHIBIT "K"

(CH-120 NOTICE OF HEARING AND TEMPORARY RESTRAINING ORDER (11/19/07));

EXHIBIT "L" (ATTEMPTED "CROSS"-TRO BY MS. ARCHER & MR. OVERTON;CH-120 @ K-3,5

@ P 15; CE EXHIBIT "I" EN TOTO & CF. EXHIBIT "J" (TIMELINE CHART).

15.  IN ADDITION TO THE DOCUMENTATION IN P 14, SUPRA, PLAINTIFF ALSO

ATTEMPTED TO PROVIDE EXHIBIT "M" WHICH WAS AN EARLIER CDC 1502(b)

-4-

("H")

1  CHARGE SHEET WHICH WAS REFERRED TO THE BOARD OF PRISON TERMS REVOCATION

2  DEPUTY COMMISSIONER —————————. PLAINTIFF WAS IN NON-CUSTODY STATUS

3  STATUS AND FREELY WENT TO THE REVOCATION HEARING. AT THE HEARING PAROLE

4  AGENT BRIZUELA ARGUE FOR PLAINTIFF TO THE DEPUTY COMMISSIONER THAT THE

5  DOCUMENTATION FROM PEOPLE/GOUGH, CASE NO. CRN-9187 REGARDING THE FACT

6  PLAINTIFF WAS NEVER COURT-ORDERED TO COMPLY WITH PENAL CODE § 290 AND

7  ERGO THERE WAS NO GROUNDS TO FIND HIM GUILTY OF A VERY SERIOUS

8  VIOLATION OF LAW. THE CHARGE AND ALLEGATION WERE DISMISSED. SEE CDC 1244.

9      16.  DEFENDANT DID NOT DISCUSS NOR MEET WITH (POST-TRIAL) PLAINTIFF

10  AFTER THE REVOCATION TRIAL/HEARING TO DISCUSS:

11      16.A  ANY APPEAL OF ANY FINDINGS OF FACT;

12      16.B  ANY ADVERSE CONCLUSIONS OF LAW; AND/OR

13      16.C  ANY APPEAL PROCEDURES RE ANY DISFAVORABLE DECISIONS.

14      17.  DEFENDANT WAS OBLIGATED TO DISCUSS P 16, SUPRA, PER ANY

15  CALIFORNIA PAROLE ADVOCACY PROGRAM POLICY OR POLICIES.  SEE EXHIBIT "N"

16  (BUSINESS REPLY MAIL/CARD).

17      18.  DEFENDANT'S PERFORMANCE AS AN ATTORNEY IS GUIDED-BY AND

18  GOVERNED BY THE CRITERIA ANNOUNCED IN STRICKLAND/WASHINGTON, 483 466

19  U.S. 430 668 (1984), FOR PURPOSES OF PRE- AND DURING THE PAROLE VIOLATION

20  TRIAL/HEARING.

21      19.  DEFENDANT'S POST-TRIAL/HEARING PERFORMANCE AS AN ATTORNEY

22  IS GOVERNED BY LOZADA/DEEDS, 498 U.S. 430 (1991) ON ANY ADVERSE RULINGS,

23  WHETHER REGULATORY OR OF CONSTITUTIONAL MAGNITUDE.

24      20.  THIS CIVIL MALPRACTICE MALPRACTICE SUIT IS A JURY-DEMAND SUIT

25  PER THE SEVENTH AMENDMENT OF THE U.S. CONSTITUTION'S GUARANTEE TO

26  JURY TRIAL ON ISSUES OF DISPUTED FACTS.

27

28

"H"

## III.

### CLAIMS FOR RELIEF

21. PLAINTIFF CLAIMS THE HEREUNDER CLAIMS FOR RELIEF.

### A.

22. DEFENDANT'S FAILURE TO PROVIDE ENOUGH TIME TO DISCUSS THE CASE AND AVAILABLE "DOCUMENTATION" PRIOR TO THE "PROBABLE CAUSE HEARING" WAS MALPRACTICE

23. PLAINTIFF INCORPORATES BY REFERENCE ΡΙΡ 1-20, SUPRA, AND REALLEGES AND FURTHER CLAIMS THAT THE DEFENDANT'S UTTER DISREGARD TO THE REGULATORY AND/OR CONSTITUTIONALLY-BASED PROVISIONS AND/OR ENTITLEMENTS AND/OR RIGHTS EMBODIED WITHIN THE BPT'S "NOTICE OF PAROLE REVOCATION RIGHTS AND ACKNOWLEDGEMENT," BULLETS ## 2,3,4,5, AND/OR 9. SEE EXHIBIT "D" (BPT 1100 FORM OF SAME NAME (12/19/07)).

24. PLAINTIFF ERGO CLAIMS THE FAILURE OF DEFENDANT OF NOT PROVIDING ENOUGH TIME TO DISCUSS AND CONFER THE FACTS AND LEGAL CASE FACTORS WITH ADEQUATE TIME TO INVESTIGATE AND PREPARE A DOCUMENTED AND LEGAL DEFENSE TO CHARGE TWO'S ALLEGATIONS IS LEGAL MALPRACTICE, DEFICIENT ASSISTANCE OF COUNSEL DURING THIS QUASI-CIVIL/CRIMINAL TRIAL/HEARING.

25. PLAINTIFF THUSLY ASSERTS THAT THE DEFENDANT HAS NO COLORABLE OR AFFIRMATIVE DEFENSE(S); COMMON LAW JUDGEMENT-ON-THE PLEADING(S) IS WITHIN THE REACH OF THIS VERIFIED COMPLAINT (I.E., CLAIM FOR RELIEF) DURING THE PLEADING STAGE OF THIS CIVIL LEGAL MALPRACTICE SUIT.

"H"

B.

26. DEFENDANT'S FAILURE TO MEET WITH PLAINTIFF POST-PROBABLE CAUSE HEARING TO DISCUSS THE CASE FACTOR, NEW DOCUMENTATION, AND/OR PLAINTIFF'S "REQUESTS TO ATTORNEY" PRIOR TO THE "REVOCATION" TRIAL WAS MALPRACTICE.

27. PLAINTIFF INCORPORATES BY REFERENCE PP 1-20, SUPRA, AND CLAIM FOR RELIEF "A", SUPRA, WHERE RELEVANT AND APPLICABLE.

28. PLAINTIFF FURTHER AVERS THAT BULLET 6 (EXHIBIT "D") REQUIRES THAT THE DEFENDANT MEET WITH PLAINTIFF TO DISCUSS THE ONGOING STATUS OF PLAINTIFF'S "REQUESTS TO ATTORNEY" (SEE EXHIBIT "C") PRIOR TO THE "REVOCATION" TRIAL.

29. PLAINTIFF ERGO CLAIMS THE FAILURE OF THE DEFENDANT OF NOT MEETING WITH PLAINTIFF PRIOR TO THE "REVOCATION" TRIAL TO INFORM HIM OF THE STATUS OF THE DEFENSE PREPARATION IS LEGAL MALPRACTICE, DEFICIENT ASSISTANCE OF COUNSEL DURING THIS QUASI-CIVIL/CRIMINAL TRIAL.

30. PLAINTIFF THUSLY CLAIMS THAT THE DEFENDANT HAS NO COLORABLE OR ANY AFFIRMATIVE DEFENSE(S) IS COMMON LAW JUDGEMENT-ON-THE PLEADINGS) IS WITHIN THE REACH OF THIS VERIFIED COMPLAINT (I.E., CLAIM FOR RELIEF) DURING THE PLEADING STAGE OF THIS CIVIL LEGAL MALPRACTICE SUIT.

C.

31. DEFENDANT'S FAILURE TO ENSURE THE EVIDENCE WAS DISCLOSED IS MALPRACTICE.

32. PLAINTIFF INCORPORATES BY REFERENCE PP 1-20, SUPRA, AND CLAIMS FOR RELIEF "A" AND "B", SUPRA, WHERE RELEVANT AND APPLICABLE.

33. PLAINTIFF SPECIFICLY ASSERTS THAT THE DEFENDANT NEVER HAD ANY TANGIBLE EVIDENCE PRODUCED FOR INSPECTION, DISCUSSION, ARGUMENTATION, AND/OR INTRODUCED INTO EVIDENCE BEFORE THE BPT DEPUTY COMMISSIONER AT THE "REVOCATION" TRIAL.

34. PLAINTIFF ERGO CLAIMS THE FAILURE OF THE DEFENDANT OF NOT HAVING THE TANGIBLE EVIDENCE OF CHARGE AND ALLEGATIONS OF THE NUMBER TWO OF THE CHARGING DOCUMENT (EXHIBIT "A") WAS LEGAL MALPRACTICE, DEFICIENT ASSISTANCE OF COUNSEL DURING THIS QUASI-CIVIL/CRIMINAL TRIAL.

("H")

35. PLAINTIFF THUSLY ASSERTS THAT THE DEFENDANT HAS NO COLORABLE OR AFFIRMATIVE DEFENSE(S); COMMON LAW JUDGEMENT-ON-THE PLEADINGS IS WITHIN THE REACH OF THIS VERIFIED COMPLAINT (I.E., CLAIM FOR RELIEF) DURING THE PLEADING STAGE OF THIS CIVIL LEGAL MALPRACTICE SUIT.

D.

36. DEFENDANT FAILED TO SUBPOENA OR NOTIFY ANY OF PLAINTIFF'S WITNESSES.

37. PLAINTIFF INCORPORATES BY REFERENCE ¶¶ 1-20, SUPRA, AND CLAIMS FOR RELIEF "A," "B," "C," SUPRA, WHERE RELEVANT AND APPLICABLE.

38. PLAINTIFF SPECIFICALLY INCORPORATES EXHIBIT "H'S" BULLET #11 WHERE YOUR PLAINTIFF HAD THE REGULATORY AND/OR CONSTITUTIONALLY-BASED PROVISION AND/OR AND/OR ENTITLEMENT AND/OR RIGHTS EMBODIED THEREIN.

39. PLAINTIFF ERGO CLAIMS THE FAILURE OF THE DEFENDANT NOT TO CONFER AND/OR DISCUSS THE NECESSITY OF THE REQUESTED WITNESSES (EXHIBIT "G") WAS ESPECIALLY AGGRAVATED BY PLAINTIFF'S WRITTEN PROFFER OF WHAT HE WOULD QUIRY THE PRECIPIENT WITNESSES (EXHIBIT "I"). THIS WAS LEGAL MALPRACTICE.

40. ADDITIONALLY, DEFENDANT'S COMPLETE FAILURE TO USE THE VARIOUS NOTIFICATION METHODS AVAILABLE TO ~~HOW~~ HIM (EXHIBIT "J"), DEFENDANT SIMPLY REFUSED OR FAILED TO ASSIST PLAINTIFF WITH OBTAINING CRITICAL WITNESSES AS HE WAS LED TO BELIEVE PER EXHIBIT "H" @ BULLETS 7, 11. THIS FAILURE WAS LEGAL MALPRACTICE.

41. PLAINTIFF THUSLY ASSERTS THAT THE DEFENDANT HAS NO COLORABLE OR AFFIRMATIVE DEFENSE(S); COMMON LAW JUDGEMENT-ON-PLEADINGS IS WITHIN THE REACH OF THIS VERIFIED COMPLAINT (I.E., CLAIM FOR RELIEF) DURING THE PLEADING STAGE OF THIS CIVIL LEGAL MALPRACTICE SUIT.

"H"

E.

42. DEFENDANT HAS NOT CONTACTED PLAINTIFF REGARDING THE APPEAL

43. PLAINTIFF INCORPORATES BY REFERENCE PP 1-20, SUPRA, AND CLAIMS FOR RELIEF "A," "B," "C," AND "D", SUPRA, WHERE RELEVANT AND APPLICABLE.

44. PLAINTIFF ERGO CLAIMS THAT BECAUSE DEFENDANT OUTRIGHT REFUSE TO TERMINATE THE ATTORNEY-CLIENT RELATIONSHIP PRIOR TO THE "REVOCATION" TRIAL (EXHIBIT "E"); AND/OR

45. AT THE TIME OF THE ONSET OF THE "REVOCATION" HEARING WHEN PLAINTIFF CLEARLY INFORMED THE DEFENDANT HE HAD FILE EXHIBIT "E" THE DEFENDANT COMMITTED CIVIL LEGAL MALPRACTICE: HE REFUSED TO BE "FIRED."

46. PLAINTIFF WOULD ALSO ALLEGE THAT DEFENDANT THROUGH SUBTLE ATTORNEY WICK EFFORTS SABOTAGED THE ENTIRE ADVERSARY PROCEEDING TO PLAINTIFF'S PREJUDICE.

47. AFTER THE "REVOCATION" TRIAL DEFENDANT HAS MADE NO EFFORT TO CONTACT PLAINTIFF AND PLAINTIFF HAS NOT BEEN ABLE TO CONTACT HIM BECAUSE HE NEVER PROVIDED A TELEPHONE NUMBER DIRECTLY TO PLAINTIFF OR AN ADDRESS.

48. PRIOR TO MARCH 4, 2008, PLAINTIFF PATIENTLY AWAITED SOME CONTACT FROM THE DEFENDANT. UNDER PLAINTIFF'S CUSTODIAN STATUS HE WAS NOT ABLE TO DETERMINE WHAT TO DO REGARDING AN APPEAL. HE CONTACTED AN ADDRESS OF THE CDC/BPT NAMED "CALIFORNIA PAROLE ADVOCACY PROGRAM" WITH EXHIBITS "A" THRU "M" WITH A COVER LETTER. THE McGEORGE SCHOOL OF LAW CALIFORNIA PAROLE ADVOCACY PROGRAM RESPONDED IN A LETTER (EXHIBIT "D") STATING, IN ESSENCE, THAT DEFENDANT AND HIS CDC/BPT'S EMPLOYER DUMPED HIM.

49. PLAINTIFF THUSLY ASSERTS THAT THE DEFENDANT HAS NO COLORABLE OR AFFIRMATIVE DEFENSE(S); COMMON LAW JUDGEMENT-ON-THE-PLEADING IS WITHIN THE REACH OF THIS VERIFIED COMPLAINT DURING THE PLEADING STAGE OF THIS CIVIL LEGAL MALPRACTICE SUIT.

("H")

## IV.

## PRAYER

50. PLAINTIFF PRAYS FOR DECLARATORY RELIEF, FOR COSTS OF SUIT; FOR SUCH RELIEF AS IS FAIR, JUST, AND EQUITABLE; AND FOR;

51. COMPENSATORY DAMAGES IN THE AMOUNT OF $180,000.00

52. PUNITIVE DAMAGES IN THE AMOUNT OF $540,000.00 OR ACCORDING TO PROOF

53. CONSEQUENTIAL DAMAGES IN AMOUNT OF +/- $100,000.00

## V.

## VERIFICATION

54. I, JEFF S. GOUGH, DECLARE AND SAYTH: PARAGRAPHS 1 THRU 20 AND 44 THRU 49 ARE TRUE AND CORRECT PER PENAL CODE § 118(2) AND 28 U.S.C. § 1446(2) TO THE BEST OF MY PERSONAL KNOWLEDGE.

55. DATED AND SUBMITTED THIS 14TH DAY OF MARCH, 2008, IN THE YEAR OF MY LORD JESUS; de NAZARETH, el GALILEAN, de JUDAH, el CHRIST & MESSIAH.

JEFF S. GOUGH - COMPLAINTANT

10.

STATE OF CALIFORNIA

DISTRIBUTION·
ORIGINAL – C-File
1ST COPY – Field File
2ND COPY – Parole

DEPARTMENT OF CORRECTIONS

**CHARGE REPORT**
CDC 1502 (b) (07/04)

REPORT TO:   [X] BOARD OF PRISON TERMS

COPY

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT |
|---|---|---|---|
| V64431 | GOUGH, JEFFREY | SAME | IV/SDI |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|---|
| 12-18-07 | STATE PAROLE | [ ] MANDATORY  [X] NON-MANDATORY | | 7792847/SD CENTRAL JAIL |

| ARREST CODE: | ARREST CODES: | | |
|---|---|---|---|
| AB | A  P&CSD STAFF ALONE | B  LAW ENFORCEMENT AGENCY ALONE | |
| | AB  P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY | D  LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD | |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 12-18-07 | 12-18-07 | INTACT | SEWELL | 11-08-08 | 11-08-08 | [ ] |

**CHARGES AND CODES**

| | CHARGES AND CODES | | CHARGES AND CODES |
|---|---|---|---|
| 1. | Battery without serious injury (451) | 4. | |
| 2. | Violation of special condition for possession of porn DVD's (019) | 5. | |
| 3. | Violation of special condition for possession of toys (019) | 6. | |

| REASON FOR RETAINING PAROLE HOLD: PAROLEE DANGER TO: | DATE COPY GIVEN TO PAROLEE | NAME OF PERSON NOTICING PAROLEE |
|---|---|---|
| [ ] ABSCOND  [ ] SELF  [ ] PROPERTY-OTHERS  [ ] SAFETY-OTHERS | | |

On 12-17-07, the Agent of Record received a call from one of the subject's neighbors, who informed the Agent that the subject had recently committed a battery against him by hitting him in his face.

