# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. GOUGH-ADSHIMA, CDCR #V-64431,<br><br>Plaintiff,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Civil No.   08-0992 IEG (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING $7.65 INITIAL PARTIAL FILING FEE AND GARNISHING $342.35 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Jeff S. Gough-Adshima ("Plaintiff"), a state prisoner currently incarcerated at Chuckawalla State Prison located in Blythe, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.    MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff's trust account statement shows an average monthly balance of $38.26, average monthly deposits of $20.03 and a current available balance of $46.00. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses an initial partial filing fee of $7.65 pursuant to 28 U.S.C. § 1915(b)(1). However, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, shall collect this initial fee *only if sufficient funds in Plaintiff's account are available at the time this Order is executed* pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

   **A.    Standard of Review**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or

1  adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,
2  probation, pretrial release, or diversionary program," "as soon as practicable after docketing."
3  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua
4  sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof,
5  which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
6  are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-
7  27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.
8  2000) (§ 1915A).

9  Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
10 dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However, 28
11 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit
12 make and rule on its own motion to dismiss before directing that the Complaint be served by the
13 U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits,
14 but requires a district court to dismiss an in forma pauperis complaint that fails to state a
15 claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing
16 § 1915A).

17 "[W]hen determining whether a complaint states a claim, a court must accept as true all
18 allegations of material fact and must construe those facts in the light most favorable to the
19 plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
20 "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  Here, however, even
21 presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon
22 which relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at
23 1126-27; *Resnick*,  213 F.3d at 446, n.1.

24 In his Complaint, Plaintiff alleges that his due process rights were violated when
25 Defendants imposed a "life-time penal code § 290 [sex offender] registration burden with severe
26 criminal consequences not ordered by a court."  (Compl. at. 25.)  Plaintiff seeks to hold
27 Defendants liable for requiring him to register as a sex offender, despite the fact that he claims
28 this was not a condition of his criminal conviction, and ultimately his parole was revoked for

1  failing to register. (*See Id.* at 6-26.)

2  First, Plaintiff seeks monetary damages based on the alleged constitutional violations that occurred at his parole revocation hearing. However, to the extent that Plaintiff seeks money damages based on an allegedly unconstitutional term of imprisonment, his suit is subject to dismissal because a finding in his favor would necessarily imply the invalidity of his parole revocation hearing. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, before Plaintiff may seek damages related to his incarceration, he must show that the parole revocation referenced in his Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the issuance of a writ of habeas corpus. *Id.* at 487; *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997) (finding that *Heck* applies to a challenge to the procedures used in the denial of parole); *White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997) (applying *Heck* to the decision to revoke parole). Therefore, before any cause of action for damages accrues related to Plaintiff's parole revocation, he must first allege facts which show that those parole proceedings have already been invalidated. *Heck*, 512 U.S. at 487; *Butterfield*, 120 F.3d at 1025.

Second, to the extent that he seeks monetary damages from Defendants Baker and Fleming in their roles as Board of Prison Hearings ("BPH") Commissioners who presumably presided over his parole revocation hearing, these Defendants are absolutely immune. State parole officials are absolutely immune from damages actions based on any decision to impose a parole condition, to have a parolee arrested for an alleged parole violation, or to institute judicial proceedings which result in the revocation of parole. *See Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports).

Finally, Plaintiff names as Defendants Arnold Schwarzenegger, the Governor of California, the Director of the California Department of Corrections and Rehabilitation ("CDCR"), the Director of the BPH, the Warden at Richard J. Donovan Correctional Facility, and the Warden of Chuckawalla Valley State Prison. Yet, there are no factual allegations with

regard to these Defendants in the body of the Complaint itself.  Thus, it appears that Plaintiff is seeking to hold these Defendants liable in their supervisory capacity.  However, there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  As a supervisor, a Defendant may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent this supervisor personally participated in or directed Defendants' actions, and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the deprivation of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded, however, Plaintiff's Complaint in no way sets forth facts which might be liberally construed to support an individualized constitutional claim against these Defendants.

Thus, the claims against Defendants Schwarzenegger, the Director of the CDCR, the Director of the BPH, Warden Hernandez and Warden Salazar are dismissed for failing to state a claim upon which section 1983 relief can be granted.

Accordingly, Plaintiff's Complaint is dismissed for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.  However, because Plaintiff could possibly cure the defects of pleading identified in this Order, he is hereby granted an opportunity to amend.  *Lopez*, 203 F.3d at 1127 (leave to amend is generally appropriate unless the court has determined, "that the pleading could not possibly be cured by the allegation of other facts.").

////

### III.  CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is GRANTED.

2. The Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, is ordered to collect the $7.65 initial partial filing fee assessed by this Order and forward that amount to the Clerk of Court, if those funds are available at the time this Order is executed.  THE INITIAL PARTIAL FILING FEE SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Secretary of the CDCR, or his designee, is ordered to collect from Plaintiff's prison trust account the $342.35 balance of the filing fee owed in this case by collecting monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1.  Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further,

1  Plaintiff is hereby cautioned that if he elects not to amend, or if his Amended Complaint still
2  fails to state a claim upon which relief may be granted, the dismissal of this action may be
3  counted as a "strike" against him in the future pursuant to 28 U.S.C. § 1915(g).  *See McHenry*
4  *v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

6  **DATED:  July 3, 2008**

   *[signature]*
   **IRMA E. GONZALEZ, Chief Judge**
   **United States District Court**