# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. GOUGH-ADSHIMA, CDCR #V-64431,<br><br>         Plaintiff,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>         Defendants. | Civil No. 08-0992 IEG (NLS)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

## I. PROCEDURAL HISTORY

On May 29, 2008, Jeff S. Gough-Adshima ("Plaintiff"), a former state prisoner, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. This Court granted Plaintiff's Motion to Proceed IFP on July 3, 2008 but simultaneously dismissed his Complaint for failing to state a claim and for seeking monetary damages against immune defendants. *See* Jul. 3, 2008 Order at 6-7. Plaintiff failed to file a First Amended Complaint within the time set forth in the Court's Order. Instead, Plaintiff filed a

1  "Motion to Vacate Final Judgment and Set Aside Dismissal Order" on March 25, 2009. The
2  Court granted Plaintiff's request, reopened the case and granted Plaintiff an extension of time
3  to file a First Amended Complaint. *See* March 30, 2009 Order at 2. Plaintiff sought another
4  extension of time which was again granted by the Court. Plaintiff filed his First Amended
5  Complaint ("FAC") on June 29, 2009.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2)(B). Under these provisions, the Court must sua sponte dismiss any IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an IFP suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Here, once again, even presuming Plaintiff's factual allegations to be true, the Court finds his First Amended Complaint fails to state a claim upon which relief can be granted and seeks monetary damages against defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B); *Lopez,* 203 F.3d at 1126-27.

### A. Eleventh Amendment Immunity

In his First Amended Complaint, Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") and the Bureau of Prison Hearings ("BPH") as Defendants. (*See* FAC at 5-6.) The CDCR and the BPH, as agencies of the State of California,

are not "persons" subject to suit and are instead, entitled to absolute immunity from monetary damages actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (In the absence of a waiver by the state or a valid congressional override, under the Eleventh Amendment, agencies of the state are immune for private damage actions or suits for injunctive relief brought in federal court.) Therefore, Plaintiff's claims against the California Department of Corrections and Rehabilitation and the Bureau of Prison Hearings are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.     Claims against Defendant Rodriquez**

Plaintiff cannot state a claim against the attorney appointed to represent him during his parole revocation hearings under 42 U.S.C § 1983. A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys appointed to represent someone during a parole revocation proceeding do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). Thus, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

/ / /

/ / /

### C. Defendants Overton and Archer

Plaintiff also seeks to hold Defendants Overton and Archer liable for violation of his civil rights. However, these Defendants are "private parties" against whom, for reasons not entirely clear, Plaintiff sought a restraining order. These Defendants are not alleged to be "state actors" for purposes of § 1983 liability. Private parties do not generally act under color of state law; thus, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). While a plaintiff may seek to hold a private actor liable under section 1983, he must allege facts that show some "state involvement which directly or indirectly promoted the challenged conduct." *Ouzts*, 505 F.2d at 553; *West v. Atkins*, 457 U.S. 42, 49, 54 (1988); *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997). In other words, Plaintiff must show that the private actor's conduct is "fairly attributable" to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir. 1987).

Here, Plaintiff's First Amended Complaint fails to allege facts sufficient to show that Defendant Archer and Overton acted on behalf of, or in any way attributable to, the state. Thus, without more, Plaintiff's allegations against these Defendants fail to satisfy the first prong of a § 1983 claim.

### D. Defendants Munoz and Sewell

Plaintiff seeks money damages from his parole agents, Munoz and Sewell, for "false imprisonment" and "malicious prosecution" following his parole revocation. However, these claims amount to an attack on the constitutional validity of an underlying state criminal proceeding which led to his parole, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that his parole revocation has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489).

/ / /

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). In this case, Plaintiff's claims that the actions of Sewell and Munoz causing his "false imprisonment" would "necessarily imply the invalidity" of his criminal proceedings and incarceration following his parole revocation proceedings. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding *criminal judgments*." *Heck*, 511 U.S. at 486 (emphasis added); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir. 2005). This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the parole revocation which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Plaintiff's First Amended Complaint alleges no facts sufficient to satisfy *Heck*. Thus, because Plaintiff seeks damages for allegedly unconstitutional parole revocation proceedings and because he has not shown that his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90.

### E.     Frivolous claims

Plaintiff's First Amended Complaint contains a number of allegations that appear delusional. For example, Plaintiff alleges Defendant Sewell told Plaintiff that "he supported the use of paramilitary civilians and other military assets to target unsuspecting individuals with this new technological advancement in remote brain-mind control." (FAC at 17.) A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court finds Plaintiff's claims to be frivolous under 1915(e)(2)(B) because they lack even "an arguable basis either in law or in fact," and appear "fanciful,"

1  "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.[1]

2  For all the above stated reasons, Plaintiff's First Amended Complaint is dismissed for failing to state a claim, as frivolous and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

**III.   CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted, as frivolous and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk of Court shall close the file.

**DATED: July 9, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] The Court also takes judicial notice of Plaintiff's vexatious litigant status in California, as well the fact that Plaintiff has apparently filed civil actions against the same Defendants in the California state courts. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). *See Gough v. Sewell*, No. DO54966, Order (Cal. Ct. App. June 30, 2009); *see also Gough-Adshima v. Archer, et al.*, No. DO55395, Order (Cal. Ct. App. July 1, 2009).