# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. GOUGH-ADSHIMA, CDCR #V-64431,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　　　　Defendants. | Civil No.   08-0992 IEG (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT**<br><br>**[Doc. No. 13]** |

### I.　PROCEDURAL HISTORY

On May 29, 2008, Jeff S. Gough-Adshima ("Plaintiff"), a former state prisoner, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. This Court granted Plaintiff's Motion to Proceed IFP on July 3, 2008 but simultaneously dismissed his Complaint for failing to state a claim and for seeking monetary damages against immune defendants. *See* Jul. 3, 2008 Order at 6-7. Plaintiff failed to file a First Amended Complaint within the time set forth in the Court's Order. Instead, Plaintiff filed a "Motion to Vacate Final Judgment and Set Aside Dismissal Order" on March 25, 2009. The Court granted Plaintiff's request, reopened the case and granted Plaintiff an extension of time

1 to file a First Amended Complaint. *See* March 30, 2009 Order at 2. Plaintiff sought another
2 extension of time which was again granted by the Court. Plaintiff filed his First Amended
3 Complaint ("FAC") on June 29, 2009. This Court dismissed Plaintiff's First Amended
4 Complaint as frivolous, for failure to state a claim and for seeking monetary damages against
5 immune defendants pursuant to 28 U.S.C. § 1915(e)(2). *See* July 10, 2009 Order at 5-6. On July
6 23, 2009, Plaintiff filed an "Ex Parte Motion to Vacate Judgment and Set Aside Order" [Doc.
7 No. 13].

**II.     Plaintiff's Motion to Vacate Judgment**

      **A.     Standard of Review**

10 Plaintiff brings this motion pursuant to FED.R.CIV.P. 59(e) which provides that a "motion
11 to alter or amend a judgment must be filed no later than 10 days after the entry of judgment."
12 Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with
13 newly discovered evidence, (2) committed clear error or the initial decision was manifestly
14 unjust, or (3) if there is an intervening change in controlling law. There may also be other,
15 highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*,
16 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

      **B.     Discussion**

18 Plaintiff's Motion is rather difficult to decipher but he appears to challenge of a number
19 of the Court's findings in its previous Orders. Plaintiff suggests that the Court did not have the
20 authority to "sua sponte screen" his First Amended Complaint because he was not a prisoner at
21 the time he filed this action. (*See* Pl.'s Mot. at 7-9.) However, the Court is required to dismiss
22 an action "at any time" brought by anyone proceeding *in forma pauperis* if the Court determines
23 that the action is frivolous, malicious, fails to state a claim or seeks monetary relief against an
24 immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B).

25 Plaintiff also objects to the Court's finding that his claims of "mind control" were
26 frivolous. (*See* Pl.'s Mot. at 5.) Plaintiff argues that the Court should research this issue of
27 remote mind control further and provides a number of internet sites which Plaintiff claims
28 documents the use of remote mind control which "may soon be used on members of the judiciary

to control their thinking process." (*Id.* at 5, fn. 4.)  These claims are no less delusional than the claims that Court already addressed in its previous Order.

Finally, Plaintiff asks that the Court consider "converting this civil rights complaint into one of the nature of habeas corpus or mandamus." (*Id.* at 3.)  The Court will not convert the present action into a habeas petition due to the implications of the abuse of the writ doctrine. *See Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).  "Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)).

Accordingly, Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

### III. Conclusion and Order

Accordingly, the Court **DENIES** Plaintiff's Motion to Vacate Judgment [Doc. No. 13].

**IT IS SO ORDERED.**

**DATED:  August 6, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**