On 12-18-07, Officers from State Parole and the San Diego Police Department contacted the subject at his residence and conducted a parole search. During the search of the subject's residence, Parole Agents found two adult pornographic DVD movies in a dresser in an upper bedroom. Inside another upper bedroom, Agents found two toy stuffed animals on a desk. It is noted that the subject is a PC290 registrant and has special conditions of parole not to possess pornographic material or toys.

PAROLE AGENT'S RECOMMENDATION:
Retain hold, agent to investigate.

| PAROLE AGENT'S SIGNATURE | DATE |
|---|---|
| SEWELL | 12-18-07 |

| UNIT SUPERVISOR'S ACTION | | RELEASE HOLD AS OF (DATE): | | CANCEL WARRANTS — WANTS |
|---|---|---|---|---|
| [X] DECISION  [ ] REVIEW | [X] RETAIN HOLD | [ ] | | [ ] |
| | | *DISCHARGE EFFECTIVE (DATE): | | RETAIN ON |
| [ ] CONTINUE ON PAROLE | [ ] CONTINUE IN OUT PATIENT STATUS | [ ] | | |
| | TIME LOSS | SUSPEND/REINSTATE IN OPS AS | REFER TO BPT/NAEA | INVESTIGATE, SUBMIT APPROPRIATE |
| [ ] REINSTATE ON PAROLE AS | [ ] TIME LOSS  [ ] NO TIME LOSS | [ ] OF (DATE): | [ ] | REPORT BY (DATE): |
| [ ] OF (DATE): | | | | |
| SPECIAL CONDITION(S): | | | [ ] ADD | [ ] DELETE |
| UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION | | | | |

| UNIT SUPERVISOR'S SIGNATURE | DATE |
|---|---|
| | 12-18-07 |

| [X] I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD | |
|---|---|
| PAROLE ADMINISTRATOR'S COMMENTS/DECISION | |

| [ ] REFER TO BPT/NAEA | *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|

"A" "H"

JEFFREY GOUGH V64431
P.O. BOX 799002  F2-6-107L
SAN DIEGO, CA 92179-9002

H00694
CRN9187
Micro Film

HONORABLE CLERK (CRIMINAL/ARCHIVE)
325 S. MELROSE DRIVE,
VISTA, CAL. 92083-6627

PEOPLE V. JEFF S. GOUGH, CRIM. CASE # ___CRN9187___, S.S.# 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
                      / 1984                         D.O.B. 02-05-56
         STANLEY

RE: REQUEST FOR CRITICAL DOCUMENTATION

GREETINGS HONORABLE CLERK (CRIMINAL/ARCHIVES):

I AM PRESENTLY IN A VERY DIFFICULT SITUATION — IN CUSTODY. I AM IN THIS PRESENT SITUATION FOR LACK OF A CRITICAL DOCUMENTATION. SPECIFICALLY, I NEED DOCUMENTATION FROM A 1984 CASE IN THE ABOVE CRIMINAL MATTER, REGARDING THE SENTENCE I RECEIVED: PROBATION FOR A MISDEMEANOR SEXUAL BATTERY CHARGE, WITH NO PENAL CODE § 290 REGISTRATION REQUIREMENT. I BELIEVE IT WAS MEMORIALIZED IN BOTH A "CHANGE OF PLEA" JUDICIAL COUNCIL FORM AND WHAT I HAVE CALLED A "JUDGEMENT" OR "MINUTE ORDER" OF THE SENTENCE IMPOSED. AS THAT I AM PRO PER, IN CUSTODY, AND WITHOUT THE PRESENT ABILITY TO PAY THE COPY COST AND MAILING I ASK — IN THE NAME OF JESUS — THAT YOU PLEASE MAIL THESE DOCUMENTS TO ME AT THE ABOVE ADDRESS. IF YOU WOULD PLEASE DO THIS I VOW UNTO MY LORDS TO PAY UPON MY RELEASE (APPROXIMATELY 3 WEEKS) IF YOU CAN PLEASE DO ME THIS REASONABLE REQUEST. I THANK-YOU IN ADVANCE FOR ANY ASSISTANCE.

SINCERELY YOURS,  Jeff S. GOUGH          God Bless!  THANK-YOU!

"H" "B4"
EXAZ!

NOTE! √CLERK POST- 1/5/8

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

REVIEW HEARING

PRESENT HON. HERBERT B. HOFFMAN                    JUDGE PRESIDING DEPARTMENT

THE PEOPLE OF THE STATE OF CALIFORNIA
vs
                          JEFF
DEFENDANT

CRIMINAL MINUTES — PRONOUNCEMENT OF JUDGEMENT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

FILED
OCT 30 1986
BY S. KISH DEPUTY

CR CRN9187    DA AT814901

DATE 10-30-86        09100    AT 84140332 M        EVIDENTIARY HG

PRESENT HON. FRANKLIN J MITCHELL, JR        JUDGE PRESIDING DEPARTMENT ___D___

CLERK S Kish        REPORTER _____

THE PEOPLE OF THE STATE OF CALIFORNIA
vs
                                        DEPUTY DISTRICT ATTORNEY
GOUGH        JEFF    S        CHRISTENSEN
DEFENDANT                ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)

VIOLATION OF PC472.4

☐ DEFENDANT ☒ NOT PRESENT ☐ ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT
☐ DEFENDANT IS ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION. ☐ WAIVES HEARING
Probation is ☐ DENIED ☐ REVOKED ☒ REINSTATED ☒ CONTINUED ☐ MODIFIED ☐ GRANTED ___ YEARS (FORMAL/SUMMARY)

CREDIT FOR TIME SERVED
        DAYS LOCAL
        DAYS STATE INST
        DAYS PC 4019
        TOTAL DAYS CREDIT

OTHER ☐ REFERRED TO DEPT. OF REVENUE AND RECOVERY

DATED OCT 30 1986        FRANKLIN J MITCHELL, JR
                        JUDGE OF THE SUPERIOR COURT

PRONOUNCEMENT OF JUDGEMENT/ORDER

("H")

F I L E D
Robert D. Zumwalt, Clerk

AUG 13 1984

BY    G. HAYS    DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

THE PEOPLE OF THE STATE OF CALIFORNIA
                                    Plaintiff,

CASE NUMBER
CR *N. 9187*

vs.

CHANGE OF PLEA
(NOLO CONTENDERE)

F I L E D
Robert D. Zumwalt, Clerk

AUG 13 1984

*Jeff Stanley Gaugh*
                                    Defendant.

BY    G. HAYS    DEPUTY

Comes now *Jeff Stanley Gaugh*
defendant in the above-entitled criminal action, and in support of his motion to change his plea(s) to be made in
open court personally and by his attorney, does declare: *(defendant to initial each item)*

1. That his attorney in the above-entitled criminal action is *William R. Christopher*

2. That he is charged in *information* number Cr *N. 9187* with having violated
   *288 c(c.) w/12022.3 & cr    261.2 w/12022 cc x 12 cts*

3. That he desires to change his plea(s) and desires to plead nolo contendere to *243.4 per ct (b4)*

4. That he *is* now and was at the time this form was prepared in possession of all his faculties
and has not consumed any drug, narcotic or alcoholic beverage during the 24-hour period preceding the entry of
this plea to the extent that his sound judgment is impaired;

5. That he *does* understand the nature of the charge(s) against him;

6. That he *has* discussed the nature of the charge(s) against him and the possible defense(s)
thereto with his attorney;

7. That he does not contest the following facts (summary of facts constituting the basis for offense(s) to
which defendant desires to plead nolo contendere)

*unlawfully sexually assaulted another*

8. That his attorney *has* explained and discussed his constitutional rights with him; that he under-
stands his constitutional rights; that his constitutional rights have not been violated; that his attorney has specifically explained
to him (1) the right to a jury trial, (2) the right to confront those witnesses who would testify against him and to cross examine
those witnesses, (3) the right to testify in his own behalf or not to testify if he desires to remain silent, (4) the right to have
witnesses and documents subpoened by the Court for use at trial; that defendant knowingly and intelligently gives up these
constitutional rights;

9. That his decision to change his plea(s) *has* been made freely and voluntarily, without threat or fear to
him or to anyone closely related to or associated with him;

10. That his attorney *has* explained the possible sentence and understands the maximum possible punish-
ment to be *1 year jail and $1,000 fine*
and further that in the event he is sentenced to State Prison, he will be placed on parole for a period of *N/A*

11. That he understands if he is granted probation and the Court finds he has violated the terms of probation he could
be sentenced to State Prison at that time.

Co. Clk. Form Cr-13 (3-79)

(B4)

("4H")

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CR: N 9387 DA: A781490

DATE: OCT 09 1986 AT 9:00 A M

PRESENT HON. FRANKLIN L. MITCHELL JUDGE PRESIDING DEPARTMENT D

CLERK [illegible signature] REPORTER [illegible signature]

THE PEOPLE OF THE STATE OF CALIFORNIA [illegible signature] Abbott DEPUTY DISTRICT ATTORNEY

VS

GAUGH, JEFF S. DEFENDANT — CHRISTOPH ATTORNEY FOR DEFENDANT (APPT./RETAINED)

VIOLATION OF PC241.4 — RETURN ON BENCH WARRANT

DEFENDANT ☐ DULY ARRAIGNED FOR JUDGMENT ☐ WAIVES ARRAIGNMENT ☒ NOT PRESENT

☐ DEFENDANT ADVISED OF RIGHTS AND (ADMITS) (DENIES) A VIOLATION OF PROBATION ☐ WAIVES HEARING

PROBATION IS ☐ DENIED ☐ REVOKED ☐ REINSTATED ☐ MODIFIED ☐ CONTINUED ☐ GRANTED ____ YEARS ☐ FORMAL/SUMMARY

☐ DEFENDANT COMMITTED TO CUSTODY OF SHERIFF FOR ____ ADULT INSTITUTIONS RECOMMENDED
AS PER ORDER SIGNED AND FILED ☐ DEFENDANT NOT TO BE GRANTED PAROLE (STRIKE IF NOT APPLICABLE)

☐ DEFENDANT REFERRED TO DIRECTOR OF CORRECTIONS UNDER PC 1203.03 HEARING SET FOR ____
AT ____ M IN DEPARTMENT ____

☐ DEFENDANT COMMITTED TO DIRECTOR OF CORRECTIONS (LOWER) (MIDDLE) (UPPER) TERM — CREDIT TIME SERVED:

☐ DEFENDANT COMMITTED TO CALIFORNIA YOUTH AUTHORITY OF ____ YRS. — ____ DAYS LOCAL

☐ DEFENDANT NOTIFIED OF APPEAL RIGHTS IN ACCORDANCE WITH RULE 250, CALIFORNIA RULES OF COURT — ____ DAYS PRISON

☐ ADVISED OF PAROLE RIGHTS — ____ DAYS GT/WT

☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT — ____ DAYS TOTAL

[illegible handwriting] CONTINUED TO 10-30-86 DEPT. D
AT 9:00 A M ON MOTION OF COURT / DDA / DEFENDANT / PROBATION OFFICER

PROCEEDINGS ADJOURNED TO DETERMINE WHETHER DEFENDANT ☐ IS PRESENTLY SANE (PC 1368) ☐ IS MENTALLY DISORDERED SEX OFFENDER (WI 6300 ET. SEQ.)
☐ ADDICTED OR IN IMMINENT DANGER OF BECOMING ADDICTED TO NARCOTICS AS PER ORDER SIGNED AND FILED (WI 3051)

DEFENDANT REMAINS AT LIBERTY ☐ ON BOND POSTED $ ____ ☐ ON OWN RECOGNIZANCE ☐ ON PROBATION

☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITHOUT BAIL ☒ DEFENDANT ORDERED RELEASED FROM CUSTODY OF SHERIFF

☐ DEFENDANT REMANDED TO CUSTODY OF SHERIFF WITH BAIL SET AT $ ____

☐ COURT DETERMINES DEFENDANT HAS / DOES NOT HAVE ABILITY TO REIMBURSE THE COUNTY FOR COURT APPOINTED COUNSEL IN THE AMOUNT OF $ ____
PAYABLE $ ____ PER MONTH COMMENCING ____

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ____ SERVICE WITHHELD TO ____

☐ BAIL BOND EXONERATED ☐ DMV ABSTRACT FORWARDED

☐ BOND FORFEITED $ ____ BOND COMPANY ____
BOND NO. ____ AGENT ____

☐ DEFENDANT ORDERED TO PAY A FINE OF $ ____ INCLUDING PENALTY ASSESSMENT (PC 1352) (GC 13967) (STRIKE ONE)
AT $ ____ BEGINNING ____ PLUS PENALTY ASSESSMENT (GC 13967)

☐ DEFENDANT ORDERED TO MAKE RESTITUTION OF ____ AT ____ COMMENCING ____

OTHER:

OR Agreement signed/filed

CRIMINAL MINUTES—PRONOUNCEMENT OF JUDGMENT

("H")

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

JUDGE PRESIDING DEPARTMENT

ROSS G. THARP

CLERK _____ Lindsy _____ REPORTER Karen Broder

Julie Whitaker

THE PEOPLE OF THE STATE OF CALIFORNIA

W. CHRISTOPH

JEFF SCARLET GOUGH

DEFENDANT

138 dip w/cts 138 dip

B-6

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

V S

CR CRN59187 ___ DA A7614901 ___

DATE 01-21-86 ___ 09:00 ___ AT 884140332 M ___ PROB REVOCATION

PRESENT. HON. LAWRENCE KAPILOFF ___ JUDGE PRESIDING DEPARTMENT D

CLERK A. McCaughan ___ REPORTER Betty Moody

THE PEOPLE OF THE STATE OF CALIFORNIA
VS ___ Susan Bull
DEPUTY DISTRICT ATTORNEY

GOUGH ___ JEFF ___ S ___ CHESIK
DEFENDANT ___ ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)

VIOLATION OF PC243.4 ___ per 1164 ___ 1

DEFENDANT ☐NOT PRESENT ☐ARRAIGNED FOR JUDGMENT ☐WAIVES ARRAIGNMENT
☒DEFENDANT ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION. ☒WAIVES HEARING
PROBATION IS: ☐DENIED ☒REVOKED ☒REINSTATED ☒CONTINUED ☐MODIFIED ☐GRANTED ___ YEARS (FORMAL/SUMMARY)

☐IMPOSITION OF SENTENCE IS SUSPENDED. ☐DEFENDANT SENTENCED TO STATE PRISON, EXECUTION STAYED (SEE BELOW FOR TERM).

**CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:**

P R O B A T I O N
- ☐COMMITMENT TO SHERIFF FOR ___ DAYS. ☐ADULT INSTITUTIONS RECOMMENDED. ☐PAROLE NOT TO BE GRANTED.
- ☐FINE OF $___ INCLUDING PENALTY ASSESSMENT AT $___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY.
- ☐RESTITUTION OF $___ TO VICTIM/RESTITUTION FUND AT $___ PER MONTH, COMMENCING ___ THROUGH REVENUE AND RECOVERY.
- ☐RESTITUTION/FINE OF $___ PER GC 13967, STAYED PER PC 1202.4(b).
- ☐PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION.
- ☐FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS.
- ☐REGISTRATION PER PC 290/H&S 11590.

S T A T E
- ☐DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF ___ YEARS. (SEE BELOW FOR ADDITIONAL COUNTS) ___ COUNT ___
- ☐DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY. ☐PER W&I 707.2 ☐PER W&I 1737 (SEE BELOW FOR FINDINGS)
- ☐DEFENDANT IS ADVISED OF APPEAL RIGHTS ☐DEFENDANT IS ADVISED REGARDING PAROLE

CREDIT FOR TIME SERVED.
___ DAYS LOCAL
___ DAYS STATE INST.
___ DAYS PC 4019
___ TOTAL DAYS CREDIT

C U S T O D Y
DEFENDANT REMAINS AT LIBERTY: ___ DEFENDANT REMANDED TO CUSTODY:
- ☐ON BOND POSTED $___ ___ ☐WITHOUT BAIL
- ☐ON OWN RECOGNIZANCE ___ ☐WITH BAIL SET AT $___
- ☒ON PROBATION
- ☐DEFENDANT ORDERED RELEASED FROM CUSTODY

F U T U R E   H R G S
- ☐DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT
  Review ___ CONTINUED TO/SET FOR 7/21/86 AT 9:00 A M IN DEPT. D ___ ON MOTION OF ___ COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON:
- ☐DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03, FURTHER HEARING SET FOR ___ AT ___ M IN DEPT. ___

W A R R B O N D S
- ☐BENCH WARRANT TO ISSUE, BAIL SET AT $___ SERVICE WITHHELD TO ___
- ☐BENCH WARRANT, ISSUED ___ IS RECALLED.
- ☐BOND FORFEITED. BOND AMOUNT ___ BOND NO. ___ BOND COMPANY ___ AGENT ___
- ☐BOND IS EXONERATED.

M H
- ☐PROCEEDINGS SUSPENDED PER: ☐PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
  ☐W&I 3051 ADDICTION OR DANGER OF ADDICTION. (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER.)

OTHER: ☐REFERRED TO DEPT. OF REVENUE AND RECOVERY.

*pay restitution/fine by 5 P.M. today*
*112 hours (14 days) at senior citizen nutrition center. Left to seek*
*verified by P.O. Failure to comply will result in custody*

JAN 21 1986

DATED ___ Lawrence Kapiloff

JUDGE OF THE SUPERIOR COURT

LAWRENCE KAPILOFF

PRONOUNCEMENT OF JUDGEMENT-ORDER

CR-33 (5/85)

0052.34.34

cr CRN9187    DA A781491    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

DATE 08-13-84    H 09100    A 04740332    TRIAL — JURY    AUG 13 1984

PRESENT HON. ROSS G. THARP    JUDGE PRESIDING DEPARTMENT E    BY G. HAYS    DEPUTY

CLERK D. Hays    REPORTER N. Brode

THE PEOPLE OF THE STATE OF CALIFORNIA    Wayne Meyer / Julie Whitaker

GOUGH    JEFF    STANLEY    vs CHRIS STORM

VIOLATION OF PC286A(C)    PC261(2)

- [ ] DEFENDANT NOT PRESENT.    [ ] NOT NEGOTIABLE.    TRIAL DATE CONFIRMED
- [X] DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS.    [ ] DEFT. SWORN & EXAMINED
- [X] DEFENDANT WITHDRAWS HIS PLEA OF NOT GUILTY as heretofore entered. And now pleads
- [X] NOLO CONTENDERE, with consent of DISTRICT ATTORNEY and approval of Court, of the offense
- [X] GUILTY OF THE OFFENSE added ct 19 PC 243.4 actual of guilt: a misd pv PC 17(b)(4)

AS CHARGED, DEFENDANT MAKES APPLICATION FOR PROBATION, AND HEARING THEREON AND PRONOUNCEMENT OF JUDGEMENT IS SET FOR 9-4-84 AT 9:15 A.M. IN DEPT. E

- [ ] DEFENDANT'S MOTION TO DISMISS PURSUANT TO PC 995 IS BY THE COURT GRANTED/DENIED/SUBMITTED
- [ ] DEFENDANT'S MOTION TO SUPPRESS EVIDENCE PURSUANT TO PC 1538.5 IS BY THE COURT GRANTED/DENIED/SUBMITTED
- [X] ON MOTION OF People    alleges    COUNT(S) all remaining    IS/ARE DISMISSED.
- [ ] ON MOTION OF _____ ALLEGED PRIOR(S) _____ IS/ARE STRICKEN.
- [ ] DEFENDANT PERSONALLY WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGEMENT/TRIAL
      BAIL IS SET IN THE SUM OF $ 50,000 REDUCED TO $ 500.00
- [ ] DEFENDANT REMANDED TO CUSTODY OF SHERIFF [ ] WITHOUT BAIL [X] WITH BAIL SET AT $ 500.00
- [ ] DEFENDANT TO REMAIN AT LIBERTY [ ] ON OWN RECOGNIZANCE [ ] ON BAIL PREVIOUSLY POSTED
- [ ] DEFENDANT IS ORDERED RELEASED FROM CUSTODY [ ] ON OWN RECOGNIZANCE [ ] CASE DISMISSED.
- [ ] THIS BEING THE TIME SET FOR _____ AND DEFENDANT NOT APPEARING, BY THE COURT, A BENCH WARRANT ISSUES WITH BAIL SET AT $ _____ SERVICE WITHHELD TO _____
- [ ] BOND IS FORFEITED. AMOUNT $ _____ BONDING COMPANY _____
      LOCAL AGENT _____ BOND NO _____
- [ ] BOND FORFEITURE OF _____ IS SET ASIDE. [ ] ADDITIONAL PLEA OF NOT GUILTY BY REASON OF INSANITY ENTERED BY DEFENDANT. PSYCHIATRISTS APPOINTED DR. _____ AND DR. _____
- [ ] _____ IS CONTINUED TO _____
      AT _____ M. IN DEPARTMENT _____

Defense motion to release deft OR is under submission
Ct reduces bail to $ 500.00

DATED: AUG 13 1984

ROSS G. THARP    ORDER    JUDGE OF THE

("H")

PRELIMINARY OBJECTIONS / CONSIDERATIONS

OBJ #1 NO ACCESS TO CURRENT PAROLE CASE FILE

OBJ #2 NO MEANINGFUL ACCESS TO LAW MATERIALS, TOMES, REPORTS, I.E., LIBRARY

CON #3 "TARGETED VICTIM" SEE WWW.CHRISTIANS AGAINST MIND SLAVERY.ORG
SEE WWW.WELSH@MIND JUSTICE.ORG

OBJ #4 I HAVE ATTEMPTED TO RELIEVE PRESENT COUNSEL TO NO AVAIL.

CON #5 I HAVE ATTEMPTED TO INFORMALLY RESOLVE THE § 290 ISSUE.

OBJ #6 PER GOUGH-AOSHIMA V. (NAVY) # (SEE PC COMMISSIONER File) COC/BPT & SEWELL CONFLICTED-
OUT DUE TO SELF-INTERESTS

CON #7 MUST BE PROVIDED WITH A SHIELDED HEARING ROOM FROM, E.G.,
EFM RADIO TRANSRECEIVED "THOUGHT COMMANDS" "MIND CONTROL"
"TORMENT & TORTURE" AND/OR OTHER UNDUE INFLUENCES DURING
THE "PROBABLE CAUSE" AND/OR "FULL PAROLE REVOCATION HEARING"
SEE WEBSITES ABOVE; ILC PETITION (1ST DRAFT); VARIOUS C.C.
§ 2035(a) PRESUIT PETITIONS; KAREN ARCHER TRO APPLICATION
W/MEMO; "THOUGHT CONVERSATIONIST" LOGS A-G

OBJ #8 CHARGE ONE IS PRESUMPTIVELY ESTOPPEL, ADJUDICATED S.Ct.J. ARREOLA (#25)(531-3800)

OBJ #9 CHARGE TWO IS JEOPARDY-BARRED

PRELIMINARY STATEMENTS

E-√ PAROLE #1 PAROLE -VIOLATION -FREE FOR OVER 2½ YEARS

PIRATION DATE #2 NO DIRTY DRUGS TEST

10 YEAR ADDED
HIGH CONTROL #3 NO OTHER INCIDENTS WARRANTING ANY INVESTIGATION

NO 1YR ADD. #4 NO KNOWN DISFAVORABLE REMARKS BY OTHER P.O.S

E TIMELINE #5 EMPLOYED (CALL GEORGE SYNDE VIA "CK" LITTLEWOOD'S "PACIFICA")

#6 OWN CONDO #260 (ALBEIT IN LITIGATION)

#7 PARDON MY PRESENT PROTECTIVE CUSTODY STATUS DUE TO SEWELL    CHARGES HAVE BEEN FILED

#8 BPT CT CONSIDER SEWELL'S NAMING IN 3 PRECIPIENT CIVIL ACTION, ILC PET., ETC.

PRELIMINARY ARGUMENTATION TO DISMISS / LIFT HOLD

#1 THE BPT 1100'S AMEND OF 10 BUSINESS DAYS IS FAULTED    McLAUGHLIN V. RIVERSIDE
NOT CONSISTENT WITH LANG OF V.
A. WHY TIMELINE? PREJUDICE SHOWING MORRISSEY    WOLFF & DONNELL V. (PRISON) > PROBATION? (S.B. CASE FILE)
(PAROLE)

[circled: EX 1]

Hold
WILL LOSE ALL IF PAROLE CONTINUED!
FOOD, CONDO, TOOLS, WORK VAN, CLOTHES
2 BDRM, WILL SUE BPT FOR R.I.C.O.

NO AUDIO RECORDING!
THEY PICK WITNESSES?
TOLD HIM I WOULD SUE ATTY
PER 1983 AND/OR R.I.C.O. 23(B)

12/20/07 "I AM, I AM," A "TARGET VICTIM," SEE, GENERALLY, WWW WELSCH@mind justice
CLERGY / LAW [illegible] @USD WWW. CHRISTIANS AGAINST SLAVERY

REQUESTS TO ATTORNEY (42 USC §§ 1983/85/ R.I.C.O.)

#1 OBTAIN DOCUMENTATION

A. CDC CASE FILE (ENTIRE) (MISSING DOCUMENTS @ JILLIAN INSPECTION)
B. PEOPLE V. GOUGH, CASE NO (2001-2) ______ (RE: P.C. § 422 CASE)
C. GOUGH-AOSHIMA V. KAREN ARCHER # (PRO) ______, (FILE DATE) CTL DIVISION
D. GOUGH-AOSHIMA V. ARCHER (C.C. 2035(a)) # ______, (FILE DATE) CTL DIVISION
E. GOUGH-AOSHIMA V. GRIFFIN (C.C. 2055(a)) # ______ " "
F. GOUGH-AOSHIMA V. SMITH, ZAMORA ET AL (CC 2035(a)) # ______ " "
(NOTE SEWELL'S NAME TO BE SUBPOENA'D)
(NOTE NAVAL CRIM INTELLIGENCE FIELD OFFICERS)
("COMBAT IMAGING" "STARMAN" AND/OR "CHUBBA CABRIANS")

GUSTAVO KIMET "THE KISS" $50,000 [illegible] PAID 1,000

RESCH[illegible] DEPT. #25 1/10-16/07 SERV. NO CERT FILED

#2 OBTAIN FATHER'S TELEPHONE FROM CDC FILE AND PLEASE CALL TO HAVE [illegible] RE "KEN" RE "OTHER PEOPLE" WHO STAY IN GUEST ROOM RE: INTER ALIA, IF HE NEED $$$ AND/OR JIM JAMES GOUGH'S TELEPHONE # W/ADDRESS RE SAME THING (CHECK CELL PHONE @ 4064 HUERFANO #260, P.B., CAL.) 619-249-5405 (VIRGIN)

DAD - 576 9800
576 9676
[illegible] 9676
JIM GOUGH
ADDER TO GET-IN

#3 POSSIBLE TO OBTAIN CASE FILE FROM ROLLER-FILE CABINET W/ALL DOCUMENTATION (ABOVE) AND OTHER CRITICAL AND PRIVELEGED LEGAL RESEARCH & FILED & PRECIPIENT (E.G. ILC PET W/EXHIBIT W/THOUGHT "TRANSMISSION" CONVERSATIONAL LOGS A-G) TO BE FILED AND/OR REVIEWED W/ASSISTANCE FROM YOU(S) ALLS!!!

#4 CALL (✓ CELL PHONE "VIRGIN" RECENT CALLS TO: (1) IL SENATOR DURBIN (2) U.S. ATTY ______ (3) DOJ STATE ATTY OFFICE ______ (4) ______ OBAMA, (5) CLINTON, (6) BOXER (7) FILSTEIN, (8) DR. GILLIAM, ______ [illegible] FORREST, HUSTON, TX (9) JSOB jr. NSA @ WHITE HOUSE (10) ETC. / ET AL. [illegible])

#5 IMMEDIATE "PROBABLE CAUSE Hrg" // NOTE: JONES CHANGE

#6 PRESERVE / NOTIFY ALL C.C. § 2035(a) [illegible] JORDON ("EVICTION")

BOARD OF PRISON TERMS
STATE OF CALIFORNIA

## NOTICE OF PAROLE REVOCATION RIGHTS AND ACKNOWLEDGEMENT
BPT 1100

*(Follows the ADA advisement and completion of the BPT 1073.)*

If the charges are referred to the Board of Prison Terms this is what will happen:

1. • You have a right to written notice of claimed violations of parole (CDC Form 1502b).
2. • You have a right to all evidence that will be used against you.
3. • You have a right to an attorney who will be assigned to represent you at all times during the revocation process.
4. • You have the right to ask your attorney to request an expedited (earlier) probable cause hearing if you have evidence that is a complete defense to the charges that are the basis of the parole hold.
5. • Effective July 1, 2005, you have the right to a probable cause hearing with your attorney and a Deputy Commissioner of the Board of Prison Terms within 10 business days of today if you are in custody. You have the right to present letters, documents, and speak on your own behalf at this hearing. The reason for the probable cause hearing is for the Deputy Commissioner to determine if there is enough evidence to keep you in custody until your revocation hearing and to try to settle your case on that date. At the probable cause hearing you will also be given the opportunity to discuss and accept or reject the offer given to you by the Deputy Commissioner.
6. • If you are in custody, you have the right to a revocation hearing within 35 calendar days from the date the parole hold was placed and to receive written notice of the date and time of the hearing.
7. • You have a right to be heard in person and to present witnesses and documentary evidence in your defense at a revocation hearing.
8. • You have a right to confront and cross examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).
9. • You have a right to a neutral and detached hearing officer.
10. • You have a right to have your revocation hearing within 50 miles of the alleged violation.
11. • You have the right to subpoena witnesses in your defense to the same extent that the state can subpoena witnesses.
12. • You have a right to a written statement by the hearing officer as to the evidence relied on and the reasons for the decision and to receive a tape recording of the revocation hearing.

## Acknowledgement

1. I have been informed of my rights listed above.
2. I know that I will meet with an attorney. My attorney will tell me all my rights and the BPT return-to-custody assessment offer.
3. I have a copy of the papers and reports checked below.

☑ BPT Form 1073, Notification of Americans with Disabilities Act completed today
☑ CDC Form 1502(b), Charge Report
☑ BPT Form 1100, Notice of Rights and Acknowledgement
☑ Blank Form BPT 1100(b), Request for Witnesses
☐ Other:

SEWELL →

I have read (or had read to me) the information above. I have been given copies of the papers, forms, and reports listed above

| Signature of Parolee | V64431 | 12/19/07 |
|---|---|---|
| | CDC Number | Date |
| Signature of Staff Completing the Actual Notice | M Jones | 10/19/07 |
| | Print First Initial, Last Name | Date |

NAME Gough, Jeffery     CDC # V64431     INST/REGION     EX6

BPT-1100 (Rev. 12/04)     Distribution: White – C-file, Canary – Inmate/Parolee

BPT/ASSISTANT WARDEN /PAROLE      EMERGENCY APPEAL TITLE 15, § 3084.7(a)

RECEIVED
JAN 1 0 2008
RICHARD J DONOVAN CORR. FAC.

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.          Category

1. _____    1. _____    _____
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| JEFFREY S. GOUGH | V64431 | UNASSIGNED | F2-6-107L |

A. Describe Problem: ON 3 JAN 08 MY "BASIC NEED" PAROLE ~~PANEL~~ ATTY MET WITH ME: I HAD BEEN IN CUSTODY FOR 14 DAYS, DURING THIS MEETING THIS ATTY. FAILED TO HEAR MY DEFENSES, REASONABLE REQUESTS FOR AN INVESTIGATION, REASONABLE REQUESTS FOR PRODUCTION OF COURT DOCUMENTS, REASONABLE REQUESTS REGARDING COPYING P.C. § 290 TO PRESENT TO THE SCREENING/PROBABLE CAUSE DEPUTY COMMISSIONER, REASONABLE REQUESTS TO REVIEW ALL THE FILE (INCLUDING ANY INVESTIGATION REPORTS OR PHOTOGRAPHS) THIS ATTY SIMPLY REFUSED TO DO ANYTHING BUT "PLEAD" ME GUILTY WHICH I AM NOT !!! DURING THE OPENING OF THE UNRECORDED PROBABLE CAUSE HEARING THE ATTY. ALLOWED THE SAME COMMISSIONER TO RIDICULE ME REGARDING MY "TARGETED VICTIM" STATUS. PLEASE CHECK WWW.

If you need more space, attach one additional sheet. WELSU@ mindjustice.org ; CHRISTIANS AGAINST MIND SLAVERY.ORG

B. Action Requested: IMMEDIATE REPLACEMENT OF MY PRESENT BPT "BASIC NEED" ATTORNEY WITH A NEW PANEL ATTORNEY NOT ASSOCIATED DIRECTLY WITH THE BPT. AN INVESTIGATION INTO MY "TARGET VICTIM" STATUS AND ALL NECESSARY ACTIONS TO PROTECT THE INTEGRITY OF MY FULL REVOCATION HEARING AND MENTAL WELLBEING — NOT PHYSICAL — AS THE COMMISSIONER BELIEVED!

Inmate/Parolee Signature: _Jeff S Gough_          Date Submitted: 1/8/08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed.          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

"H"

 "E"

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ______ Due Date: ______

Interviewed by: ______

Staff Signature: ______ Title: ______ Date Completed: ______

Division Head Approved: Returned

Signature: ______ Title: ______ Date to Inmate: ______

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ______ Due Date: ______

☐ See Attached Letter

Signature: ______ Date Completed: ______

Warden/Superintendent Signature: ______ Date Returned to Inmate: ______

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

☐ See Attached Letter

CDC 602 (12/87) Date: ______

COUNSELOR UNDERWOOD   T15, § 3084.7(a) (CONDITION OF PAROLE) (ISSUE AT 1/22/08 BPT HEARING)
HEAD OF **RECEIVED** EMERGENCY APPEAL

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)    **JAN 10 2008**

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | C Recall 08 |
| | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME JEFFREY GOUGH | NUMBER V64431 | ASSIGNMENT | UNIT/ROOM NUMBER F2-6-107L |
|---|---|---|---|

**A. Describe Problem:** PER T.15, § 3375.1 (j)(1) I WISH TO CONTEST ANY INFORMATION CONTAINED IN MY CDC FILE THAT MAY INFER I AM SUBJECT TO PENAL CODE § 290 REGISTRATION, WHICH MAY RESULT IN A POSSIBLE 3375.2 (b)(22) ADMINISTRATIVE DETERMINANT. BACK IN 1984 I PLED GUILTY TO A NOLO CONTENDRE MISDEMEANOR BATTERY CHARGE. THIS CASE WAS OUT OF THE VISTA COURTHOUSE AND I WAS NOT ORDERED TO OR REQUIRED TO REGISTER PER P.C § 290. BY THE COURT. A TELEPHONE CALL TO THE VISTA COURT-HOUSE CRIMINAL CLERK'S OFFICE WILL VERIFY THIS AND THEY WILL FAX YOU A COPY OF THE "JUDGE-MENT MINUTE ORDER" THAT STATES I HAVE NO SUCH REQUIREMENT. I REALIZE § 3375.1 (j)(2)(3) ADVISES ME TO OBTAIN THIS INFORMATION BUT I WOULD HOPE UNDER MY PRESENT CIRCUMSTANCES

If you need more space, attach one additional sheet. IF NECESSARY MIGHT ALLOW ME TO MAKE A PHONE CALL.

**B. Action Requested:** REMOVAL OF ANY REQUIREMENT I MUST COMPLY WITH P.C § 290 REGISTRATION REQUIRE-MENT AND ANY SUCH ADMINISTRATIVE DETERMINANT THAT MY P.C § 422 TERRORIST THREAT CASE REQUIRES THAT SAME REGISTRATION REQUIREMENT. PLEASE REMOVE ANY INDICATION I MUST HAVE A P.C § 290

Inmate/Parolee Signature: _Jeff S Gough_    Date Submitted: 1/8/08

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____
_____
_____
_____
_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

"H"

"F"

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______________________

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ______________ Due Date: ______________

Interviewed by: ____________________________________________

Staff Signature: ______________________ Title: ______________ Date Completed: ______________

Division Head Approved:
Signature: ______________________ Title: ______________ Returned
Date to Inmate: ______________

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ______________________ Date Submitted: ______________

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______________________

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ______________ Due Date: ______________

☐ See Attached Letter

Signature: ______________________ Date Completed: ______________

Warden/Superintendent Signature: ______________________ Date Returned to Inmate: ______________

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ______________________ Date Submitted: ______________

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______________________

☐ See Attached Letter

CDC 602 (12/87)

Date: ______________

"TARGETED VICTIM"    WWW. WEBSITE AND POLICE
WWW. CHRISTIANS AGAINST SLAVERY

**BOARD OF PRISON TERMS**
**REQUEST FOR WITNESSES**
**BPT 1100(b)**

INFORM ALL TO BRING ATTYS!!!

STATE OF CALIFORNIA

42 USC 3 1183/85

[✓] **I want these *witnesses* to help me tell my side of the story:**

| NAME (AND CDC# IF APPROPRIATE) | DOB | ADDRESS | TELEPHONE |
|---|---|---|---|
| BILL H.W. GOUGH (DAD) | | 1220 ROSE CROSS ST, S.D. CA 92101 | ✓ S.D.C.J. FORMS |
| JAMES W. GOUGH (BROTHER) | | ROSECRANS ST, S.D. CA 92101 | ✓ S.D.C.J. FORMS |
| I. BRIZUELA | | PAROLE OFFICE - EL CAJON | |
| S.D. POLICE OFF. CONKIN | | S.P.P.D (NORTH DIVISION) | |
| S.D. POLICE OFF. PEREZ | | S.D.P.D (NORTH DIVISION) | (SEE INITIAL |
| S.D.P.D. (N.D.) CECELIA NOA | | S.D.P.D (NORTH DIVISION) | |
| KEN LAMBERT (phonetic) | | "DICTIONARY HILL AREA" (PAROLEE) | EL CAJON OFFICE |

[✓] **I want these *witnesses* who have said things against me:**

| NAME (AND CDC# IF APPROPRIATE) | ADDRESS | TELEPHONE |
|---|---|---|
| KAREN ARCHER (LIVE-IN B.F. RICHARD) | 4064 HUERFANO # P.B. CA 92117 | |
| ALL MEMBERS OF RAIDING TEAM (SEE REPORT) | | |
| GREG SEWELL, P.O. (KURTZ) | | |
| LT. ZAMORA, NAVAL CRIMINAL INTELLIGENCE, FIELD OFFICE | | |
| GS-13 JOHNSON, NAVAL CRIMINAL INTELLIGELLENCE FIELD OFFICE, | POSSIBLY W/ BRAIN- | |
| WAVE FINGERPRINTING AB @ NAVY MCRD, NTRC, DB MICHELD STATION | | |
| M. JONES, NOTICER, HOT, CDC FORM 1502(b) | | |

[ ] **I DO NOT want to *subpoena* any witnesses:**

| SIGNED | DATE |
|---|---|
| NEIGHBORS SURROUNDING JEFFS CONDO #260 | |

[✓] **I WANT to *subpoena* these witnesses:**

| NAME | What this person can say about my case: ALLEGED AN |
|---|---|
| KAREN ARCHER W/LIVE-IN BOYFRIEND "RICHARD" (LNU) | ASSAULT; HAS A TRO PLACED AGAINST THEM AND "FORM OF STANDARD/SPECIAL" CONDITIONS |
| I. BRIZUELA, EL CAJON PAROLE OFFICER! | BE PAROLE COMMISSION RECORD NO. 290 REQUIRED |
| "CECELIA" NOA, CRIME INVESTIGATOR D | PROVIDE COPY OF TRO ON 12/1/07 FOR D.A REFERRAL ± CHARGES FOR VIOLATION |
| (FNU) CONKIN, S.D. POLICE DEPUTY | REPORT (3) INCIDENTS OF CHARGE #1 REPORT (1) INCIDENTS AND BREAK-IN W/ THIEF |
| (FNU) PEREZ, S.D. POLICE DEPUTY | CDC# INST/PLACE HAD 1984 JUDGMENT FORM W/ H.C. PETITION |

**Terms:** WICKLINE (KURTZ) PAROLE OFFICER   ETC. | BE FBI OFFICER ... HOUSE ... DURING 12/1/07 "FLR CHANGE" 4A-5D

*Witnesses:* People who come to the hearing to talk about the case.
*Subpoena:* Order to make a person come to my hearing to talk about the case.

JORDON GRIFFIN, FRIEND OF KAREN ARCHER.
MALTDAST, (KURTZ SE) PAROLE OFFICE (NO TEST BUT WILL ALTER/AMEND AS IF)
KEN LAMBERT, PAROLEE (SPENT NITE @ MY HOUSE IN SPARE BEDROOM)

BPT 1100-B (Rev 12/04)    Distribution: White – C-file, Canary – Inmate/Parolee

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA

# PAROLE REVOCATION HEARING NOTICE AND WITNESS DETERMINATION
CDCR 1654 (Rev. 08/05)

PAGE ____ of ____ PAGES

## SECTION I. PAROLEE INFORMATION

| CDCR NUMBER | NAME (LAST, FIRST, MI) | TYPE OF HEARING | VIOLATION REPORT DATED |
|---|---|---|---|
| V64431 | Couch, Jeffrey | ☐ REVOCATION EXTENSION ☐ PSYCHIATRIC TREATMENT ☐ REVOCATION | 12-27-07 |

AGENT OF RECORD: Sewell

☐ CUSTODY LOCATION
☐ NOT IN CUSTODY. (ADDRESS)  RJ Donovan

HEARING SCHEDULED FOR (DATE) 1/16  (TIME)  (HEARING LOCATION)

## SECTION II. WITNESSES DETERMINATION

| WITNESSES BEING CALLED | BADGE NUMBER | NOTIFIED METH. | DATE | WIT. DESIG. STATUS | REQ. |
|---|---|---|---|---|---|
| 1. James Couch | | | | | |
| 2. Teresa Parker | | | | | |
| 3. Ron Lambert | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | ST | 1/1 | H | S |

FEARFUL WITNESSES

| 7. Ramona Overton | REASON Victim | | | | |
| 8. | | | | | |

*USE ABBREVIATION FOR WITNESS DESIGNATION

*NOTIFICATION METHOD:
M - MEMO
L - LETTER
PH - PHONE
PC - PERSONAL CONTACT
SP - SUBPOENA
PN - PAROLEE NOTIFY

STATUS:
A - ADVERSE
FW - FEARFUL WITNESS
F - FRIENDLY
V - VICTIM

REQUESTED BY
S - STATE
P - PAROLEE

EX 8



"CHARGE ONE"
"ON 12-17-07 ... [SEWELL] ... RECEIVED A CALL FROM ... [UNIDENTIFIED] SUBJECTS
NEIGHBOR ... WHO INFORMED ... SEWELL ... THAT [△] HAD RECENTLY
COMMITTED A BATTERY ..."

| | |
|---|---|
| DOCUMENTS | ATTORNEY (NOT SEEN UNTIL 1/3/08 THE EVE OF THE "13 BUSINESS DAY PROBABLE CAUSE" HRG) |
| OBJECTION | • NEVER REV'D COMPLETE SEWELL INVESTIGATION REPORT, ETC. SEE BPT-1100 |

| | |
|---|---|
| A | • REFUSED TO OBTAIN NECESSARY DOCUMENTATION, E.G., CAL C. & 2035(a) PETITIONS.<br>P.V. GOUGH # (1984) CRN-9187 (NO RC § 295 (NCN))<br>P.V. GOUGH # ("..."; PC 5412)(S. BAY) |
| B | • REFUSED TO OBTAIN CRIMINAL CASES |
| C | • REFUSED TO OBTAIN GOUGH-AOSHIMA V. ARCHER (OVERTON) TRO (GRANTED 00082027-CTL / 11/19/08) |
| D | • REFUSED TO OBTAIN OVERTON/ARCHER V. GOUGH (CROSS-TRO) (DENIED 12/11/07) 00084707-CTL |
| E | • REFUSED TO OBTAIN OVERTON/ARCHER V. GOUGH (CROSS-TRO) (DENIED 00082027-CTL W/HRG)<br>• REFUSED TO OBTAIN OVERTON/ARCHER V. GOUGH (NOTICE) / (DENIED TRO RE RR 5,6,9,10,15 (RE CLAIMS OF ASSAULT, ETC. ON OVERTON, NOT CREDIBLE) |

• REFUSED TO DISCUSS COMPLETELY W/ME WITNESS(ES) 3 CONKIN NOA, PEREZ (WITNESS LIST)

• REFUSED TO CONTACT CH 39/7 & U.S. SENATE DUBLIN (IL) & U.S. ATTY RE ILC PET.

• REFUSED TO REMOVE HIMSELF PER LIS MOTA; ERGO "CONFLICT OF INTEREST"

| | |
|---|---|
| OBJECTION | • SEWELL & SCHWARZENEGGER-?- BPT: C.C. § 2035(a) "CONFLICTED-OUT"??? |

| | |
|---|---|
| ARGUMENT(S) | • ARCHER/OVERTON ON "BAY HO" ASSN. W/ 3 UNITS W/O PAYING FEES LTRS, & INTERESTS #260 |

• TAPE TO PERICANO (RE) PATIO #540 (RE) NO NOTICE (RE) PERICANO CONST. COM. $$$ $$$$

• CALL TO SEWELL 12/17/08    • ARREST 12/18/08    • TRO MEDIATION 12/19/08

• FILED TRO ON 11/19/08 (COVER EX "B")    • HRG 12/5/8 (• NO ASSAULT MENTIONED • MOD. TO 3° OVER 083 / • CT. REFUSED TO HEAR TAPE • SCARE OF BOTH)

• ARCHER/OVERTON CROSS-TRO (EX "3")(ADMISSION OF "EARLIER COUNTER-TRO ... DECLINED 12/11/8)

• △ ALLEGED & COURT RULED ARCHER/OVERTON POSED, INTER ALIA, A "CREDIBLE THREAT" TO △
INCLUDING A THREAT TO "KILL" △ IN SOME MANNER, INCLUDING FINANCIAL RUIN (12/11/08)

| | |
|---|---|
| FORGE-SYNDE-AL | • PRIOR TO DEC. 5TH HRG TWO VIOLATIONS OF TRO TO S.D.P.D. CONKIN AND ONE TO PEREZ |

• CALL BY CELELIA NOA, CRIME INVESTIGATOR ON 12-17-8 REQUEST TRO FOR D.A. REFERRAL

| | |
|---|---|
| | • ARREST BY SEWELL W/O DISCUSSION RE/ INJURY RE/ P.C. MOVES RE/ CONFLICT RE § 2035(a) JORDAN ARCHER NAVY |
| | RE/ CONFLICT RE GLORIA RE/ INTEREST IN CONDO RE/ § 8370.1 (WARRANT Rossin-UP CREW) NEVER SAW OR ASKED § 3601.1(a) CF. ABOUT "CONTRABAND" |
| | RE/ EVIDENCE SHEET ? RE/ BRIZUELA CHARGE SHT RE/ ANGELS & HOLY BOOKS RE/ REFUSED 2-3 602s |
| | (FILE INSPECTION) RE/ BRIZUELA "NO CONDITION" RE/ NONCOMPLIANCE S.D.P.D. NAVY RE/ KEN RE/ DOJ TELE CALL |
| | JAIL RE/ 12/18/08 RE/ "PASSED CHARGE SHT" RE/ "DON'T GO HOME" RE/ "SEX OFFENDER." |
| | PRISON RE/ MOVE 4-5 FLR (DUTY OFFICER LOG) RE/ "TARGET VICTIM" MEDICAL RE/ INJURY TO |
| | HAND (EX "F") RE/ YARD 4 TO ADM SEG. (EX "G") RE/ ADM. SEG. TO P.C. (EX "H") |
| EX "3" | OVERTON RE/ TRO FILING RE/ TRO HRG RE/ DENIED CROSS-TRO ON 12/11/08 RE/ "BAY HO" ASSN. |
| | RE/ LTRS TO JEFF RE/ WAGON RE/ JORDAN RE/ CONDO? # RE/ CALL TO SEWELL RE/ MEDIATION |
| | RE/ HAND SHAKE W/ AGREEMENT RE/ 2 RTN ON 11/12/8 RE/ 3 TRO VIOLATION WHERE IS KAREN ? |

ALLEGATION

"CHARGE TWO" △= JEFF S. GOUGH

ON 12-18-07 ... [UNIDENTIFIED] ...OFFICERS...CONDUCTED A PAROLE
SEARCH. DURING THE SEARCH...[WHILE △ WAS HANDCUFFED AND EFFECTIVELY
ARRESTED] ... PAROLE AGENTS FOUND TWO ADULT... DVD MOVIES IN A
DRESSER IN AN UPPER BEDROOM [OTHER THAN △'s MASTER BEDROOM]. INSIDE
ANOTHER UPPER BEDROOM [, △'s MASTER BEDROOM], AGENTS FOUND TWO TOY
STUFFED ANIMALS ON A DESK. IT IS NOTED THAT [△] IS A P.C. 290
REGISTRANT AND HAS SPECIAL CONDITIONS ...NOT TO POSSESS PORNO[...]
MATERIAL OR TOYS."

DOCUMENTS ℗ ATTORNEY (NOT SEEN UNTIL 1/3/8 THE EVE OF "13 BUSINESS DAY PROBABLE CAUSE HRG)

OBJECTION
- NEVER REV'd COMPLETE SEWELL INVESTIGATION REPORT, ECT.
- INCORPORATE "CHARGE ONE" DOCUMENTS REFUSAL'S/FAILURE'S BY BPT ATTORNEY
- INCORPORATE "CONFLICT-OUT" OBJECTIONS
A • PEOPLE V. GOUGH, CASE # CRN-9187, (NORTH COUNTY DIVISION)

ARGUMENT— △ IS NOT A P.C. § 290 REGISTRANT AS A MATTER OF FACT AND LAW
THE ONLY CASE THAT COULD POSSIBLY INDICATE THAT △ IS A § 290 REGISTRANT
WAS CASE # CRN-9187 (EX. "A"), THIS WAS A NOLO CONTENDRE MISDEMEANOR
SEXUAL BATTERY OVER 20⁺ YEARS AGO. ACCORDING TO THE COMPLETE CASE
THERE THREE DOCUMENTS (EX. A-2, A-3, A-7) WHICH CLEARLY INDICATE THAT
△ WAS NOT COURT ORDERED TO REGISTER. SEE P.C. § 290 (2)(D)(ii), (E)
(BOTH SUBDIVISION REQUIRING COURT ORDER); THUSLY FOR OVER 20⁺ YEARS
△ WAS NOT REQUIRED TO COMPLY W/290 UNTIL A CDC COUNSELOR @
CRC MANDATED HE MUST BEFORE HE COULD BE PAROLED BACK IN 200__.
△ FILED A 602 W/ P.O. WICKLAND, AND W/BRIZUELA. WHILE BRIZUELA WAS
CONSIDERING THIS CLAIM HE FAILED TO TIMELY REGISTER. P.O. BRIZUELA
CHARGED THIS LAW VIOLATION AND REFERRED FOR BPT CONSIDERATION
SEE EXHIBIT "J" (CHARGE SHEET)(6/22/06). AT THE REVOCATION HEARING △
PRODUCED DOCUMENTS (EX. "A") ALONG WITH SUPPORTING INVESTIGATION
ARGUES BY P.O. BRIZUELA AND IT WAS RULED BY THE BPT THERE WAS
NO GROUNDS FOR THE VIOLATION BECAUSE △ WAS NOT A § 290 REGISTRANT.
P.O. BRIZUELA THEN INFORMED △ HE NOTED NO "CONDITIONS OF PAROLE"
FORM WAS IN HIS FILE AND THAT △ WOULD COME IN TO TALK ABOUT IT!!!
EX 4  △ WAS TRANSFERRED AND P.O. SEWELL HAS REFUSED TO CHANGE HIS
FILE W/NOTIFICATION TO THE D.O.J. ALTHOUGH 602'd 2-3 TIMES!!! (OVER)
SEE EX A-9 (602 FILED @ DONOVAN (1/8/08) TO NO AVAIL).

ARGUMENT: THE ALLEGED SEARCH AND SEIZURE OF THE DVDs WAS UNLAWFUL.

• AS GUEST ROOM HAS ALWAYS BEEN AVAILABLE TO FRIENDS: KEN
LAMBERT, KEN THE PLUMBER, EBS "TIM", RACHAEL (BETROUEA), DAVE
& HIS GIRLFRIEND, RED BULLOCK, "JERRY" (LOS RANCITOS), ETC. SOME
IF NOT MOST ARE REPORTED AS ROOMMATES. THE GUEST ROOM HAS BOTH
AN EXTERIOR/INTERIOR LOCKABLE DOORS. AT THIS LAST OFFICE MEETING
HE INFORMED △ THAT DUE TO COSTS HE WOULD HAVE A ROOMMATE "KEN"
KEN HAD BEEN STAYING THERE INFREQUENTLY AND MAY HAVE ADDED
PERSONAL POSSESSIONS TO THE OTHER PERSONAL ITEMS THOSE OTHERS
MAY HAVE LEFT. AS STATED ABOVE, MANY PEOPLE HAVE AN EXTERIOR KEY
AND ACCESS w/o MY SUPERVISION. AT THE TIME OF THE SEARCH "KEN"
WAS RENTING THE ROOM (NOTE $260 + $ ). I TOLD THIS TO SEWELL
IN THE PRESENCE OF THE INVASIVE PARTY, W/o A "SEARCH" WARRANT
AND UNDER THESE CIRCUMSTANCES (HARBORED/TED DOMESTAILS) I DON'T
KNOW WHAT HAPPEN UPSTAIRS, AND w/o A SEARCH FOR "KEN'S" RM
IT WAS BOTH UNCONSTITUTIONAL AND ILLEGAL. (§5 C.C.R. § 3701.1(C).;
CONSIDERING TAKINGS, ARGUENDO NO § 290, w/o JUSTIFICATION/COMP.); § 14 TH
(AND OTHER RIGHTS); 5 MAPP V. OHIO ___ US ___ ( ); EX )/. "

ARGUMENT: △ SHOULD NOT BE SUBJECT TO PROSECUTION TWICE ON THE BASIS OF P.C. § 290

• AS STATED ABOVE I HAVE ALREADY BEEN SUBJECT TO PROSECUTION BASED ON
P.C. § 290. IN THE BRIZUELA PROSECUTION THE BPT FOUND "NO LEGAL GROUNDS
TO ADMINISTRATIVELY FIND ME GUILTY OF FAILING TO TIMELY REGISTER."

•• SUCH TIMELY REGISTRATION WAS A MATTER OF FACT AND BEYOND DISPUTE:
△ WAS ALMOST [TWO WEEKS LATE]. SEE P.C. § 290(G)(1) (FELONY/MISDEMEANOR).

•• ERGO, THERE CAN BE NO QUESTION THAT THIS PROSECUTION IS JEOPARDY – BARRED."

ARGUMENT: △ CHALLENGES THE LAWFULNESS/CONSTITUTIONALITY OF § 290 APPLIED HERE

THE CDC'S USE OF INFORMATION TO ADVERSELY AFFECT/AGGRIEVE A PERSON ON PAROLE
MUST COMPORT w/DUE PROCESS. SEE JONES V. D.O.J. ___ US ___ ( ); 15 CCR § 3075.2

(b)(3)(C) SPECIAL CONDITION MUST RELATED TO COMMITMENT OFFENSE OR TO FUTURE CRIMINAL
BEHAVIOR.); △'S COMMITMENT OFFENSE WAS P.C. §422 CRIMINAL THREAT AND DID



WICKLINE (KURTZ)(2000-1)(AFTER CRC COMMIT ? END   PAROLE ?)
- CDC 602 (APPEAL  w/1984 CRIM CASE J&C w/PROBATION w/NO 290
- CDC 602 APPEAL RE 290 NO RESPONSE! WHERE IN FILE?
- LOS RANCHITOS CLEAN & SOBER LIVING FOR 1 YEAR

LTR TO
CLERK FOR
J&C
- MAILED LTR TO VISTA CLERK 1/6/08  REQUESTING COPY OF  J&C  AND PROBATION ORDER

I. BRIZUELA (EL CAJON)(           )
- 1ST OFFICE VISIT w/o SUPERVISION IN RAIDER DEN — WHY?
- ARREST & RELEASE (girl KNOCKING) ON $290 VIOLATION — NO TERMS/COND PAPER

APES
- LATER CHARGED — NO CUSTODY HOLD — FULL REVOCATION — NO GROUNDS 290
- BRIZUELA — ARGUED/INVESTIGATED @ "   " HRG FOR "NO GROUNDS" 290
  GOT IN TROUBLE FOR CONDUCTING INVESTIGATION
- MOVED TO BAY HO  w/HOME VISIT w/TED w/PURCHASE INTENDED
  NOTED MSTR BDROOM WAS △s w/HOLY BOOKS/ITEMS w/ANGELS
- HAD FRIENDS & ROOMATES FOR WEEKENDS & FOR WEEKS/MONTHS

SANCHEZ (KURTZ) HOME INSPECTION w/TED w/JERRY w/HOLY BOOKS/ITEMS

MALTOAST (KURTZ - O'SIDE?) w/TED w/JERRY (?)
- VISITED & NOTED HOLY BOOKS/ITEMS  w/ANGELS
- OFFERED  DIN TEXTURE TO HIS HSE NO $!
- ADDED U/A TESTING TO CDC FILE ALTHOUGH NOT DONE PER MUTUAL AGREEMENT

GREG SEWELL (KURTZ? NAVY/MARINE? TASK FORCE w/CDC ?)

INFORMED SEWELL
F. "KEN" HSE
LATE w/o $290-
- NAMED IN C.C. § 2035(a) PETITIONS RE SUBPENAS
- CONVERSATIONS REGARDING MISSING DOCUMENTS (CONDITIONS (WICKLINE 602 RE290)
- REFUSED TO ACCEPT/RESPOND TO CDC 602 w/290 w/ REQUEST TO INSPECT FILE

X @ CRC §290
w/DOJ √BRIZUELA
- INFORMED KAREN/RICHARD TRO-HEARING-CONTACT w/CONKIN w/PEREZ w/CECELIA

IO?
STORM TROOPER?
THEN V. 6 UNKNOWN FBI?
- NAMES/TITLES OF S.D.P.D. STORM TROOPERS AND ALLEGED "COMPLIANCE OFFICER"
- DEC 18TH : CALL FOR $290 COPY / INFORMED NO COPY / STAY THERE / RAID / HANDCUFF

DMV
NATE FILE
PRIVACY ACT?)
ON COUCH / SEARCH & DESTROY / SHOWED SEWELL BRIZUELA DOC / CALLED ANOTHER IND. & SHOWED /
WENT UPSTAIRS w/ART IN POC WHILE TALKING / CAME DOWN AND "FINGERED" ME / DID NOT
SEE ANYTHING BUT TOYS FOR JIM'S / ALOT OF XTMAS TOYS / INJURIED HAND WHILE
HANDCUFFING / LAUGHED IN EAR / WALKED 150' TO S.D.P.D. CARS / SEWELL SHOWS UP @

EX 2
NO CAMERA
MEETING AFTER
TRO HEARINGS
WHY?
4A w/UKN P.O. / PASS "CHARGE SHEET" / DEMAND FULL HRG / SHOUTS OUT "SEX OFFENDER"/
HAD TO TALK w/DEPUTY FOR MOVE / MOVE TO PRISON / INFORMED MEDICAL OF
"TARGET VICTIM" / INJURY TO HAND / MOVE FROM YARD 4 TO ADMIN DUE TO S.D.C.J. INCIDENT
FORCED TO "PROTECTIVE CUSTODY" / POST-HRG "MUST MOVE" w/I 2000'? WHY 15-18 MONTHS!



CONKIN RE/EVIDENCE BOX RE/ §290 LEGAL RE/ PRE-DEC 5TH TRO VIOLATIONS (2X) 11/12/08 1/08 - RE/ ATTITUDE RE/ HOLY

PEREZ RE/ 12/14/08 RE/ KOLBEY'S RE/ CONCERNS RE/ CALLS RE/ "NO ARREST" RE/ D.A. REFERRAL

C NOA RE/ 12/19/08 RE/ TIME (2:30 PM) RE/ TRO RE/ CONCERNED? RE/ GUEST BOOK (3:30 PM)

JIM RE/ JORDON RE/ [illegible] RE/ KEN (MECHANIC) RE/ KEN (PLUMBER) RE/ DAVID & GIRL RE/ RACHAEL

RE/ C.V. FRIENDS RE/ NO PORNO! RE/ GIFTS LAST YEAR FOR X-MAS RE/ NO SEE FOR YEAR

RE/ LAST X-MAS GIFTS RE/ CALL RE WORK (GIFTS) 12/17/08

JORDAN RE/ MOVE IN DATE RE/ AGREEMENT? RE/ TO BUY?

RE/ SEWELL RE/ RENT-OWN RE/ CIVIL SUIT RE/ # OF CALLS RE/ INTEREST 1st CONDO

OVERTON RE/ ASSAULT RE/ 11/11-12/08 RE/ TIME RE/ POLICE/MEDICAL REPORTS RE/ DRUGS?

RE/ TRO RE/ DEC 5TH {("SILENT MAJORITY" W/NO STATEMENTS) (DID NOT IN OPEN CT. ALLEGE: ASSAULT)} RE/ 12/11/08 TRO?

RE/ 12/19/08 TRO APPLICATION WAS DENIED AFTER 12/18/08 ARREST EX C-1

CT. RULED NO "CREDIBLE THREAT OF VIOLENCE" EX C-4

KEN RE/ "NO PORNO RESTRICT"! RE/ MOVE-IN WEEK-IN RE/ LISA'S NAME W/RE FOR PLACE TO STAY

"J"

( ) VALLEY FOREST, HUSTON, TX VIA MY 1ST DRAFT OF ILC/ PET. W/WEBSIT

I WILL NEED A "SPECIAL HEARING ROOM" TO HAVE THE "PROBABLE

HEARING" CONTACT MS CHERYL WELSH FOR POSSIBLE ASSISTANCE AND THE OTHERS

PLEASE CALL DEPT. 25, CENTRAL DIVISION, TO [TAKE OFF CALENDER OR] RESHEDULE ALL THE

C.C. § 2035(a) PET: HEARING DATES FOR 30 DAYS [ ] GET CASE #s (SEE, INFRA

MISSED MEDIATION IN ARCHER TRO  (CAN YOU NOTIFY WHOMEVER TO RESCH'd)

SILVER BULLET FM TRANSRECEIVER
$ [1.5 MILLION]
FARWELL SETTLE'd [?]
MIND TORTUR [FUSION]
GUSTAVO KIMET?
"THE KISS" (STR'WAY)
ADVANCE FEE
SIGNEE SERV'd
PROB W/SERV
PROB W/SERV
PROB W/SERV
NOTE DELIVERED @ HENDERSON ST GATE
PLEASE CALL
DAD/JIM (BRU) 476 9800 9676  576 9800 9676
DAD #@ S.D. HARBOR POLICE TRANSIT DOCK
√ CHANNEL 39 FOR ILC PET W/ EXHIBITS MEDIA @ [TRIAL]

[ ] OBTAIN DOCUMENTATION  [CASE] [CONTACT GRAUM/KEENER; TO GET IN W/ORDER) 364A HUERFANO, #360, P.B., CA 92117   ALTERNATIVELY OBTAIN ALL FROM ROLLER-FILE CABINET W/CD  [W/HARD COPIES  W/THUMB DRIVE  W/CD]

A. CDC CASE FILE  [MISSING DOCUMENTS? BE SURE TO HAVE SIGNED INDEXED]

B. PEOPLE V. GOUGH # 1984-   [PROBATION N.C. DIVISION  P.C. § 422  S.B. DIVISION]  (NO 290 @ J&C)

C. PEOPLE V. GOUGH #2001-  (NO 290 @ J&C)

D. GOUGH-AOSHIMA V. KAREN ARCHER (TRO) #  [FILED NOV CTL DIVISION DEPT]  KAREN ARREST ?

FIRST HEARING DATE NOV ___  REFER TO MEDIATION 11/19/07

E. GOUGH-AOSHIMA V. KAREN ARCHER et al (CC § 2035(a)) #

FILED ___ HEARING DATE 1-07 ___  CONT. TO

F. GOUGH-AOSHIMA V. JORDAN GRIFFIN (CC § 2035(a)) #

FILED ___  HEARING DATE 11/07? ___  CONT. TO

G. GOUGH-AOSHIMA V. LT. SMITH, LT. ZAMARA LT. PAULSON, CAPT. DAVIS  CAPT. GS "B" JOHNSON #

___  FILED ___  HRG DATE ___  CONT. TO

FURTHER DOCUMENTATION [TO SUPPORT GOV'T MISCONDUCT]  [PROSECUTORAL MISCONDUCT VINDICTIVE PROSECUTION] [SOB: KERRY SENATOR DURBIN (IL) FILSTEIN OBAMA JORDON GILLIAM BOXER]

A "VIRGIN CELL PHONE" W/CALL #s INCLUDING: CLINTON NAVAL INTEL. UNIT NSA/FBI/C

B. NEED [MODEL] ICC (1ST DRAFT) PETITION  (INTERNATIONAL LAW COMMITTEE) YOU MAY

C. POLICE REPORTS (S.D.P.D.)  CALL (1) [ ] SENATOR DURBIN (IL), (2) U.S. ATT'Y ___ @ WASH, D.C. [FOR COPIES]

PROVIDE IF YOU CAN.

A. VALIDIVIA MEMO W/ TIMELINE W/ PROCEDURE W/ CASES W/ PROBABLE CAUSE RE WORK? [MORRISSEY V. Mc DONNELL]

B. P.C. § 290- (HOLD [HEARING] RELEASE) RE: REQUIREMENT OF [COURT SEXUAL STRATIFI] DETERMINATION CATIO

IMMEDIATE PROBABLE CAUSE SEEKING RELEASE PENDING FULL REVOCATION HrG.

I. BRIZUELA "CHARGE REPORT" W/ REASONS FOR HOLD — BUT RELEASED

G. SEWELL "CHARGE REPORT" W/ NO REASONS FOR HOLD — BUT HELD!

→ CRIME? COULD BE PROVEN!

→ WHAT CRIME? CANNOT BE PROVE

I PRAY IN JESUS'S NAME !!!

Your name: Karen Archer

Case Number:
37-2007-00084107-CU-HR-CTL

37-2007-00082027-CU-HR-CTL

## Temporary Orders Against the Restrained Person

*(Write the name of the person in ②):* Jeff Stanley Gough aka Jeff S. Gough Aoshima

The court has made the temporary orders indicated below against you. **You must obey all these orders. These orders will expire on the date of the hearing listed in ③ unless they are extended by the court.**

**⑤  ☑ Personal Conduct Orders**

You must not do the following things to the people listed in ① and ⑩:

☑ a. Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, destroy personal property, keep under surveillance, or block movements.

☑ b. Contact (directly or indirectly), telephone, send messages, mail, or e-mail.

☑ c. Take any action, directly or through others, to obtain the addresses or locations of the persons in ① and ⑩. *(If item c is not checked, the court has found good cause not to make this order.)*

Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this Order.

**⑥  ☑ Stay-Away Order**

You must stay at least *(specify):* ___10___ yards away from:

a. ☑ The person listed in ①

b. ☑ The people listed in ⑩

c. ☑ The home of the persons in ① and ⑩

d. ☐ Jobs or workplaces of the persons in ① and ⑩

e. ☑ Vehicle of person in ①   ☑ Vehicles of persons in ⑩

f. ☐ The protected children's school or child care

g. ☐ Other *(specify):* _____

This stay-away order does not prevent the person in ② from going to or from that person's home or place of employment.

**⑦  No Guns or Other Firearms**

You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get a gun or firearm.

**⑧  Turn In or Sell Guns or Firearms**

You must:

• Sell to a licensed gun dealer or turn in to police any guns or firearms that you possess or control. This must be done within 24 hours of being served with this order.

• File a receipt with the court within 48 hours of receiving this order that proves guns have been turned in or sold. *(You may use Form CH-145 for this.)*

**⑨  ☑ Other Orders** *(specify):* 1 ) Cease "positioning" tactics on Bay Ho complex grounds that entrap Ms. Archer in unintentionally violating her TRO.

2) Cease intimidating and vexatious court petitions and filings against Ms. Archer.

*NOTE* — ARCHER FAILS TO CORRECTLY STATE THAT I WAS THE PERSON REQUESTING A TRO BACK ON: NOV. 19, 2007.

**This is a Court Order.**

"K"-2

Your name: Karen Archer

Case Number:
~~37-2007-00084107-CU-HR-CTL~~
**37-2007-00082027-CU-HR-CTL**

(10) ☑ **Other Protected Persons**
List of the full names of all family or household members protected by these orders:

Richard Overton, Significant other, POB 178381 San Diego 92177

### Instructions for the Protected Person

To the person in ①: *(Write the name of the person in ①)*: Jeff S. Gough

(11) **Service of Order on Law Enforcement**
If the court issues temporary restraining orders, by the close of business on the date the orders are made, you or your lawyer should deliver a copy of this Order and any proof of service forms to each law enforcement agency listed below.

Name of Law Enforcement Agency:                    Address (City, State, Zip)

COUNTY SHERIFF
~~220 WEST BROADWAY~~
~~SAN DIEGO, CA 92101~~

(12) **Service of Documents**
You must have someone personally deliver to the person in ② a copy of all the documents checked below:
a. ☑ CH-120, *Notice of Hearing and Temporary Restraining Order (CLETS)* (completed and file-stamped)
b. ☑ CH-100, *Request for Orders to Stop Harassment* (completed and file-stamped)
c. ☑ CH-110, *Answer to Request for Orders to Stop Harassment* (blank form)
d. ☑ CH-145, *Proof of Firearms Turned In or Sold* (blank form)
e. ☑ CH-151, *How Can I Answer a Request for Orders to Stop Harassment?*
f. ☑ Other *(specify)*: CH131 proof of service by mail

You must file with the court before the hearing a proof of service of these documents on the person in ②.

(13) **Time for Service** *(check a, b, or c)*
a. ☐ A copy of the documents listed in ⑫ must be served in person to the person in ② at least 5 days before the hearing.
b. ☑ A copy of the documents listed in ⑫ must be served in person to the person in ② at least 2 days before the hearing.
c. ☐ A copy of the documents listed in ⑫ must be served in person to the person in ② at least _____ days before the hearing.

(14) ☑ **No Fee for Filing**
Filing fees are waived.

**This is a Court Order.**

Revised July 1, 2007          **Notice of Hearing and Temporary Restraining Order (CLETS)**          CH-120, Page 3 of 4
                                                    **(Civil Harassment)**                                                →



"K"-3

Your name: Karen Archer

Case Number:
37-2007-00084107-CU-HR-CTL

37-2007-00082027-CU-HR-CTL

(15) ☑ **No Fee for Service of Order by Law Enforcement**

The sheriff or marshal will serve this Order without charge because:

a. ☐ The Order is based on stalking.

b. ☐ The Order is based on a credible threat of violence.

c. ☐ The person in ① is entitled to a fee waiver.

Date: _12-19-07_                              ► _Rafael A. Arreola_

                                       *Judicial Officer*    RAFAEL A. ARREOLA

### Warnings and Notices to the Restrained Person in ②

### You Cannot Have Guns or Firearms

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get a gun while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to a licensed gun dealer or turn in to police any guns or firearms that you have or control in accordance with item ⑧ above. The court will require you to prove that you did so. If you do not obey this Order, you can be charged with a crime.

### Instructions for Law Enforcement

This Order is effective when made. It is enforceable anywhere in all 50 states, the District of Columbia, all tribal lands, and all U.S. territories and shall be enforced as if it were an order of that jurisdiction by any law enforcement agency that has received the Order, is shown a copy of the Order, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency shall advise the restrained person of the terms of the Order and then shall enforce it. Violations of this Order are subject to criminal penalties.

#### Requests for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the hearing. Contact the clerk's office or go to *www.courtinfo.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Order* (Form *MC-410)*. (Civil Code, § 54.8.)

*(Clerk will fill out this part.)*
### —Clerk's Certificate—

*Clerk's Certificate*
*[seal]*

I certify that this *Notice of Hearing and Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date: _____    Clerk, by _____, Deputy

### This is a Court Order.

"K"-4

*CROSS —*  [handwritten]

→ *WHY NOT RICHARD OVERTON?* [handwritten]

# CH-100 | Request for Orders to Stop Harassment

*Clerk stamps date here when form is filed.*

2007 DEC 19  PM 12: 16

SAN DIEGO COUNTY, CA

**(1)** Your name *(person asking for protection)*:
Karen Archer

Your address *(skip this if you have a lawyer)*: *(If you want your address to be private, give a mailing address instead)*:

POB 178381, San Diego CA 92177

City: _____ State: ____ Zip: _____

Your telephone number *(optional)*: ( _ ) _ _

Your lawyer *(if you have one)*: *(Name, address, telephone number, and State Bar number)*:
n/a
_____
_____
_____

*Fill in court name and street address:*
Superior Court of California, County of
Civil Division
330 W. Broadway
P.O. Box 120128
San Diego, CA 92112-0128

**(2)** Name of person you want protection from:
Jeff Stanley Gough, aka Jeff S. Gough-Aoshima

*Court fills in case number when form is filed.*
Case Number:
37-2007-00082027-CU-HR-CTL

Describe the person: Sex: ☑ M ☐ F  Weight: 190
Height: 5'9'  Race: cau?  Hair Color: saltpepper
Eye Color: unk  Age: 52  Date of Birth: 2/5/1956
Home Address *(if you know)*: 4064 Huerfano Ave #260
City: San Diego                State: CA  Zip: 92117
Work Address *(if you know)*: n/a
City: _____        State: _____  Zip: _____

**(3)** Besides you, who needs protection? *(Family or household members)*

| Full Name | Sex | Age | Lives with you? | How are they related to you? |
|---|---|---|---|---|
| Richard Overton | M | 51 | ☑ Yes ☐ No | Significant Other |
|  |  |  | ☐ Yes ☐ No |  |
|  |  |  | ☐ Yes ☐ No |  |
|  |  |  | ☐ Yes ☐ No |  |

☐ Check here if you need more space. Attach a sheet of paper and write "CH-100, item 3—Describe Protected Persons" at the top of the page.

**(4)** Why are you filing in this court? *(Check all that apply)*:
☑ The person in ② lives in this county.
☑ I was hurt (physically or emotionally) by the person in ② here.
☑ Other *(specify)*: existing case 82027

*WHO?* "SILENT MAJORITY" [handwritten]
*NO ONE AT 1ST TRO HEARING* [handwritten]
*2' STAY AWAY! WANTED BY KAREN* [handwritten]

**(5)** How do you know the person in ②? *(Describe)*:
Jeff is my neighbor who has been acting as and percieved as a threat to me and more recently to my SO Richard since mid Sept, Jeff has been noted by us and others to be increasingly more agitated and has recently been re-arrested due to his assault on Richard in November.

*SIGNIFICANCE OF DATE? WHAT REPORTS?* [handwritten]
*"re-arrested"* [handwritten]
*ORIGINAL? police reports?* [handwritten]

**This is not a Court Order.**

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2007, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9

**Request for Orders to Stop Harassment**
(Civil Harassment)

CH-100, Page 1 of 4
→

American LegalNet, Inc.
www.FormsWorkflow.com

*CROSS —* [handwritten]

*Ex- "E"-1*  *"H"*  [handwritten]

*"K"-4* [handwritten]

Your name: Karen Archer

Case Number:
~~37-2007-00084107-CU-HR-CTL~~

*[handwritten]* PRIOR TO TRO FILING (11/19/08)
37-2007-00082027-CU-HR-CTL

(6) Describe how the person in (2) has harassed you:
a. Date of most recent harassment: Nov 11, 2007
b. Who was there? Richard Overton

*[handwritten]* WHAT TELEPHONE #? HOW DID SHE GET PERICANO MESSAGE?

c. Did the person in (2) commit any acts of violence or threaten to commit any acts of violence against you?
☑ Yes ☐ No
*If yes, describe those acts or threats:*
In a very agitated manner he threatens to In-So-Many-Words "have you pay" or "youll get yours"
-type of rhetoric

d. Did the person in (2) engage in a course of conduct that harassed you and caused substantial emotional
distress? ☑ Yes ☐ No
*If yes, describe:* a) Repeated threatening harassment up to 11/11-Tape recording of Jeff's vindictive
is available for the court to hear: b) assault of Richard (11/12/07) c) two court filings against me since
11/16; d) antagonististic and inciting behavior relative to TRO limits since 11/17/07

*[handwritten]* § 2035(a)

e. Did the conduct of the person in (2) described above seriously alarm, annoy, or harass you? ☑ Yes ☐ No
☐ Check here if you need more space. Attach a sheet of paper and write "CH-100, item 6—*Describe Harassment*" at the top of the page.

*[handwritten]* 12/5/07   S.D.P.D. CONKIN   S.D.P.D. PEREZ   CRIME IN. CELLUSIA NOA

**Check the orders you want ☑**

(7) ☑ **Personal Conduct Orders**
I ask the court to order the person in (2) to **not** do the following things to me or anyone listed in (3):
a. ☑ Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, destroy personal property, keep under surveillance, or block movements.
b. ☑ Contact (either directly or indirectly), or telephone, or send messages or mail or e-mail.
The person in (2) will also be ordered not to take any action to get the addresses or locations of any protected persons, their family members, or their caretakers unless the court finds good cause not to make the order.

(8) ☑ **Stay-Away Orders**

*[handwritten]* ? TWO FEET FROM MODIFIED

I ask the court to order the person in (2) to stay at least (*specify*): (10) yards away from me
and the people listed in (3) and the places listed below: *(Check all that apply):*
a. ☑ My home          d. ☑ My vehicle
b. ☐ My job or workplace      c. ☐ Other (*specify*): _____
c. ☐ My children's school or child care

If the court orders the person in (2) to stay away from all the places listed above, will that person
still be able to get to his or her home, school, or job? ☑ Yes ☐ No
*If no, explain:* Please note Jeff's stay at 4064 Huerfano Ave is over per his parole officer, and
therefore 10 yards stay away is reasonable as he will likely no longer be my regular neighbor upon
his release from prison.

*[handwritten]* GOUGH-AOSHIMA v. JORDON GRIFFIN
§ 2035(a) (RE CONDO COLLUSION)

*[handwritten]* SEWELL NEVER DISCUSSED MATTER W/ME ? KAREN ? RICHARD ? JORDON GRIFFIN

**This is not a Court Order.**



*[handwritten]* 4K4-5

*"INVOLVE" RICHARD IN "VEXATIOUS" SUITS*

Case Number:
~~37-2007-0082027-CU-HR-CTL~~

Your name: Karen Archer

37-2007-00082027-CU-HR-CTL

**(9)** ☑ **Others to Be Protected**
Should the other people listed in ③ also be covered by the orders described above?
☑ Yes    ☐ No    ☐ Does not apply
*If yes, explain:* Note Jeff has tried to involve and harass Richard with his vexatious suits as well.

*WHAT? CALL ON 12/17/07*

The information regarding Jeff assaulting Richard was apparently enough to bring Jeff back into custody, and both Richard and I am in fear of Jeff upon his release (likely within months at most.)

**(10)** **Order About Guns or Other Firearms**
I ask the court to order the person in ② to be prohibited from owning, possessing, purchasing, or receiving, or attempting to purchase or receive firearms and to sell or turn in any guns or firearms that he or she controls.

**(11)** ☑ **Other Orders**
I ask the court to order the person in ② to *(specify)*  ?
I ask the court to declare Jeff Gough a *vexatious litigant*.

**(12)** ☑ **Temporary Orders**      *WHAT ACTIONS?*
Do you want the court to make orders now on the matters listed in ⑦, through ⑪ that will last until the hearing? ☑ Yes ☐ No
*If yes, explain why you need these orders right now:* Jeff is likely more unstable and angry now than at his intiation of his actions against me that began in September. He has just been taken into custody, of likely limited duration. Richard and I have been scared of him, and are even more so now. Please make these orders immediate so we have recourse if Stay Away or Conduct orders violated.

☐ *Check here if you need more space. Attach a sheet of paper and write "CH-100, item 12—Temporary Orders" at the top of the page.*

**(13)** **Delivery of Orders to Law Enforcement**
My lawyer or I will give copies of the orders to the following law enforcement agencies:
a. Name of Agency: COUNTY SHERIFF
Address: ~~220 WEST BROADWAY~~
City: SAN DIEGO, CA 92101                State: _____ Zip: _____

b. Name of Agency: _____
Address: _____
City: _____                State: _____ Zip: _____

**(14)** ☐ **Other Court Cases**
Have you ever asked any court for other restraining orders against the person in ②? ☐ Yes ☐ No
*If yes, specify the counties and case numbers if you know them.*
Earlier counter-TRO filed by me and declined by this court on 12/11/07

*TRO? HEARING? CALLED SEWELL 12/17/07.*

**This is not a Court Order.**

*K-5*    *"H"*

Case Number:
~~37-2007-00082027-CU-HR-CTL~~

Your name: Karen Archer

**(15)** ☑ **Time for Service**                                    37-2007-00082027-CU-HR-CTL

You must have your papers personally served on (notify) the person in ② at least 5 days before the hearing,
unless the court orders a different time for service. *(Form CH-135 explains "What Is Proof of Service?" Form
CH-130 may be used to show the court that the papers have been served.)* If your papers cannot be served at
least 5 days before the hearing and you need more time, explain why:

n/a

**(16)** ☑ **No Fee for Filing**

I ask the court to waive the filing fee because the person in ② has used or threatened to use violence against
me, has stalked me, or has acted or spoken in some other way that makes me reasonably fear violence. I am
asking for a restraining order to stop this conduct.

**(17)** ☑ **No Fee to Serve Orders**

I ask the court to order the sheriff or marshal to serve (notify) the person in ② about the orders for free because:

a. ☑ My request for orders is based on stalking; or

b. ☑ My request for orders is based on a credible threat of violence; or

c. ☐ I am entitled to a fee waiver.

*(If you are requesting free service of the orders based on a fee waiver, you must complete and file the
Application for Waiver of Court Fees and Costs (Form FW-001).)*

**(18)** ☑ **Lawyer's Fees and Costs**

I ask the court to order payment of my:

a. ☑ Lawyer's fees

b. ☑ Out-of-pocket expenses

The amounts requested are:

| Item | Amount | Item | Amount |
|---|---|---|---|
| misc admin (response) | $ TBD | | $ |
| | $ | | $ |
| | $ | | $ |

☐ *Check here if you need more space. Attach a sheet of paper and write "CH-100, item 18—Lawyer's Fees and
Costs" at the top of the page.*

**(19)** **Additional Relief**

I ask the court for additional relief as may be proper.

**(20)** Number of pages attached to this form, if any:_____

Date: -_____

--
_____          ▶ _____
Lawyer's name                          *Lawyer's signature*

I declare under penalty of perjury under the laws of the State of California that the information above and on
all attachments is true and correct.

Date: 12/19/07

Karen Archer                         ▶ x _Kauchelwir_
_____                _____
*Type or print your name*                *Sign your name*

<div style="background:black;color:white">**This is not a Court Order.**</div>

K-6

*DELIVERED BY SEWELL (1/18/08) AFTER HEARING*

## CH-125   Reissue Temporary Restraining Order *(CROSS)*

**Your name** *(person asking to reissue order):*
Karen Archer

**Your address** *(skip this if you have a lawyer): (If you want your address to be private, give a mailing address instead):*
POB 178381

City: San Diego    State: CA   Zip: 92177

**Your telephone** *(optional):* (___) ___

**Your attorney** *(if you have one): (Name, address, telephone number and State Bar number):*   n/a

---

*Clerk stamps date here when form is filed.*

**F I L E D**
Clerk of the Superior Court

JAN 1 6 2008

By: J. BELDEN, Deputy

*Fill in court name and street address:*
**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO**
☑ HALL OF JUSTICE, 330 W. BROADWAY,
  SAN DIEGO, CA 92101-3827
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR.,
  VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST.,
  EL CAJON, CA 92020-3941
☐ SOUTH COUNTY DIVISION, 500 3RD AVE.,
  CHULA VISTA, CA 91910-5649

*Court fills in case number when form is filed.*
**Case Number:** CU HR CTL
37-2007-00082027

---

(2) Name of person you want protection from:
Jeff St Gough aka Jeff.gough.Aoshima

(3) ☑ I ask the Court to reissue the Temporary Restraining Order specified on Form CH-120.  *(HEARING ONLY)*
  a. The last Temporary Restraining Order was issued on *(date):* 12/19/07
  b. The last hearing date was *(date):* JAN 16 2008 2:15
  c. The Order was reissued ___0___ times.

(4) ☑ I ask the court to reissue the Order because *(check one):*   *Proof of Service hasn't been returned from Donovan*
  a. ☑ I could not get the Order served before the hearing date.
  b. ☐ The date of the hearing was changed because we were sent to mediation or other dispute resolution services.
  c. ☐ Other *(specify):* _____

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: 1/16/08

Karen Archer                    ▶ [signature]
_____          _____
*Type or print your name*         *Sign your name*

---

**This is a Court Order.**
*Clerk will fill out section below.*

---

(5) The request to reissue the Temporary Restraining Orders is:
  a. ☑ Granted *(HEARING ONLY)*   b. ☐ Denied

The Order listed in (3) is reissued and reset for hearing in this court on the date and time below.
Unless the court extends the time, the Order will end on the date and time below.

Name and address of court if different from above:
SUPERIOR COURT
220 W. BROADWAY
SAN DIEGO, CALIFORNIA 92101

**Hearing Date** → Date: JAN 30 2008    Time: 9:00 AM
Dept.: 25    Room: _____

All orders in the Temporary Restraining Order stay in effect unless this order changes them.

---

*(Continued on next page)*

Judicial Council of California, www.courtinfo.ca.gov
Revised January 1, 2005, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9

**Reissue Temporary Restraining Order
(Civil Harassment)**

CH-125, Page 1 of 2

Your Name: _Karen Archer_

Case Number: **37-2007-00082027**

⑥ If this Order is granted, a copy of this Order must be served on the person in ② before the hearing, along with the other documents requesting orders to stop harassment.

⑦ By the close of business on the date this Order is made, a copy of this Order and any proof of service forms must be delivered to the law enforcement agency listed in ⑧ by:
☑ the person in ①.
☐ the attorney of the person in ①.

⑧ The law enforcement agency listed below will serve the person in ② with a copy of this Order and any attached orders:

Name of law enforcement agency: ~~COUNTY SHERIFF~~ ~~220 WEST BROADWAY~~

Address: ~~SAN DIEGO, CA 92101~~

City: _____ State: _____ Zip: _____

Date: **JAN 1 6 2008**

▶ _Rafael A. Arreola_    gₕ
**Judicial Officer**   **RAFAEL A. ARREOLA**

### Requests for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the hearing. Contact the clerk's office for _Request for Accommodations by Persons with Disabilities and Order_ (form MC-410). _(Civil Code, § 54.8)_

_(Clerk will fill out this part)_
—**Clerk's Certificate**—

_Clerk's Certificate_

I certify that this _Reissue Temporary Restraining Order_ is a true and correct copy of the original on file in the court.

Date: _____

Clerk, by _____, Deputy

---

**This is a Court Order.**



STATE OF CALIFORNIA

DISTRIBUTION:
CORRECTIONS
ORIGINAL - C-File.
1ST COPY - Field File.
2ND COPY - Parolee.

DEPARTMENT OF

**CHARGE REPORT**
CDC 1502 (b) (07/04)

REPORT TO:    [X] BOARD OF PRISON TERMS

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT |
|---|---|---|---|
| V-64431 | GOUGH, JEFFREY | SAME | IV/EC III |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| NIC | N/A | [X] MANDATORY    [ ] NON-MANDATORY | 1601 Les Rocheres Rd. Lakeside, CA 92040 (619) 448.4148 |

| ARREST CODE * | * ARREST CODES: | | IMMINENT |
|---|---|---|---|
| NIC | A   P&CSD STAFF ALONE      B   LAW ENFORCEMENT AGENCY ALONE<br>AB  P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY   D   LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD | | |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| NIC | 6/12/06 | NIC | I, BRIZUELA | 11-8-08 | 11-16-06 | |

CHARGES AND CODES

| | | | CHARGES AND CODES | |
|---|---|---|---|---|
| 1. | Failure to Register per P.C 290 (390) | | 4. | |
| 2. | | | 5. | |
| 3. | | | 6. | |

| REASON FOR RETAINING PAROLE HOLD:   PAROLEE DANGER TO: | DATE COPY GIVEN TO PAROLEE | NAME OF PERSON NOTICING PAROLEE |
|---|---|---|
| [X] ABSCON  [X] SELF  [X] PROPERTY-OTHERS  [X] SAFETY-OTHERS | 6/27/06 | E. McWilliam |

NOT IN CUSTODY

Parolee Gough is a P.C 290 Registrant.  He was to register with the San Diego County Sheriffs Office five days prior or after his birth date of February 5.  He failed to register in a timely manner.  He registered on February 17, 2006.

PAROLE AGENT'S RECOMMENDATION:
Refer violation to the Board of Parole Hearings for parole revocation proceedings.

| PAROLE AGENT'S SIGNATURE | DATE |
|---|---|
| I. Brizuela | 6-12-06 |

| UNIT SUPERVISOR'S ACTION | | RELEASE HOLD AS OF (DATE): | |
|---|---|---|---|
| [X] DECISION   [X] REVIEW | [ ] RETAIN HOLD | | [ ] CANCEL WARRANTS — WANTS |
| [ ] CONTINUE ON PAROLE | [ ] CONTINUE IN OUT PATIENT STATUS | *DISCHARGE EFFECTIVE (DATE): | [ ] RETAIN ON |
| [ ] REINSTATE ON PAROLE AS OF (DATE): | [ ] TIME LOSS  [ ] NO TIME LOSS | [ ] SUSPEND/REINSTATE IN OPS AS OF (DATE): | [X] REFER TO BPT/NAEA   [X] INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE): 6/20/06 |
| [ ] SPECIAL CONDITION(S): | | | [ ] ADD   [ ] DELETE |

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION  *conc fnd violation rpt. by NCF 6/20/06.*
*Concurs; probable cause fnd*

| [X] I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD | UNIT SUPERVISOR'S SIGNATURE | DATE |
|---|---|---|
| | | 6-12-06 |

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

| [ ] REFER TO BPT/NAEA | *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|
| | | | |

EXHIBIT "D" "M"

# CLIENT EVALUATION FORM

**Case Number:** SD07-020097

*We want to know what you think of the job your lawyer did at your parole hearing. Please tell us if you think the lawyer did a great job, a good job, or a poor job. Thank you for your help.*

**1.** How long was your first meeting with your lawyer?

☐ 30 minutes or less    ☐ 31 minutes – 1 hour    ☐ 1 hour or more

**2.** How many times did you talk to your lawyer?    1    2    3 or more

**3.** How well did your lawyer explain your rights to you?    Great    Good    Poor

**4.** How well did the lawyer speak for you at the hearing?    Great    Good    Poor

**5.** Your total view of how well your lawyer did.    Great    Good    Poor

**Comments:**

_____

_____

_____

"H"

"N"



## BUSINESS REPLY MAIL
FIRST CLASS MAIL          PERMIT NO. 528          SACRAMENTO, CA

POSTAGE WILL BE PAID BY ADDRESSEE

**California Parole Advocacy Program**
3200 Fifth Avenue
Sacramento, CA 95817-9936



UNIVERSITY OF THE
# PACIFIC
McGeorge School of Law

March 4, 2008

Jeffrey S. Gough V64431
(F2-10-248u)
P.O. Box 799002
San Diego, CA 92179-9002

RE:    Parole Hearing – Writ of Habeas Corpus

Dear Mr. Gough,

**California**

**Parole Advocacy**

**Program**

3200 Fifth Avenue

Sacramento, CA 95817

Tel  916.733.2808

Fax  916.452.7491

paroleprogram@pacific.edu

You contacted our office regarding your parole case and are interested in filing an appeal regarding the outcome of your parole hearing. The appeal you are requesting is a Writ of Habeas Corpus.

Unfortunately, the California Parole Advocacy Program does not provide legal representation for the drafting and filing of writs. However, this does not preclude you from filing your own writ. Therefore, enclosed you will find the following forms:

1.    Request for Copy of the Record of the Hearing (Revocation Hearing); and
2.    Petition for Writ of Habeas Corpus.

Requesting a Copy of the Tape

You must complete a copy of the request form (Form BPT 1084). You must mail this form to the following address:

Board of Parole Hearings
Data Processing Unit
P.O. Box 942883
Sacramento, California 94283-0001

No fee is charged for filing a writ of habeas corpus. For item number 16, page six of the petition, check the box "no," if you are not currently represented by counsel. If you need legal representation, you should write that you are requesting an attorney to represent you in the event the court issues an Order to Show Cause, and that you are incarcerated and have no funds to hire an attorney. In this manner, an appellate panel attorney may be appointed to represent you.

Very truly yours,

*Andrew Walker by AA-*

Andrew Walker
California Parole Advocacy Program

# § 832.5 CITIZENS' COMPLAINTS AGAINST PERSONNEL;
INVESTIGATION; DESCRIPTION OF PROCEDURE; RETENTION OF RECORDS.

(a) Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens' complaints against the personnel of such departments or agencies and shall make a written description of the procedure available to the public.

(b) Complaints and any reports or findings relating thereto shall be retained for a period of at least five years. (Added by Stats. 1974, c. 29 §1.)
Amended by Stats, 1978, c. 630 §4.) (All reference to California Penal Code 1994.)

## PERSONNEL COMPLAINT:

Complainant JEFFREY GOUGH (CDC #V64431)

Address R.J. DONOVAN, P.O.B. 799002, F2-10-248L:
(UPON RELEASE: 1220 ROSECRANS ST., #646, S.D. CA 92101
4064 HUERFANO RD., #260, P.B. CA 92111

City SAN DIEGO   State CALIF   Zip 92179-9002

Residence phone (_____) _____

Business phone (_____) _____

Date and time of incident FEB OF 2007 TO JANUARY 18, 2008

Location of incident 4064 HUERFANO ST., #260, PACIFIC BEACH, CA

**Check only one:**
1. ☐ Police Department
2. ☐ California Highway Patrol
3. ☐ U.S. Marshall
4. ☐ Sheriff's Department
5. ☐ Medical Staff
6. ☐ District Attorney
7. ☐ County Grand Jury
8. ☐ Internal Affairs
9. ☑ Department of Corrections
10. ☐ Bar Association

Personnel involved CDC/BPT COMM. "CONCEALED" GUN CARRYING PAROLE AGENTS WICKLINE ⊗, I. BRIZUELA, GREG SEWELL (KURTZ ST. S.D. CAL); BPT DEP. COMM. K. FLEMING AND UNABLE TO OB-TAIN THE NAME

Names and addresses of witnesses KAREN ARCHER & RICHARD OVERTON, 4064 HUERFANO ST, #257, PACIFIC BEACH, CALIFORNIA; UNIDENTIFIED "KURTZ ST." PAROLE OFFICER AND UNIDENTIFIED MEMBERS OF THE SAN DIEGO SHERIFF'S DEPARTMENT. (LAW ENFORCEMENT OFFICERS NOT INCLUDED HEREIN AS TO ANY ETHICAL, PROFESSIONAL AND/OR LEGAL LIABILITIES BASED ON THESE FACTS).

Statement of complaint I JEFF GOUGH ("Δ") AM CHARGING BPT COMMUNITY PAROLE AGENT GREG SEWELL OF THE "KURTZ STREET" PAROLE OFFICE WITH SERIOUS ETHICAL, PROFESSIONAL, UNLAW-VIOLATIONS OF MY U.S. CONST. AMENDMENT RIGHTS, TO WIT: 1ST, 4TH, 5TH, 8TH & 13TH AMENDMENTS: ① SEWELL ON AT LEAST OCCASIONS (OCT/NOV OF 2007) REFUSED TO ACCEPT CDC FORM 602s AT THE KURTZ ST. OFFICE REGARDING THE FACT I AM NOT LEGALLY REQUIRED TO COM-PLY WITH THE P.C. § 290 REGRISTRATION REQUIREMENTS. (I HAVE THE FILE BY CASE # CRN-9187 (DA # A781490) (1984) FOR OVER 20 YEARS Δ HAS NOT BEEN REQUIRED TO COM-PLY WITH §290. YOU MAY ORDER THE 1/18/08 PAROLE REVOCATION HEARING TO SUB-STANTIATE THIS CLAIM AND OTHERS BELOW FROM: BOARD OF PAROLE HEARINGS, DECISION PROCESSING UNIT, P.O. BOX 4036, SACRAMENTO, CAL. 95812 (IN RE BPT'S PAROLE REVOCATION OF JEFF S. GOUGH, CDC # V64431, ON 01/18/08). ② MY EFFORTS TO INFORMALLY RESOLVE THIS SITUATION INCLUDE THE FOLLOWING: (A) ONLY ON MY RELEASE FROM C.D.C. CUSTODY BACK IN NOVEMBER OF 2004 WAS I INFORMED THAT I HAD TO COMPLY

FN. ⊗ AS "PEACE OFFICER" (LIKE A SECURITY GUARD) PAROLE AGENTS ARE NOT LEGALLY ALLOWED TO CARRY
(CRA 02419/1 92 (832.5 CAP)) A "CONCEALED GUN" - Side A. - LIKE GREGG SEWELL. THIS ISSUE WAS LITIGATED IN THE S. DIST. FED. COURT AND IT WAS DECIDED THE S.D. HARBOR POLICE COULD CARRY AN EXPOSED GUN LIKE ANY SECURITY GUARD OR OTHER LAWFUL PERSON.

"H"
① "P"

WITH PENAL CODE § 290 OR FACE IMMEDIATE PAROLE REVOCATION AND RETURN TO PRISON. ③ ON 6/12/06 Δ WAS TAKEN INTO CUSTODY BY S.D. SHERIFF'S OFFICERS AT THE INSTRUCTION OF PAROLE AGENT I. BRIZUELA FOR VIOLATING PENAL CODE § 290 AND TRANSPORTED TO THE DOWNTOWN JAIL; AND THEN RELEASED THE NEXT DAY EVEN THOUGH THE CHARGE WAS FAILING TO "REGISTER IN A TIMELY MANNER" IN CLEAR VIOLATION OF P.C. § 290. SEE EXHIBIT "___" ("CHARGE REPORT"). WITHOUT ANY STATE PROSECUTION THE CHARGE WAS REFERRED TO BPTs FOR CONSIDERATION IBID. AT THE HEARING — WHICH Δ APPEARED VOLUNTARILY — HE PRESENTED THE DOCUMENTS COMPRISING CRN 9181 (SUPRA) WITH VERY LIMITED DISCUSSION THE COMMISSIONER INFORMED Δ THERE WAS NO GROUNDS AND HE WAS "C.O.P.'d". MOREOVER, IT SHOULD BE NOTED THAT BRIZUELA INFORMED Δ THAT HE COULD NOT FIND ANY EXECUTED "CONDITIONS OF PAROLE" AND THAT Δ WOULD BE SCHEDULED TO COME-IN. ④ Δ MOVED TO PACIFIC BEACH IN EARLY 2006 AND VARIOUS BPT PAROLE AGENTS: BRIZUELA, SANCHEZ, MALTOAST, AND EVEN GREG SEWELL APPROVED OF THE CONDO. (4064 HUERFANO #260. PACIFIC BEACH, CAL. 92117) OF WHICH Δ HAD ENTERED INTO AN AGREEMENT TO PURCHASE FROM JORDON GRIFFIN (SEE GOUGH V. GRIFFIN CASE # _____ (HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA, DEPT. #25, JUDGE R. A. ARREOLA, TELEPHONE # 619.531-3800). ⑤ ANY INVESTIGATOR SHOULD NOTE THAT GREG SEWELL IS ALSO NAMED TO BE SUBPOENA'd IN THREE CALIF. CODE § 2035(a) PROCEEDINGS TO WHICH HE STATED HE WOULD "REFUSED" TO BE SUBPOENA'd TO — IN FACT HE WAS VERY ANGRY AND THREATEN ME PERSONALLY. ⑥ ON 11/19/07 Δ INITIATED A CIVIL TRO PROCEEDING AGAINST MS. KAREN ARCHER AND HER LIVE-IN BOYFRIEND, RICHARD OVERTON (BOTH LIVE AT 4064 HUERFANO #257 PACIFIC BEACH, CALIF). THE RECORD OF THAT TRO PROCEEDING: GOUGH-AOSHIMA V. KAREN ARCHER (CASE #: 37-2007-00082027-CU-HR-CTL (SAME JUDGE ARREOLA). —CONT—

Use additional sheets of 8 1/2' x 11" white paper if necessary. Attach all relevant supporting documentation.)

I, the undersigned declare under penalty of perjury under the laws of the State of California that the foregoing complaint is true and correct and as to such facts averred upon information and belief, that I am so informed and believe the same to be true, and affix my signature hereto.

Dated this __2nd__ day of __FEBRUARY__, __2008__

☐ Attachments
No. of pages ............

_____
(Complainant Signature)

CONTINUED P.C § 832.5 CITIZEN'S COMPLAINT AGAINST CDC/BPT DEPT. OF CORRECTION

IS FULL OF REFERENCES TO GREG "SEWELL" AND IN FACT ON 1/18/08 SEWELL EFFECTUATED THE LEGAL SERVE OF A "CROSS-TRO" VIZ. THE HANDS OF RICHARD OVERTON. NOTEWORTHY IN THAT PARTICULAR DOCUMENT JUDGE HAD DECLINED TO ISSUE ANY RESTRAINING ORDERS AGAINST △ ON AT LEAST TWO OCCASSIONS, TO WIT: 12/11/07 AND 12/19/07. UNDISCOURAGED AND WITH THE ASSISTANCE OF SEWELL THEY CONSPIRED TO AVOID ANY JUDICIAL PROCESS AGAINST THEM, INCLUDING JORDON GRIFFIN. IT IS △s CONTENTION THAT SEWELL'S CONDUCT MUST BE EXAMINED AS TO ETHICAL, PROFESSIONAL, AND LEGALITY TO DETERMINE WHETHER HE HAS ANY MOTIVES NOT OPENLY DISCLOSED! ⑦ FURTHERMORE, IT SHOULD BE NOTED THAT SEWELL SUBORNED PERJURY UNDER SWORN OATH. DURING THE SAID HEARING RICHARD OVERTON, SEWELL'S WITNESS, STATED THAT HE HAD NO INTEREST OR WAS NOT NAMED IN THE TRO, THIS PERJURIOUS STATEMENT WAS KNOWN-OR SHOULD HAVE BEEN KNOWN — CONSIDERING THE FACT SEWELL HAD ON AT LEAST TWO OCCASSION PERSONALLY INTERVIEWED RICHARD OVERTON. INTERESTING ENOUGH ACCORDING TO SEWELL'S CHARGE SHEET HE ONLY RECEIVED INFORMATION THE NIGHT BEFORE HE ARRESTED △. ⑧ △ WOULD ALSO EMPHASIS THAT SEWELL HAD BEEN INFORMED OF THE SITUATION W/OVERTON FOR MORE THAN FIVE WEEKS, TO WIT: (a) SEWELL WAS INFORMED ON 11/12/07 THAT △ HAD TO CALL 911 IN REGARDS TO OVERTON; (b) THAT △ HAD MET W/ S.D.P.D. OFFICER CONKIN (NORTH DIVISION) TO REPORT OVERTON'S UNCIVIL BEHAVIOR; (c) THAT △ WAS COMPELLED TO INITIATE THE 11/19/07 TRO PROCEEDING TO SEEK PROTECTION AND SEWELL WAS INFORMED OF THIS JUDICIAL ACTION; (d) SEWELL WAS AGAIN INFORMED THAT △ HAS TO CALL 911 AGAIN DUE TO THE VIOLATION OF OVERTON'S LIVE-IN GIRLFRIEND, KAREN ARCHER, WHO THREATEN △ THAT THEY WOULD "KILL" HIM; THIS WAS AGAIN REPORTED TO OFFICER CONKIN PRIOR TO DEC 5, 2007, THE DATE OF THE FIRST TRO HEARING. ALTHOUGH △ TEMPORARY RESTRAINING ORDER WAS EFFECT. (e) ON 12/5/08 △'s ANXIOUS AWAITED TRO HEARING WAS HELD AND DURING THIS HEARING JUDGE ARREOLA HEARD BOTH ARCHER'S AND OVERTON'S OPEN COURT STATEMENTS AND OVER △s OBJECTIONS MODIFIED THE RESTRAINING ORDER TO 2-3' AND FURTHER ORDERED MEDIATION, (f) PER A TELEPHONE CALL W/THE MEDIATOR IT WAS SET FOR 12/19/07. (g) IN THE INTERIM △'s TRO WAS VIOLATED ON 12/14/08 AND △ REPORTED THIS VIOLATION VIA A 911 CALL AND S.D.P.D. OFFICER PEREZ (N. DIV.) MET WITH △ AND TOOK A REPORT AND ASSURED △ THAT ALL ACTIONS WOULD BE TAKEN TO PROTECT HIM. (h) ON 12/17/08 A NORTH DIVISION CRIME INVESTIGATOR MS. CECECIA NOA CALLED △ AND, INTER ALIA, ASKED QUESTIONS AND REQUESTED A COPY OF THE TRO WHICH △ PROVIDED. MS. NOA STATED THE CASE WAS BEING REFERRED FOR PROSECUTION ON THE 12/18/09. (i) ON 12/18/07 SEWELL WITH MANY UNIDENTIFIED OFFICERS AND MEMBERS OF THE S.D.P.D. ARRESTED △ W/O ANY INVESTIGATION. THIS WAS BASED ON A CALL BY RICHARD OVERTON THE DAY BEFORE, REPORTING AN UNREPORTED ALLEGED "ASSAULT" MORE THAN FIVE WEEKS BEFORE. (j) IN ADDITION △ WAS CHARGED WITH BEING A P.C. § 290 REGISTRANT — DUE TO THE 1984 CASE (SEE EX. "A") → WITH PORNO AND CHRISTMAS TOYS FOR HIS NIECES HE HAD NOT SEEN SINCE LAST CHRISTMAS. (k) DURING THE BPT PROSECUTION SEWELL AND THE TWO BPT DEPUTY COMMISSIONER REFUSED TO REVIEW THE COURT DOCUMENTATION (EX. "A") OR ENTERTAIN ANY DISCUSSIONS ON EITHER THE TRO DEFENSE OR P.C. § 290 REGISTRATION DEFENSES. IN SHORT, △ IS FALSELY IMPRISONED IN VIOLATION OF HIS 1st, 4th, 5th, 8th, AND 13th AMENDMENTS BASED ON PERJURIOUS STATEMENTS ABOVE AND ON A STATEMENT BY SEWELL THAT △ LIVED ALONE WHEN INFACT ANOTHER BPT OFFICER AND MEMBERS OF THE S.D.P.D. PAROLE SEARCH UNIT HEARD △ STATE AN INDIVIDUAL BY THE NAME OF "KEN" LIVED W/ME. SEE ALSO PAROLE TAPE (PLEASE ORDER AND REVIEW).

CONTINUED →

③


"H"
"P"

⑤ In addition to the preceding Δ would also complain about Δ's present custody status. On 12/19/07 after Sewell had placed Δ into the custody of the S.D.C.J. Sewell found it necessary to deliver the so-called "charge sheet" and a document called "evidence report and inventory receipt". These documents are generally delivered by a "notice" of the BPT. See "Notice of Parole Revocation rights and acknowledgement" (BPT 1100) In fact according to Δ's BPT case file a "M. Jones" alleged he delivered this document (CDC form 1502(b), charge sheet). That was not the case. Late in the evening of 12/19/08 Sewell in the company of another parole agent approached the entry of S.D.C.J. Flr 4A and called for Δ. After usurping the duty of Mr. Jones by delivering the charge sheet and evidence Sewell got mad and shouted "sex offender" into that jail unit and threw in the charge sheet and evidence report. Many other inmates heard these comments and even handed Δ the paperwork. Almost immediately Δ was compelled to "roll-up" to seek protection from the duty officer. The duty officer (evening meal) also commented he heard this intended effort to get me hurt and stated he would enter it into the "log book." Δ was moved to the pro per tank on the 5th floor. The following day Δ was transferred to Donovan. During R & R a few of the transfer prisoners commented about the aforementioned incident. Once at Donovan Δ was again approached and threatened by the "skin heads" and threaten with violence. Δ was compelled again to seek protection from admin. sel. officer P. Zinger on 1-03-08. Δ was admitted to the very restrictive conditions. See "Administrative segregation unit placement notice" (CDC 114-D/(1/3/08). After having an administrative continued detention hearing it was determined that Δ could not be placed back ever again into the prison's general population.

For the reasons set forth above Δ would pray for the following:

1) An investigation regarding Δ's claim he is not a P.C. 8290 registrant;
2) A determination that he has never been legally required to register;
3) Any remedy that this investigative entity/body/unit can do/offer;

AND

4) An investigation into the circumstances of Sewell's perjurious statement he had not known that "Ken" was living at Δ's condo;
5) An investigation why he suborned perjury by Richard Overton;
6) An investigation as to his interests in the TRO proceeding initiated by Δ which involve Karen Archer, Richard Overton, Jordon Griffith;
7) An investigation as to why he did not seek removal as Δ's parole agent when he became aware he was/could be subpenad in the three Calif. code § 2035(2) proceedings before Judge Arreola (Dept #25, Hall of Justice);
8) An investigation as to his involvement with Jordan Griffith and his interests in both the condo and the civil litigation involving same;
9) All other investigative questions poised by these incidents.

Thank-you  P.S. Please send the report & investigator(s)

④  "H"



"P"

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
### CENTRAL

### MINUTE ORDER

Date: 01/03/2008        Time: 02:30:00 PM      Dept: C-25

Judicial Officer Presiding: Judge Rafael A Arreola
Clerk: John Belden

Bailiff/Court Attendant: Damian Valencia
ERM:
Reporter: , Kathy M. Keller

Case Init. Date: 12/05/2007

Case No: 37-2007-00083116-CU-PT-CTL    Case Title: Gough-Aoshima vs. Archer

Case Category: Civil - Unlimited      Case Type: Petitions - Other

---

Event Type: Hearing on Petition
Moving Party: Jeff S. Gough-Aoshima
Causal Document & Date Filed: Petition - Other, 12/05/2007

---

**Appearances:**

Karen Archer is present as Respondent

---

Minute order amended on 01/30/2008, nunc pro tunc to 01/03/2008.

Appearances are as noted above. There is no appearance by Petitioner.

(by 2:50 pm)

The Court orders the Petition - Other dismissed without prejudice.

(Petition for Discovery Prior to Commencement of Civil/Criminal Action)

A copy of this amended minute order is to be mailed to both parties.

_Rafael A. Arreola_
Judicial Officer Presiding: Judge Rafael A Arreola

---

"I"

851514

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

| REQUEST FOR: | MEDICAL ☒ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

| NAME JEFF S. GOUGH | CDC NUMBER V64431 | HOUSING 4-16 121 A |
|---|---|---|

| PATIENT SIGNATURE *J.H. Gough* | DATE 12/20/07 |
|---|---|

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)

MY HAND WAS BROKEN BY A MAN NAMED SEWELL AND
I HAVE BEEN SUFFERING A PAIN AT THE LITTLE FINGER
BUT I WAS THREATENED BY SEWELL IF I TOLD ANYONE
BUT THE PAIN IS TOO MUCH

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT |
|---|

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

"I"

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS

HEALTH CARE SERVICES REQUEST
CDC 7362  PAGE 2

# IMPORTANT INFORMATION ABOUT YOUR
# HEALTH CARE VISIT

**WHEN DO YOU HAVE TO PAY FOR A HEALTH CARE VISIT?**

On July 9, 1994, a California State law was passed.  That law gave the Department of Corrections permission to charge inmates a fee when they request a health care visit.  The California Code of Regulations, Title 15, Div.3, has also been changed because of this law.

With some exceptions, **YOU WILL BE CHARGED** a five dollar ($5.00) copayment fee for each health care visit that you request.  This includes requests made for you by departmental staff, other inmates, your family or your attorney.  If you request services that require more than one doctor, you will be charged for each initial visit with each doctor.  This means if you request dental services and medical services, you will be charged for the visit with the dentist and the doctor/nurse.

The copayment fee will be charged to your trust account.  If there is not enough money in your trust account over a period of 30 days, you will not be charged.

The copayment of $5.00 for this visit will cover your visit with a doctor, nurse, or dentist.  It will also cover prescribed medicines, laboratory tests, and referrals to other doctors.

**YOU WILL NOT BE CHARGED** for health care visits that are for:

    an emergency.

    a communicable disease (such as HIV, AIDS, and TB).

    mental health services.

    follow up health care services recommended by a doctor, nurse, or dentist.

    health care services necessary to comply with State law and regulations (e.g., annual TB testing).

    reception center screening and evaluation.

    inpatient services, extended care, or skilled nursing services.

**YOU WILL NOT BE DENIED HEALTH CARE IF YOU DO NOT HAVE MONEY IN YOUR TRUST ACCOUNT TO PAY THE FEE.**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Jeff S. Gough-Adshima

Schwarnegger, et al

**FILING FEE PAID**
Yes    No

**IFP MOTION FILED**
Yes    No

**COPIES SENT TO**
Court    First

MAY 2 9 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   Riverside
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
(NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Jeff S. Gough-Adshima
PO Box 2349
Blythe, CA 92226
V-64431

**ATTORNEYS (IF KNOWN)**

'08 CV 0992 IEG NLS

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)          FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Electmant | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE

Docket Number

DATE    5/29/2008

SIGNATURE OF ATTORNEY OF RECORD

R. nelly

CR